IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AES NEWENERGY, INC. | : | |
| | : | |
| Plaintiff | : | Civil Action No. 02-CV-2733 |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC. | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of Defendant's Motion to Dismiss Complaint, and any response thereto, it is hereby **ORDERED** that Defendant's Motion to Dismiss Complaint is hereby **GRANTED**, and Plaintiff's Complaint is **DISMISSED**.

_____
J.

675049.1 6/18/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AES NEWENERGY, INC. | : | |
| | : | |
| Plaintiff | : | Civil Action No. 02-CV-2733 |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC. | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Powerweb Technologies, Inc. ("Powerweb") moves to dismiss Plaintiff's Complaint, and avers in support the following:

**I. Motion to Dismiss Based on Absence of Real Party in Interest**

1. Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

2. When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true all allegations made in the complaint, and view all allegations in the light most favorable to plaintiff. See, e.g., Delor v. ATX Telecommunications Servs., Ltd., 1996 U.S. Dist. LEXIS 8825, at *2 (E.D. Pa. June 25, 1996), aff'd 124 F.3d 186 (3rd Cir.), cert. denied 522 U.S. 1019 (1997).

3. The Court may also consider any attachments to a complaint in deciding a Motion to Dismiss. Id. at *3 (when deciding a motion to dismiss, in addition to the allegations

of the complaint, the "district court can also consider exhibits attached to the complaint and matters of public record.")

4.  Plaintiff asserts two causes of action against Powerweb: (1) breach of contract and, in the alternative, (2) unjust enrichment.

5.  Plaintiff's lone exhibit to its Complaint is what Plaintiff contends is a copy of a written agreement between Plaintiff and Powerweb. Complaint at Para. 6; see also Exh. A to Complaint.

6.  On its face, Exhibit A to the Complaint is incomplete and therefore not the entire agreement between Plaintiff and Powerweb.

7.  Exhibit A to the Complaint fails to attach a "non-disclosure" agreement which is expressly incorporated by reference as part of the "entire agreement between the parties." See Exh. A to Complaint at 2 ("This letter agreement, in addition to the non-disclosure agreement previously executed and attached hereto, represent the entire agreement between the parties.")

8.  Moreover, it is clear on the face of Exhibit A to the Complaint that Plaintiff "AES NewEnergy, Inc." was not a party to that the alleged agreement that is Exhibit A to the Complaint.

9.  Plaintiff AES NewEnergy, Inc. allegedly has its principal place of business in Los Angeles, California. Complaint at Para. 2.

10. The document attached as Exhibit A to the Complaint is, by its own terms, purports to be a "letter agreement" between "NewEnergy East, L.L.C. (including but not limited to any current, future, direct or indirect subsidiaries, and affiliates) having its principal

place of business at 551 5th Avenue, Suite 400 New York, New York 10176…and Powerweb."

Exh. A to Complaint at 1.

11. Plaintiff AES NewEnergy, Inc. is neither a signatory to nor mentioned anywhere in Exhibit A to the Complaint.

12. In its Complaint, Plaintiff AES NewEnergy, Inc. fails to allege that it is a "future, direct, or indirect subsidiar[y], and affiliate[] of NewEnergy East, L.L.C." or that it is the legal successor to NewEnergy East, L.L.C.

13. Under the Federal Rules of Civil Procedure, "[e]very action shall be prosecuted by the real party in interest." Fed. R. Civ. P. 17(a).

14. In deciding the issue of whether a party to a suit is the real party in interest, the Court should examine the terms of the contract, if the contract is attached as an exhibit to the complaint. Delor, supra, at *6 ("As Delor attached the one-page contract as an exhibit to his amended complaint, the court will consider it in deciding ATX's motion to dismiss.")

15. If the terms of the contract unambiguously indicate the parties to the contract, the court can conclude, as a matter of law, the identity of the parties to the contract. Id. at *8 ("By signing the form as 'President of Compuwill Express', Delor affirmed that he was entering into the agreement in his corporate capacity . . . the contract contains no reference whatsoever to 'Thomas Delor d/b/a Compuwill Express.' For these reasons, the Court concludes that, as a matter of law, the contract was between ATX and CEI.")

