IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AES NEWENERGY, INC., | : | |
|     Plaintiff | : | |
| | : | Civil Action No. 02-CV-2733 |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| POWERWEB TECHNOLOGIES, INC., | : | |
|     Defendant. | : | |

## **ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of the Motion of Defendant Powerweb Technologies, Inc. to Strike Praecipe for Entry of Default Judgment submitted by Plaintiff AES NewEnergy, Inc., and any response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED.  Plaintiff's Praecipe for Entry of Default Judgment is hereby STRICKEN from the record in this case.

_____
BARTLE, J.

688157.1 8/27/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AES NEWENERGY, INC., : | |
|     Plaintiff : | |
| : | Civil Action No. 02-CV-2733 |
| v. : | |
| : | JURY TRIAL DEMANDED |
| POWERWEB TECHNOLOGIES, INC., : | |
|     Defendant. : | |

**MOTION BY POWERWEB TECHNOLOGIES, INC**
**TO STRIKE PRAECIPE BY PLAINTIFF AES NEWENERGY, INC.**
<u>**FOR ENTRY OF DEFAULT JUDGMENT**</u>

For the reasons set forth in the accompanying memorandum of law, Powerweb Technologies, Inc. ("Powerweb") hereby respectfully moves this Honorable Court to enter an Order in the form proposed, striking the defective Praecipe for Entry of Default Judgment submitted by AES NewEnergy, Inc. ("NewEnergy"). NewEnergy failed to properly account for and apply Rule 6 and Rule 55(b)(1) of the Federal Rules of Civil Procedure in making its request for an entry of a default judgment. Powerweb properly filed its Answer, Affirmative Defenses and Counterclaims within the time period prescribed by the Federal Rules of Civil Procedure, and the judgment sought by NewEnergy in the form of a Praecipe is improperly addressed to the Clerk in direct violation of Rule 55(b).

2

                                                  _____
Rudolph Garcia, Esquire
Joseph F. O'Dea, Jr., Esquire
Nicholas J. Nastasi, Esquire
Attorney I.D. Nos. 25336, 82102, 48370
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-1961; -7109; -1983

Attorneys for Powerweb Technologies, Inc.

Date:  August 26, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AES NEWENERGY, INC., | : | |
|     Plaintiff | : | |
| | : | Civil Action No. 02-CV-2733 |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| POWERWEB TECHNOLOGIES, INC., | : | |
|     Defendant. | : | |

**MEMORANDUM OF LAW BY POWERWEB TECHNOLOGIES, INC.
IN SUPPORT OF MOTION TO STRIKE PRAECIPE BY
<u>AES NEWENERGY, INC. FOR ENTRY OF DEFAULT JUDGMENT</u>**

In its overeager haste to avoid facing the merits of Powerweb's $100 million Counterclaim, NewEnergy has apparently chosen to ignore the procedures clearly articulated in the applicable Rules of Civil Procedure and has improperly filed a Praecipe for Entry of Default Judgment in this matter. Powerweb hereby submits this memorandum of law in support of its motion to strike NewEnergy's Praecipe for Entry of Default Judgment.

**II.   <u>STATEMENT OF FACTS</u>**

On or about July 19, 2002, NewEnergy filed an Amended Complaint against Powerweb. Powerweb moved to dismiss the Amended Complaint on July 25, 2002. On August 7, 2002, the Court signed an Order denying Powerweb's motion to dismiss the Amended Complaint. The Order was entered by the Clerk on August 8, 2002. Counsel for Powerweb received a copy of the Order via first-class U.S. mail on Monday, August 12, 2002. On August 21, 2002, well within ten business days after the Order denying Powerweb's motion to dismiss the Amended Complaint was entered, Powerweb filed its Answer, Affirmative Defenses, and Counterclaims.

Despite the timely filing of Powerweb's Answer, Affirmative Defenses, and Counterclaims, NewEnergy filed a Praecipe for Entry of Default Judgment ("Praecipe") the following day, on August 22, 2002.  A true and correct copy of the Praecipe is attached hereto as Exhibit "A."  The Praecipe is directed to the Clerk and requests that the Clerk enter a judgment by default in the amount of $109,720.

## III. ARGUMENT

### A. NewEnergy Failed to Apply Rule 6 of the Federal Rules of Civil Procedure to its Calculation of Time (Periods of Time that Are Less Than Eleven Days).

In the Praecipe, NewEnergy alleges that, pursuant to Rule 12(a)(4)(A), Powerweb's responsive pleading was due on or before August 19, 2002.  See Praecipe ¶ 7.  To the contrary, Powerweb's responsive pleading was required to be served, at the earliest, on or before August 22, 2002.

