## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AES NEWENERGY, INC.                          :
                                             :
              Plaintiff,           :          Civil Action No. 02-CV-2733 (HB)
                                             :
     v.                               :
                                             :
POWERWEB TECHNOLOGIES, INC.                  :
                                             :
              Defendant.          :

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Plaintiff AES NewEnergy, Inc. ("NewEnergy") answers the counterclaims of Powerweb Technologies, Inc. ("Powerweb") as follows:

44.     Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

45.     Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

46.     Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

47.     Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Powerweb

contained in this paragraph.  By way of further response, after the deregulation of the energy industry, many companies other than Powerweb identified opportunities to utilize previously untapped electrical resources, including through on-site generation and load reduction, to provide savings to energy consumers.

48.    Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

49.    Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

50.    Denied in part; admitted in part.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  By way of further response, NewEnergy admits only that Powerweb has obtained two United States patents related to its Omni-Link System.

51.    Denied in part; admitted in part.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  By way of further response, NewEnergy admits only that Powerweb has obtained two United States patents related to its Omni-Link System.

52.    Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

53.    Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

54.    Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

55.    Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

56.    Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

57.    Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

58.    Admitted in part;  denied in part.  NewEnergy admits only that in the second half of 1999, communications occurred with Lothar E.S. Budike, Jr., concerning the Omni-Link System.  NewEnergy denies all of the remaining factual allegations contained in this paragraph.

59.    Denied.

60.     Admitted in part;  denied in part.  NewEnergy admits that Powerweb requested that the parties enter into a nondisclosure agreement.   NewEnergy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, in particular the allegations concerning the reason Powerweb sought a nondisclosure agreement.

61.     Denied.

62.     Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

63.     Denied.  The document referenced in this paragraph speaks for itself.  NewEnergy denies that the excerpts of that document contained in this paragraph accurately characterize the parties' agreement, if any.

64.     Denied.  The document referenced in this paragraph speaks for itself.  NewEnergy denies that this paragraph accurately characterizes the parties' agreement, if any.  By way of further response, the allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

65.     Denied.

66.     Denied.

67.     Denied. NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

68.     Denied. NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

69.     Denied.

70.      Denied. NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

71.     Admitted in part;  denied in part. NewEnergy admits that the likeness of David McGeown's signature appears on a letter dated October 25, 1999, a copy of which is attached to Powerweb's counterclaims at Exhibit B. The letter speaks for itself. NewEnergy denies Powerweb's characterization of the letter.

72.     Denied. The October 25, 1999, letter speaks for itself. NewEnergy denies that the excerpt of that document contained in this paragraph accurately characterizes the substance of the letter.

73.     Denied. NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

74.    Admitted in part;  denied in part.  NewEnergy admits that Brian Hayduk executed an agreement with Powerweb, dated January 7, 2000.  NewEnergy further admits that a copy of that agreement is attached to Powerweb's counterclaims at Exhibit C.  By way of further response, the agreement speaks for itself.  NewEnergy denies Powerweb's characterization of the agreement.

75.    Admitted in part;  denied in part.  NewEnergy admits that Brian Hayduk executed an agreement with Powerweb, dated January 7, 2000.  NewEnergy further admits that a copy of that agreement is attached to Powerweb's counterclaims at Exhibit C.  By way of further response, the agreement speaks for itself.  NewEnergy denies Powerweb's characterization of the agreement.

76.    Admitted in part;  denied in part.  NewEnergy admits that the likeness of Brian Hayduk's signature appears on a document dated January 8, 2000.  NewEnergy further admits that a copy of that document is attached to Powerweb's counterclaims at Exhibit D.  By way of further response, the document speaks for itself.  NewEnergy denies Powerweb's characterization of the document.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.  NewEnergy denies that Powerweb was not notified, consulted, or even given a copy of the alleged proposal to Bell Atlantic to review.  With respect to the remaining

allegations contained in this paragraph, NewEnergy, after a reasonable inquiry, is without

knowledge or information sufficient to form a belief as to their truth.

81.    Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in this

paragraph.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.  NewEnergy denies that it stole Powerweb's proprietary information, if

any such information even existed, or its prospective business relationship with Bell Atlantic.

NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

93.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

94.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

95.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

96.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

97.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

## COUNT I

98.    NewEnergy incorporates here by reference the answers of paragraphs 44-97.

99.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

100.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

101.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

102.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

## COUNT II

103.    NewEnergy incorporates here by reference the answers of paragraphs 44-102.

104.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

105.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

106.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

107.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

## COUNT III

108.    NewEnergy incorporates here by reference the answers of paragraphs 44-107.

109.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

110.    Denied.

111.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

112.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

## COUNT IV

113.    NewEnergy incorporates here by reference the answers of paragraphs 44-112.

114.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

115.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

116.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

## COUNT V

117.    NewEnergy incorporates here by reference the answers of paragraphs 44-116.

118.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

119.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

120.    Denied.

121.    Denied.

122.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

## COUNT VI

123.    NewEnergy incorporates here by reference the answers of paragraphs 44-122.

124.    Denied.

125.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

126.    Denied.

127.    Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph concerning Powerweb's belief.  By way of further response, NewEnergy denies it made any false representations to Powerweb.  The remaining factual allegations in this paragraph are denied.

128.    Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information Powerweb relied upon in entering agreements with NewEnergy.  By way of further response, NewEnergy denies it made any false representations to Powerweb.  The remaining factual allegations in this paragraph are denied.

129.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

130.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

## COUNT VII

131.    NewEnergy incorporates here by reference the answers of paragraphs 44-130.

132.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

133.    Denied.

134.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

**COUNT VIII**

135.    NewEnergy incorporates here by reference the answers of paragraphs 44-134.

136.    Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

137.    Denied.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

138.    Denied.

139.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

140.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

## COUNT IX

141.    NewEnergy incorporates here by reference the answers of paragraphs 44-140.

142.    Denied.

143.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

144.    Denied.  The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

## FIRST AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because Powerweb's allegations concerning wrongdoing by NewEnergy are untrue.

## SECOND AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, by Powerweb's breach of its duty of good faith and fair dealing owed to NewEnergy.

## FOURTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, by Powerweb's breach of its fiduciary duty owed to NewEnergy, to the extent any fiduciary duty exists.

## FIFTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, because of the inequitable conduct of Powerweb.

## SEVENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, by the equitable doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, by the doctrines of estoppel and waiver.

## NINTH AFFIRMATIVE DEFENSE

Powerweb's request for a constructive trust and other equitable relief is barred, in whole or in part, because NewEnergy has not been unjustly enriched.

## TENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, by the statutes of limitations applicable to Powerweb's counterclaims.

## ELEVENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, due to failure of consideration.

## TWELFTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, because of Powerweb's fraud perpetrated upon NewEnergy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because one or more of the agreements Powerweb relies upon are unenforceable.

## FOURTEENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because Powerweb failed to perform its obligations under the parties' agreements.

## FIFTEENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because NewEnergy has not breached any agreement with Powerweb.

## SIXTEENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because NewEnergy has not interfered with any business relationships of Powerweb.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because NewEnergy has not competed with Powerweb or the Omni-Link System.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because Powerweb has suffered no injury as a result of any action or inaction by NewEnergy.

### NINETEENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because Powerweb suffered no damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because Powerweb's purported trade secrets and confidential information are neither trade secrets nor confidential information.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because money allegedly owed by NewEnergy to Powerweb is less than, and is off-set by, the money Powerweb owes to NewEnergy.


WHEREFORE, NewEnergy respectfully requests that this Court enter judgment in its favor and against Powerweb with respect to NewEnergy's claims and Powerweb's counterclaims.


Respectfully,

_____

Matthew A. White
Joel M. Sweet
Attorneys for Plaintiff, AES NewEnergy, Inc.

OF COUNSEL:
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
22nd Floor, 1650 Arch Street
Philadelphia, Pennsylvania  19102-2097
(215) 977-2000

## **CERTIFICATE OF SERVICE**

I, Joel M. Sweet, hereby certify that on September 20, 2002, I caused a true and correct copy of plaintiff's Answer and Affirmative Defenses to Counterclaims to be served by first class mail upon the following:

Nicholas Nastasi, Esquire
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102-2186

_____
Joel M. Sweet

DSB:872074.1/AES003-158567