IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AES NEWENERGY, INC. | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC. | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF AES NEWENERGY'S MOTION
FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, AES NewEnergy, Inc., requests leave to file its second amended complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. In support of its motion, plaintiff relies upon its accompanying memorandum of law. A copy of the proposed amended complaint is attached as Exhibit A.

_____
Matthew A. White
Joel M. Sweet

Attorneys for Plaintiff, AES NewEnergy, Inc.

OF COUNSEL:

WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
22nd Floor, 1650 Arch Street
Philadelphia, Pennsylvania  19102-2097
(215) 977-2000

Dated:  October 31, 2002

DSB:880043.1/AES003-158567

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AES NEWENERGY, INC. | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC. | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF AES NEWENERGY'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, AES NewEnergy, Inc. ("NewEnergy"), has moved for leave to file a second amended complaint, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. NewEnergy's proposed amendments would:

- amend the caption of the case to reflect NewEnergy's new corporate identity after its recent acquisition by The Constellation Energy Group, and add factual allegations concerning NewEnergy's continuing interest in this action as the legal successor to New Energy East, L.L.C.;

- add Lothar Budike, Jr., Powerweb's principal, and A-Valey Engineers, Inc., a company closely affiliated with defendant Powerweb Technologies, Inc. ("Powerweb"), as additional defendants in the action;

- add counts for fraudulent misrepresentation, breach of the duties of good faith and fair dealing, and for an accounting, as well as factual averments to support these counts.

DSB:880043.1/AES003-158567

NewEnergy's proposed amendments will not prejudice Powerweb unfairly. This case is still in its infancy. There has been no discovery. The Court has not entered a scheduling order; and there is no trial date.

## BACKGROUND

NewEnergy and Powerweb entered into a written agreement on January 7, 2000 (the "Agreement"). The Agreement required NewEnergy to advance $100,000 to Powerweb for costs associated with the parties' plan to offer an energy service product called Omni-Link to Bell Atlantic. The Agreement permitted Powerweb to use NewEnergy's $100,000 only after Powerweb received prior authorization from NewEnergy. The parties agreed that the $100,000 was to be repaid to NewEnergy from proceeds of the parties' anticipated agreement with Bell Atlantic. In accordance with the Agreement, NewEnergy deposited $100,000 with Powerweb.

Before NewEnergy authorized Powerweb to spend any of the $100,000, Bell Atlantic informed NewEnergy and Powerweb that it had decided it would not use Omni-Link. During the remainder of the one-year term of the Agreement, NewEnergy and Powerweb explored opportunities to market Powerweb's product to other companies. NewEnergy, however, did not deem any of the opportunities worth pursuing. After the Agreement expired on January 6, 2001, NewEnergy requested that Powerweb return the $100,000. Powerweb refused to return the money (or any remaining portion of the money), or to account for how Powerweb purportedly spent the money.

On May 7, 2002, NewEnergy filed its complaint against Powerweb seeking to recover its $100,000. NewEnergy asserted claims for breach of contract and unjust enrichment. On two occasions, Powerweb urged the Court to dismiss the case in its entirety. On June 17, 2002, Powerweb moved to dismiss the complaint, arguing in part that NewEnergy was not a true party

in interest.  To eliminate this issue so that the case could proceed promptly, NewEnergy amended its complaint to include additional allegations about the relationship between AES NewEnergy and New Energy East, L.L.C., the party that had executed the Agreement.

On July 25, 2002, Powerweb again moved to dismiss the complaint and to have the entire controversy thrown out of Court.  On August 7, 2002, the Court denied Powerweb's motion.  Two days later, the Court scheduled this dispute for an arbitration hearing pursuant to the "Speedy Civil Trial" provisions of Local Rule 53.2  The arbitration was scheduled for November 7, 2002.  In preparation for the arbitration, NewEnergy provided Powerweb with its Rule 26(a) initial disclosures and served a set of discovery requests.

After failing twice to end this case by moving for dismissal, Powerweb changed its strategy.  On August 21, 2002, Powerweb filed counterclaims against NewEnergy seeking money damages of $100 million, as well as equitable relief (the "Counterclaims").  Perhaps coincidentally, Powerweb filed its counterclaim shortly after a public announcement by The AES Corporation, NewEnergy's parent company, that The Constellation Energy Group would acquire NewEnergy in a deal expected to close by year-end 2002.[1]  Powerweb had not made a prior demand upon NewEnergy in connection with the Counterclaims.

