## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC., :
:
        Plaintiff,        :
:
        v.         :
                :     No. 02-CV-2733 (HB)
:
POWERWEB TECHNOLOGIES, INC., :
A-VALEY ENGINEERS, INC. AND :
LOTHAR E.S. BUDIKE, JR., :
:
        Defendants.    :

### JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for plaintiff, Constellation NewEnergy, Inc. ("NewEnergy"), and counsel for defendant, Powerweb Technology, Inc. ("Powerweb"), met on November 6, 2002, to discuss a discovery plan and other matters. Following are the issues the parties discussed and their agreements or respective positions.

    **A.**     **Service of Second Amended Complaint.** NewEnergy filed its Second Amended Complaint on November 15, 2002. The Second Amended Complaint adds A-Valey Engineers, Inc. and Lothar Budike, Jr. as new defendants. Counsel to Powerweb believes it will be retained to represent the new defendants and that they shall have authority to accept service of the Second Amended Complaint on their behalf.

    **B.**     **Confidentiality Order.** Counsel for NewEnergy and Powerweb are negotiating the terms of a proposed confidentiality order consistent with the Court's rules. They anticipate presenting the proposed order to the Court before the Rule 16 conference, which is scheduled for November 25, 2002.

C.      **Rule 26(a) Disclosures**.  The parties intend to serve their respective Fed. R. Civ. P. 26(a) disclosures (in the case of NewEnergy, amended disclosures) on or before November 21, 2002.  Production of documents will occur after the entry of an appropriate confidentiality order.

D.      **Commencement of Discovery.**  The parties agreed to commence fact discovery on November 6, 2002.

E.      **Objections/Sequence of Discovery.**  To the extent NewEnergy is unable to respond to particular discovery requests, or is unable to assess whether particular requests are objectionable on any grounds, without first receiving additional information from Powerweb regarding the trade secrets and other confidential information allegedly provided by Powerweb to NewEnergy, the parties agree that NewEnergy may so state in its discovery responses, in which event NewEnergy shall supplement its responses upon receiving sufficient information from Powerweb.  This is not intended to limit NewEnergy's right to object for lack of particularity, or on any other grounds, or Powerweb's right to contest any such objections.

F.      **Time for Discovery and Dispositive Motions.**  The parties propose the following schedule for discovery and dispositive motions:

1.       Except as otherwise provided below, all fact discovery shall be commenced in time to be completed within nine months of November 6, 2002.

2.      All affirmative reports from retained experts under Fed. R. Civ. P. 26(a)(2) shall be served no later than three weeks before the close of fact discovery.

3.      All rebuttal expert reports shall be served the same day as the close of fact discovery.

4.    Expert depositions shall take place within one month after the close of fact discovery.

5.    Supplemental discovery requests relating only to matters raised in an expert report or expert deposition may be served within three weeks after the close of other fact discovery.  Responses to supplemental discovery requests shall be served within ten days, absent leave of Court or agreement of the parties.  Additional depositions relating only to matters raised in an expert report or expert deposition may be taken within one month after the close of other discovery.

6.    All potentially dispositive motions shall be served within one month after the period allowed for expert depositions.  All responses to such motions shall be due within one month of service.

7.    The parties' proposal would result in the following calendar deadlines:

| | |
|---|---|
| July 16, 2003 | Expert reports due |
| August 6, 2003 | Fact discovery closes;  rebuttal expert reports due |
| August 27, 2003 | Deadline for serving supplemental discovery requests |
| September 5, 2003 | Deadline to complete expert depositions |
| October 6, 2003 | Summary judgment motion deadline. |

G.    **Length of Trial.**  The parties believe the trial will last two or three weeks.

H.    **Settlement.**   The parties discussed settlement.  The parties believe it will be necessary for some or all of the fact discovery to take place before they can assess settlement possibilities.

-4-

      **I.**      **Relaxation of discovery limitations.**  The parties propose that leave of Court not be required to exceed the maximum number of interrogatories provided under Fed. R. Civ. P. 33.  However, any party may object or seek a protective order if the volume of interrogatories served becomes unreasonably burdensome.

      Powerweb proposes that each party be permitted to take up to twenty depositions.  NewEnergy believes it is too early to decide on a limit for the number of depositions in this case.

| | |
|---|---|
| _____ | _____ |
| Matthew White, Esquire | Rudolph Garcia, Esquire |
| Joel Sweet, Esquire | Joseph F. O'Dea, Jr., Esquire |
| Jennifer O'Neill, Esquire | Nicholas Nastasi, Esquire |
| WOLF, BLOCK, SCHORR and | SAUL EWING LLP |
| SOLIS-COHEN, LLP | Centre Square West |
| 1650 Arch Street, 22nd Floor | 1500 Market Street, 38th Floor |
| Philadelphia, PA  19103 | Philadelphia, PA  19102-2186 |
| | |
| Counsel to Constellation NewEnergy, Inc. | Counsel to Powerweb Technologies, Inc. |
| | |
| Dated: November 20, 2002 | Dated: November 20, 2002 |