IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, et al., | : | |
| | : | |
| Defendants. | : | |

### ORDER

AND NOW, this ____ day of _____, 2003, upon consideration of Defendant Powerweb Technologies, Inc.'s Motion to Compel Production of Documents, it is hereby ORDERED that:

1. Defendant's motion is GRANTED; and

2. Plaintiff Constellation NewEnergy, Inc. shall produce all documents responsive to request nos. 21, 23, 24, 26, 44, 45 and 46 of Defendant's First Request for Production of Documents within ten (10) days of this Order.

Plaintiff's failure to comply with this Order may subject it to sanctions pursuant to Federal Rule 37(b).

BY THE COURT:

_____
Bartle, J.

725647.1 3/20/03

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, et al., | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATION ACCORDING TO**
**F.R.C.P. 37(a)(2)(A) AND LOCAL RULE 26.1(f)**

Defendant Powerweb Technologies, Inc., by and through its undersigned counsel, hereby certifies that it has conferred with counsel for plaintiff in an attempt to resolve the issues raised by the foregoing motion to compel production of documents, but has been unable to do so.

_____
Nicholas J. Nastasi
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1983

Attorneys for Defendant
Powerweb Technologies, Inc.

Dated: March \_\_\_, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC.,:
                                       :
      Plaintiff,           :      Civil Action No. 02-CV-2733 (HB)
                                       :
v.                                    :
                                       :
POWERWEB TECHNOLOGIES, et al.,   :
                                       :
     Defendants.      :

**MOTION OF DEFENDANT
POWERWEB TECHNOLOGIES, INC.
TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant Powerweb Technologies, Inc. ("Powerweb"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 37(a) and Eastern District of Pennsylvania Local Rule 26.1(g), hereby moves this Court for an Order compelling plaintiff Constellation NewEnergy, Inc., f/k/a AES NewEnergy, Inc. ("NewEnergy"), to produce documents requested by Powerweb in its First Set of Requests for Production, for the reasons set forth in the accompanying memorandum of law.

                                                                         */s/ Kara H. Goodchild*
                                                          Rudolph Garcia
                                                          Kara H. Goodchild
                                                          Nicholas J. Nastasi
                                                          SAUL EWING LLP
                                                          Centre Square West
                                                          1500 Market Street, 38th Floor
                                                          Philadelphia, PA 19102
                                                          (215) 972-1983
                                                          Attorneys for Defendant
                                                          Powerweb Technologies, Inc.

Dated: March 20, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC.,:
:
       Plaintiff,  :    Civil Action No. 02-CV-2733 (HB)
:
v.  :
:
POWERWEB TECHNOLOGIES, et al.,  :
:
       Defendants.  :

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiff Constellation NewEnergy, Inc., f/k/a AES NewEnergy, Inc. ("NewEnergy") has been delaying discovery for over 4 ½ months and is refusing to produce documents entirely relevant and critical to Defendant Powerweb Technologies, Inc.'s ("Powerweb") counterclaims against NewEnergy in this matter. After signing a ten (10) year Confidentiality Agreement with Powerweb in 1999, NewEnergy stole Powerweb's confidential technology information and incorporated it into its own product, Webjoules. NewEnergy also caused Powerweb's confidential technology information to be disseminated to Powerweb's competitors RETX, Inc. and Silicon Energy through, among other means, an affiliate's employee, Peter Scarpelli. These facts support Powerweb's counterclaims against NewEnergy in this litigation. Notwithstanding, Powerweb's claims in this regard, NewEnergy is refusing to produce documents requested by Powerweb relating to Webjoules, RETX, Inc., Silicon Energy and Peter Scarpelli. Powerweb is clearly entitled to the production of these highly relevant documents. Consequently, Powerweb, by and through its undersigned counsel, hereby submits

725647.1 3/20/03

this memorandum of law in support of its motion to compel production of documents from NewEnergy.

**I.      Statement of Facts**

This litigation arises from NewEnergy's improper use and dissemination of certain confidential and proprietary information from Powerweb. Powerweb pioneered technology that dramatically changed the energy industry. This technology, known as the "Omni-Link System," enables energy suppliers to sell consumers new energy products and energy management services and thus creates substantial additional revenues for the energy supplier. NewEnergy and its affiliate's employee, Peter Scarpelli, disseminated Powerweb's confidential and proprietary information to third parties (RETX, Inc. and Silicon Energy) in order to promote the development of competing products and used the information for its own benefit to develop its own competing product (Webjoules).

Powerweb has filed a multi-count counterclaim seeking relief for the wrongs committed by NewEnergy. In pursuit of those claims, Powerweb has issued extensive document requests on topics relevant to all of Powerweb's claims.

