## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC.　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　:　　Civil Action No. 02-CV-2733 (HB)
　　v.　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　:
POWERWEB TECHNOLOGIES, INC.,　　 :
A-VALEY ENGINEERS, INC. AND　　　:
LOTHAR E.S. BUDIKE, JR.,　　　　　:　　FILED MAR 2 6 2003
　　　　　　　　　　　　　　　　:
　　　　　　　　Defendants.　　　 :

## PLAINTIFF CONSTELLATION NEWENERGY'S RESPONSE TO
## MOTION OF DEFENDANT POWERWEB TECHNOLOGIES TO COMPEL
## PRODUCTION OF DOCUMENTS (REFORMATTED)

NewEnergy has produced almost 6,000 pages of documents collected from its offices and computer servers located throughout the country. These documents (plus a handful of others on the way) are all of the documents in NewEnergy's possession, custody or control that are relevant to the parties' respective claims and defenses. Nonetheless, by its motion, Powerweb seeks the Court's intervention with respect to the production additional documents concerning: (1) WebJoules, (2) its competitors RETX and Silicon Energy, and (3) Peter Scarpelli, and specifically Powerweb's request nos. 21, 23, 24, 26, 45 and 46.[1]  (See Powerweb's Motion at p. 5.)

At the outset, NewEnergy takes exception to Powerweb's omission in its memorandum of law of material information concerning the history of this dispute. On February 11, 2003, NewEnergy wrote to Powerweb to memorialize an agreement between counsel resolving several

---

[1]　　Because Powerweb has not complied with Local Rule 26.1(b), which requires a movant to set forth in its motion, verbatim, the discovery requests and responses relevant to the dispute, we have attached as Exhibit A the pages of Powerweb's requests at issue in this motion, and NewEnergy's responses. NewEnergy's responses were modified by its letter to Powerweb of February 11, 2003 (the "February 11 Letter"), which is attached as Exhibit B.

discovery disputes, including those raised in Powerweb's present motion (see Exhibit B). Five weeks later, Powerweb backed out of the agreement. Although Powerweb had known for weeks that NewEnergy was collecting and producing documents on the basis of what NewEnergy reasonably understood was an agreement memorialized in writing, Powerweb did not respond in writing to NewEnergy's February 11 Letter, or otherwise specify in what respect the February 11 Letter did not accurately reflect counsel's prior agreement, until March 18, 2003.[2]

At that time, Powerweb also attempted to expand radically the scope of discovery. In its March 18 letter, Powerweb demanded all documents relating to "(a) interruptible contracts, (b) hourly price contracts, (c) firm contracts that have interruptible provisions, (d) contracts that have any component of load shaping or load shifting and (e) demand response contracts or contracts that are part of a demand response program." None of these business activities is referred to in the pleadings or the underlying written contracts upon which Powerweb's claims are based and therefore not within the scope of discovery under Fed.R.Civ.P. Rule 26(b)(1).

NewEnergy responded the next day, objecting to Powerweb's attempt to expand discovery beyond Rule 26 as an improper fishing expedition. NewEnergy also objected to Powerweb's improper discovery practices.[3] Without any further communication or attempt to resolve the dispute it had just created, on March 20, 2003, Powerweb filed its motion.

With respect to the specific categories of documents addressed in Powerweb's motion, NewEnergy responds as follows:

1. **Documents Concerning WebJoules**. "WebJoules" is New Energy's trademark for an energy monitoring product it offers customers to whom it sells electricity. Over the years,

---

[2]    Powerweb's letter of March 18, 2003, is attached as Exhibit C.

[3]    NewEnergy's letter of March 19, 2003 is attached as Exhibit D.

the name WebJoules has been applied to different technologies developed by NewEnergy's in-house personnel and by outside vendors and used by NewEnergy under license agreements. WebJoules software is proprietary and highly confidential.

