IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC.,    :
                                  :
            Plaintiff,            :        Civil Action No. 02-CV-2733 (HB)
                                  :
        v.                        :
                                  :
POWERWEB TECHNOLOGIES, INC.,      :
A-VALEY ENGINEERS, INC., AND      :
LOTHAR E.S. BUDIKE, JR.,          :
                                  :
            Defendants.           :

## PLAINTIFF'S REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANTS' AMENDED COUNTERCLAIMS

Plaintiff, Constellation NewEnergy, Inc. ("NewEnergy"), replies to the amended counterclaims of Powerweb Technologies, Inc., A-Valey Engineers, Inc., and Lothar E.S. Budike, Jr. (collectively, "Powerweb") as follows:

86.     NewEnergy is without information or belief sufficient to admit or deny the averments regarding AmerenCILCO (formerly AES CILCO) in paragraph 86 of Powerweb's amended counterclaims,.

87.     NewEnergy is without information or belief sufficient to admit or deny the averments regarding RETX in paragraph 87 of Powerweb's amended counterclaims.

88.     The averments in paragraph 88 of Powerweb's amended counterclaims state legal conclusions to which no response is required by NewEnergy.

89.     The averments in paragraph 89 of Powerweb's amended counterclaims state legal conclusions to which no response is required by NewEnergy.

90.    The averments in paragraph 90 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent that a response is required, the factual averments in paragraph 90 are denied.

91.    To the extent that the averments in paragraph 91 relate to Powerweb's claims against AmerenCILCO and RETX, no response is required. To the extent a response is required, the averments are denied.

92.    NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

93.    NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

94.    NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. By way of further response, after the deregulation of the energy industry, many companies other than Powerweb identified opportunities to utilize previously untapped electrical resources, including through on-site generation and load reduction, to provide savings to energy consumers.

95.    NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

96.    NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

97.    Denied in part; admitted in part. NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. By way of further response, NewEnergy admits only that Powerweb has obtained two United States patents related to its Omni-Link System.

98.    Denied in part; admitted in part.  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  By way of further response, NewEnergy admits only that Powerweb has obtained two United States patents related to its Omni-Link System.

99.    NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

100.    NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

101.    Admitted.

102.    NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

103.    Admitted.

104.    Admitted in part;  denied in part.  NewEnergy admits only that in the second half of 1999, communications occurred with Lothar E.S. Budike, Jr. concerning the Omni-Link System.  NewEnergy denies all of the remaining factual allegations contained in this paragraph.

105.    Admitted in part; denied in part.  NewEnergy admits that it conducted a reasonable measure of due diligence prior to entering into a deal with Powerweb.  NewEnergy denies all of the remaining factual allegations contained in this paragraph.

106.    Admitted in part; denied in part.  NewEnergy admits that Powerweb requested that the parties enter into the Non-Disclosure Confidentiality Agreement attached as Exhibit A to Powerweb's amended counterclaims.  NewEnergy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, in particular the allegations concerning the reason Powerweb sought a nondisclosure agreement.  In

addition, the Non-Disclosure Confidentiality Agreement is a writing, speaks for itself, and any characterizations thereof are denied.

107.   To the extent that the averments in paragraph 107 refer to the contents of the Non-Disclosure Confidentiality Agreement, which is a writing and speaks for itself, those characterizations are denied.  To the extent that the averments in paragraph 107 in Powerweb's amended counterclaims refer to unidentified, contemporaneous oral or written representations, NewEnergy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

108.   The Non-Disclosure Confidentiality Agreement attached as Exhibit A to Powerweb's amended counterclaims is a writing, speaks for itself, and any characterizations thereof are denied.  It is admitted only that the Non-Disclosure Confidentiality Agreement purports to have been signed October 11, 1997 by David McGeown in his capacity as Director of Energy Services for NewEnergy East, L.L.C.

109.   The Non-Disclosure Confidentiality Agreement attached as Exhibit A to Powerweb's amended counterclaims is a writing, speaks for itself, and any characterizations thereof are denied.

110.   The Non-Disclosure Confidentiality Agreement attached to Powerweb's amended counterclaims is a writing, speaks for itself, and any characterizations thereof are denied. NewEnergy denies that this paragraph accurately characterizes the parties' agreement, if any.  By way of further response, the allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the factual allegations in this paragraph are denied.

