## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| POWERWEB TECHNOLOGIES, INC., *et al.*, | : | NO. 02-CV-2733 (HB) |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this _____ day of _____, 200___, upon consideration of the Motion of Counterclaim Defendant RETX, Inc. ("RETX") to Dismiss the Counterclaims asserted by Counterclaimant Powerweb Technologies, Inc. ("Powerweb"), and any responses thereto, it is hereby **ORDERED, ADJUDGED** and **DECREED** that:

1) RETX's Motion is hereby **GRANTED**; and

2) Powerweb's counterclaims against RETX are hereby **DISMISSED IN THEIR ENTIRETY, WITH PREJUDICE.**

By the Court:

_____

Bartle, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONSTELLATION NEWENERGY, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | |
| **POWERWEB TECHNOLOGIES, INC.,** *et al.,* | : | **NO. 02-CV-2733 (HB)** |
| | : | |
| **Defendants** | : | |

### MOTION OF COUNTERCLAIM DEFENDANT RETX, INC. TO DISMISS THE COUNTERCLAIMS ASSERTED BY COUNTERCLAIMANT POWERWEB TECHNOLOGIES, INC.

Counterclaim Defendant RETX, Inc. ("RETX") hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(2) for the entry of an Order dismissing the counterclaims asserted against it by Counterclaimant Powerweb Technologies, Inc. ("Powerweb"). Powerweb's counterclaims against RETX should be dismissed for lack of personal jurisdiction. Pennsylvania's long arm statute does not authorize the exercise of jurisdiction over RETX because none of Powerweb's allegations against RETX fall under the enumerated provisions of the statute. Moreover, even if the long-arm statute applied, Powerweb's counterclaims still should be dismissed inasmuch as the exercise of jurisdiction over RETX violates the due process clause of the Fourteenth Amendment of the United States Constitution. RETX does not have continuous and systematic contacts with Pennsylvania sufficient to warrant it being required to defend a suit in Pennsylvania.

This Motion is Supported by the accompanying Memorandum of Law.

WHEREFORE, RETX, Inc. respectfully requests that this Court dismiss the counterclaims asserted against it by Counterclaimant Powerweb Technologies, Inc., pursuant to Federal Rule of Civil Procedure 12(b)(2).

Respectfully submitted,

Lee A. Rosengard
Eric M. Hurwitz
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103
(215) 564-8000

Attorneys for Counterclaim Defendant
RETX, Inc.

Tacita A. Mikel Scott
Georgia Bar No. 632283
*(Pro Hac Vice Application Pending)*
Emory L. Palmer
Georgia Bar No. 560120
*(Pro Hac Vice Application Pending)*
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone: (404) 233-7000

Co-Attorneys for Counterclaim Defendant
RETX, Inc.

Dated: May 12, 2003

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC.,   :
       :
     **Plaintiff,**     :
       :
     v.     :     **CIVIL ACTION**
       :
POWERWEB TECHNOLOGIES, INC., *et al.*, :     **NO. 02-CV-2733 (HB)**
       :
     **Defendants**     :

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION OF COUNTERCLAIM DEFENDANT
## RETX, INC. TO DISMISS THE COUNTERCLAIMS ASSERTED
## BY COUNTERCLAIMANT POWERWEB TECHNOLOGIES, INC

Pursuant to Fed. R. Civ. P. 12(b)(2), this motion by Counterclaim Defendant RETX, Inc. ("RETX") seeks to dismiss the counterclaims against RETX brought by Counterclaimant Powerweb Technologies, Inc. ("Powerweb") due to lack of personal jurisdiction. RETX submits this Memorandum of Law in further support of its Motion to Dismiss.

## I. INTRODUCTION

Powerweb's counterclaims against RETX should be dismissed for lack of personal jurisdiction. Pennsylvania's long arm statute does not authorize the exercise of jurisdiction over RETX because none of Powerweb's allegations against RETX fall under the enumerated provisions of the statute. Moreover, even if the long-arm statute applied, Powerweb's counterclaim should still be dismissed inasmuch as the exercise of jurisdiction over RETX violates the due process clause of the Fourteenth Amendment of the United States Constitution.

RETX does not have continuous and systematic contacts with Pennsylvania sufficient to warrant it being required to defend a suit in Pennsylvania. For these reasons, as more fully set forth below, Powerweb's counterclaims against RETX should be dismissed in their entirety.

