IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, et al., | : | |
| | : | |
| Defendants | : | |
| | : | |
| v. | : | |
| | : | |
| AES CILCO and | : | |
| RETX, INC., | : | |
| | : | |
| Third-Party Defendants. | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2003, upon consideration of the Motion for Protective Order filed by defendant Powerweb Technologies, Inc., it is hereby ORDERED that the Motion is GRANTED, and that Plaintiff's notice of deposition of Powerweb Technologies, Inc.'s corporate designee pursuant to Rule 30(b)(6) is hereby quashed without prejudice and with leave to reschedule the deposition for a date agreeable to the parties after all parties have agreed to the terms of a court-approved confidentiality order.

BY THE COURT:

_____
Bartle, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, et al., | : | |
| | : | |
| Defendants | : | |
| | : | |
| v. | : | |
| | : | |
| AES CILCO and | : | |
| RETX, INC., | : | |
| | : | |
| Third-Party Defendants. | : | |

**MOTION OF DEFENDANT POWERWEB TECHNOLOGIES, INC.
FOR PROTECTIVE ORDER AND TO QUASH NOTICE OF DEPOSITION**

For the reasons set forth in the accompanying memorandum of law, Defendant Powerweb Technologies, Inc. ("Powerweb"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c) and Eastern District of Pennsylvania Local

Rule 26.1(g), hereby moves this Court for a Protective Order preventing plaintiff Constellation NewEnergy, Inc., f/k/a AES NewEnergy, Inc. ("NewEnergy") from forcing the deposition of Powerweb's corporate designee before all parties are prepared to participate in the deposition and prior to all parties consenting to the confidentiality consent order entered on January 17, 2003.

                                                                         _____
Rudolph Garcia
Kara H. Goodchild
Nicholas J. Nastasi
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1983
Attorneys for Defendant
Powerweb Technologies, Inc.

Dated: May 14, 2003

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, et al., | : | |
| | : | |
| Defendants | : | |
| | : | |
| v. | : | |
| | : | |
| AES CILCO and | : | |
| RETX, INC., | : | |
| | : | |
| Third-Party Defendants. | : | |

### CERTIFICATION ACCORDING TO
### F.R.C.P. 26(c) AND LOCAL RULE 26.1(f)

Defendant Powerweb Technologies, Inc., by and through its undersigned counsel, hereby certifies that it has conferred with counsel for plaintiff in an attempt to resolve the issues raised by the foregoing motion for protective order and to quash notice of deposition. As described in the attached memorandum of law, counsel for defendant has

736067.1 5/14/03

attempted on several occasions to cooperate with all parties in the scheduling of the deposition of its corporate designee without success. Accordingly, defendant now seeks relief from the Court.

                                                  _____
Nicholas J. Nastasi, Esquire
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1983

Attorneys for Defendant
Powerweb Technologies, Inc.

Dated: May 14, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC.,:
:
    Plaintiff,                       :        Civil Action No. 02-CV-2733 (HB)
:
v.                              :
:
POWERWEB TECHNOLOGIES, et al.,  :
:
    Defendants                 :
:
v.                              :
:
AES CILCO and                :
RETX, INC.,                   :
:
    Third-Party Defendants.    :

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR PROTECTIVE ORDER
AND TO QUASH PLAINTIFF'S NOTICE OF DEPOSITION**

       Defendant Powerweb Technologies, Inc. ("Powerweb"), by and through its undersigned counsel, hereby submits this memorandum of law in support of its motion for a protective order and to quash the notice of deposition of Powerweb's corporate designee served by plaintiff Constellation NewEnergy, Inc., f/k/a AES NewEnergy, Inc. ("NewEnergy").

       On April 30, 2003, NewEnergy served a notice of deposition on defendant Powerweb pursuant to Rule 30(b)(6) requesting Powerweb to produce a corporate designee to testify about six specific subjects relating to Powerweb's confidential and proprietary information (the "Deposition"). A true and correct copy of the notice of deposition and the accompanying correspondence are attached hereto as Exhibit "A." The Deposition is noticed to occur on May 15, 2003 at the offices of NewEnergy's counsel.

