IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| A-VALEY ENGINEERS, INC. AND | : | |
| LOTHAR E.S. BUDIKE, JUNIOR, | : | |
| Defendants | : | |
| | : | |
| vs. | : | |
| | : | |
| AES CILCO and | : | |
| RETX, INC., | : | |
| Counterclaim Defendants | : | **NO. 02-2733 (HB)** |

## ORDER

AND NOW, this       day of           , 2003, upon consideration of the Motion of Central Illinois Light Company d/b/a AmerenCILCO to Dismiss Powerweb Technologies, Inc.'s Amended Counterclaim Pursuant to Federal Rule of Civil Procedure 12(b)(2), it is hereby ORDERED and DECREED that said motion is GRANTED and Powerweb Technologies, Inc.'s Amended Counterclaim against Central Illinois Light Company d/b/a AmerenCILCO is dismissed in its entirety and with prejudice.

BY THE COURT

_____
J.

\01_21\LIAB\JGL\LLPG\390408\JGL\01235\00101

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| A-VALEY ENGINEERS, INC. AND | : | |
| LOTHAR E.S. BUDIKE, JUNIOR, | : | |
| Defendants | : | |
| | : | |
| vs. | : | |
| | : | |
| AES CILCO and | : | |
| RETX, INC., | : | |
| Counterclaim Defendants | : | **NO. 02-2733 (HB)** |

**MOTION OF COUNTERCLAIM DEFENDANT, CENTRAL ILLINOIS LIGHT COMPANY d/b/a AMERENCILCO, TO DISMISS POWERWEB TECHNOLOGIES, INC.'S AMENDED COUNTERCLAIM AGAINST IT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

Counterclaim defendant, Central Illinois Light Company d/b/a AmerenCILCO (hereinafter "AmerenCILCO") by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby moves this Honorable Court to Dismiss Powerweb Technologies, Inc.'s (hereinafter "Powerweb") Counterclaim against it pursuant to Rule12(b)(2) of the Federal Rules of Civil Procedure. In support thereof, AmerenCILCO submits the accompanying Memorandum of Law.

                                **MARSHALL, DENNEHEY, WARNER,**
                                **COLEMAN & GOGGIN**
                                Attorneys for Counterclaim Defendant, Central
                                Illinois Light Company d/b/a AmerenCILCO
                                (Improperly designated as AES CILCO)

                        By: _____
                                Eric A. Weiss, Esquire
                                Attorney I.D. No. 19425
                                Madeline S. Baio, Esquire
                                Attorney I.D. No. 45107
                                1845 Walnut Street
                                Philadelphia, PA  19103
                                215-575-2676

Dated:

\01_21\LIAB\JGL\LLPG\390408\JGL\01235\00101

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| A-VALEY ENGINEERS, INC. AND | : | |
| LOTHAR E.S. BUDIKE, JUNIOR, | : | |
| Defendants | : | |
| | : | |
| vs. | : | |
| | : | |
| AES CILCO and | : | |
| RETX, INC., | : | |
| Counterclaim Defendants | : | **NO. 02-2733 (HB)** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF COUNTERCLAIM DEFENDANT, CENTRAL ILLINOIS LIGHT COMPANY d/b/a AMERENCILCO, TO DISMISS POWERWEB TECHNOLOGIES, INC.'S AMENDED COUNTERCLAIM AGAINST IT PURSUANT TO RULE 12(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Counterclaim Defendant, Central Illinois Light Company d/b/a AmerenCILCO (hereinafter "AmerenCILCO), by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, has moved this Honorable Court to dismiss Powerweb Technologies, Inc.'s (hereinafter "Powerweb") Amended Counterclaim against AmerenCILCO. In support thereof, AmerenCILCO submits the within Memorandum of Law.

As set forth more fully below, this Honorable Court should dismiss Powerweb's Amended Counterclaim as it relates to AmerenCILCO because this Court does not have personal jurisdiction over AmerenCILCO.

