IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 02-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF
COUNTERCLAIM DEFENDANT CENTRAL ILLINOIS LIGHT COMPANY,
d/b/a AMEREN CILCO, TO DISMISS THE COUNTERCLAIMS ASSERTED
BY COUNTERCLAIMANT POWERWEB TECHNOLOGIES, INC.**

Counterclaim Defendant AES CILCO, now AmerenCILCO, ("CILCO") challenges the assertion of personal jurisdiction based upon its lack of contacts with Pennsylvania. This Court may exercise personal jurisdiction over CILCO despite its protestations because CILCO, through its agent, has consented to jurisdiction. Thus, CILCO's lack of contacts with Pennsylvania are a mere smoke screen and, in this instance, are immaterial to the issue of jurisdiction.

**I.   FACTUAL BACKGROUND**

    **A.   Powerweb's Creation of the Omni-Link System**

Powerweb, a corporation with its principal place of business in Media, Pennsylvania, is in the business of designing, developing, installing and operating Internet-based information services and control systems for the management of energy consumption by utility companies and energy service providers. See Def. Amend. Answer and Counterclaim, ¶ 92. As a part of its business, Powerweb developed a novel three-module system, the "Omni-Link System." See

Def. Amend. Answer and Counterclaim, ¶ 97.  Using Powerweb's proprietary and patented technology, the Omni-Link System married (1) monitoring and control technology, (2) internet-service software, and (3) sophisticated contracting documents to, among other things, create new capacity and effectuate the buy back and resale of electricity blocks in the energy market in ways previously unknown to the market.  Id.

In March 1999, Powerweb approached Bell Atlantic Corporation ("Bell Atlantic") to offer the services provided by the Omni-Link System at Bell Atlantic's New Jersey facilities.  See Def. Amend. Answer and Counterclaim, ¶ 101.  In response, Bell Atlantic suggested that Powerweb contact Bell Atlantic's energy supplier, defendant Constellation NewEnergy, Inc., then known as NewEnergy East, LLC (hereinafter "NewEnergy").  See Def. Amend. Answer and Counterclaim, ¶ 102.

Thereafter Powerweb and NewEnergy teamed up to market the Omni-Link System to Bell Atlantic and to other customers across the country.  See Def. Amend. Answer and Counterclaim, ¶ 120-22.  To protect Powerweb's proprietary technology regarding the Omni-Link System, NewEnergy and Powerweb entered into several agreements regarding the development of a joint-venture, including a broad confidentiality agreement ("Confidentiality Agreement").  See Def. Amend. Answer and Counterclaim, ¶ 105-11.  At that time, NewEnergy was owned by AES Corporation ("AES").  AES owned a number of other energy companies, including CILCO.  See CILCO Mem. of Law, 4.

Powerweb, not satisfied with protection limited to a single AES entity-- NewEnergy, insisted that the confidentiality obligations cover all AES entities.  See Declaration of Lothar E.S. Budike Jr. ("Budike Dec.") at ¶ 4, attached hereto as Exhibit A.  In response, David

McGeown, Director of Energy Services for NewEnergy, stated that he held that position for all the AES companies and was responsible for these types of value added energy services, and as such could bind all the AES companies. Budike Dec. at ¶ 5. Accordingly, McGeown entered into the Confidentiality Agreement on behalf of NewEnergy and "any current, or future, direct or indirect subsidiaries, joint ventures, affiliates or sub-contractors." See Confidentiality Agreement, attached as Exhibit B; see also Budike Dec. at ¶ 6.

On the heels of the Confidentiality Agreement, McGeown, again acting on behalf of NewEnergy and "any current, or future, direct or indirect subsidiaries, joint ventures, affiliates or sub-contractors," entered into a letter agreement regarding the development of a specific project with Powerweb (the "Letter Agreement"). In addition to the project specific terms, the Letter Agreement contained an additional promise to "maintain all confidentiality obligations detailed in the executed non-disclosure agreement." See Letter Agreement, 2, attached hereto as Exhibit C. The Letter Agreement and the Confidentiality Agreement then represented the entire agreement of the parties. See Letter Agreement, 3. Significantly, the Letter Agreement also contains an exclusive forum selection clause designating that it shall be enforced "only in the courts of the Commonwealth of Pennsylvania."

