IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., Plaintiff | : : : | CIVIL ACTION |
| vs. | : : | |
| POWERWEB TECHNOLOGIES, INC., A-VALEY ENGINEERS, INC. AND LOTHAR E.S. BUDIKE, JUNIOR, Defendants | : : : : : | |
| vs. | : : | |
| AES CILCO and RETX, INC., Counterclaim Defendants | : : : | NO. 02-2733 (HB) |

**REPLY BRIEF OF COUNTERCLAIM DEFENDANT,
CENTRAL ILLINOIS LIGHT COMPANY, d/b/a AMERENCILCO,
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
POWERWEB TECHNOLOGIES, INC.'S AMENDED COUNTERCLAIM
AGAINST IT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

Counterclaim Defendant, Central Illinois Light Company, d/b/a AmerenCILCO (hereinafter "AmerenCILCO") by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, submits the within Reply Brief in further support of its Motion to Dismiss Powerweb's Amended Counterclaim against it pursuant to Federal Rule of Civil Procedure 12(b)(2). This Reply Brief is filed in response to the Memorandum filed by Powerweb in opposition to that Motion.

As set forth more fully below, as well as in the Motion and accompanying Memorandum of Law originally filed by AmerenCILCO which are incorporated herein by reference, Powerweb has utterly failed to muster any facts to support its contention that this Court may properly exercise personal jurisdiction over CILCO. In fact, so baseless is its position that Powerweb

does not even dare delve into a jurisdictional analysis. Rather, Powerweb has concocted an agency argument based solely upon the inadmissible hearsay of its own principal. As Powerweb has not met its burden of proof on this agency issue and has offered no legitimate basis upon which an assertion of personal jurisdiction may be premised, CILCO's Motion to Dismiss must be granted and the counterclaims against it dismissed in their entirety and with prejudice.

I.     **INTRODUCTION**

On May 14, 2003, AmerenCILCO filed a Motion to Dismiss Powerweb's Amended Counterclaim for lack of personal jurisdiction. A similar motion was filed on behalf of counterclaim co-defendant Retx. Following a telephone conference with all counsel, this Honorable Court issued an Order dated May 15, 2003, giving the parties five and one-half weeks to engage in discovery limited to the issue of jurisdiction. During this five and one-half week period of time, Powerweb propounded written discovery to both CILCO and Retx and conducted the individual depositions of two Retx officers: Ross Malme, President and Chief Executive Officer of Retx, and Peter Scarpelli, Vice-President of Retx, in Atlanta, Georgia. Despite ample opportunity to do so, at no time did Powerweb notice or otherwise request the deposition of anyone employed by or on behalf of CILCO or anyone else for that matter who could testify concerning the jurisdictional theory which Powerweb now proffers[1]. Despite its complete lack of any admissible evidence to support its position, Powerweb nevertheless opposes CILCO's Motion to Dismiss based solely upon a declaration containing nothing more than the inadmissible hearsay of its own principal.

---

[1] In its Memorandum, Powerweb suggests that Peter Scarpelli could have but was not allowed to address this issue on CILCO's behalf. On the contrary, Scarpelli was never a CILCO officer or director and was not noticed or offered as a corporate designee of CILCO. Despite Powerweb's implication to the contrary, there was no way Scarpelli could have given any testimony on behalf of CILCO on this issue.

2

Clearly, Powerweb's position is untenable and CILCO cannot be subjected to the jurisdiction of this court. Consequently, CILCO's Motion to Dismiss should be granted and Powerweb's Counterclaim dismissed in its entirety.

II.   **ARGUMENT**:

    A.   **THIS COURT LACKS PERSONAL JURISDICTION OVER AMERENCILCO AND THEREFORE POWERWEB'S COUNTERCLAIM SHOULD BE DISMISSED**

The jurisdictional question before this Honorable Court is whether Powerweb has presented sufficient facts upon which to render the exercise of personal jurisdiction over AmerenCILCO proper. Powerweb bears the burden on this issue. <u>Allied Leather Corp. v. Altama Delta Corp.,</u> 1992 U.S. Dist.LEXIS 2459 (1992)(citing <u>Mickleburgh Mach. Co. v. Pacific Economic Dev. Co.,</u> 738 F. Supp. 159 (E.D.Pa. 1990); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1351, at 248 (1990); <u>Temtex Prods., Inc. v. Kramer,</u> 330 Pa. 183, 479 A.2d 500 (1984); <u>Crompton v. Park Ward Motors,</u> 299 Pa. Super. 40, 42, 445 A.2d 137, 138 (1982). Having had ample opportunity to conduct discovery, Powerweb cannot simply rely upon the bare allegations of its pleading to satisfy its burden. <u>Time Share Vacation Club v. Atlantic Resorts, Ltd.,</u> 735 F.2d 61 (3d Cir. 1984). Rather, Powerweb is now obligated to come forward with competent and admissible evidence through sworn affidavits or otherwise which establishes a clear jurisdictional basis--one which passes constitutional muster. <u>See</u> <u>Time Share Vacation Club,</u> 735 F.2d at 66-67, n.9.

