IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 02-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., et al., | : | |
| | : | |
| Defendants | : | |

**POWERWEB TECHNOLOGIES, INC. MOTION TO STRIKE AFFIDAVIT OF PETER SCARPELLI AND SECTION II.A. OF RETX INC.'S REPLY MEMORANDUM**

Powerweb Technologies, Inc. hereby moves to strike the affidavit of Peter Scarpelli, attached to RETX Inc.'s ("RETX") reply memorandum in further support of its motion to dismiss for lack of personal jurisdiction, and the portion of the memorandum that is based upon the Scarpelli Affidavit, for the reasons set forth in the accompanying memorandum of law.

Respectfully submitted,

_____
Rudolph Garcia
Kara H. Goodchild
Nicholas J. Nastasi
Kristin L. Calabrese
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-1961, -7187,

Attorneys for Powerweb Technologies, Inc.

Date:   July 23, 2003

748454.1 7/23/03

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC., et al., | : | |
| | : | |
| Defendants | : | NO. 02-2733 (HB) |

**POWERWEB TECHNOLOGIES, INC. MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE AFFIDAVIT OF PETER SCARPELLI AND SECTION II.A. OF RETX INC.'S REPLY MEMORANDUM**

Despite aggressively thwarting discovery that conceivably may have touched upon the merits of Powerweb's claims, RETX, Inc. ("RETX") now urges the Court to "consider the lack of merit of Powerweb's claims" in answering the question of personal jurisdiction. RETX, which steadfastly directed Peter Scarpelli not to answer questions ostensibly related to "merits discovery," devotes over a page of its brief to the merits of Powerweb's claims and supports its views with an affidavit from Peter Scarpelli. Putting aside the fact that consideration of the merits at the motion to dismiss stage is improper,[1] RETX cannot refuse to allow Powerweb discovery from Scarpelli and then offer Scarpelli's affidavit as support for the very issues not permitted to be explored at his deposition. Accordingly, the Court should strike Mr. Scarpelli's affidavit and the portion of RETX's reply memorandum based upon the affidavit.

---

[1] See Carteret Sav. Bank v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992) ("We are satisfied that courts reviewing a motion to dismiss a case for lack of *in personam* jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.")

748454.1 7/23/03

**ARGUMENT**

On or about April 7, 2003, defendant Powerweb Technologies, Inc. ("Powerweb") filed an Amended Answer, Affirmative Defenses and Counterclaim, which, in pertinent part, joined RETX as a counterclaim defendant. In response, RETX filed a motion to dismiss solely on the basis of an alleged lack of personal jurisdiction. On May 15, 2003, this Court issued an Order directing the parties to refrain from discovery on the merits of the lawsuit and to undertake discovery on the issue of personal jurisdiction. See May 15, 2003 Order attached hereto as Exhibit "A".

RETX strictly interpreted the Court's Order and thwarted any discovery it viewed as related to the merits of the action. During the deposition of Peter Scarpelli, counsel for RETX made its position abundantly clear:

> MS. SCOTT [counsel for RETX]: I am going to object. You are getting into merit discovery.
>
> MS. GOODCHILD [counsel for Powerweb]: Are you directing him not to answer?
>
> MS. SCOTT: **I'm going to direct him not to answer anything that deals with merit discovery, yes**. The judge's order was very clear. And we may even want to mark that and put that in, too, as an exhibit as to what can be discussed and what we are dealing with here. We are only dealing with jurisdiction.

Deposition of Peter Scarpelli, 26:19 – 27:3 ("Scarpelli Dep."), emphasis added, relevant excerpts of which are attached hereto as Exhibit "B". Indeed, RETX pressed its objection and refused to let Scarpelli answer even a foundation question regarding whether he knew about the existence of a confidentiality agreement between AES NewEnergy and Powerweb:

> Q.   Did Mr. Budike mention to you that he had

>some sort of arrangement with AES NewEnergy?
>
>MS. SCOTT:  Objection.
>
>MS. BAIO [counsel for CILCO]:  Objection.
>
>MS. SCOTT:  Merit.  Goes to merits.  Has nothing to do with jurisdiction.
>
>Q.    (By Ms. Goodchild)  Unless she directs you not to answer, you can answer.
>
>MS. SCOTT:  Don't answer.

Scarpelli Dep., Ex. B, at 28:20 – 29:3.

Despite refusing to allow discovery of Mr. Scarpelli on anything potentially related to the merits of the dispute, RETX now offers Mr. Scarpelli's affidavit as support for its assertion that Powerweb's claims lack merit and thus bear on the question of personal jurisdiction over RETX.  See RETX Reply Memorandum at pp. 2-3.  Such a position is not only legally improper, but also manifestly unfair.  RETX's obvious attempt to color the Court's view of the jurisdictional challenge by presenting as fact its biased and untested version of events should not be countenanced.  The Court should strike the Scarpelli Affidavit and the portion of RETX's brief supported by the Scarpelli Affidavit.[2]

---

[2] Notably, the Scarpelli Affidavit does not support all of the contentions for which it is cited.  For example, RETX claims that Powerweb did not mention the existing confidentiality agreement between it and NewEnergy and cites to paragraph 5 of the Scarpelli Affidavit.  The Scarpelli Affidavit, however, does not address or even refer to the confidentiality agreement between Powerweb and NewEnergy, in paragraph 5 or elsewhere.  In any event, Powerweb was not permitted to question Scarpelli regarding his knowledge of the confidentiality agreement between Powerweb and NewEnergy, and has no means of testing RETX's unsupported allegation.

**CONCLUSION**

For the forgoing reasons, this court should strike the affidavit of Peter Scarpelli and section II.A of RETX's brief, related to the merits of the dispute.

                              Respectfully submitted,

                              _____

                              Rudolph Garcia
                              Kara H. Goodchild
                              Nicholas J. Nastasi
                              Kristin L. Calabrese
                              SAUL EWING LLP
                              Centre Square West
                              1500 Market Street, 38th Floor
                              Philadelphia, PA  19102
                              (215) 972-1961, -7187,

                              Attorneys for Powerweb Technologies, Inc.

Date:  July 23, 2003

## CERTIFICATE OF SERVICE

I, Kara H. Goodchild, hereby certify that true and correct copies of the foregoing Motion to Strike and Memorandum of Law in Support were served by first-class mail upon the following counsel of record:

>Lee A. Rosengard, Esq.
>Stradley, Ronon, Stevens & Young, LLP
>2600 One Commerce Square
>Philadelphia, PA 19103
>*Attorneys for Counterclaim Defendant RETX, Inc.*
>
>Tacita A. Mikel Scott, Esq.
>Morris, Manning & Main, LLP
>1600 Atlanta Financial Center
>3343 Peachtree Road, N.E.
>Atlanta, GA 30326
>*Co-Attorneys for Counterclaim Defendant RETX, Inc.*
>
>Madeline S. Baio, Esq.
>Marshall, Dennehey, Warner, Coleman & Goggin
>1845 Walnut Street
>Philadelphia, PA 19103-4979
>*Attorneys for Counterclaim Defendant AES CILCO*
>
>Joel M. Sweet, Esquire
>Wolf, Block, Schorr and Solis-Cohen, LLP
>1650 Arch St., 22nd Floor
>Philadelphia, PA 19103-2097
>*Attorneys for Plaintiff Constellation NewEnergy*

_____
Kara H. Goodchild

Date: July 23, 2003

748454.1 7/23/03