16. Exhibit A to the Complaint provides that "this letter agreement shall be interpreted under the laws of the Commonwealth of Pennsylvania." Exh. A to Complaint at 2.

17. Under Pennsylvania law, "a person cannot enforce contractual rights unless that person was a party or a privy to or an intended beneficiary of, the contract giving rise to those rights." Delor, supra, at *5.

18. Plaintiff fails to allege that it is a privy or intended beneficiary of the contract between NewEnergy East, L.L.C. and Powerweb.

19. Plaintiff's sole reference to NewEnergy East, L.L.C is an allegation that "Until January 1, 2001, NewEnergy operated as NewEnergy East, L.L.C., among other names." Complaint at Para. 2.

20. This ambiguous allegation is insufficient, as a matter of law, to establish that Plaintiff is the real party in interest.

WHEREFORE, Powerweb requests that this Court dismiss Plaintiff's Complaint on the grounds that Plaintiff has failed to allege that it is the real party in interest, and grant such further relief as the Court deems appropriate.

## II. Even Accepting Plaintiff's Factual Allegations as True for Purposes of This Motion, There Can Be No Breach Because Nothing Within the Four Corners of the Alleged Agreement Requires Powerweb to Refund Money to Plaintiff.

21. Plaintiff alleges that "Powerweb breached the Agreement by refusing to return to NewEnergy the $100,000 NewEnergy had advanced to the joint venture and had deposited with Powerweb, pursuant to the Agreement." Complaint at Para. 22.

22. The alleged breach is unsupported, however, by the Agreement itself in that the Agreement does not impose any obligation on Powerweb to "return" funds to Plaintiff.

23. Plaintiff cites the following language in its Complaint, presumably to support its claim that it is entitled to repayment of "the full $100,000 that it had advanced to the joint venture":

> These development funds will be repaid from the first project payments made by Bell Atlantic to either PWT or to NEE. The specific form of repayment will be determined and agreed upon with both parties before the final contract negotiations with Bell Atlantic.

Complaint at Para. 10; Exh. A to Complaint at 2.

24. Plaintiff fails to allege (because it cannot) any of the prerequisites for repayment of the so-called development funds, namely that: (1) Bell Atlantic made any "project payments to either PWT or NEE", let alone $100,000 in project payments; (2) the parties ever conducted any "final contract negotiations with Bell Atlantic"; or (3) that the parties reached any agreement regarding the "specific form of repayment."

25. In fact, to eliminate any uncertainty as to whether the Plaintiff is entitled to a refund under the above quoted contractual provision, Plaintiff alleges that Bell Atlantic decided not to proceed with the proposed project, thus eliminating this provision's applicability. <u>Id.</u> at Para. 14.

26. Moreover, the parties specifically provide in the Agreement how unused funds are to be handled. Namely, the Agreement provides that "If Bell Atlantic does not proceed with the project unused funds will be allocated to joint development of other opportunities." Exh. A to Complaint at 2.

27. The language quoted above cannot be reconciled with Plaintiff's claim that the $100,000 in "development funds" was "for the <u>limited purpose</u> of advancing funds to the

parties' joint venture to market Omni-Link to Bell Atlantic" or to be "returned" to Plaintiff. Complaint at Paras. 22 & 24.

28. The Agreement is unambiguous that if Bell Atlantic did not proceed with the project – as Plaintiff alleges is the case, and any portion of the $100,000 remained, that money was to be used for the joint development of other opportunities, not refunded.

29. While NewEnergy East, L.L.C. alleges that its failure "identifying any opportunities that it believed would be profitable and worth pursuing" entitles it to a refund, the Agreement on its face does not so provide. Complaint at Para. 15.

30. Based on the plain language of the Agreement, Powerweb cannot have breached the contract by failing to return money to Plaintiff, because it had no contractual obligation to do so.

WHEREFORE, Powerweb requests that the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted, and grant such further relief as the Court deems appropriate.