Rule 12(a)(4)(A) provides, in part, "if the court denies the motion [filed under Rule 12], the responsive pleading shall be served within 10 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A).  Therefore, Powerweb was required to serve its responsive pleading within 10 days after notice of the Court's Order denying Powerweb's motion to dismiss the Amended Complaint.  One not familiar with the Federal Rules of Civil Procedure might quickly and incorrectly reach the conclusion that Powerweb's responsive pleading was due on or before August 19, 2002 – exactly 10 days following Powerweb's alleged notice of the Order.  Rule 6 of the Federal Rules of Civil Procedure, however, provides in pertinent part:

>When the period of time prescribed or allowed is less than 11 days, *intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.*

Fed. R. Civ. P. 6.  In calculating the time within which Powerweb was required to serve its responsive pleading, NewEnergy failed to exclude Saturdays and Sundays as required by Rule 6.  Even assuming NewEnergy is correct (which it is not) that Powerweb received a copy of the Court's Order on August 8, 2002, Powerweb's responsive pleading would not have been due until August 22, 2002 – one day after Powerweb filed and served its Answer, Affirmative Defenses, and Counterclaims.  There is no question that Powerweb properly filed its Answer, Affirmative Defenses, and Counterclaim within the time prescribed by the Rules of Civil Procedure.  Accordingly, NewEnergy's Praecipe is entirely without merit.

    **B.**    **NewEnergy's Praecipe Improperly Requests that the Clerk Enter a Judgment of Default – Relief that Must Be Directed to the Court in the Form of a Motion Only After the Clerk Has Entered a Default.**

NewEnergy also failed to follow the straightforward language of Rule 55 of the Federal Rules of Civil Procedure in its haste to seek a default judgment.  NewEnergy's Praecipe is directed to the Clerk and requests the Clerk to enter a default judgment in the amount of $109,720.  See Praecipe at addendum clause.  NewEnergy cites to Rule 55(b)(1) for authority.  Id.  NewEnergy's Praecipe is wholly defective for at least two reasons.

First, NewEnergy put the cart before the horse.  A party may not seek a "judgment by default" under Rule 55 unless and until a "default" has been entered by the Clerk.  Fed. R. Civ. P. 55.  Rule 55 makes a clear distinction between a "default" as opposed to a "judgment by default," and yet, NewEnergy has failed to grasp this distinction.  Id.  NewEnergy does not (and cannot) contend that a default has been entered in this matter, and therefore, the NewEnergy's Praecipe is procedurally premature.

Second, and more importantly, NewEnergy has incorrectly directed its request to the Clerk pursuant to Rule 55(b)(1). Rule 55(b)(1) provides:

> (b) **Judgment.**  Judgment by default may be entered as follows:
>
> (1) **By the Clerk.**  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, **if the defendant has been defaulted for failure to appear** and is not an infant or incompetent person.

Fed. R. Civ. P. 55(b)(1). The clerk may only enter a default judgment pursuant to Rule 55(b)(1) when the defendant has (1) been defaulted and (2) the default was entered for a failure to appear. Id. In all other circumstances, a request for a default judgment must be directed to the Court in the form of a motion. See Fed. R. Civ. P. 55(b)(2). It is indisputable that Powerweb has appeared in this case on at least four (4) separate occasions[1], and that no default has been entered against Powerweb. Thus, NewEnergy's Praecipe is wholly defective and improper, and Powerweb respectfully requests that the Court strike it from the record in this case.

---

[1] On June 13, 2002, Joseph F. Odea, Jr. filed a Notice of Appearance on behalf of Powerweb. On June 17, 2002, Powerweb moved to dismiss NewEnergy's Complaint. On July 25, 2002, Powerweb filed a motion to dismiss NewEnergy's Amended Complaint. On August 21, 2002, Powerweb filed its Answer, Affirmative Defenses, and Counterclaims.

## IV.     CONCLUSION

    For each of the foregoing reasons, Powerweb respectfully requests that this Court grant Powerweb's Motion to Strike NewEnergy's Praecipe for Entry of Default Judgment.

                     Respectfully submitted,

                     Rudolph Garcia, Esquire
                     Joseph F. O'Dea, Jr., Esquire
                     Nicholas J. Nastasi, Esquire
                     Attorney I.D. Nos. 25336, 82102, 48370
                     SAUL EWING LLP
                     Centre Square West
                     1500 Market Street, 38th Floor
                     Philadelphia, PA  19102
                     (215) 972-1961; -7109; -1983

                     Attorneys for Powerweb Technologies, Inc.

Date:  August 26, 2002

## **CERTIFICATE OF SERVICE**

I, Nicholas J. Nastasi, hereby certify that true and correct copies of the foregoing Motion to Strike and the accompanying Memorandum of Law were served this date, via first-class mail, upon the following counsel of record:

>Joel M. Sweet
>Wolf, Block, Schorr and Solis-Cohen, LLP
>1650 Arch St., 22nd Floor
>Philadelphia, PA 19102

_____
Nicholas J. Nastasi

Date:  August 26, 2002

688157.1 8/27/02