**ARGUMENT**

NewEnergy proposes to amend its complaint in three basic respects.  First, NewEnergy would amend the caption of the case to reflect NewEnergy's new corporate identity after its recent acquisition by The Constellation Energy Group and would add factual allegations concerning NewEnergy's continuing interest in this action as the legal successor to New Energy

---

[1] The AES Corporation announced its plan to sell NewEnergy to The Constellation Energy Group on June 11, 2002.  See Press Release, Exhibit A.

East, L.L.C. Second, NewEnergy would add Lothar Budike, Jr., and A-Valey Engineers, Inc., as additional defendants in the action. Third, NewEnergy would add counts for fraudulent misrepresentation, breach of the duties of good faith and fair dealing, and for an accounting, as well as factual averments to support these counts.

### A.    The Legal Standard

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a).

In Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962), the United States Supreme Court instructed courts to heed Rule 15(a)'s express mandate to freely grant leave to amend. The Supreme Court ruled that a movant "ought to be afforded an opportunity to test his claims on the merits" and that leave should be granted, except in limited circumstances. These circumstances include where: (1) the amendment would cause undue delay; (2) the movant has demonstrated bad faith or dilatory motive; (3) the movant has repeatedly failed to cure deficiencies by amendments previously allowed; (4) the opposing party would be unduly prejudiced by virtue of allowance of the amendment; or (5) the amendment would be futile. Id. If these circumstances are not present, and if the underlying facts or circumstances relied upon by the movant may be a proper subject of relief, courts should grant leave to amend. Id.

The United States Court of Appeals for the Third Circuit has distilled the Supreme Court's holding in <u>Foman</u> to mean that "prejudice to the non-moving party is the touchstone for the denial of an amendment." <u>Cornell and Co., Inc. v. Occupational Safety and Health Review Comm'n</u>, 573 F.2d 820, 823 (3d Cir. 1978).  In <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406 (3d Cir. 1993), the court stated that "[i]n the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexpected delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." <u>Id.</u> 1414.  District court cases are in accord.  See <u>In re Aetna Inc.</u>, 2000 WL 321286 at * 3 (E.D. Pa. Mar. 17, 2000) (granting leave to amend where no finding of prejudice even though request filed after close of discovery); <u>Centerforce Techs., Inc. v. Austin Logistics Inc.</u>, 2000 WL 652943 at *7 (D.Del. Mar. 10, 2000) (granting leave to amend where amendment would not disrupt litigation schedule); <u>Deere & Co. v. Reinhold</u>, 2000 WL 486607 at *2 (E.D. Pa. April 24, 2000) (granting leave to amend where nonmovant not prejudiced); <u>Murray v. Synthes U.S.A., Inc.</u>, 1999 WL 672937 at *6 (E.D. Pa. Aug. 23, 1999) (granting leave to amend where claims similar); <u>Schofield v. Trustees of Univ. of Pennsylvania</u>, 894 F. Supp. 194, 197 (E.D. Pa. 1995) (granting leave to amend to add additional claim only one month before trial); <u>Interdigital Technology Corp. v. Old America, Inc.</u>, 845 F. Supp. 276, 289 (E.D. Pa. 1994) (motion to amend granted where no evidence of undue delay, bad faith, dilatory motive or undue prejudice, and where amendment on its face does not appear futile); <u>Amp Inc. v. Method Elecs. Inc.</u>, 823 F. Supp. 259, 269-70 (M.D. Pa. 1993) (applying the <u>Foman</u> criteria, granting motion to amend where action still in discovery stage and will not delay case or prejudice defendant).

### B.   The Court Should Grant Leave to NewEnergy To Amend Its Complaint

Powerweb will not be prejudiced unfairly if the Court grants leave to NewEnergy to file the proposed amended complaint. This case is at an early stage. There has been virtually no discovery. NewEnergy served discovery requests upon Powerweb shortly after the Court scheduled a prompt arbitration. Powerweb objected to all of NewEnergy's discovery requests on the ground that they were premature. Powerweb has not produced its Rule 26(a) initial disclosures.[2] Nor has Powerweb served any discovery requests upon NewEnergy.