**A.      Powerweb's Requests for Production**

Powerweb served its First Set of Requests for Production on NewEnergy on November 6, 2002. Accordingly, NewEnergy's deadline to produce the requested documents was established by the Federal Rules of Civil Procedure as Friday, December 6, 2002. A true and correct copy of these Requests for Production is attached hereto as "Exhibit A."

NewEnergy timely served Powerweb with its responses to Powerweb's requests for production, but did not produce copies of the documents identified in its responses. A true and

correct copy of these "Responses of Constellation NewEnergy, Inc. to First Set of Requests for Production by Powerweb Technologies, Inc." is attached hereto as "Exhibit B." In its responses NewEnergy indicated it would not produce documents stored electronically or located in archival storage facilities and that it objected to the scope of some of the requests. NewEnergy, however, also indicated it would be producing documents.

   **B.**  **NewEnergy's Objections and Refusal to Produce Responsive Documents**

On December 18, 2002, Powerweb requested that NewEnergy supplement its responses in order to avoid unnecessary motion practice. Powerweb identified several specific areas of concern, including NewEnergy's refusal to produce any documents stored electronically or located in archival storage facilities ("stored documents"), the limitation of NewEnergy's production to documents related to the region covered by PJM Interconnection, L.L.C. ("PJM"), and the attempt to limit discovery between NewEnergy and RETX, Inc., Silicon Energy and Peter Scarpelli. A true and correct copy of the December 18, 2002 letter is attached hereto as "Exhibit C."

On January 9, 2003, NewEnergy changed its position with respect to the stored documents and represented that it was "reviewing and preparing for producing documents stored on NewEnergy computer servers and communications maintained in computer-based archival storage facilities." It, however, reaffirmed its refusal to produce documents regarding business outside the PJM and communications with CILCO, RETX and Scarpelli. See January 9, 2003 letter, attached hereto as Exhibit D.

On January 17, 2003, Powerweb again asked that NewEnergy fully comply with Powerweb's requests for production of documents and sought a confirmation of compliance by

January 24, 2003.  See January 17, 2003 Letter, attached hereto as Exhibit E.  NewEnergy failed to respond by that date, but in a January 29, 2003 teleconference with the Court NewEnergy again promised to produce documents.

The parties continued to work towards resolving outstanding issues concerning the scope of Powerweb's requests.  As a result, Powerweb believed it had reached an understanding with NewEnergy.  By letter dated February 11, 2003, NewEnergy promised to produce documents that afternoon at 4:00 p.m. and confirmed that it "expects to produce additional documents by the end of this week."  See letter dated February 11, 2003, attached hereto as Exhibit F.

NewEnergy also agreed to modify its objection to producing documents relating to its activities beyond the PJM and specifically confirmed that it had agreed to produce all documents concerning "all ISOs in all states in which [NewEnergy] is offering that product or using technology similar to the Omni-Link or Powerweb's services, and that would include without limitation New England, New York, California, Illinois and anywhere else where [New Energy is] doing that work."  See Exhibit F.  NewEnergy, however, changed the scope of the oral agreement by defining the terms "that product," "Powerweb's services" and "that work" as meaning "reserve capacity sales" and defining the term "technology similar to Omni-Link" as "technology with the capability to control remotely stand-by generators for the purpose of conducting reserve capacity sales of electricity."  See Exhibit F.  These definitions were not previously discussed by the parties and have not been agreed to by Powerweb.

In addition to the foregoing, NewEnergy agreed to produce documents relating to the development and marketing of its technology, WebJoules, and "all documents relating to

NewEnergy's communications with RETX and/or Silicon Energy concerning reserve capacity sales, Powerweb, Omni-Link, technology with the capability to control remotely stand-by generators for the purpose of conducting reserve capacity sales of electricity, and Peter Scarpelli." <u>See</u> Exhibit F.  NewEnergy has continued to refuse production of any communications with RETX and Silicon Energy beyond this limited definition.

NewEnergy finally made a partial production on February 12, 2003.  Despite repeated promises to do so, NewEnergy refused to produce all of the responsive documents in its possession.  On March 18, 2003, Powerweb's counsel wrote a letter to NewEnergy's counsel notifying NewEnergy that Powerweb would be seeking the assistance of the Court to compel production of the documents that NewEnergy had been promising to produce for over 4 ½ months.  Remarkably, over the course of the next 24 hours, NewEnergy was able to produce additional documents, and now claims to be nearly complete in its production.  Despite this eleventh hour production, NewEnergy is still refusing to produce all documents requested by Powerweb relating to Webjoules, RETX, Inc., Silicon Energy, and Peter Scarpelli.  Consequently, Powerweb is seeking the Court's assistance to compel full and complete production of documents responsive to request nos. 21, 23, 24, 26, 44, 45, and 46 of Powerweb's First Set of Requests for Production.