Powerweb seeks "a copy of the WebJoules software and all related documents and materials including but not limited to the program itself in electronic format, the installation instructions, the user manual, and any other instructions or manuals." (Request No. 21.) NewEnergy objected to this request as overbroad. Counsel had reached a compromise in February pursuant to which NewEnergy agreed to produce "all documents relating to the development and marketing of WebJoules," and to identify its customers who use WebJoules. (See the February 11 Letter, Exhibit B.)

This compromise strikes the correct balance between Powerweb's right to obtain information relevant to its claims and NewEnergy's right to protect from disclosure propriety software created by NewEnergy and outside vendor. NewEnergy's offer provides Powerweb with sufficient information to determine whether WebJoules is tainted by Powerweb's purported trade secrets. At the same time, it minimizes the risk to NewEnergy and its outside vendors posed by Powerweb's use of discovery to gain access to information about competitive products.[4]

---

[4] NewEnergy has serious concerns about Powerweb's efforts to obtain the WebJoules software and is skeptical of any claim by Powerweb that it requires the actual software to prove its case. Powerweb is a startup company competing against companies that have enjoyed far greater market success. Powerweb is attempting to gain an unfair and undeserved edge in the marketplace through discovery of proprietary information. Accordingly, if the Court believes Powerweb should be permitted to examine WebJoules software, NewEnergy requests this occur only after the Court has ruled whether the information Powerweb claims as its trade secrets is protectable under Pennsylvania law and whether it is protected under the parties' purported nondisclosure agreement. Even then, NewEnergy would propose that Powerweb identify the version of WebJoules it contends is infected with Powerweb trade secrets and that all entities with a proprietary

2. **Documents Concerning RETX and Silicon Energy.** These two companies are primary competitors of Powerweb. Powerweb alleges that the technology offered by RETX and Silicon Energy -- in fact all of their business -- is derived from Powerweb's purported trade secrets and that NewEnergy is somehow responsible for that fact. Powerweb seeks the production of all documents that concern or evidence communications NewEnergy has had with Silicon Energy and/or RETX from 1999 to the present (request nos. 23-24), and all documents that concern or evidence "any business dealings" NewEnergy has had with Silicon Energy and/or RETX, at any time (request nos. 45-46).

NewEnergy already had agreed to produce all documents relating to NewEnergy's communications with RETX and/or Silicon Energy concerning reserve capacity sales of electricity, Powerweb, Omni-Link, technology with the capability to control remotely stand-by generators for the purpose of conducting reserve capacity sales of electricity, and Peter Scarpelli. (See the February 11 Letter, Exhibit B.) Thus, *before* Powerweb filed its motion, NewEnergy already had agreed to produce all documents relevant to Powerweb's claims.[5]

3. **Documents Concerning Peter Scarpelli.** At one time, Peter Scarpelli was employed by AES Cilco, a utility company located in Illinois that, for a time, was owned by AES, NewEnergy's one-time parent company. Mr. Scarpelli now works for RETX. Powerweb alleges Mr. Scarpelli obtained Powerweb's purported trade secrets from NewEnergy and disclosed them to RETX. Powerweb moves to compel production of all documents that concern

---

interest in that particular technology (i.e. nonparty vendors) have an opportunity to object to the disclosure.

[5]    Powerweb served subpoenas upon RETX and Silicon Energy seeking their respective proprietary information. RETX moved to quash Powerweb's subpoena in the United States District Court in Atlanta. Silicon Energy filed objections with this Court. On March 24, 2003, Powerweb filed a motion seeking leave to add RETX as a defendant in this action.

"communications [NewEnergy] had with Peter Scarpelli from March 1999 to the present" (request no. 26).

NewEnergy already had agreed to produce:  (1) documents concerning communications between NewEnergy and Mr. Scarpelli concerning Powerweb, Omni-Link and Active Load Management (or similar reserve capacity sales programs); (2) all communications with RETX and/or Silicon Energy about Mr. Scarpelli;  (3) all communications between NewEnergy and AES Cilco;  all documents from Mr. Scarpelli's employment file (assuming Mr. Scarpelli was employed by NewEnergy and had an employment file) concerning the nondisclosure of confidential information obtained while employed at NewEnergy; and (4) all documents "generated by, received by, kept by, or maintained by" Mr. Scarpelli relating to Powerweb, Omni-Link and reserve capacity sales programs. (See NewEnergy's responses to request nos. 26, 27, 44, 45, 46, 68, and the February 11 Letter, Exhibit B.)