111.    Admitted in part; denied in part.  It is admitted that Kirk Hampton reviewed certain information related to the Omni-Link System, and corresponded with Powerweb regarding certain technical issues related to the Omni-Link System in the fall of 1999.  The additional factual averments contained in paragraph 111 of Powerweb's amended counterclaims are denied.

112.    Denied.

113.    Denied.

114.    Admitted in part; denied in part.  It is admitted that Powerweb acquired contracts related to reserve capacity sales from a third party.  It is denied that these contracts are proprietary as to Powerweb.  The additional factual averments contained in paragraph 111 of Powerweb's amended counterclaims are also denied.

115.    Denied.

116.    NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

117.    Admitted in part;  denied in part.  The letter agreement attached as Exhibit B to Powerweb's amended counterclaims appears to have been signed by David McGeown, Director of Energy Services for NewEnergy East, L.L.C. on October 25, 1999.  The letter agreement is a writing, speaks for itself, and all characterizations thereof are denied.

118.    The October 25, 1999 letter speaks for itself and any characterizations thereof are denied.  NewEnergy further denies that the excerpt of that document contained in this paragraph accurately characterizes the substance of the letter.

119.    The averments in paragraph 119 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent a response is required, it is

denied that the contracting information which Powerweb had acquired from a third party or information related to PJM regulations was proprietary as to Powerweb.

120.    Admitted in part;  denied in part.  The Exclusive Agreement For Bell Atlantic, attached to Powerweb's amended counterclaims at Exhibit C, is a writing, speaks for itself, and any characterization thereof is denied.  It is specifically denied that Powerweb and NewEnergy entered into a joint venture.

121.    The averments in paragraph 121 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  The Exclusive Agreement for Bell Atlantic is a writing, speaks for itself, and any characterizations, or mischaracterizations, thereof are denied.  It is specifically denied that Powerweb and NewEnergy entered into a joint venture.

122.    Admitted in part;  denied in part.  The Joint-Marketing Agreement, attached to Powerweb's amended counterclaims as Exhibit D, is a writing, speaks for itself, and any characterizations thereof are denied.

123.    NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

124.    To the extent that the averments in paragraph 124 of Powerweb's amended counterclaims refer to a letter dated February 7, 2000, the letter is a writing, speaks for itself, and any characterizations or mischaracterizations thereof are denied.  To the extent that the averments in paragraph 124 refer to unidentified, contemporaneous oral or written representations, NewEnergy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

125.    Denied.

126.    The averments in paragraph 126 of Powerweb's amended counterclaims refer to an additional defendant, therefore no response is required from NewEnergy. To the extent a response is required, after a reasonable investigation NewEnergy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

127.    The averments in paragraph 127 of Powerweb's amended counterclaims contain legal conclusions and refer to an additional defendant, therefore no response is required from NewEnergy. To the extent a response is required, after a reasonable investigation NewEnergy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

128.    The averments in paragraph 128 of Powerweb's amended counterclaims contain legal conclusions and refer to an additional defendant, therefore no response is required from NewEnergy. To the extent a response is required, after a reasonable investigation NewEnergy is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

129.    Denied.

130.    NewEnergy denies that Powerweb was not notified, consulted, or even given a copy of the alleged proposal to Bell Atlantic to review. With respect to the remaining allegations contained in this paragraph, NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to their truth.

131.    NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. It is specifically denied, however, that NewEnergy gave advanced written approval to Powerweb to expend funds totaling $100,000.00.

132.    Denied.

133.    Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   The averments in paragraph 137 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph are denied.

138.   Denied.

139.   The averments in paragraph 139 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 139 are denied.

140.   Denied.

141.   Denied.

142.   NewEnergy denies that it stole Powerweb's proprietary information or its prospective business relationship with Bell Atlantic, and denies that it has ever provided services to Bell Atlantic which are "almost identical to those offered by Powerweb and the Omni-Link System."  NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

143.   The averments in paragraph 143 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 143 are denied.

144.   The averments in paragraph 144 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 144 are denied.

145.    The averments in paragraph 145 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 145 are denied.

146.    The averments in paragraph 146 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 146 are denied.

147.    The averments in paragraph 147 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 147 are denied.

148-157.    The averments in paragraphs 148 through 157 of Powerweb's amended counterclaims set forth factual allegations and legal conclusions against new parties to the litigation, therefore no response is required from NewEnergy.