## II. FACTS

### A.    PROCEDURAL HISTORY

On April 7, 2003, Powerweb filed its Amended Answer, Affirmative Defenses and Counterclaims to Plaintiff's Second Amended Complaint (hereinafter "Powerweb's Counterclaim"). Based upon speculation and conjecture, Powerweb asserts the following counterclaims against RETX: (i) misappropriation of trade secrets; (ii) tortious interference with prospective contractual relations; and (iii) unfair competition.[1] Powerweb contends that it has jurisdiction over RETX pursuant to the Pennsylvania long arm statute and the due process clause of the Fourteenth Amendment, inasmuch as RETX purportedly conducts business in Pennsylvania. Yet, not one of Powerweb's allegations arises out of any act or omission of RETX within Pennsylvania, or remotely relates to RETX's purported business activities within the state.

### B.    RETX

Since 1998, RETX has been in the business of providing internet-based energy information to energy providers, utilities, regional transmission organizations, independent system operators and their end-users through its technology infrastructure and services. [Affidavit of Ronald Josephson (hereinafter referred to as "Josephson Aff."), ¶ 2, attached hereto as Exhibit 1]. RETX is incorporated in Delaware, and maintains its principal place of business in

---

[1] RETX denies Powerweb's allegations in their entirety. Notwithstanding, RETX recognizes that a determination of the merits is not appropriate for a Motion to Dismiss, nor is it ripe for summary adjudication at this time. Further, because personal jurisdiction cannot be exercised over RETX here, it is not necessary to address the merits of Powerweb's counterclaims.

Georgia. [Josephson Aff., ¶ 3]. Although RETX offers services and products in states other than Georgia, it does not do significant business in Pennsylvania. [Josephson Aff., ¶ 4].

Indeed, RETX is not registered to do business in Pennsylvania, and has no agent within the state for service of process. [Josephson Aff., ¶ 5]. Likewise, RETX does not maintain an office or sales agent in Pennsylvania, nor does it own property within the state. [Josephson Aff., ¶ 6]. Furthermore, RETX has never conducted business with Powerweb. [Josephson Aff., ¶ 7]. In fact, since its inception in 1998, RETX has only conducted business with one Pennsylvania corporation -- to wit, Allegheny Power ("Allegheny") located in Greensboro, Pennsylvania. [Josephson Aff., ¶ 8]. Such business relationship is neither related to Powerweb, nor its allegations against RETX in this lawsuit. To the contrary, the products and/or services provided to Allegheny was the licensing of RETX's edification management software to Allegheny -- a mere $20,000.00 deal. [*Id*.].

The only other contacts that RETX had within Pennsylvania over the last five years have been quite minor and are the following: (i) visited Allegheny three times in connection with the aforementioned business deal; (ii) five visits to venture capitalist firms for funding in 1999 and 2001, which did not result in any business dealings; (iii) three visits to Pennsylvania companies, other than Powerweb, to discuss potential business opportunities, which did not result in any business dealings;[2] (iv) one visit to Powerweb to discuss possible joint business opportunities, which did not generate business dealings, and is unrelated to Powerweb's counterclaim; (v) attendance at a trade conference; (vi) sporadic telephone calls to Pennsylvania businesses, which resulted in no business opportunities; and (vii) approximately

---

[2] During two such visits, RETX also met with Lothar Budike to get to know him and discuss possible ways that RETX and Powerweb could work together. These meetings did not occur at Powerweb, no business opportunities resulted from them, and they are unrelated to Powerweb's counterclaims.

ten telephone conversations with Mr. Budike regarding possible joint business opportunities, which never culminated into any business dealings, and are unrelated to Powerweb's counterclaims. [Josephson Aff., ¶ 9]. Other than the foregoing, RETX has had no other contacts within Pennsylvania, and certainly has not generated any significant business dealings or revenue from corporations within the state. [Josephson Aff., ¶ 10].

More importantly, not one of Powerweb's allegations against RETX arises out of any act or omission of RETX within Pennsylvania. Nor do the claims arise out of any of RETX's purported activity within Pennsylvania.