736067.1 5/14/03

RETX, Inc. ("RETX") was served with the counterclaim joining it as a third party on or about April 14, 2003.  By letter dated May 6, 2003, RETX objected to the Deposition going forward on May 15, 2003 because it is not prepared to participate.  Nonetheless, RETX indicated that it would attend the Deposition as well as seek its own 30(b)(6) deposition at a later date.  A true and correct copy of RETX's May 6, 2003 letter is attached hereto as Exhibit "B."  RETX, thorough its letter, effectively requested additional time to get up to speed on the document discovery that took place in this lawsuit prior to RETX's joinder.

By letter dated May 7, 2003, Powerweb indicated that it was willing to appear for deposition as soon as all parties were prepared to go forward, but also offered to facilitate getting RETX up to speed on the document discovery so that the Deposition could occur on May 15th or soon thereafter.  A true and correct copy of Powerweb's May 7, 2003 letter is attached hereto as Exhibit "C."  On May 12, 2003, only three days prior to the Deposition, NewEnergy notified Powerweb that it was refusing to grant RETX's request for additional time and insisted that Powerweb produce its corporate designee on May 15, 2003, regardless of the preparedness of other parties to the litigation.  A true and correct copy of NewEnergy's May 12, 2003 letter is attached hereto as Exhibit "D."  On May 13, 2003, RETX, having made no attempt to obtain document discovery, wrote to NewEnergy reiterating its position that it is unprepared to go forward with the Deposition and again attempted to reserve a purported right to redepose Powerweb's corporate designee on the issues noticed.  A true and correct copy of RETX's May 13, 2003 letter is attached hereto as Exhibit "E."  RETX also notified Powerweb, by telephone voicemail, that it will not sign onto the terms of the Court's January 17, 2003 confidentiality order.

Powerweb is now in the untenable position of having to refuse to produce a witness on the date noticed in order to avoid the undue burden of producing the same witness twice and to prevent the Court's confidentiality order from being violated.

There is simply no reason for Powerweb to be forced to produce its corporate designee on more than one occasion. NewEnergy will suffer no prejudice if the Deposition is postponed for a reasonable length of time in order to permit the joined parties to prepare. Discovery in this case does not end until August 2003, over three months from now. See First Scheduling Order dated November 25, 2003. On the other hand, multiple depositions of Powerweb, a small company, will impose unreasonable burden and expense on Powerweb due to loss of productivity from the absence of its corporate representative. While Powerweb is willing to incur the necessary costs associated with prosecuting this lawsuit, multiple depositions because the other parties are unwilling to work together on scheduling do not constitute necessary or reasonable costs. Indeed, the Federal Rules of Civil Procedure contemplate that a witness shall be deposed on a single seven-hour day. See Fed. R. Civ. P. 30(d)(2).

Moreover, the subject of the Deposition is Powerweb's confidential and proprietary information. RETX, Powerweb's competitor, intends to attend the Deposition but thus far has refused to keep the information confidential consistent with the Court's January 17th Order. Thus, if deposed at this point in time, Powerweb would be revealing confidential information to a competitor with no protection.

Powerweb respectfully requests that the Court quash NewEnergy's notice of deposition of Powerweb's corporate designee without prejudice and with leave to reschedule

the deposition for a date agreeable to the parties after all parties have agreed to the terms of a court-approved confidentiality order.

                                                                                           _____

Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
Nicholas J. Nastasi, Esquire
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961; -7109; -1983

Attorneys for Defendant
Powerweb Technologies, Inc.

Date:  May 14, 2003

## CERTIFICATE OF SERVICE

I, Nicholas J. Nastasi, hereby certify that a true and correct copy of the foregoing motion for protective order and to quash notice of deposition was served this day, via hand-delivery, upon the following counsel of record:

>David E. Landau, Esq.
>Wolf, Block, Schorr and Solis-Cohen, LLP
>1650 Arch St., 22nd Floor
>Philadelphia, PA 19102
>*Counsel for Plaintiff Constellation NewEnergy, Inc.*
>
>Lee A. Rosengard, Esq.
>Stradley Ronon Stevens & Young, LLP
>2600 Commerce Square
>Philadelphia, PA 19103-7098
>*Counsel for Third Party Defendant RETX, Inc.*
>
>Madeline S. Baio, Esq.
>Marshall, Dennehey, Warner, Coleman & Goggin
>1845 Walnut Street
>Philadelphia, PA 19103
>*Counsel for Third Party Defendant AES CILCO*

_____
Nicholas J. Nastasi

Date: May 14, 2003

736067.1 5/14/03