I.    **PROCEDURAL HISTORY**

    A.    **Plaintiff's Complaint against Defendants, Powerweb, A-Valey Engineers, Inc. and Lothar E.S. Budike, Junior**

Plaintiff, Constellation New Energy, Inc. ("New Energy"), initiated the instant action against Defendants, Powerweb Technologies, Inc. ("Powerweb"), A-Valey Engineers, Inc. and Lothar E.S. Budike, Junior on May 7, 2002, in connection with a $100,000 advance that New Energy paid to Powerweb in accordance with the terms of a Joint Marketing Agreement between Powerweb and New Energy. [See Case Dockets attached hereto as Exhibit A and a true and correct copy of Plaintiff's Amended Complaint attached hereto as Exhibit B]. On July 19, 2002, New Energy filed an Amended Complaint against these defendants for damages alleging breach of contract, fraudulent misrepresentations intended to induce New Energy to enter into the written agreement, or in the alternative, for equitable relief in connection with the unlawful and unjust refusal by Powerweb to return funds to New Energy. [Exhibit B].

    B.    **Powerweb's Amended Counterclaim against AmerenCILCO and RETX**

<u>On March 24, 2003, some ten and a half months after New Energy filed its Complaint against Powerweb and the other defendants, Powerweb filed a Motion for Leave to File an Amended Counterclaim and to Join AmerenCILCO and RETX as Defendants. [Exhibit A]. This motion was not opposed by any other party and on April 2, 2003, Judge Bartle, III granted Powerweb's Motion. [Exhibit A].</u>

On April 7, 2003, Powerweb filed its Amended Answer, Affirmative Defenses and Counterclaims to Plaintiff's Second Amended Complaint, and Counterclaim against AmerenCILCO, AES NewEnergy, Inc. and RETX, Inc. [See Exhibit A and a true and correct copy of Powerweb's "Amended Answer, Affirmative Defenses and Counterclaims to Plaintiff's Second Amended Complaint, and Counterclaim against AmerenCILCO, AES NewEnergy, Inc.

and RETX, Inc." attached hereto as Exhibit C]. Powerweb's Amended Counterclaim against AmerenCILCO, alleges breach of contract, breach of duty of good faith and fair dealing, fraudulent misrepresentation, misappropriation of trade secrets, tortious interference with prospective contractual relations and unfair competition. [Exhibit C].

## II.    STATEMENT OF FACTS

### A.    Case background

Four Agreements underlie the various causes of actions in the instant case. The four agreements are as follows: 1) A Confidentiality Agreement signed by New Energy and Powerweb on October 11, 1999 ("Confidentiality Agreement); 2) A Letter Agreement between Powerweb and New Energy entered into on or around October 25, 1999 ("Letter Agreement"); 3) An Agreement entitled "Exclusive Agreement for Bell Atlantic" entered into between Powerweb and New Energy on January 7, 2000 ("Bell Atlantic Agreement"); and 4) An Agreement entitled "Exclusive PWT Customer Marketing Agreement" entered into between Powerweb and New Energy on January 8, 2000 ("Marketing Agreement"). [See Confidentiality Agreement attached hereto as Exhibit D, Letter Agreement attached hereto as Exhibit E, Bell Atlantic Agreement, attached hereto as Exhibit F and Marketing Agreement, attached hereto as Exhibit G.] AmerenCILCO did not sign any of these Agreements. [See Exhibits D, E, F and G].

Powerweb has filed an Amended Counterclaim joining AmerenCILCO in this suit under the theory that AmerenCILCO somehow violated the terms of the Confidentiality Agreement which was entered into by New Energy and Powerweb and to which AmerenCILCO was never a party. [See Powerweb's Amended Counterclaim, section XVI, attached hereto as Exhibit C, and see Exhibit D]. More specifically, according to Powerweb's Amended Counterclaim against AmerenCILCO, in February of 2000, AmerenCILCO, allegedly procured confidential

information regarding Powerweb's "Energy Technology" in violation of the Confidentiality Agreement, and through Peter Scarpelli, then Vice President of AmerenCILCO, shared Powerweb's confidential information with co-counterclaim defendant, RETX. [Exhibit C, ¶ 91].

      **B.**    **Information regarding AmerenCILCO**

In the years 1999 and 2000, when the relevant transactions underlying the instant action occurred, Central Illinois Light Company (which is now doing business as "AmerenCILCO") was known as Central Illinois Light Company and was owned by AES Corporation. [See Exhibit C, ¶ 86]. Approximately three (3) years thereafter, or on or about January 31, 2003, Ameren Corporation acquired this company which changed its name to Central Illinois Light Company d/b/a AmerenCILCO. [See a true and correct copy of an Affidavit signed by Craig W. Stensland, Assistant Secretary of Central Illinois Light Company d/b/a AmerenCILCO attached hereto as Exhibit H].