    **B.**    **CILCO's Breach of the Confidentiality Agreement**

In February 2000, in the midst of the relationship between Powerweb and NewEnergy, McGeown alerted Powerweb that its affiliate, CILCO, was interested in exploring similar projects. See Def. Amend. Answer and Counterclaim, ¶ 125-28. McGeown then directed Powerweb to contact Peter Scarpelli of CILCO, which he identified as "one of our utilities." See emails dated February 6, 2000, attached as Exhibit D. Powerweb, with the specific

understanding that CILCO was bound by the Confidentiality Agreement and at the direction of McGeown, forwarded confidential information concerning the Omni-Link System to Scarpelli. Budike Dec. at ¶ 7; see also February 7, 2000 letter, attached hereto as Exhibit E.  Shortly after receiving the confidential information from Powerweb, Scarpelli left CILCO and joined RETX, taking with him Powerweb's confidential information in violation of the Confidentiality Agreement. See Def. Amend. Answer and Counterclaim, ¶ 148-57.

## II.   ARGUMENT

### A.   Legal Standard

In deciding a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the court must take all allegations of the Complaint, or in this case, Counterclaim, as true.  See Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992); Stevens v. Meaut, Civ. A. No. 02-7532, 2003 WL 21222924, at *3 (E.D. Pa. May 28, 2003).  Where a defense of lack of jurisdiction has been raised, the party asserting jurisdiction bears the burden of showing, through affidavits or competent evidence, that jurisdiction is proper.  Id.  Once a prima facie case in favor of personal jurisdiction is made, the burden shifts to the defendant to establish that the presence of other considerations renders jurisdiction unreasonable.  Id.  Any factual disputes created by the affidavits, documents or depositions submitted for the consideration of the Court must be resolved in favor of the non-moving party.  See Aircraft Guaranty Corp. v. Strato-Lift, Inc., 974 F. Supp. 468, 471 (E.D. Pa. 1997).

### B. The Letter Agreement Contains a Valid Consent to Personal Jurisdiction

A party can voluntarily submit itself to the jurisdiction of a particular court by agreement. The validity of such an agreement is not dependent on the party's contacts with the jurisdiction. Here, CILCO, acting through an agent consented to personal jurisdiction in Pennsylvania.

The Letter Agreement contains a clear forum selection clause, "[t]he Parties agree . . . that they shall seek to enforce [the Letter Agreement's] provisions only in the courts of the Commonwealth of Pennsylvania." Letter Agreement, 3. A forum selection clause is a consent to jurisdiction. See Mutual Fire, Marine and Inland Ins. Co. v. Barry, No. 86-2524, 1986WL12030, at *1 (E.D. Pa. Oct. 16, 1986); see also Cottman Transmissions Systems, Inc. v. Martino, No. Civ. A. 92-7245, 1993 WL 306183, at *1 (E.D. Pa. Aug. 9, 1993). Moreover, under Pennsylvania law, a forum selection clause is prime facie enforceable. Central Contracting Co. v. C.E. Youngdahl & Co., 209 A.2d 810, 816 (Pa. 1965). Because the Letter Agreement reasserts the obligation to maintain the confidentiality obligations in the Confidentiality Agreement and integrates the Confidentiality Agreement, CILCO, through McGeown, has consented to jurisdiction in Pennsylvania.[1]

### C. CILCO, As an Affiliate of NewEnergy, Is Bound by the Consent to Jurisdiction

McGeown bound all of the "current, or future, direct or indirect subsidiaries, joint ventures, affiliates or subcontractors" of NewEnergy East to the terms of the Letter Agreement