The jurisdictional analysis which this court must consider is described in detail in AmerenCILCO's original supporting Memorandum of Law and will not be repeated here at any great length. Suffice it to say, however, this analysis must seek compliance with the

requirements of the forum state's long arm statute, in this case that of Pennsylvania, 42 Pa.C.S.A. §5322, and the due process clause of the 14th Amendment.  As explained by the United States Supreme Court in the seminal case of <u>International Shoe v. Washington</u>, 326 U.S. 310, 316, 66 S.Ct. 154 (1945), a court may not assert personal jurisdiction over a non-resident defendant in the absence of certain minimum contacts with the forum state *such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.*

In its brief, Powerweb does not analyze the jurisdictional issue at hand.  There is no mention of the due process clause, the 14th Amendment or minimum contacts.  <u>International Shoe</u> is not considered nor are the notions of fair play or substantial justice addressed.  Obviously, Powerweb did not tackle this analysis because there simply are no facts to support a legitimate jurisdictional argument in its favor. Moreover, it is clear that Powerweb realized and accepted this inadequacy in its case fairly early on as no meaningful effort was made to develop any facts to support an assertion of jurisdiction over AmerenCILCO during discovery. As set forth above, the discovery which Powerweb did seek from this counterclaim defendant was superficial at best.

Lacking a legitimate jurisdictional argument, Powerweb has sought to circumvent the entire issue.  According to Powerweb, this court should exercise personal jurisdiction over AmerenCILCO, an out-of-state defendant which undisputedly has no contacts whatsoever with Pennsylvania, simply because Powerweb's Lothar Budike claims that David McGeown, an employee of NewEnergy East, allegedly made an out-of-court claim to have authority to bind all of AES's subsidiaries. Other than the inadmissible hearsay statement of McGeown set forth in Budike's declaration, Powerweb offers not a shred of proof that McGeown was in fact an authorized agent of all AES subsidiaries. For purposes of its jurisdictional challenge only,

AmerenCILCO does not wish to get into a factual dispute as to whether McGeown actually made this representation because whether or not he made it is not important here. What is important is whether McGeown actually had the authority. As demonstrated below, Powerweb has the burden of proving this claimed agency relationship and it has completely and utterly failed to do so. Moreover, any exercise of jurisdiction over CILCO under these circumstances completely undermines the notions of fair play and substantial justice and would be violative of the due process clause of the 14th Amendment. Accordingly, Powerweb's Counterclaim against AmerenCILCO must be dismissed.

### 1. Powerweb Has Failed to Establish That McGeown Was An Agent of CILCO and Therefore McGeown Cannot Be Said To Have Bound CILCO.

The alleged agency relationship upon which Powerweb bases its entire jurisdictional argument against AmerenCILCO has not been established by competent admissible evidence. Powerweb, as the party asserting the agency relationship, bears the burden of proving it before the purported agent's actions can be attributed to and binding on AmerenCILCO. Goodway Marketing, Inc. v. Faulkner Advertising Associates, Inc., 545 F.Supp. 263 (E.D.Pa. 1982); Scott v. Purcell, 490 Pa. 109, 415 A.2d 56 (1980); Bolus v. United Penn Bank, 363 Pa. Super. 247, 525 A.2d 1215 (1987). Powerweb has completely failed to meet this burden. As previously set forth, Powerweb did not depose anyone from CILCO. It did not depose McGeown or anyone from AES. No one with knowledge of McGeown's actual authority was ever questioned. In fact, no written discovery was sought on this issue either. Yet this is the key pin for Powerweb's whole jurisdictional argument against CILCO. Clearly, the court has given Powerweb the opportunity to take whatever discovery it needed to support its position and for whatever reason, Powerweb chose not to do so. As a result, Powerweb has failed to meet its burden.