        _____
        Joseph F. O'Dea, Jr.
        Attorney I.D. 48370
        William Matthews
        Attorney I.D. 82730
        SAUL EWING LLP
        Centre Square West
        1500 Market Street, 38th Floor
        Philadelphia, PA 19102
        (215) 972-7109

        Attorneys for Defendant

Date: June 17, 2002

## CERTIFICATE OF SERVICE

    I, William Matthews, hereby certify that a true and correct copy of the foregoing Defendant's Motion to Dismiss Complaint, together with supporting Memorandum of Law, was served this date, via first class mail, upon the following:

>Joel M. Sweet
>Wolf, Block, Schorr and Solis-Cohen, LLP
>1650 Arch St., 22nd Floor
>Philadelphia, PA 19102

                                                                                                                                                           William Matthews

Date: June 17, 2002

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AES NEWENERGY, INC. | : | |
| | : | |
| Plaintiff | : | Civil Action No. 02-CV-2733 |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC. | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS COMPLAINT

### I. INTRODUCTION

In a preemptive filing intended to "get to the courthouse first," Plaintiff AES NewEnergy, Inc. ("Plaintiff") brings this suit against Defendant Powerweb Technologies, Inc. ("Powerweb") pleading breach of contract and unjust enrichment. A review of the incomplete copy of the Agreement (attached as Exhibit A)[1] belies the very basis upon which a breach is alleged. Namely, Plaintiff alleges breach for failure to "refund" certain monies, yet the Agreement -- on its face and even accepting all of Plaintiff's averments as true -- provides that any "unused" funds are to be applied to "joint development of other opportunities" – not refunded. Complaint, Ex. A, pg. 2. While Plaintiff claims breach for failure to refund certain monies, the four corners of the Agreement imposes no such obligation whatsoever. Moreover, the party who brought this lawsuit, AES NewEnergy, Inc., did NOT sign the Agreement and is not the party with whom Powerweb contracted. Accordingly, Powerweb moves to dismiss

---

[1] Exhibit A is incomplete in that it fails to attach a copy of the Non-Disclosure Agreement expressly incorporated therein. Not coincidentally, the Non-Disclosure Agreement is a material element of the relationship between the parties and a basis for the claims Powerweb will assert against Plaintiff.

Plaintiff's Complaint on two straightforward grounds:  (1) Plaintiff is not the real party in interest; and (2) Plaintiff's claim is barred by the plain language of the Agreement.

## II.  APPLICABLE LAW

When considering a motion to dismiss, the Court must accept as true all allegations in the complaint, and view the allegations in the light most favorable to the plaintiff.  See, e.g., Delor v. ATX Telecommunications Servs., Ltd., 1996 U.S. Dist. LEXIS 8825, at *2 (E.D. Pa. June 25, 1996), aff'd 124 F.3d 186 (3rd Cir.), cert. denied 522 U.S. 1019 (1997).  The Court may also consider any attachments to the complaint.  Id. at *3 (when deciding a motion to dismiss, in addition to the allegations of the complaint, the "district court can also consider exhibits attached to the complaint and matters of public record.")

## III.  ARGUMENT

### A.  Plaintiff Is Not the Real Party in Interest

#### 1.  *Plaintiff is Not a Party to the Agreement.*

Under Pennsylvania law, "a person cannot enforce contractual rights unless that person was a party or a privy to or an intended beneficiary of, the contract giving rise to those rights."  Delor, supra, at *5.  Plaintiff is AES NewEnergy, Inc.  Plaintiff alleges that it has a principal place of business in Los Angeles, California.  Complaint at Par. 2.  The "letter agreement" attached as Exhibit A to the Complaint never mentions AES NewEnergy, Inc.  Exhibit A to the Complaint expressly states that it is an agreement between "NewEnergy East, L.L.C (including but not limited to any current, future, direct or indirect subsidiaries, and affiliates) having its principal place of business at 551 5th Avenue, Suite 400 New York, New York 10176 . . . and Powerweb."  Ex. A to Complaint at 1.  Plaintiff does not allege that

it is a "current, future, direct or indirect subsidiar[y], and affiliate[]" of NewEnergy East, L.L.C. Plaintiff also fails to allege that it is successor in interest to, a privy or an intended beneficiary of the letter agreement between Powerweb and NewEnergy East, L.L.C.