The parties have conferred with respect to scheduling their Rule 26(f) meeting and the development of a discovery plan, but they have yet to meet. NewEnergy anticipates that the parties will cooperate in drafting an appropriate confidentiality order to protect their respective claimed trade secrets, and that they will propose jointly to the Court a reasonable process for the conduct of discovery, taking into account the serious allegations leveled in this action and the significant costs and complexities involved in trade secret litigation. At the moment, however, these activities have not taken place. Counsel to the proposed new defendants, therefore, would have an opportunity to participate in all of these activities. Finally, the Court has not entered a scheduling order and so there is no discovery cut-off date and no trial date.

The other circumstances identified in Foman that would justify denial of leave to amend are absent here. NewEnergy's proposed amendments will not unduly delay the case. Powerweb has had abundant time to investigate thoroughly NewEnergy's claims and should be in a position to file an answer promptly. NewEnergy has not acted with bad faith or a dilatory motive. The amendments are a proper attempt to bring before the Court in a single action all of the parties' disputes arising out of the Agreement and surrounding circumstances. NewEnergy has not

---

[2]   NewEnergy had served upon Powerweb its own Rule 26(a) initial disclosures before Powerweb filed its Counterclaims.

previously sought leave to amend.  The amendments include properly asserted additional counts and are not a futile attempt to cure a defective pleading.

Accordingly, the Court should grant leave to NewEnergy to file an amended complaint.

### C. The Court Should Permit NewEnergy To Add New Defendants

NewEnergy seeks to add as new defendants in this action Lothar Budike, Jr., and A-Valey Engineers, Inc.  Rule 20(a), which governs permissive joinder of parties, states:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).  Rule 20(a) is designed to promote judicial economy.  The rule's purpose is to establish "a procedure under which the demands of several parties arising out of the same litigable event may be tried together, thereby avoiding the unnecessary loss of time and money to the court and the parties that the duplicate presentation of evidence relating to facts in common to more than one demand for relief would entail." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1652 at p. 397 (3d ed. 2001).

As set forth in substantial detail in the proposed amended complaint, Lothar Budike, Jr., is Powerweb's president and chief executive officer.  (Proposed Complaint at ¶ 10.)  Budike negotiated the Agreement on behalf of Powerweb.  NewEnergy alleges that Budike, as a representative of both Powerweb and A-Valey Engineers, made false and misleading statements to NewEnergy as part of a campaign to induce NewEnergy to enter into the Agreement.  (Proposed Complaint at ¶ ¶ 11-18.)

    NewEnergy's claims against Budike and A-Valey arise out of precisely the same transactions and occurrences that are at the heart of NewEnergy's original claims against Powerweb, as well as Powerweb's counterclaims against NewEnergy. These transactions and occurrences concern the Agreement, the parties' conduct under the Agreement, and the circumstances surrounding NewEnergy's decision to enter into the Agreement. Discovery for all of NewEnergy's claims -- as well as the evidence that will eventually reach a fact finder -- will be the same, or will overlap substantially. Were the Court to deny NewEnergy the right to add these defendants in this action, the result would be duplicative and redundant litigation concerning the same facts and evidence.

## **CONCLUSION**

    For the reasons stated above, the Court should grant AES NewEnergy, Inc.'s request for leave to file an amended complaint in the form of Exhibit A to its motion.

                                                      Matthew A. White
                                                      Joel M. Sweet

                                                      Attorneys for Plaintiff, AES NewEnergy, Inc.

OF COUNSEL:

WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
22nd Floor, 1650 Arch Street
Philadelphia, Pennsylvania  19102-2097
(215) 977-2000

Dated:   October 31, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AES NEWENERGY, INC. | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC. | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

**AND NOW,** this _____ day of _____, 2002, upon consideration of plaintiff AES NewEnergy, Inc.'s Motion for Leave to Amend Complaint, and any response thereto, it is **ORDERED** that plaintiff's motion is **GRANTED.**  Plaintiff shall file its second amended complaint on or before seven (7) days after the date of the entry of this order.

_____
Bartle, J.

## CERTIFICATE OF SERVICE

I, Joel M. Sweet, hereby certify that on October 31, 2002, I caused a true and correct copy of plaintiff's Motion for Leave to Amend Complaint, a supporting memorandum of law, and a proposed order, to be served by hand delivery upon the following:

>Nicholas Nastasi, Esquire
>SAUL EWING LLP
>Centre Square West
>1500 Market Street, 38th Floor
>Philadelphia, PA  19102-2186

(counsel to Powerweb Technologies, Inc.)

_____
Joel M. Sweet