**II.    Under the Federal and Local Rules and Applicable Case Law, NewEnergy Should be Compelled to Provide Full and Complete Discovery Responses Immediately**

Pursuant to Federal Rule of Civil Procedure 34, when a request for production is issued, all responsive documents in the responding party's possession, custody or control are to be made available for inspection and copying within thirty days.  Where a responding party

fails to fully produce documents in response to a request for production, the propounding party may move the court for an order to compel discovery.  Fed. R. Civ. P. 37(a)(2)(B).

The purpose of discovery is "to allow the parties to obtain the fullest possible knowledge of the facts and issues before trial."  S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc., Civ. A. No. 90-1731, 1991 WL 21655, *2 (E.D. Pa. 1991).  To this end, discovery should enable both parties to "be provided with information essential to proper litigation on all of the relevant facts."  Id.

NewEnergy has admitted that it has additional documents responsive to Powerweb's discovery requests.  Rather than complying with its obligations under the Federal Rules of Civil Procedure, NewEnergy has engaged in dilatory tactics designed to thwart Powerweb's discovery efforts.  NewEnergy has repeatedly objected to a request and, when pressed, backed away from the objection and promised to produce documents.  NewEnergy's numerous hollow promises evidence that it has no intention of complying with Powerweb's discovery requests voluntarily.

NewEnergy has sought to further delay discovery by asserting frivolous objections to the production of documents relating to its business outside the PJM region and to its communications with RETX, Silicon Energy and Peter Scarpelli.  NewEnergy's unilateral limitation on discovery is unwarranted and in disregard of the broad scope of discovery permitted under the Federal Rules of Civil Procedure.  The claims asserted by Powerweb clearly, and as demonstrated by documents produced to NewEnergy, extend beyond the PJM.  Powerweb also has reason to believe that NewEnergy improperly disseminated Powerweb's trade secrets and confidential information to third parties, including RETX, Silicon Energy and

that Peter Scarpelli was involved in such dissemination.  Powerweb is thus entitled to discover communications between NewEnergy and RETX, Silicon Energy or Peter Scarpelli.  This information is clearly relevant to Powerweb's counterclaim allegations that NewEnergy stole Powerweb's confidential information and has been using this information to unfairly compete with Powerweb.

Discovery under the Federal Rules is "broad and liberal."  <u>Pacitti v. Macy's</u>, 193 F.3d 766, 777-78 (3d Cir. 1999); <u>Van Kampen High Yield Mun. Fund v. O'Donnell & Naccarato</u>, No. Civ. A. 02-1210, 2003 WL 751005, at *1 (E.D. Pa., Mar. 4, 2003).  Pursuant to Federal Rule of Civil Procedure 26(b)(1), appropriate discovery may "encompass any matter that bears on or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  <u>Van Kampen High Yield Mun. Fund</u>, 2003 WL at *2.  Any party resisting discovery on the grounds of relevance bears the burden of demonstrating the lack of relevancy.  <u>See</u> <u>S.S. Fretz, Jr., Inc.</u>, 1991 WL 21655, at *2 (citations omitted).

NewEnergy has not met its burden of showing that any of the documents requested by Powerweb are not relevant to this case.  Time for discovery is elapsing, and NewEnergy is simply dragging its feet in an effort to delay and hamper Powerweb's ability to prepare its case against NewEnergy.  Such tactics are not permitted by the Rules and should not be accepted by the Court.

**III.     Conclusion**

For the foregoing reasons, Powerweb respectfully requests that this Court issue an Order compelling NewEnergy to produce all documents responsive to requests 21, 23, 24, 26, 44, 43 within ten (10) days of the date of the Order.

                                                                            _____
                                                                            Rudolph Garcia
                                                                            Kara H. Goodchild
                                                                            Nicholas J. Nastasi
                                                                            Attorney I.D. Nos. 25336, 74948, 82102
                                                                            SAUL EWING LLP
                                                                            Centre Square West
                                                                            1500 Market Street, 38th Floor
                                                                            Philadelphia, PA 19102
                                                                            (215) 972-1961; -7109; -1983

                                                                            Attorneys for Defendant
                                                                            Powerweb Technologies, Inc.

Date:   March 20, 2003

**CERTIFICATE OF SERVICE**

    I, Kara H. Goodchild, hereby certify that a true and correct copy of the foregoing motion to compel production of documents was served this day, via hand-delivery, upon the following counsel of record:

        Joel M Sweet, Esq.
        Wolf, Block, Schorr and Solis-Cohen, LLP
        1650 Arch St., 22nd Floor
        Philadelphia, PA 19102

                                  */s/ Kara H. Goodchild*
                                  Kara H. Goodchild

Date: March 20, 2003