Given NewEnergy's agreement -- before NewEnergy filed its motion -- to produce all information concerning WebJoules, RETX, Silicon Energy and Peter Scarpelli relevant to the claims and defenses in this action, Powerweb's motion is without basis.  Accordingly, NewEnergy request that the Court deny Powerweb's motion.

Respectfully,

David E. Landau
Matthew A. White
Joel M. Sweet
Jennifer C. O'Neill
Attorneys for Plaintiff, Constellation NewEnergy, Inc.

OF COUNSEL:
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19103-2097
(215) 977-2000

Dated:  March 26, 2003

## CERTIFICATE OF SERVICE

I certify that on March 26, 2003, I caused a copy of Plaintiff NewEnergy's Response to

Motion of Defendant Powerweb Technologies, Inc. to Compel Production of Documents

(Reformatted) to be served by hand delivery as follows:

> Rudolph Garcia, Esquire
> Nicholas Nastasi, Esquire
> SAUL EWING, LLP
> Centre Square West
> 1500 Market Street, 38th Floor
> Philadelphia, PA  19102-2186

Joel M. Sweet

# EXHIBIT A

21.    A copy of the WebJoules software and all related documents and materials including but not limited to the program itself in electronic format, the installation instructions, the users manual, and any other instructions or manuals.

**RESPONSE**

NewEnergy objects to this request on the grounds that it seeks the disclosure of confidential, proprietary information of a nonparty.  NewEnergy further objects on the ground that the request is overbroad and seeks the disclosure of information that is not reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses of any party. NewEnergy further objects on the ground that the request does not specify a particular version of the product referred to as WebJoules.  NewEnergy further objects on the ground that the request unreasonably seeks NewEnergy's production of technology information prior to Powerweb's disclosure of the information it claims constitutes its trade secrets, confidential information, or otherwise protected information.  NewEnergy further objects on the ground that compliance with the request would be unduly burdensome and oppressive.  Subject to and without waiver of the these objections and the General Objections, NewEnergy will make available for inspection and copying non-privileged documents concerning WebJoules that NewEnergy provided after March 1999 to customers and prospective customers who receive electricity from the Pennsylvania-Jersey-Maryland Interconnection.  NewEnergy shall supplement its response to this request after Powerweb discloses with particularity its alleged trade secrets confidential information, or otherwise protected information.

22.    All documents that refer to, relate to or evidence any users of the WebJoules product.

**RESPONSE**

NewEnergy objects to this request on the grounds that it unreasonably seeks NewEnergy's disclosure of sensitive proprietary information prior to Powerweb's own disclosure

of the information it claims constitutes its trade secrets, confidential information or otherwise

protected information. NewEnergy further objects on the ground that the request is overbroad

and seeks the disclosure of information that is not reasonably calculated to lead to the discovery

of evidence relevant to the claims or defenses of any party. NewEnergy further objects on the

ground that the request does not specify a particular version of the product referred to as

WebJoules. NewEnergy further objects on the ground that compliance with the request would be

unduly burdensome and oppressive. Subject to and without waiver of the these objections and

the General Objections, after Powerweb discloses with particularity its purportedly protected

information, and subject to the strictest level of confidentiality provided for in any confidentiality

order entered by the Court, NewEnergy will make available for inspection and copying non-

privileged documents sufficient to identify those customers receiving electricity from the

Pennsylvania-Jersey-Maryland Interconnection who had access to WebJoules during the time

period after March 1999.

23.    All documents that refer to, relate to or evidence any communications you have
had with RETX, Inc. from March 1999 to the present.

RESPONSE

NewEnergy objects to this request on the ground that it is overbroad and not reasonably

calculated to lead to the discovery of evidence relevant to the claims or defenses of any party.