**Count I:        Breach of Contract against NewEnergy and CILCO**

158.    NewEnergy incorporates here by reference the answers in paragraphs 86-157.

159.    The averments in paragraph 159 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 159 are denied.

160.    Denied.  David McGeown signed the Non-Disclosure Agreement in his capacity as Director of Energy Services for NewEnergy East, as specifically set forth in Exhibit A to Powerweb's amended counterclaims.

161.    The averments in paragraph 161 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 161 are denied.

162.    The averments in paragraph 162 of Powerweb's amended counterclaims state factual allegations and legal conclusions related to Powerweb's claims against AmerenCILCO, therefore no response is required from NewEnergy.  To the extent that a response is required, after a reasonable investigation NewEnergy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

163.    The averments in paragraph 163 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 163 are denied.

164.    The averments in paragraph 164 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 164 are denied.

165.    The averments in paragraph 165 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 165 are denied.

166.    The averments in paragraph 166 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 166 are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

**Count II:    Breach of Contract against NewEnergy**

167.    NewEnergy incorporates here by reference the answers in paragraphs 86-166.

168.    The averments in paragraph 168 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 168 are denied.

169.    The averments in paragraph 169 of Powerweb's amended counterclaims state legal conclusions to which no response is required.

170.    The averments in paragraph 170 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent that a response is required, the factual averments in paragraph 170 are denied.

171.    The averments in paragraph 171 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent that a response is required, the factual averments in paragraph 171 are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb, and that it deny Powerweb's request for equitable relief.

**Count III:    Breach of Contract against NewEnergy**

172.    NewEnergy incorporates here by reference the answers in paragraphs 86-171.

173.    The averments in paragraph 173 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent that a response is required, the factual averments in paragraph 173 are denied. It is also specifically denied that Powerweb and NewEnergy entered into a joint venture.

174.    The averments in paragraph 174 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent that a response is required, the factual averments in paragraph 174 are denied. It is also specifically denied that Powerweb and NewEnergy entered into a joint venture.

175.    The averments in paragraph 175 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent that a response is required, the factual averments in paragraph 175 are denied. It is also specifically denied that Powerweb and NewEnergy entered into a joint venture.

176.    The averments in paragraph 176 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 176 are denied.  It is also specifically denied that Powerweb and NewEnergy entered into a joint venture.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb, and that it deny Powerweb's request for equitable relief.

**COUNT IV:  Breach of Duty of Good Faith and Fair Dealing against NewEnergy and CILCO**

177.    NewEnergy incorporates here by reference the answers in paragraphs 86-176.

178.    The averments in paragraph 178 of Powerweb's amended counterclaims state legal conclusions to which no response is required.

179.    The averments in paragraph 179 of Powerweb's amended counterclaims set forth legal conclusions to which no response is required and relate to Powerweb's claims against AmerenCILCO, therefore, no response is required from NewEnergy.

180.    The averments in paragraph 180 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent a response is required, the factual averments in paragraph 180 are denied.

181.    The averments in paragraph 181 of Powerweb's amended counterclaims set forth legal conclusions and relate to Powerweb's claims against AmerenCILCO, therefore, no response is required from NewEnergy.

182.    The averments in paragraph 182 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent a response is required, the factual averments in paragraph 182 are denied.

183.    The averments in paragraph 183 of Powerweb's amended counterclaims state legal conclusions and relate to Powerweb's claims against AmerenCILCO, therefore no response is required from NewEnergy.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

**COUNT V:    Breach of Fiduciary Duty against NewEnergy**

184.    NewEnergy incorporates here by reference the answers in paragraphs 86-183.

185.    The averments in paragraph 185 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent that a response is required, it is specifically denied that the parties entered into a joint venture, and the balance of the factual averments in paragraph 185 are denied.

186.    The averments in paragraph 186 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent that a response is required it is specifically denied that information regarding reserve capacity sales through the PJM could be proprietary as to Powerweb, and the balance of the factual averments in paragraph 186 are denied.

187.    The averments in paragraph 187 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent a response is required, the factual averments in paragraph 187 are denied.