### III. ARGUMENT AND CITATION OF AUTHORITY

Once personal jurisdiction is contested, Plaintiff [Counterclaimant] has the burden of showing that jurisdiction is proper. *Provident National Bank v. California Federal Savings and Loan Association*, 819 F.2d 434, 437 (3d Cir. 1987). To do so, Plaintiff must establish, with reasonable particularity, sufficient contacts between [Counterclaimant] Defendant and Pennsylvania. *Id.* To meet this burden, Plaintiff must establish either that the particular cause of action sued upon arose from Defendant's activities within the forum state, and that said activities fall under the enumerated provisions of its long arm statute ("specific jurisdiction"), and/or that defendant had continuous and systematic contacts with Pennsylvania, and that such contacts give rise to Plaintiff's cause of action ("general jurisdiction"). *Id.* (*citing Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868 (1984)). The plaintiff may not rely upon conclusory averments in the pleadings, but must come forward with competent evidence that establishes the court's jurisdiction. *Patterson by Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990).

**A.  POWERWEB IS INCAPABLE OF SATISFYING ITS BURDEN OF SHOWING THAT JURISDICTION IS PROPER.**

In analyzing jurisdictional contests, the court must first look to Pennsylvania's long arm statute to determine whether there is a basis for the exercise of jurisdiction under state law, and second, to federal law to ensure that such an exercise of jurisdiction comports with the parameters of the due process clause of the Fourteenth Amendment.[3]  *Imo Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 258-259 (3d Cir. 1998); *Mann v. Tom James Co.*, 802 F. Supp. 1293, 1295 (E.D. Pa. 1992).

1.  Powerweb Cannot Establish Specific Jurisdiction.

Powerweb's conclusory and baseless allegations against RETX are essentially that Peter Scarpelli, a former employee of Central Illinois Light Company d/b/a AmerenCILCO ("CILCO"), purportedly disclosed information to RETX that he acquired when working for CILCO, and that RETX purportedly used said information.  Yet, Powerweb fails to identify how such purported actions fall within the long arm statute.  Instead, Powerweb nebulously pleads that it has personal jurisdiction over RETX under 42 Pa. C.S.A. §5322, to wit: "this court has personal jurisdiction over [RETX] pursuant to the Pennsylvania Long-Arm Statute, 42 Pa. C.S.A. §5322, and the due process clause of the Fourteenth Amendment."  [Powerweb Counterclaim, ¶ 88].  Powerweb's failure to delineate under which provision of Pennsylvania's long-arm statute jurisdiction attaches is indicative of the fact that Pennsylvania's long arm statute does not provide a basis for jurisdiction over RETX.

---

[3]  Pennsylvania's long-arm statute contains a provision allowing courts to exercise personal jurisdiction to the fullest extent allowed by the United States Constitution.  Although this effectively reduces a jurisdictional inquiry in Pennsylvania to a one-step process, some courts have analyzed these types of cases under both Pennsylvania and Federal law.  *See e.g.*, *Leonard A. Feinberg, Inc. v. Central Asia Capital Corp.*, 936 F. Supp. 250, 254 (E.D. Pa. 1996), *compare Empire Abrasive Equipment v. H.H. Botson, Inc.*, 567 F.2d 554, 556 (3d Cir. 1977) (collapsing the process into one step).  This memorandum will address the question as to both Pennsylvania and Federal law.

Pennsylvania's long arm statute can confer specific jurisdiction over non-resident defendants in 10 enumerated instances.[4]  However, a court can only assert specific jurisdiction

---

[4]  42 Pa. C.S.A. §5322(a) provides, in pertinent part, as follows:

A tribunal of this Commonwealth may exercise personal jurisdiction over a person . . . who acts directly or by an agent, as to a cause of action or other matter arising from such person:

1.  Transacting any business in this Commonwealth . . . .

2.  Contracting to supply services or things in this Commonwealth.

3.  Causing harm or tortious injury by an act or omission in this Commonwealth.

4.  Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

5.  Having an interest in, using, or possessing real property in this Commonwealth.

6.  (i) Contracting to insure any person, property or writ located within this Commonwealth at the time of contracting.

(ii)  Being a person who controls, or who is a director, officer, employee or agent of a person who controls, an insurance company incorporated in this Commonwealth or an alien insurer domiciled in this Commonwealth.

(iii)  Engaging in conduct described in the Insurance Department Act of 1921.

7.  Accepting election or appointment or exercising powers under the authority of this Commonwealth as a

(i)  Personal representative of a decedent.

(ii)  Guardian of a minor or incapacitated person.

(iii)  Trustee or other fiduciary.

(iv)  Director or officer of a corporation.