AmerenCILCO is an Illinois utility company with a principle place of business in Peoria, Illinois and which is licensed to provide energy to customers in the state of Illinois. [Exhibit H]. AmerenCILCO is not registered to do business in any state other than Illinois. [Exhibit H]. AmerenCILCO does not have any offices, employees, or personal property in Pennsylvania. [Exhibit H]. Further, it does not solicit any business in Pennsylvania. [Exhibit H]. Finally, AmerenCILCO was not involved in the transactions underlying the instant lawsuit nor was it a party to the Confidentiality Agreement, the Letter Agreement, the Bell Atlantic Agreement or the Marketing Agreement. [Exhibits D, E, F and G].

### III. LEGAL ARGUMENT

**A. THIS COURT LACKS PERSONAL JURISDICTION OVER AMERENCILCO AND THEREFORE POWERWEB'S AMENDED COUNTERCLAIM AGAINST AMERENCILCO SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The jurisdictional question before this Honorable Court is whether Powerweb has alleged sufficient contacts between Counterclaim Defendant, AmerenCILCO and Pennsylvania to allow the Court to assert personal jurisdiction over AmerenCILCO. The question of a court's ability to exercise *in personam* jurisdiction over a defendant is raised properly as a motion pursuant to Federal Rule of Civil Procedure 12(b)(2).

Powerweb bears the burden of demonstrating that AmerenCILCO's contacts with the forum state are sufficient to confer personal jurisdiction on the district court. Allied Leather Corp. v. Altama Delta Corp., 1992 U.S. Dist. LEXIS 2459 (1992) (citing Mickleburgh Mach. Co. v. Pacific Economic Dev. Co., 738 F. Supp. 159 (E.D. Pa. 1990); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1351, at 248 (1990); Temtex Prods., Inc. v. Kramer, 330 Pa. Super. 183, 479 A.2d 500 (1984); Crompton v. Park Ward Motors, 299 Pa. Super. 40, 42, 445 A.2d 137, 138 (1982). "At no time may a [party] rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of jurisdiction." Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61 (3d Cir. 1984). Instead, a party must sustain his burden of proof by establishing jurisdictional facts through sworn affidavits or other competent evidence. Time Share Vacation Club, 735 F.2d at 66-67, n.9. Clearly, Powerweb has not and

cannot establish the requisite jurisdictional facts to justify this Court's exercise of personal jurisdiction over AmerenCILCO.

A Federal District Court may assert personal jurisdiction over a non-resident defendant to the extent authorized by the law of that state. Fed. R. Civ. P. 4(e). The Pennsylvania long-arm statute provides in relevant part:

> The jurisdiction of the tribunals of this Commonwealth shall be. . .
> to the fullest extent allowed under the Constitution of the
> United States and may be based on the most minimum contact
> with this Commonwealth allowed under the Constitution of the
> United States.

42 Pa. Cons. Stat. Ann. §5322(b) West 2000. The 14th Amendment of the United States Constitution limits the reach of long-arm statutes such that a court may not assert personal jurisdiction over a non-resident defendant who does not have certain minimum contacts with the forum such that the maintenance of a suit against him offends traditional notions of fair play and substantial justice. International Shoe v. Washington, 326 U.S. 310, 316, 90-L. Ed. 95, 66 S. Ct. 154 (1945); Provident Natl. Bank vs. California Fed. Sav. & Loan Assoc., 819 F. 2d 434, 436-37 (3d Cir. 1987).

Subject to the above-referenced limits of due process, a court may exercise two types of *in personam* jurisdiction. Where a cause of action is related to or arises out of the defendant's alleged contact with the forum at issue in the lawsuit, the court exercises specific jurisdiction. Imo Industries, Inc., 155 F.3d at 259. In contrast, where the cause of action does not arise out of the defendant's specific contacts with the state, general jurisdiction may be exercised over an out of state defendant provided that he maintains continuous and systematic contacts with the forum. Imo Industries, Inc., 155 F.3d at 259.

Here, given the complete absence of **any contacts** between AmerenCILCO and the Commonwealth of Pennsylvania, this Court has neither specific nor general jurisdiction over AmerenCILCO. Powerweb's Amended Counterclaim fails, as a matter of law, to carry the above described burden of pleading and proving that this Court has personal jurisdiction over AmerenCILCO. Consequently, AmerenCILCO's Motion is appropriate and should be granted.