---

[1] Powerweb has pled that CILCO breached the confidentiality provisions explicitly set forth in the Confidentiality Agreement. To the extent that the Court finds it necessary to formally assert a breach of the letter agreement, Powerweb seeks leave to amend its claim against CILCO to assert breaches of both the Confidentiality Agreement and the Letter Agreement.

and the Confidentiality Agreement. McGeown admitted to Powerweb that he had the authority to act on behalf of all AES companies, specifically representing that he held the position of Director of Energy for all AES affiliates and in that capacity reported not to NewEnergy, but to the parent AES.[2] See Budike Dec. at 5. CILCO, in turn, has effectively admitted that it was a NewEnergy affiliate by admitting to ownership by AES at the time of the relevant agreements. CILCO Mem. of Law, 4. Peter Scarpelli, formerly of CILCO, also testified that it was his understanding that CILCO and NewEnergy were sister companies. Scarpelli Dep at 13-14. Thus, in accordance with the principles of agency law, McGeown bound CILCO to the consent to personal jurisdiction set forth in the Letter Agreement. See also 42 Pa. C.S.A. § 5322(a); Grand Entertainment Group v. Star Media Sales, 988 F.2d 476, 483 (3d Cir. 1993) (acts of an agent may establish personal jurisdiction); Aircraft Guaranty Corp. v. Strato-Lift, Inc., 974 F. Supp. 468, 473-74 (E.D. Pa. 1997) (citing cases).

### D.   AmerenCILCO Is Bound by CILCO's Consent to Jurisdiction

The fact that the corporate ownership of CILCO has changed does not divest the Pennsylvania courts of jurisdiction. A successor is bound by the acts of its predecessor for purposes of jurisdiction, as well as for purposes of liability. See Simmers v. American Cyanamid Corp., 578 A.2d 376, 381 (Pa. Super. 1990). The form of the transaction is not

---

[2]   CILCO cannot credibly dispute McGeown's representations of authority, as it has indicated in its interrogatory responses that current CILCO employees have no knowledge of contacts related to Powerweb, NewEnergy or the events underlying this action. See CILCO Responses to Interrogatories nos. 4-8, attached as Exhibit F. Further, Peter Scarpelli, the former CILCO employee most knowledgeable about Powerweb and its relationship with NewEnergy, was not permitted to testify about that knowledge at deposition. See Deposition of Peter Scarpelli ("Scarpelli Dep.") at 28-29, attached hereto as Exhibit G. To the extent that there is a factual dispute as to whether McGeown was the agent of CILCO, such dispute should either be resolved in favor of Powerweb, as the non-moving party, see Aircraft Guaranty Corp. v. Strato-Lift, Inc., 974 F. Supp. 468, 471 (E.D. Pa. 1997), or reserved until a decision on the merits given that the question of agency cannot be answered without also determining the

material, so long as it is not a pure sale of assets. Id. AmerenCILCO has admitted it acquired AES CILCO in January 2003, see CILCO Mem. of Law, 4, and has acknowledged that it assumed the debt of AES CILCO, see AmerenCILCO Press Release, January 31, 2003, attached hereto as Exhibit H. Thus, the transfer of ownership did not immunize CILCO from liability and consequently, the consent to jurisdiction effected by AES CILCO will transfer to AmerenCILCO.

### III.   CONCLUSION

For the forgoing reasons, this court may exercise personal jurisdiction over CILCO.

Respectfully submitted,

_____
Rudolph Garcia
Kara H. Goodchild
Nicholas J. Nastasi
Kristin L. Calabrese
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-1961, -7187,

Attorneys for Powerweb Technologies, Inc.

Date:   July 7, 2003

---

merits of the claim, see Observa-Dome Labs, Inc. v. McGraw-Hill, Inc., 343 F. Supp. 1030, 1033 (E.D. Pa. 1972) (citing Land v. Dollar, 330 U.S. 731, 735 (1947)).