To the extent that Lothar Budike's declaration contains the out-of-court statements of McGeown, they are inadmissible hearsay not subject to any exception under the Federal Rules of Evidence and may not be considered by the court. Rule 801(c) of the Federal Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Although subsection (d)(2) of this rule exempts from hearsay admissions by a party-opponent when made by a party's agent, the rule presupposes the existence of the agency relationship by requiring that the statements have been made concerning a matter **within the scope of the agency** and **during the existence of the relationship**. Fed.R.Evid. 801(d)(2). When the very existence of the agency relationship is at the heart of the dispute and the party asserting its existence fails to establish it, this exception does not apply. E.g. Brookover v. Mary Hitchcock Mem. Hosp., 893 F.2d 411 (1st Cir. 1990)(nurses statements as admissions against the hospital not admissible because no proof that nurses were employees of hospital); American Eagle Ins. Co. v. Thompson, 85 F.3d 327 (8th Cir. 1996)(insurance agent's statements were improperly admitted against insurer because there was no showing that he was agent of insurer); City of Long Beach v. Standard Oil Co., 46 F.3d 929 (9th Cir. 1995)(handwritten notes properly excluded because plaintiff failed to show that the author was an agent of the defendant company); Merrick v.Farmers Ins. Group, 892 F.2d 1434 (9th Cir. 1990)(statements of insurance agents and district managers were properly excluded because plaintiff failed to establish agency relationship). Consequently, the statements attributed to McGeown in the declaration of Budike constitute inadmissible hearsay which must be disregarded by the court.

Even if McGeown made the alleged statement, it was not true at least insofar as it relates to CILCO. As set forth in the attached sworn affidavit of Craig W. Stensland, former Corporate

Secretary and counsel for CILCO, during the relevant time period AES had approximately 600 subsidiary companies. (See Exhibit A, ¶ 7). CILCO was one such subsidiary company. At this time, CILCO was aligned under the Great Plains Business Group within the AES organizational system. This group was headed by Paul Stinson, an AES Vice-President. At all times relevant to the facts alleged by Powerweb, CILCO was an independent corporate entity separate and distinct from AES and all of its other subsidiaries. In this regard, CILCO had its own board of directors, its own officers and observed all corporate formalities. (See Exhibit A, ¶ 7.)

In his affidavit, Mr. Stensland further affirms that at no time was David McGeown an officer or director of CILCO nor did he exercise any control or authority over CILCO's corporate duties, obligations or responsibilities. In fact, up until the filing of this lawsuit, Mr. Stensland never even heard of David McGeown. Powerweb has asserted that McGeown was an employee of NewEnergy East. At the time in question, however, Mr. Stensland explains that NewEnergy East was not even part of the same business group as CILCO but was instead aligned with the Pacific Group, an independently operated AES business group headed by Stuart Ryan. (See Exhibit A, ¶ 8).

Of all the facts attested to by Mr. Stensland, one of the most telling is the fact that during the 1999/2000 time frame, CILCO and NewEnergy were competitors in the energy market such that they would, from time to time, submit competing bids on various energy contracts. (See Exhibit A, ¶ 9). To suggest that the employee of one had the ability to control and bind the other is belied by the competitive nature of their relationship in light of the industry as a whole. Furthermore, if McGeown had truly been authorized to act on behalf of CILCO, there would have been no reason for him to refer Powerweb to someone at CILCO as it is claimed occurred with Mr. Scarpelli. More specifically, if McGeown had the authority which Powerweb seeks to

attribute to him, he could have simply conducted business with Powerweb on behalf of CILCO rather than get Scarpelli involved. He did not do this because he could not do this.

In addition, at no time relevant to the facts alleged by Powerweb was CILCO apprised of the details of Mr. McGeown's dealings with Powerweb. CILCO was never given copies of the agreements and letters at issue in this case, was never given an opportunity to agree to the terms set forth therein and never agreed to the forum selection relied upon by Powerweb. (See Exhibit A, ¶10).

While Mr. Stensland admittedly has no personal knowledge of any statements allegedly made by McGeown to Lothar Budike, this is not, as previously explained, relevant to the jurisdictional issue before the court. What is relevant are the facts that **are** within the personal knowledge of Mr. Stensland—namely, that McGeown was never authorized to act on behalf of CILCO, was never employed by CILCO, was never held out by CILCO as its agent and certainly did not have any authority to bind CILCO. (See Exhibit A, ¶ 11.)

Despite having the burden of proof on this agency issue, Powerweb has not presented any admissible evidence to support its theory that David McGeown was an agent of CILCO in his dealings with Powerweb. In the absence of proof from Powerweb on this issue, the out-of-court statement attributed to McGeown in the declaration of Lothar Budike is inadmissible hearsay which may not be considered by the court. For these reasons, Powerweb's agency theory must be rejected and AmerenCILCO's Motion to Dismiss Granted.