Under the Federal Rules of Civil Procedure, "[e]very action shall be prosecuted by the real party in interest." Fed. R. Civ. P. 17(a). Plaintiff's sole reference to NewEnergy East, L.L.C is to state, at Paragraph 2 of the Complaint, that "[u]ntil January 1, 2001, NewEnergy operated as NewEnergy East, L.L.C., among other names." This allegation, whatever it means, is insufficient as a matter of law to establish that Plaintiff is a real party in interest. Accordingly, Powerweb asks that this Court dismiss Plaintiff's Complaint, and grant such further relief as the Court deems appropriate.[2]

B.  The Four Corners Of The Agreement Do Not Support The Alleged Breach; There Is No Obligation On The Part Of Powerweb To Refund Money.

Even if Plaintiff were the real party in interest, the language of the alleged Agreement does not support Plaintiff's claim of breach. In fact, the language of the Agreement is at odds with the theory of breach offered by Plaintiff.

Plaintiff asserts that it "provided $100,000 to Powerweb for the limited purpose of advancing funds to the parties' joint venture to market Omni-Link to Bell Atlantic." Complaint at Par. 24 (emphasis added). When, according to Plaintiff, Bell Atlantic decided not to proceed with the initial project contemplated by the Agreement, id. at Par. 14, Plaintiff

---

[2] Rule 17(a) of the Federal Rules of Civil Procedure provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." In asking for dismissal of Plaintiff's Complaint based on the absence of the real party in interest, Powerweb, naturally, acknowledges the procedure required by Rule 17(a). No such procedure is required, however, should the Court dismiss Plaintiff's Complaint based on the plain terms of Exhibit A to the Complaint.

contends that Powerweb was required by the contract to repay $100,000 to Plaintiff. The Agreement imposes no such obligation.

In support of its theory, Plaintiff purports to rely on two aspects of the Agreement. The first, quoted below, not only fails to support Plaintiff's theory, it contradicts Plaintiff's claim that Powerweb has an obligation to repay any money not used in developing the initial project for Bell Atlantic:

> NEE agrees to fund project development costs of up to One Hundred Thousand Dollars ($100,000) for Powerweb to create a detailed project implementation plan, schedule and investment analysis of an Omni-Link application for Bell Atlantic. NEE will deposit the funds within ten (10) business days after execution of this agreement. <u>If Bell Atlantic does not proceed with the project unused funds will be allocated to the joint development of other opportunities.</u>

See Complaint at Par. 9; Exh. A to Complaint at 2 (emphasis added). The parties expressly agreed that any unused funds (of which there were none, incidentally) would be applied to "joint development of other opportunities." Nowhere does the Agreement obligate Powerweb to refund excess project development funds to Plaintiff. The Agreement contemplates that the parties would jointly pursue other opportunities.

The second excerpt relied upon by Plaintiff contemplates a scenario that Plaintiff pleads did not occur. The Agreement provides that if Bell Atlantic decides to proceed with the project, and makes project payments to either Powerweb or NewEnergy East, L.L.C., then NewEnergy East, L.L.C. would be repaid from the resulting revenue stream. Had that scenario developed, the following would apply:

> These development funds will be repaid from the first project payments made by Bell Atlantic to either PWT or NEE. The specific form of repayment will be determined and agreed upon

with both parties before the final contract negotiations with Bell Atlantic.

Complaint at Par. 10; Exh. A to Complaint at 2.

Plaintiff, as would be expected under the circumstances, fails to allege that (1) Bell Atlantic made any "project payments to either PWT or NEE", let alone $100,000 in project payments; (2) the parties ever conducted any "final contract negotiations with Bell Atlantic"; or (3) that the parties reached any agreement regarding the "specific form of repayment." Indeed, Plaintiff alleges that Bell Atlantic never proceeded with the Project at all. Complaint at Para. 14. As such, any repayment obligation owed by Powerweb to NewEnergy East, L.L.C. never matured.

## IV. CONCLUSION

As the unambiguous language of the alleged Agreement provides that (1) Plaintiff is not a party to the agreement; and (2) any unused funds were to be applied toward development of other opportunities -- not refunded -- it is clear that Plaintiff has failed to assert a claim for which relief may be granted. Accordingly, Powerweb asks this Court to dismiss Plaintiff's Complaint, and grant such further relief as the Court deems appropriate.

_____
James F. O'Dea, Jr.
Attorney I.D. 48370
William Matthews
Attorney I.D. 82730
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-7109

Attorneys for Defendant

Date:  June 17, 2002

-5-