NewEnergy further objects on the ground that the request seeks the disclosure of proprietary

business information of RETX, a nonparty that NewEnergy believes is a direct competitor of

Powerweb. Subject to and without waiver of the these objections and the General Objections,

NewEnergy will make available for inspection and copying non-privileged documents

concerning its communications with RETX concerning: (1) Powerweb; (2) Omni-Link; or (3)

Active Load Management.

24.    All documents that refer to, relate to or evidence any communications you have had with Silicon Energy from March 1999 to the present.

**RESPONSE**

NewEnergy objects to this request on the ground that it is overbroad and not reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses of any party. NewEnergy further objects on the ground that the request seeks the disclosure of proprietary business information of Silicon Energy, a nonparty that NewEnergy believes is a director competitor of Powerweb.  Subject to and without waiver of the these objections and the General Objections, NewEnergy will make available for inspection and copying non-privileged documents concerning its communications with Silicon Energy concerning: (1) Powerweb; (2) Omni-Link; or (3) Active Load Management.

25.    All documents that refer to, relate to or evidence any communications you have had with the PJM from March 1999 to the present.

**RESPONSE**

NewEnergy objects to this request on the ground that it is overbroad not reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses of any party. Subject to and without waiver of the these objections and the General Objections, NewEnergy will make available for inspection and copying, non-privileged documents concerning its communications with the Pennsylvania-Jersey-Maryland Interconnection concerning: (1) Powerweb; (2) Omni-Link; or (3) Active Load Management.

26.    All documents that refer to, relate to or evidence any communications you have had with Peter Scarpelli from March 1999 to the present.

RESPONSE

NewEnergy objects to this request on the ground that it is overbroad and not reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses of any party. Subject to and without waiver of these objections and the General Objections, NewEnergy will make available for inspection and copying, non-privileged documents concerning communications between NewEnergy and Mr. Scarpelli concerning: (1) Powerweb; (2) Omni-Link; or (3) Active Load Management.

27.    All documents that refer to, relate to or evidence any communications you have had with AES Cilco from March 1999 to the present relating to Powerweb and/or the Omni-Link system.

RESPONSE

Subject to and without waiver of the General Objections, NewEnergy will make available for inspection and copying responsive, non-privileged documents.

28.    All documents that refer to, relate to or evidence any due diligence that you performed with respect to the business of Powerweb and/or the Omni-Link System.

RESPONSE

Subject to and without waiver of the General Objections, NewEnergy will make available for inspection and copying responsive, non-privileged documents.

29.    All documents that refer to, relate to or evidence the September 7, 2000 press release issued by Powerweb relating to the business relationship between Powerweb and NewEnergy.

RESPONSE

NewEnergy objects to this request on the ground that it seeks the disclosure of documents protected by the attorney-client privilege or the work product doctrine.  Subject to and without

on the ground that the request is not limited by a time period. Subject to and without waiver of these objections and the General Objections, NewEnergy will make available for inspection and copying non-privileged internal memoranda relating to Powerweb and Omni-Link. Subject to and without waiver of these objections and the General Objections, NewEnergy will also make available for inspection and copying non-privileged internal memoranda created after March 1999 relating to the Summer Active Load Management and Volunteer Load Curtailment Programs and/or Web Joules, to the extent such documents also relate to one of the following: (1) business activities on the Pennsylvania-Jersey-Maryland Interconnection; (2) and/or customers who receive electricity from the Pennsylvania-Jersey-Maryland Interconnection.

44.    All documents contained in Peter Scarpelli's employment file including, but not limited to, any documents reflecting the measures that Plaintiff took to ensure that the Confidentiality Agreement was not breached by Mr. Scarpelli.

RESPONSE

NewEnergy objects to this request on the ground that it is overbroad and not reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses of any party. Subject to and without waiver of this objection and the General Objections, to the extent NewEnergy maintained and employment file for Peter Scarpelli, NewEnergy will make available for inspection and copying non-privileged documents from Mr. Scarpelli's employment file concerning the nonuse of confidential information obtained while employed at NewEnergy.