188.    The averments in paragraph 188 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent a response is required, the factual averments in paragraph 188 are denied.

189.    The averments in paragraph 189 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent that a response is required, the factual averments in paragraph 189 are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

## COUNT VI:  Fraudulent Misrepresentation against NewEnergy and CILCO

190.    NewEnergy incorporates here by reference the answers in paragraphs 86-189.

191.    Admitted in part; denied in part. NewEnergy admits that prior to entering into any agreements with Powerweb, NewEnergy represented an intent to collaborate with Powerweb in a joint marketing initiative targeted exclusively at Bell Atlantic for the sale of the Omni-Link System. It is denied that NewEnergy ever acknowledged Powerweb as having "pioneered the reserve capacity sales idea." NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

192.    To the extent that the factual averments in paragraph 192 relate to Powerweb's claims against AmerenCILCO, no response is required. NewEnergy is without information sufficient to admit or deny whether NewEnergy made any assertions about AmerenCILCO's intentions.

193.    The averments in paragraph 193 of Powerweb's amended counterclaims contain legal conclusions to which no response is required. To the extent a response is required, it is denied that representations allegedly made after the execution of agreements could have possibly been material to the transactions.

194.    To the extent that the factual averments in paragraph 194 relate to Powerweb's claims against AmerenCILCO, no response is required. The averments related to NewEnergy

contain legal conclusions to which no response is required. To the extent a response is required, the averments related to NewEnergy are denied.

195.    To the extent that the factual averments in paragraph 195 relate to Powerweb's claims against AmerenCILCO, no response is required. NewEnergy denies that statements related to its intentions with respect to the Bell Atlantic joint marketing venture were false, therefore the allegations in this paragraph regarding NewEnergy are denied.

196.    The averments in paragraph 196 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent that a response is required, the factual averments in paragraph 189 are denied.

197.    The averments in paragraph 197 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent that a response is required, NewEnergy denies it made any false representations to Powerweb. NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

198.    The averments in paragraph 198 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent that a response is required, the factual averments in paragraph 198 are denied.

199.    The averments in paragraph 199 of Powerweb's amended counterclaims contain legal conclusions to which no response is required. To the extent a response is required, the factual allegations in this paragraph are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

**COUNT VII:**       **Misappropriation of Trade Secrets against NewEnergy and CILCO**

200.    NewEnergy incorporates here by reference the answers in paragraphs 86-199.

201.    The averments in paragraph 201 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent that a response is required, the factual averments in paragraph 201 are denied.

202.    The averments in paragraph 202 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent that a response is required, the factual averments in paragraph 202 are denied.

203.    The averments in paragraph 203 of Powerweb's amended counterclaims state legal conclusions to which no response is required relating to Powerweb's claims against RETX and AmerenCILCO, therefore no response is required from NewEnergy. To the extent that a response is required, the factual averments in paragraph 203 are denied.

204.    The averments in paragraph 204 of Powerweb's amended counterclaims state legal conclusions to which no response is required. To the extent that a response is required, the factual averments in paragraph 204 are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

**COUNT VIII:**      **Tortious Interference with Prospective Contractual Relations against NewEnergy, CILCO and RETX**

205.    NewEnergy incorporates here by reference the answers in paragraphs 86-204.

206.    It is denied that Powerweb "pioneered the reserve capacity sales business." After a reasonable inquiry, NewEnergy is without knowledge or information sufficient to form a belief as to whether Powerweb was in a unique position to do anything, or that it has ever provided a customer with "enormous savings" on its energy consumption.

207.    NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

208.    The averments in paragraph 208 of Powerweb's amended counterclaims are denied to the extent that they refer to NewEnergy.

209.    The averments in paragraph 209 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 209 are denied.

210.    The averments in paragraph 210 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 210 are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

**COUNT IX:**    **Tortious Interference with Existing Contractual Relations Against NewEnergy**

211.    NewEnergy incorporates here by reference the answers in paragraphs 86-210.

212.    Admitted.

213.    Admitted.

214.    Admitted.

215.    Denied.

216.    NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph concerning communications between Powerweb and BG&E.

217.    NewEnergy, after a reasonable inquiry, is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph.

218.    It is admitted only that BG&E terminated its relationship with Powerweb.  It is denied that NewEnergy's actions caused BG&E to terminate its relationship with Powerweb.