8.  Executing any bond of any of the persons specified in paragraph (7).

9.  Making application to any government unit for any certificate, license, permit, registration or similar instrument or authorization or exercising any such instrument or authorization.

10. Committing any violation within the jurisdiction of this Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit.

over a party for the particular conduct delineated in the statute. *See* 42 Pa. C.S.A. §5322(c).

("When jurisdiction over a person is based solely upon this section, only a cause of action or

other matter arising from acts enumerated in subsection (a) . . . may be asserted against him.")

*See also, Kachur v. Yugo American, Inc., et al.,* 534 Pa. 316, 632 A.2d 1297 (1993) (under 42 Pa.

C.S.A. §5322(a), Pennsylvania courts may exercise jurisdiction over non-residents who commit

certain acts within the state "as to a cause of action or other matter arising" from those acts

codified in the statute.)

      Thus, in order to establish jurisdiction under 42 Pa. C.S.A. §5322(a), Powerweb

must show that RETX's purported actions, as alleged in its counterclaims, fall under one or more

of the enumerated categories. Powerweb has not, and cannot, do so inasmuch as not one of

Powerweb's allegations against RETX arise out of any act or omission of RETX within

Pennsylvania.

      The first category to establish jurisdiction under §5322(a) -- "Transacting Any

Business in this Commonwealth . . ." (§5322(a)(1)) -- does not apply here because RETX and

Powerweb have never transacted business with one another, and RETX's sole business

relationship in Pennsylvania has absolutely nothing to do with Powerweb or Powerweb's claims

against RETX. Likewise, §5322(a)(2) -- "Contracting to supply services or things in this

Commonwealth" -- is inapplicable because Powerweb's allegations do not arise out of any

purported contract.

      The third and fourth categories of §5322(a) are equally inapplicable here, and do

not furnish a basis for the exercise of personal jurisdiction over RETX. These provisions provide

jurisdiction where the cause of action arises from a defendant either "causing harm or tortious

injury by an act or omission in Pennsylvania" (§5322(a)(3)), or "causing harm or tortious injury

in this Commonwealth by an act or omission outside [Pennsylvania]" (§5322(a)(4)). Powerweb's counterclaims fail to allege that either of these conditions occurred because they did not. To the contrary, Powerweb's counterclaim makes speculative assertions "upon information and belief" that some third-party purportedly provided RETX with Powerweb's trade secrets, and RETX purportedly used same. Since RETX is located in Georgia, it can only be assumed that all of this purported activity took place in Georgia. Thus, jurisdiction cannot be established under §§5322(a)(3) and 5322(a)(4).

It is indisputable that the remaining categories enumerated in 42 Pa. C.S.A. §5322(a) are not applicable here. Powerweb has not, and cannot, allege any facts sufficient to establish a basis for jurisdiction under §5322(a)(5) – (10). RETX (i) owns no property in Pennsylvania (§5322(a)(5)); (ii) has not engaged in any insurance-related business in Pennsylvania (§5322(b)(6)); (iii) has not undertaken any fiduciary-type duties in Pennsylvania or executed any bond in connection with such duties (§§5322(a)(7)-(8)); and (iv) has neither applied for any licenses or permits in Pennsylvania, nor violated Pennsylvania laws or regulations (§§5322(a)(9)-(10)). Even if RETX had engaged in any of the foregoing conduct, it would not form a jurisdictional basis for Powerweb's counterclaims inasmuch as none of Powerweb's allegations stem from any such activity.

Because RETX has not engaged in any of the enumerated activities of 42 Pa. C.S.A. §5322(a), specific jurisdiction cannot be established.

2.    Powerweb Cannot Establish General Jurisdiction

Since Powerweb cannot establish specific jurisdiction under 42 Pa. C.S.A. §5322(a), Powerweb must demonstrate facts sufficient to support general jurisdiction to survive dismissal of its counterclaims against RETX. Powerweb, however, cannot do so.

42 Pa. C.S.A. §5322(b) provides that jurisdiction of the Commonwealth's Courts shall extend to all persons "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." However, like the other provisions of Pennsylvania's long arm statute, RETX's contacts must relate to the allegations asserted by Powerweb. *See* 42 Pa. C.S.A. §5322(c) ("When jurisdiction over a person is based solely upon this section, only a cause of action or other matter arising . . . from acts forming the basis of jurisdiction under subsection (b), may be asserted against him."); *Garzone v. Kelly*, 406 Pa. Super. 176, 593 A.2d 1292, 1297 (1991) (if jurisdiction is being exercised under § 5322(b), the cause of action must arise from the contacts with the forum state that form the basis of jurisdiction thereunder).