1.    **Powerweb Cannot Establish the Existence of Specific Jurisdiction over AmerenCILCO**

The United States Supreme Court and Pennsylvania courts have recognized that "[t]he analysis of whether a state may exercise jurisdiction over a non-resident individual must be tested against both statutory and constitutional standards. The due process clause of the Fourteenth Amendment imposes a limit on the state's exercise of jurisdiction over a non-resident defendant." Kenny v. Alexson Equip. Co., 495 Pa. 107, 117, 432 A.2d 974, 980 (1981), citing McGee v. International Life Ins. Co., 355 U.S. 220 (1957).

Personal jurisdiction under the Due Process Clause requires an examination of the relationship between the defendant, the forum and the litigation. Imo Industries, Inc., 155 F.3d at 259. In order for this Court to exercise specific jurisdiction over a counterclaim defendant, Powerweb must show that AmerenCILCO has certain minimum contacts with Pennsylvania that are connected to the lawsuit. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404. Powerweb then must show that AmerenCILCO purposefully established minimum contacts with the forum such that AmerenCILCO should anticipate being haled into court here. World-Wide Volkswagen, 444 U.S. 297.

Presently, the only possible basis for asserting specific jurisdiction over AmerenCILCO is with respect to transactions surrounding the Confidentiality Agreement referenced in Powerweb's Amended Counterclaim. Significantly, Powerweb does not allege anywhere in its Amended

Counterclaim, nor can it, that AmerenCILCO took any actions with respect to the Confidentiality Agreement, the Letter Agreement, the Bell Atlantic Agreement or the Marketing Agreement within the State of Pennsylvania. Rather, Powerweb makes nothing more than a blanket cursory statement regarding jurisdiction in paragraph 88 of its Amended Counterclaim, stating: "This Court has personal jurisdiction over CILCO and RETX pursuant to the Pennsylvania long-arm statute, 42 Pa. C.S.A. § 5322, and the due process clause of the Fourteenth Amendment." [See Exhibit C, ¶ 88]. Significantly, Powerweb makes no specific factual allegations whatsoever as to any contacts between AmerenCILCO and Pennsylvania. [See Exhibit C]. Nor can it.

In the absence of any minimum contacts between AmerenCILCO and the Commonwealth of Pennsylvania, the exercise of specific jurisdiction over it in this court does not comport with "traditional notions of fair-play and substantial justice." Burger King, 471 U.S. at 462. AmerenCILCO, as a citizen of Illinois with no assets or business in Pennsylvania, cannot reasonably anticipate being haled into court in the Commonwealth of Pennsylvania.

Powerweb has failed to plead facts sufficient to warrant the exercise of specific jurisdiction over AmerenCILCO, thereby making the exercise of specific jurisdiction over AmerenCILCO improper in this case.

  **2. Powerweb Cannot Establish General Jurisdiction in Pennsylvania Over AmerenCILCO**

To establish general jurisdiction, a party must show that the defendant's activities in the forum were continuous and substantial. Smith, 139 F. Supp. 2d at 618; International Shoe, 326 U.S. at 310, 90 L.Ed. 95, 66 S.Ct. 154. The general jurisdiction threshold, however, is much higher than that for specific jurisdiction, as the facts required to assert general jurisdiction must be "extensive and pervasive." Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982); see also Compagnie Des Bauxites De Guinee v. L'union, 723 F.2d 357, 362 (3d Cir.

1983).  The court should look to the nature and quality of business contacts the defendant has initiated with the forum: direct sales in the forum, maintenance of a sales force in the state, advertising targeted at the residents of the forum state, and the derivation of a significant slice of revenue from activity within the state.  See Renold Power Transmission Corp. v. Cunningham Bearing Co., 640 F. Supp. 24, 25-26 (M.D. Pa. 1985).

The Third Circuit has held that a party must demonstrate that the defendant has maintained continuous and substantial forum affiliation.  Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587 (3d Cir. 1982).  In short, a party must demonstrate sufficient forum affiliation through the use of extensive and persuasive facts "significantly more than mere minimum contacts with the forum state."  Smith, 139 F. Supp. 2d at 618.