    **2.**    **Neither The Choice of Law Provision of the Confidentiality Agreement Nor the Choice of Forum Provision of the Letter Agreement Constitutes a Consent By CILCO to the Jurisdiction of This Court.**

As an element of its argument that McGeown was an agent of CILCO, Powerweb contends that the choice of law provision contained within the Confidentiality Agreement signed

8

by David McGeown as "Director of Energy Services for NewEnergy East" and the choice of forum provision contained within the Letter Agreement similarly signed by McGeown for NewEnergy East, constitute a consent by CILCO to the jurisdiction of this court. This argument is disingenuous. First, as previously explained in detail above, McGeown was not an agent of CILCO. Second, even if McGeown had authority, CILCO did not know about the agreements between McGeown and Powerweb, was not involved in the negotiations preceding those agreements and never consented to the forum selection contained in the Letter Agreement. Third, as Powerweb admits in its Memorandum, no allegations have been made in its pleading that CILCO breached the Letter Agreement and therefore the contents of this document and the forum selection clause contained therein are not even relevant to Powerweb's claims against CILCO.

Moreover, even if the forum selection clause was relevant, it is not enforceable against CILCO because it was neither freely made by CILCO, the party against which it is sought to be enforced, nor is its application reasonable in the context of this litigation. Under Pennsylvania law, a forum selection clause is not enforceable unless it was freely made and it is reasonable at the time of the litigation. The Mutual Fire, Marine and Inland Insurance Company v. Kirk Barry, Leroy Hardy, et. al., 646 F. Supp. 831 (E.D.Pa. 1986) citing, Central Contracting Co. v. C.E.Youngdahl & Co., 418 Pa. 122, 133, 209 A.2d 810, 818 (1965). As set forth in the affidavit of Craig Stensland, CILCO never consented to the jurisdiction of the courts of Pennsylvania. (See Exhibit A, ¶ 12.) Powerweb has not come forward with any admissible evidence to the contrary.

Finally, to the extent that Powerweb argues that the choice of law provision set forth in the Confidentiality Agreement is somehow binding upon CILCO, Powerweb does not even

9

suggest that this mere choice of Pennsylvania law equates to consent to being hauled into court here. Certainly, there is no case law cited by Powerweb to support such a contention and AmerenCILCO submits that there is none.

## III.     CONCLUSION

For all of the foregoing reasons and for those set forth in AmerenCILCO's original supporting Memorandum of Law, this court lacks personal jurisdiction over AmerenCILCO. Consequently, AmerenCILCO's Motion to Dismiss for lack of Jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure is appropriate and must be granted.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By: _____
      Eric A. Weiss, Esquire
      Attorney I.D. No. 19425
      Madeline S. Baio, Esquire
      Attorney I.D. No. 45107
      1845 Walnut Street
      Philadelphia, PA  19103
      215-575-2638
Attorneys for Counterclaim Defendant, Central Illinois Light Company d/b/a AmerenCILCO (Improperly designated as AES CILCO)

Dated:
\01_21\LIAB\MSB\LLPG\399554\ABM\01235\00101

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon all persons listed below a true and correct copy of the Reply Brief of Counterclaim Defendant, Central Illinois Light Company d/b/a AmerenCILCO, in Further Support of its Motion to Dismiss Powerweb Technologies, Inc.'s Amended Counterclaim Against it Pursuant to Federal Rule of Civil Procedure 12(b)(2) in the above-captioned matter this date as follows:

## Via First-Class Mail

David E. Landau, Esquire
Matthew A. White, Esquire
Joel M. Sweet, Esquire
Zachary C. Glaser, Esquire
Jennifer C. O'Neill, Esquire
WOLF, BLOCK, SCHORR AND SOLIS-COHEN, LLP
1650 Arch Street
22nd Floor
Philadelphia, PA  19102-2097
215-977-2000
215-977-2740 (Fax)
Attorneys for Plaintiff, Constellation NewEnergy, Inc.

Joseph F. O'Dea, Jr., Esquire
Kara H. Goodchild, Esquire
Nicholas J. Nastasi, Esquire
Rudolph Garcia, Esquire
William Matthews, Esquire
SAUL EWING, LLP
Centre Square West
1500 Market Street
38th Floor
Philadelphia, PA  19102
215-972-7777
215-972-7725 (Fax)
Attorneys for Defendants, Powerweb Technologies, Inc.,
A-Valey Engineers, Inc. and Lothar E.S. Budike, Jr.

Lee A. Rosengard, Esquire
STRADLEY, RONAN, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
215-564-8032
215-564-8120 (Fax)
Attorneys for Counterclaim Defendant, RETX, Inc.

Tacita A. Mikel Scott, Esquire
Emory L. Palmer, Esquire
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA  30326
404-233-7000
404-365-9532 (Fax)
Attorneys for Counterclaim Defendant, RETX, Inc.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By: _____
Madeline S. Baio, Esquire
Attorney I.D. No. 45107
Attorney for Counterclaim Defendant
Central Illinois Light Company
d/b/a AmerenCILCO
(Improperly designated as AES CILCO)

1845 Walnut Street
Philadelphia, PA  19103
215-575-2638

**DATED:**  July 17, 2003