45.    All documents that refer to, relate to or evidence any business dealings you have had with Silicon Energy.

RESPONSE

NewEnergy objects to this request on the ground that it is overbroad not reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses of any party.

NewEnergy further objects on the ground that the request seeks the disclosure of proprietary business information of a nonparty competitor of Powerweb.  NewEnergy further objects on the ground that the request is not limited by a time period.  Subject to and without waiver of the these objections and the General Objections, NewEnergy will make available for inspection and copying non-privileged documents relating to the time period March 1999 to the present that concern business dealings between NewEnergy and Silicon Energy, to the extent the documents also concern: (1) Powerweb; (2) Omni-Link; (3) WebJoules; and/or (4) the Summer Active Load Management and Volunteer Load Curtailment Programs on the Pennsylvania-Jersey-Maryland Interconnection.

46.     All documents that refer to, relate to or evidence any business dealings you have had with RETX, Inc.

RESPONSE

NewEnergy objects to this request on the ground that it is overbroad not reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses of any party. NewEnergy further objects on the ground that the request seeks the disclosure of proprietary business information of a nonparty competitor of Powerweb.  NewEnergy further objects on the ground that the request is not limited by a time period.  Subject to and without waiver of the these objections and the General Objections, NewEnergy will make available for inspection and copying non-privileged documents relating to the time period March 1999 to the present that concern business dealings between NewEnergy and RETX, Inc., to the extent the documents also concern: (1) Powerweb; (2) Omni-Link; (3) WebJoules; and/or (4) the Summer Active Load Management and Volunteer Load Curtailment Programs on the Pennsylvania-Jersey-Maryland Interconnection.

**EXHIBIT B**

# Wolf Block

1650 Arch Street, 22nd Floor, Philadelphia, Pennsylvania 19103-2097
Tel: (215) 977-2000 ▨ Fax: (215) 977-2740 ▨ www.WolfBlock.com

Joel M. Sweet
Direct Dial: (215) 977-2044
Direct Fax: (215) 405-2944
E-mail:    jsweet@wolfblock.com

February 11, 2003

**VIA FACSIMILE AND FIRST CLASS MAIL**

Nicholas Nastasi, Esquire
SAUL EWING, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186

Re:    Constellation NewEnergy, Inc. v. Powerweb Technologies,
       Inc., et al., No. 02-CV-2733

Dear Nick:

I am writing to memorialize our recent discussions and agreements concerning discovery.

1.    NewEnergy will produce documents today at 4:00 p.m. at Wolf Block. NewEnergy expects to produce additional documents by the end of this week. Our collection of potentially responsive documents is ongoing.

2.    We have discussed NewEnergy's objection to producing documents related to activities beyond the PJM. Last week, we informed you that NewEnergy agrees to modify its objection and will produce documents relating to activities beyond the PJM, provided we reached an agreement on reasonable limitations as to scope.

In a telephone message yesterday afternoon you stated that NewEnergy must produce all documents concerning "all ISOs in all states in which [NewEnergy] is offering that product or using technology similar to the Omni-Link or Powerweb's services, and that would include without limitation New England, New York, California, Illinois and anywhere else where [NewEnergy is] doing that work."

NewEnergy agrees to your proposal, as long as the terms "that product," "Powerweb's services" and "that work" all refer to reserve capacity sales, and the term "technology similar to the Omni-Link" means technology with the capability to control remotely stand-by generators

Cherry Hill, NJ ▪ Harrisburg, PA ▪ Newark, NJ ▪ New York, NY ▪ Norristown, PA ▪ Philadelphia, PA ▪ Wilmington, DE
Wolf, Block, Schorr and Solis-Cohen LLP
A Pennsylvania Limited Liability Partnership

DSB:898451.1/AES003-158567

Nicholas Nastasi, Esquire
February 11, 2003
Page 2

for the purpose of conducting reserve capacity sales of electricity.   I understand we are in agreement with respect to these definitions.