219.    The averments in paragraph 219 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 219 are denied.

220.    The averments in paragraph 220 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 220 are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb.

**Count X:    Unfair Competition against NewEnergy, CILCO and RETX**

221.    NewEnergy incorporates here by reference the answers in paragraphs 86-220.

222.    Denied.

223.    The averments in paragraph 223 of Powerweb's amended counterclaims refer to Powerweb's claims against RETX, therefore no response is required from NewEnergy.

224.    The averments in paragraph 224 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 224 are denied.

225.    The averments in paragraph 225 of Powerweb's amended counterclaims state legal conclusions to which no response is required.  To the extent that a response is required, the factual averments in paragraph 225 are denied.

WHEREFORE, NewEnergy requests that the Court enter judgment in its favor and against Powerweb and that it deny Powerweb's request for equitable relief.

## FIRST AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because Powerweb's allegations concerning wrongdoing by NewEnergy are untrue.

## SECOND AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, by Powerweb's breach of its duty of good faith and fair dealing owed to NewEnergy.

## FOURTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, by Powerweb's breach of its fiduciary duty owed to NewEnergy, to the extent any fiduciary duty exists.

## FIFTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, because of the inequitable conduct of Powerweb.

## SEVENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, by the equitable doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, by the doctrines of estoppel and waiver.

## NINTH AFFIRMATIVE DEFENSE

Powerweb's request for a constructive trust and other equitable relief is barred, in whole or in part, because NewEnergy has not been unjustly enriched.

## TENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, by the statutes of limitations applicable to Powerweb's counterclaims.

## ELEVENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, due to failure of consideration.

## TWELFTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims are barred, in whole or in part, because of Powerweb's fraud perpetrated upon NewEnergy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because one or more of the agreements Powerweb relies upon are unenforceable.

## FOURTEENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because Powerweb failed to perform its obligations under the parties' agreements.

## FIFTEENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because NewEnergy has not breached any agreement with Powerweb.

## SIXTEENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because NewEnergy has not interfered with any business relationships of Powerweb.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because NewEnergy has not competed with Powerweb or the Omni-Link System.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because Powerweb has suffered no injury as a result of any action or inaction by NewEnergy.

## NINETEENTH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because Powerweb suffered no damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because Powerweb's purported trade secrets and confidential information are neither trade secrets nor confidential information.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because money allegedly owed by NewEnergy to Powerweb is less than, and is off-set by, the money Powerweb owes to NewEnergy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Powerweb's counterclaims fail, in whole or in part, because Powerweb has failed to mitigate its damages.

WHEREFORE, NewEnergy respectfully requests that this Court enter judgment in its favor and against Powerweb with respect to NewEnergy's claims and Powerweb's counterclaims.

Respectfully submitted,

David E. Landau
Matthew A. White
Joel M. Sweet
Zachary C. Glaser
Jennifer C. O'Neill
Attorneys for Plaintiff, Constellation NewEnergy, Inc.

OF COUNSEL:
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
22nd Floor, 1650 Arch Street
Philadelphia, Pennsylvania  19102-2097
(215) 977-2000

Dated: May 2, 2003

## CERTIFICATE OF SERVICE

I, Zachary C. Glaser, hereby certify that I caused to be served a true and correct copy of

Plaintiff's Reply and Affirmative Defenses to Defendants' Amended Counterclaims via facsimile

and first class mail upon the following:

> Kara Goodchild, Esquire
> SAUL EWING, LLP
> Centre Square West
> 1500 Market Street, 38th Floor
> Philadelphia, PA 19102-2186
> *Counsel for Defendants/Counterclaimant*
>
> Madeline Baio, Esquire
> Marshall, Dennehey, Warner, Coleman & Goggin
> 1845 Walnut Street
> Philadelphia, PA 19103-4979
> *Counsel for AmerenCILCO*
>
> Tacita Mikel Scott, Esquire
> Morris, Manning & Martin, LLP
> 1600 Atlanta Financial Center
> 3343 Peachtree Road, N.E.
> Atlanta, GA 30326
> *Counsel for RETX*

_____
Zachary C. Glaser

Dated: May 2, 2003