To establish general jurisdiction, Powerweb must show "more contacts with the forum state than the mere minimum contacts required for specific jurisdiction." *Lehigh Coal & Navigation Co. v. Geko-Mayo, et al.*, 56 F. Supp. 2d 559, 570 (E.D. Pa. 1999). Indeed, the general jurisdiction threshold is much higher than that for specific jurisdiction, as facts required to assert general jurisdiction must be "extensive and pervasive." *Allied Leather Corp. v. Altama Delta Corp.*, 785 F. Supp. 494, 497-98 (M.D. Pa. 1992) (*citing Reliance Steel Products Co. v. Watson, Ess, Marshal, & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982)).

Over the past five years, RETX's contacts have been nominal, at best. RETX has only one business relationship valued at $20,000.00. In addition, there have only been a smattering of visits and telephone calls, none of which have resulted in business opportunities for RETX, or remotely relate to Powerweb's allegations against RETX. RETX's Pennsylvania contacts are hardly satisfactory to establish general jurisdiction. *See Strick Corp. v. A.J.F.*

9

*Warehouse Distributors, Inc.*, 532 F. Supp. 951 (E.D. Pa. 1982) (general jurisdiction test not met despite telephone conversations and visits with Pennsylvania Plaintiff).

In *Strick Corp.*, a case that is instructive here, the court found that general jurisdiction could not be established despite defendant having engaged in a series of contacts with the Pennsylvania plaintiff, including telephone conversations and visits by the defendant's executives. The defendant also maintained a long-term relationship with a Pennsylvania shipper who was not a party to the action. The court reasoned that although the defendant's business was essentially national in scope, a relatively small portion of its revenue came from Pennsylvania clients, and thus, the exercise of jurisdiction could not be had. *Strick Corp.*, 532 F. Supp. at 956. Like the defendant in *Strick Corp.,* although RETX does business throughout the United States, a relatively small portion of its business revenue is derived from clients in Pennsylvania, and its contacts within Pennsylvania are minimal. Accordingly, jurisdiction should not be had here.

Similarly, in *Altama Leather Corp.*, the court declined to exercise general jurisdiction where the defendant was not licensed to do business in Pennsylvania, maintained no sales force in Pennsylvania, and had no offices or agents in Pennsylvania. *Altama Leather Corp.*, 785 F. Supp. at 498. Like the defendant in *Altama*, RETX is not registered to do business in Pennsylvania, maintains no sales force in the Commonwealth, and has no office or agents in Pennsylvania. [Josephson Aff., ¶5-6.] Thus, this Court should decline to exercise jurisdiction here.

In sum, RETX's minuscule contacts within Pennsylvania are simply insufficient to establish general jurisdiction for two reasons. First, RETX's contacts are not extensive and pervasive enough. Second, RETX's minor contacts do not form a basis for establishing jurisdiction inasmuch as said contacts are not remotely related to Powerweb's allegations.

10

**B.    THE EXERCISE OF JURISDICTION OVER RETX VIOLATES DUE PROCESS.**

Even if Pennsylvania's long arm statute conferred jurisdiction over RETX, Powerweb's counterclaims should still be dismissed inasmuch as the exercise of jurisdiction over RETX would violate due process. *See Dollar Savings Bank v. First Security Bank of Utah*, 746 F.2d 208, 211 (3rd Cir. 1984) (all assertions of jurisdiction must be evaluated for compliance with due process). Due process is only met when the non-resident defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct 154 (1945). Thus, under the due process analysis, the first consideration requires an examination of RETX's minimum contacts with Pennsylvania. *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297, 100 S. Ct. 599 (1980). The second consideration requires a demonstration that the court's exercise of personal jurisdiction over RETX will not offend traditional notions of fair play and substantial justice. *Vetrotex Certainteed Corp. v. Consolidated Fiberglass Products Co.*, 75 F.3d 147, 150-151 (3d Cir. 1996) (*citing International Shoe*, 326 U.S. at 316).