Powerweb's Amended Counterclaim is wholly lacking in any allegation sufficient to warrant the exercise of general jurisdiction over AmerenCILCO.  Notably, while Powerweb states in its Amended Counterclaim that "**RETX** does business throughout North America, **including Pennsylvania**," Powerweb makes no such similar assertion with respect to AmerenCILCO. [Exhibit C, ¶ 87].  Rather the only facts alleged by Powerweb regarding AmerenCILCO lend support to AmerenCILCO's position that this court lacks personal jurisdiction.  More specifically, Powerweb states in its Counterclaim:  "AES CILCO ("CILCO") is a corporation organized and existing under the laws of the state of Illinois with its principal place of business located at 300 Liberty Street, Peoria, Illinois, 61602.  CILCO is a gas and electric utility **serving customers in Central Illinois**." [Exhibit C, ¶ 86]. [1]

---

[1] Although Powerweb alleges in the same paragraph that ". . . CILCO was part of the AES Corporation, a global power company with plants and offices throughout North America and in over 20 countries worldwide," Powerweb still fails to specifically allege that AmerenCILCO has any contacts with Pennsylvania.

As detailed in the Affidavit attached hereto as Exhibit H, AmerenCILCO has no offices, employees, telephone listings or property in Pennsylvania. [Exhibit H]. AmerenCILCO is not registered to do business in Pennsylvania, does not have agents in Pennsylvania nor does it solicit or advertise products in Pennsylvania. [Exhibit H].

Powerweb's Amended Counterclaim against AmerenCILCO lacks the extensiveness and persuasiveness required by the Third Circuit to demonstrate the appropriateness of the exercise of general jurisdiction against AmerenCILCO. Thus, Powerweb has also failed to meet its burden to allege the existence of continuous and systematic contacts by AmerenCILCO with Pennsylvania.

Based on the foregoing, it is clear that this Honorable Court lacks personal jurisdiction of any kind over AmerenCILCO. Accordingly, AmerenCILCO's Motion to Dismiss the Powerweb's Amended Counterclaim against it pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure should be granted

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
Attorneys for Third-Party Defendant Central Illinois Light Company d/b/a AmerenCILCO (Improperly designated as AES CILCO)

By: _____
Eric A. Weiss, Esquire
Attorney I.D. No. 19425
Madeline S. Baio, Esquire
Attorney I.D. No. 45107
1845 Walnut Street
Philadelphia, PA  19103
215-575-2676

Dated:_____

\01_21\LIAB\JGL\LLPG\390408\JGL\01235\00101

## CERTIFICATE OF SERVICE

I, Eric A. Weiss, Esquire, do hereby certify that a true and correct copy of the Motion of Counterclaim Defendant, Central Illinois Light Company d/b/a AmerenCILCO to Dismiss Powerweb Technologies, Inc.'s Amended Counterclaim Against AmerenCILCO Pursuant to Rule 12(B)(2) of the Federal Rules of Civil Procedure was served upon all parties by first class mail on May 14, 2003, at the following addressees:

David E. Landau, Esquire
Matthew A. White, Esquire
Joel M. Sweet, Esquire
Zachary C. Glaser, Esquire
Jennifer C. O'Neill, Esquire
WOLF, BLOCK, SCHORR AND SOLIS-COHEN, LLP
1650 Arch Street
22nd Floor
Philadelphia, PA  19102-2097
215-977-2000
215-977-2740 (Fax)
Attorneys for Plaintiff, Constellation NewEnergy, Inc.

Joseph F. O'Dea, Jr., Esquire
Kara H. Goodchild, Esquire
Nicholas J. Nastasi, Esquire
Rudolph Garcia, Esquire
William Matthews, Esquire
SAUL EWING, LLP
Centre Square West
1500 Market Street
38th Floor
Philadelphia, PA  19102

215-972-7777
215-972-7725 (Fax)
Attorneys for Defendants, Powerweb Technologies, Inc.,
A-Valey Engineers, Inc. and Lothar E.S. Budike, Jr.


Lee A. Rosengard, Esquire
STRADLEY, RONAN, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
215-564-8032
215-564-8120 (Fax)
Attorneys for Third-Party Defendant, RETX, Inc.

Tacita A. Mikel Scott, Esquire
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA  30326
404-233-7000
404-365-9532 (Fax)
Attorneys for Third-Party Defendant, RETX

    **MARSHALL, DENNEHEY, WARNER,**
    **COLEMAN & GOGGIN**
    Attorneys for Counterclaim Defendant, Central
    Illinois Light Company d/b/a AmerenCILCO
    (Improperly designated as AES CILCO)


By: _____
    Eric A. Weiss, Esquire
    Attorney I.D. No. 19425
    Madeline S. Baio, Esquire
    Attorney I.D. No. 45107
    1845 Walnut Street
    Philadelphia, PA  19103
    215-575-2676


Dated: _____

Case 2:02-cv-02733-HB   Document 54   Filed 05/14/2003   Page 16 of 16