3.     With respect to Document Request Nos. 20-22 concerning WebJoules, we agreed that NewEnergy will produce documents relating to the development and marketing of WebJoules.  NewEnergy also will identify its customers that use WebJoules (without waiver of Powerweb's right to seek documents that "refer to, relate to or evidence any users of the WebJoules product").

4.     With respect to documents concerning RETX and Silicon Energy (Document Request Nos. 23 and 24), we have not reached an agreement.  Powerweb demands all documents evidencing any communications between NewEnergy and RETX and/or Silicon Energy from 1999 to the present, without any limitation whatsoever on the subject matter of the communication.  NewEnergy agrees to produce all documents relating to NewEnergy's communications with RETX and/or Silicon Energy concerning reserve capacity sales, Powerweb, Omni-Link, technology with the capability to control remotely stand-by generators for the purpose of conducting reserve capacity sales of electricity, and Peter Scarpelli.  If Powerweb can identify additional subjects about which it seeks documents, let us know and we will consider them.

5.     During our call this morning you mentioned that Powerweb will receive shortly documents in response to the subpoenas it has served upon RETX, Silicon Energy, Cilco and Mr. Scarpelli.  We would appreciate copies of all documents produced.

I trust you will call me if you believe this letter does not reflect our agreements.

Very truly yours,

Joel M. Sweet
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

JMS/nd

**EXHIBIT C**

MAR 18 2003 15:10 FR SAUL EWING       215 972 7725 TO *2841#16156#8130 P.01/04

# FACSIMILE COVER SHEET



**SAUL EWING** LLP
ATTORNEYS AT LAW

Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186

| | |
|---|---|
| **From:** NICHOLAS J. NASTASI | **Date:** March 18, 2003 |
| **Pages (including cover):** 4 | **Direct Phone:** (215) 972-1983 |
| **Client/Matter #:** 16156-81305 | **Direct Fax:** (215) 972-1920 |
| **User #:** 2841 | **Sender's Floor:** 38 |

| To: Name | Fax Number | Phone Number |
|---|---|---|
| Joel Sweet | 215 405 2944 | 215-977-2044 |

| CC: Name | Fax Number | Phone Number |
|---|---|---|
| Matthew White | 215 405-3869 | 215-977-2269 |

**Comments:**

☐ The Original will be sent by regular mail.
☐ The Original will be sent by overnight delivery.
☑ No Original will be sent.

**IMPORTANT NOTICE**

This transmission is intended only for the addressees named above and may contain information that is privileged, confidential, or otherwise protected from disclosure to anyone else. Any review, dissemination or use of this transmission or its contents by persons other than the addressees is strictly prohibited. If you have received this facsimile in error, please telephone us immediately at (215) 972-8699 and return the original to us by mail at the address stated above.

MAR 18 2003 15:10 FR SAUL EWING        215 972 7725 TO *2841#16156#8130 P.02/04

NICHOLAS L. NASTASI
Phone: (215) 972 1983
Fax: (215) 972 1920
nnastasi@saul.com
www.saul.com



March 18, 2003

<u>*Via Facsimile: 215-405-2944*</u>
Joel M. Sweet, Esquire
Wolf Block Schorr and Solis-Cohen, LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19102

Re:   AES NewEnergy, Inc. v. Powerweb Technologies, Inc.
      Civil Action No. 02-CV-2733

Dear Joel:

I am writing with regard to Constellation NewEnergy, Inc.'s ("NewEnergy") refusal to produce all documents responsive to Powerweb Technologies, Inc.'s ("Powerweb") First Set of Requests for Production and in response to your letter dated February 11, 2003 regarding the same.

Powerweb served its requests on NewEnergy immediately following the parties' Rule 26(f) conference on November 6, 2002. Soon after receiving the requests, NewEnergy indicated that it would likely have several thousand pages of documents responsive to the requests, and consequently, that it would take a considerable amount of time to produce the documents. On numerous occasions you have mentioned that there are over ten (10) boxes of documents and a computer back-up tape that likely contain responsive documents. Despite these representations, in the four and one half (4½) months since Powerweb served its requests, NewEnergy has produced only one half (½) of one box of documents, approximately 1,300 pages.