1.    <u>RETX Does Not Have the Requisite "Minimum Contacts" with Pennsylvania.</u>

The current test for minimum contacts is found in *Asahi Metal Co. v. Superior Court of California*, 480 U.S. 102, 107 S.Ct. 1026 (1987). This test involves analyzing the Defendant's purposeful direction of activity to receive the benefits and protections of the forum state. *Id.* 480 U.S. at 112; *See also Hansen v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228 (1958) (Minimum contacts are based on "some act by which the defendant purposely availed itself of the privilege of conducting activities within the forum state, thus evoking the benefits and protections of its laws.") Said contacts, however, must be "continuous and systematic."

11

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *Perkins v. Benguel Consol. Min. Co.*, 342 U.S. 437, 448, 75 S. Ct. 413 (1952). The defendant's conduct within the forum state also must be such that he should reasonably anticipate being hailed into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 505 S. Ct. 2174 (1985). "Contacts with the forum state that are 'random, fortuitous, or attenuated' are not sufficient for the assertion of personal jurisdiction." *Lehigh Coal & Navigation Co.*, 56 F. Supp. 2d at 556 (*citing Burger King*, 471 U.S. at 475).

As previously discussed on pages 9-11 herein, RETX's contacts with Pennsylvania are random and attenuated, and not the type that are essential to establish the requisite minimum contacts, i.e. continuous and systematic. In addition to being minimal, RETX's contacts within Pennsylvania have absolutely nothing to do with Powerweb's counterclaims, and the allegations contained therein. Thus, it cannot be legitimately contended that RETX engaged in purposeful activity to receive the benefits and protections of Pennsylvania, or that it otherwise was reasonable for RETX to expect to be sued by Powerweb in Pennsylvania.

In addition to the *Strick Corp.* and *Altama Leather Corp.* cases, discussed more fully on pages 10 and 11 of this Memorandum, the following cases are further instructive on this point. In *Goodsport Management (USA), Inc. v. Special Events, Inc.*, 71 F.Supp. 2d 477 (E.D. Pa. 1999), the Court refused to find personal jurisdiction over a defendant corporation, where the corporation had no employees or property in Pennsylvania and had only one contact in the state tenuously related to the issues in the case. Like the defendant in *Goodsport Management,* RETX does not have any employees or property in Pennsylvania. Plus, unlike the *Goodsport Management* defendant, RETX's contacts are not even tenuously related to the issues in

Powerweb's counterclaim. Thus, this Court should refuse to find personal jurisdiction over RETX.

In *Lehigh Coal & Navigation Co.,* the third-party defendant (over whom jurisdiction was sought) was a German corporation that had a contract to generate steam power. The contract required the German corporation to purchase a certain type of coal mined only in Pennsylvania. This Court held that jurisdiction was not proper in that case because even though the German corporation had contacted Pennsylvania coal companies through telephone calls and correspondence in connection with the contract, the contract at issue in this case was signed outside of Pennsylvania. The Court further concluded that the contacts with Pennsylvania were random and fortuitous and not sufficient to support the exercise of personal jurisdiction, despite the fact that some of the contacts with Pennsylvania related to the claims in the case. *Id.* at 573.

Similar to the defendant in *Lehigh Coal & Navigation Co.,* RETX has only occasionally visited and telephoned companies in Pennsylvania, and engaged in a single transaction with a Pennsylvania company, thereby also making its contacts too random and attenuated to support a finding of personal jurisdiction. Unlike the defendant in *Lehigh Coal & Navigation Co*, however, none of Powerweb's allegations relate to RETX's contacts in Pennsylvania, which provides an additional basis for not finding jurisdiction.

In sum, RETX simply does not have the requisite sustained and continuous contacts with Pennsylvania that are needed to comport with the parameters of the Fourteenth Amendment. Thus, jurisdiction is improper here, just as it was in the *Lehigh Coal & Navigation Co., Goodsport Management, Inc., Strick Corp.,* and *Altama Leather Corp.* cases.

13

2.    <u>Jurisdiction over RETX is Patently Unfair.</u>

The second prong of the jurisdictional analysis, known as the "fairness test," involves five factors:    (i) the burden on the defendant; (ii) the forum state's interest in adjudicating the dispute; (iii) the plaintiff's interest in obtaining convenient and effective relief; (iv) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (v) the shared interest of the several states in furthering fundamental substantive social policies. *Worldwide Volkswagen Corp.* , 444 U.S. at 292.