NewEnergy admits that its production is not complete and that there are a considerable number of additional documents responsive to Powerweb's requests. You have repeatedly promised to produce the additional documents and have repeatedly asked for more time to do so. Despite Powerweb's generous extensions of time, NewEnergy has been unable to produce a single document since February 12, 2003. NewEnergy's failure in this regard has

Joel M. Sweet, Esquire
March 18, 2003
Page 2

left Powerweb with no choice but to seek the Court's assistance to compel NewEnergy to produce all documents responsive to Powerweb's requests.

  As I indicated in our February 11, 2003 telephone conversation, your letter of the same day does not accurately set forth Powerweb's understanding of our discussions regarding NewEnergy's production of documents. Powerweb's understanding is as follows:

  1. NewEnergy has agreed to withdraw its objection to producing documents relating to business conducted outside of the PJM, and will produce all responsive documents from all energy markets throughout the United States.

  2. Powerweb agrees to limit the scope of its requests to the areas of business that pertain to Powerweb's claim that NewEnergy has disclosed and continues to use the "Energy Technology" information protected by the parties' Confidentiality Agreement. The relevant business includes those instances where NewEnergy has offered or offers its customers: (a) interruptible contracts, (b) hourly price contracts, (c) firm contracts that have interruptible provisions, (d) contracts that have any component of load shaping or load shifting, and (e) demand response contracts or contracts that are part of a demand response program.

  3. With respect to Document Request Nos. 20-22, NewEnergy agrees to produce all documents relating to the development and marketing of Webjoules. NewEnergy will also identify the customers that use Webjoules (without waiver of Powerweb's right to seek documents that "refer to, relate to or evidence any users of the Webjoules product).

  4. With respect to RETX and Silicon Energy (Document Request Nos. 23 and 24), Powerweb has requested NewEnergy to produce all documents evidencing any communications between NewEnergy and RETX and/or Silicon Energy from 1999 to the present. NewEnergy is refusing to produce all of the communications requested by Powerweb.

  5. Notwithstanding Paragraph 28 of NewEnergy's General Objections to Powerweb's requests, NewEnergy agrees to produce all documents responsive to Powerweb's requests that are stored electronically or that are located in archival storage facilities.

MAR 18 2003 15:10 FR SAUL EWING        215 972 7725 TO *2841#16156#8130 P.04/04

Joel M. Sweet, Esquire
March 18, 2003
Page 3

It is now clear that parties have reached an impasse on issues 2 and 4 above and that NewEnergy is continuing to refuse to produce any additional documents responsive to Powerweb's requests. If Powerweb does not receive an adequate resolution to all of the issues raised in this letter by close of business tomorrow, February 19, 2003, Powerweb will file a motion with the Court to compel production of the documents responsive to its First Set of Requests for Production.

Sincerely,

Nicholas J. Nastasi

NJN/cbm
cc:    Matthew A. White, Esquire (*via facsimile: 215-405-3869*)

7/4077.13/18/03

** TOTAL PAGE.04 **

**EXHIBIT D**

**WolfBlock** ℠

1650 Arch Street, 22nd Floor, Philadelphia, Pennsylvania 19103-2097
Tel: (215) 977-2000 ■ Fax: (215) 977-2740 ■ www.WolfBlock.com

Joel M. Sweet
Direct Dial: (215) 977-2044
Direct Fax: (215) 405-2944
E-mail:    jsweet@wolfblock.com

March 19, 2003

**VIA FACSIMILE**

Nicholas Nastasi, Esquire
SAUL EWING, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186

      Re:    Constellation NewEnergy, Inc. v. Powerweb Technologies,
            Inc., et al., No. 02-CV-2733

Dear Nick:

I am responding to your letter of yesterday concerning discovery.