As to the first factor, the burden on RETX to defend Powerweb's counterclaim in Pennsylvania is substantial.  RETX is a Delaware corporation but its operations are centered in Georgia.  Virtually all of its employees are based in Georgia and, as previously stated, RETX does very little business within Pennsylvania.

In addition, the lawsuit in which RETX has been belatedly added as a party has been ensuing for almost a year.  There has been a significant amount of discovery conducted, and this matter involves a number of parties -- none of whom are related to RETX.  Moreover, this case involves a complaint against Powerweb and two other Defendants by Constellation NewEnergy, and Powerweb has counterclaimed against NewEnergy and another entity -- CILCO.  None of NewEnergy's claims relate to RETX.  Of the 10 counts in Powerweb's counterclaim, Powerweb vaguely asserts only three claims against RETX, all of which are based "upon information and belief."  If RETX were to remain a party in this matter, it would be required to participate in a lawsuit with copious other parties, thereby requiring it to engage in expensive and expansive written discovery, document reviews, depositions, motion practice, and ultimately a trial on numerous claims -- the majority of which have absolutely nothing to do with RETX.  It is, therefore, a tremendous and expensive burden, and is inherently unfair to require

RETX to defend this lawsuit within Pennsylvania, particularly since RETX has not availed itself of the benefits of doing business in Pennsylvania, and since not one of Powerweb's counterclaims against RETX evolved from RETX's contacts in Pennsylvania.

In addition to the foregoing, Pennsylvania has no specific interest in adjudicating this dispute, certainly no more so than a proper tribunal. Indeed, even if Powerweb's allegations were true, they merely establish a business dispute between two corporations, neither of which are incorporated within Pennsylvania. And the dispute does not remotely involve Pennsylvania's interest.

Furthermore, Powerweb's interest in obtaining convenient and effective relief can be just as readily achieved by adjudication within a proper tribunal, as it can be in Pennsylvania, if not more so. As opposed to a convoluted action involving a number of defendants, claims and counterclaims, a case in a proper tribunal would only be between Powerweb and RETX, and only involve three allegations. The matter would be much more focused, and could be adjudicated more conveniently and efficiently.

Moreover, RETX's presence, or lack thereof, in the Pennsylvania action would have no impact on Powerweb's ability to defend itself, or prosecute its counterclaims. Indeed, Powerweb has been actively defending itself against NewEnergy's claims, and prosecuting its counterclaims, for almost a year now. Any information that Powerweb may need from RETX in the Pennsylvania action can readily be acquired through third-party discovery.

Still further, the interstate judicial system's interest in obtaining the efficient outcome of cases would not be adversely impacted by Powerweb having to litigate against RETX in another tribunal. Indeed, if anything, it would be more efficient, as discussed above on page 15. Even if such were not the case, any efficiency concerns as to Powerweb's claims

against RETX are overridden by RETX's right not to be unfairly summoned into a foreign jurisdiction, when RETX has not purposefully availed itself of said jurisdiction.

As to the shared interests of the several states in furthering social policies, there is no concern here inasmuch as this matter would be adjudicated within the United States, as opposed to internationally. Furthermore, any analysis using this criteria would weigh in favor of not exercising personal jurisdiction over RETX. Underlying the minimum contacts analysis set forth in the voluminous case law on this issue is the sound policy that a defendant should be protected against the burden of litigating in a forum in which the defendant does not have sufficient contacts, and has not availed itself. *See Worldwide Volkswagen*, 444 U.S. at 292. No shared social policy would be furthered by forcing RETX to join the Pennsylvania lawsuit when RETX's contacts with the state are tenuous, at best.

In sum, Powerweb's interests in litigating its claims against RETX in Pennsylvania are overridden by the fact that RETX has insufficient contacts with Pennsylvania to pass Constitutional muster. Forcing RETX to participate in this Pennsylvania case is simply unfair. Any argument by Powerweb that it should be allowed to proceed against RETX in Pennsylvania is therefore, in the end, outweighed by the fundamental unfair situation in which RETX would be placed.

## IV. CONCLUSION

For the foregoing reasons, RETX respectfully requests that this court grant its motion to dismiss, and dismiss Powerweb's counterclaims against it in their entirety.

Respectfully submitted,

Lee A. Rosengard
Eric M. Hurwitz
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103
(215) 564-8000

Attorneys for Counterclaim Defendant
RETX, Inc.