This week NewEnergy produced 4,459 more pages of documents, for a total production to date of 5,829 pages. At this point, we believe NewEnergy has produced substantially all of its discoverable documents.

With regard to the scope of NewEnergy's production, we agree that paragraph nos. 1, 3 and 5 of your letter of yesterday accurately reflect the agreement we reached in early February.

With regard to business activities about which NewEnergy will produce documents (your paragraph no. 2), we apparently do not have an agreement. During our discussions in early February, NewEnergy agreed to produce all documents that refer to reserve capacity sales and technology with a capability to control remotely stand-by generators for the purpose of conducting reserve capacity sales of electricity. My letter of February 11, 2003, confirmed my understanding that we had reached an agreement on that issue. Although you left me a voice mail message stating that our agreement was subject to your clients' approval, we received no written communication from you in that regard. Accordingly, we collected, reviewed and produced thousands of pages of NewEnergy's documents on the basis of our agreement.

Cherry Hill, NJ ■ Harrisburg, PA ■ Newark, NJ ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Wilmington, DE
Wolf, Block, Schorr and Solis-Cohen LLP
A Pennsylvania Limited Liability Partnership

DSB:904644.1/AES003-158567

Now, five weeks later, after NewEnergy has virtually completed its review and production of documents, Powerweb is attempting to expand the scope of its document requests. Powerweb now insists that NewEnergy produce all documents concerning "(a) interruptible contracts, (b) hourly price contracts, (c) firm contracts that have interruptible provisions, (d) contracts that have any component of load shaping or load shifting and (e) demand response contracts or contracts that are part of a demand response program."

Powerweb's new demand, which exceeds the scope of its initial requests for documents, is unreasonable and objectionable. After scouring Powerweb's counterclaims and the agreements upon which Powerweb's claims are purportedly based, we have concluded that these categories of documents are not relevant to any claim or defense stated in the parties' respective pleadings. See Fed.R.Civ.P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ).

Powerweb's radical expansion of the scope of discovery to which it claims it is entitled strongly reinforces our suspicion that Powerweb does not know itself what trade secrets and business activities are in dispute in this case. Powerweb's new discovery demand is not merely a fishing expedition -- it is akin to "drift net" fishing, intended to force the disclosure of virtually all of NewEnergy's proprietary business information in the hope that Powerweb may find some sliver of evidence that might allow it to keep its claims afloat. The Federal Rules of Civil Procedure, and particularly the 2000 Amendments, do not permit this type of discovery, absent Court order.

With respect to documents concerning RETX and Silicon Energy (paragraph no. 4 of your letter), NewEnergy already agreed to produce all documents relating to NewEnergy's communications with RETX and/or Silicon Energy concerning reserve capacity sales, Powerweb, Omni-Link, technology with the capability to control remotely stand-by generators for the purpose of conducting reserve capacity sales of electricity and Peter Scarpelli. In my letter of February 11, 2003, I stated: "If Powerweb can identify additional subjects about which it seeks documents, let us know and we will consider them." For five weeks, during which time we have reviewed and produced thousands of NewEnergy documents, we received nothing from Powerweb about additional subjects for discovery with respect to RETX and Silicon Energy. In any event, we believe we have already provided Powerweb with all discoverable documents concerning RETX and Silicon Energy.[1]

---

[1]    We have a small number of documents relating to RETX that may contain RETX's confidential proprietary information. In deference to the ongoing discovery litigation between Powerweb and RETX in the United States District Court for the Northern District of Georgia, and in particular RETX's concern that Powerweb is exploiting the litigation to obtain RETX's confidential business information, we have forwarded several documents to RETX's counsel to determine whether RETX objects to their production

Nicholas Nastasi, Esquire
March 19, 2003
Page 3

    If you believe further discussion concerning these matters would be productive, we are available.

                                        Very truly yours,

                                        Joel M. Sweet
                            For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

JMS/nd

_____

by NewEnergy. If RETX does not object to the production, NewEnergy will produce the documents. If RETX does object, we will describe the documents in NewEnergy's privilege log.

DSB:904644.1/AES003-158567