Tacita A. Mikel Scott
Georgia Bar No. 632283
*(Pro Hac Vice Application Pending)*
Emory L. Palmer
Georgia Bar No. 560120
*(Pro Hac Vice Application Pending)*
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone: (404) 233-7000

Co-Attorneys for Counterclaim Defendant
RETX, Inc.

Dated: May 12, 2003

17

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | |
| POWERWEB TECHNOLOGIES, INC., *et al.*, | ) | NO. 02-CV-2733 (HB) |
| | ) | |
| Defendants. | ) | |
| ------------------------------------------------ | ) | |
| | ) | |
| POWERWEB TECHNOLOGIES, INC., | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RETX, INC., *et al.*, | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

## AFFIDAVIT OF RONALD J. JOSEPHSON

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, RONALD J. JOSEPHSON, the subscriber, who, being duly sworn on oath, says that he is over the age of eighteen (18) years, has personal knowledge of the facts set forth in this Affidavit, and makes this Affidavit for use as evidence for any and all reasons in the above-entitled action for all purposes authorized by law.

1.

I am the Vice-President, Chief Operating Officer, and Chief Financial Officer of RETX, Inc. ("RETX"), and have been employed with RETX since September, 1999.

2.

Since 1998, RETX has been in the business of providing internet-based energy information to energy providers, utilities, regional transmission organizations, independent system operators and their end-users through its technology infrastructure and services.

3.

RETX is incorporated in Delaware, and maintains its principal place of business in Georgia.

4.

Although RETX offers services and products in states other than Georgia, it does not do meaningful business in Pennsylvania.

5.

RETX is not registered to do business in Pennsylvania, and has no agent within the state for service of process.

6.

RETX does not maintain an office or sales agent in Pennsylvania, nor does it own property within the state.

7.

RETX has never conducted business with Powerweb.

8.

Since its inception in 1998, RETX has only conducted business with one Pennsylvania corporation -- to wit, Allegheny Power ("Allegheny") located in Greensboro, Pennsylvania. The products and/or services provided to Allegheny were the licensing of RETX's edification management software to Allegheny, for which RETX has only been paid $20,000.00 to date.

Affidavit3.doc

9.

The only other contacts that RETX had with the State of Pennsylvania over the last five years are the following:  (i) three visits to Allegheny in connection with the Allegheny business deal; (ii) five visits to venture capitalist firms for funding in 1999 and 2001, which did not result in any business dealings; (iii) three visits to Pennsylvania companies, other than Powerweb, to make a sales presentation, which did not result in any business opportunities.  During two such visits, RETX also met with Lothar Budike to get to know him and discuss possible ways that RETX and Powerweb could work together.  These meetings did not occur at Powerweb, and no business opportunities resulted from them; (iv) one visit to Powerweb to discuss possible joint business opportunities, which did not generate business dealings; (v) attendance at one Demand Response conference; (vi) sporadic telephone solicitations to Pennsylvania businesses, which resulted in no business opportunities; and (vii) approximately 10 telephone conversations with Mr. Budike regarding possible joint business opportunities, which never culminated into any business dealings.

10.

RETX has had no other contacts within Pennsylvania, and has not generated any significant business dealings or revenue from corporations within the state.

11.

The facts stated in this Affidavit are true.

FURTHER AFFIANT SAYETH NOT.

Sworn to and subscribed before me this 9
day of May, 2003.

_Patricia Duncan_
Notary Public
Aug 11, 2005

RONALD J. JOSEPHSON

-4-

Affidavit3.doc

## CERTIFICATE OF SERVICE

I, Eric M. Hurwitz, hereby certify that on May 12, 2003, I caused a copy of the foregoing Motion of Counterclaim Defendant RETX, Inc. to Dismiss the Counterclaims asserted by Counterclaimant Powerweb Technologies, Inc. to be served on counsel of record by hand delivery, addressed to:

Zachary C. Glaser, Esquire
Wolf, Block, Schorr and Solis-Cohen, LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103-2097

*Attorneys for Plaintiff, Constellation Newenergy, Inc.*

Kara H. Goodchild, Esquire
Saul Ewing, LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-7725

*Attorneys for Defendants, Powerweb Technologies, Inc., A-Valey Engineers, Inc. and Lothar E. S. Budike, Jr., and for Counterclaimant, Powerweb Technologies, Inc.*

Madeline S. Baio, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103

*Attorneys for Counterclaim Defendant Central Illinois Light Company d/b/a/AmerenCILCO*

Eric M. Hurwitz