IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this ____ day of _____, 2004, upon consideration of Defendant Powerweb Technologies, Inc.'s Motion to Compel Production of Documents, it is hereby ORDERED that:

    1. Defendant's motion is GRANTED; and

    2. Plaintiff Constellation NewEnergy, Inc. shall produce the following documents within ten (10) days of this Order:

| | | |
|---|---|---|
| NE00003-04 | NE009424-9432 | NE009577 |
| NE005959-5960 | NE009479 | NE009581 |
| NE006677-6680 | NE009480 | |
| NE006668-6669 | NE009576 | |

    3. It is furthered Ordered that Plaintiff produce the following documents for *in camera* review:

| | | |
|---|---|---|
| NE009433-9411 | NE009570 | NE009580 |
| NE009502-9549 | NE009578 | NE009582-9583 |
| NE009558-9565 | NE009579 | |

Plaintiff's failure to comply with this Order may subject it to sanctions pursuant to Federal Rule 37(b).

BY THE COURT:

_____
Bartle, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, et al., | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATION ACCORDING TO**
**F.R.C.P. 37(a)(2)(A) AND LOCAL RULE 26.1(f)**

Defendant Powerweb Technologies, Inc., by and through its undersigned counsel, hereby certifies that it has conferred with counsel for plaintiff in an attempt to resolve the issues raised by the foregoing motion to compel production of documents. As described in the attached memorandum of law, counsel for defendant has asked that certain documents listed on plaintiff's Amended Privilege Log be produced to avoid the filing of the instant motion. To date, plaintiff's counsel has not produced any of the documents identified. Accordingly, defendant now seeks relief from the Court.

                                                                                   */s/ Nytasha W. Tobias*
                                                                                        NT572

Nytasha W. Tobias, Esquire
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7187

Attorneys for Defendant
Powerweb Technologies, Inc.

Dated: February 27, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, et al., | : | |
| | : | |
| Defendants. | : | |

**MOTION OF DEFENDANT
POWERWEB TECHNOLOGIES, INC.
TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant Powerweb Technologies, Inc. ("Powerweb"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 37(a) and Eastern District of Pennsylvania Local Rule 26.1(g), hereby moves this Court for an Order compelling plaintiff Constellation NewEnergy, Inc., f/k/a AES NewEnergy, Inc. ("NewEnergy"), to produce certain documents listed on its Amended Privilege Log, for the reasons set forth in the accompanying memorandum of law.

                          */s/ Nytasha W. Tobias*  NT572
Rudolph Garcia
Kara H. Goodchild
Nicholas J. Nastasi
Nytasha W. Tobias
Attorney I.D. Nos. 25336,
74948, 82102, 85874
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961; -7109; -1983

Attorneys for Defendant
Powerweb Technologies, Inc.

Dated: February 27, 2004

787504.1 2/27/04

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC.,: | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant Powerweb Technologies, Inc. ("Powerweb"), by and through its undersigned counsel, hereby submits this memorandum of law in support of its motion to compel production of documents from Plaintiff Constellation NewEnergy, Inc., f/k/a AES NewEnergy, Inc. ("NewEnergy").

**I.      Introduction**

NewEnergy's initial log, produced in April 2003, listed 61 claims of attorney-client and attorney work product privilege. Citing various defects, including the failure to identify the attorneys, Powerweb challenged several of NewEnergy's claims of privilege. NewEnergy offered limited explanations and identified certain individuals as attorneys. Powerweb accepted NewEnergy's representations regarding the identity of the attorneys and the propriety of the assertion of privilege in good faith. Powerweb did not doubt the veracity of the privilege log until deposition testimony taken in January 2004 revealed that many of NewEnergy's claims of privilege are not supportable because the individuals are not acting as counsel. NewEnergy's aggressive assertion of privilege as an attempt to thwart Powerweb's discovery efforts should not be countenanced.

**II.**   **Statement of Facts**

This litigation arises from NewEnergy's improper use and dissemination of certain confidential and proprietary information from Powerweb. Powerweb has filed a multi-count counterclaim seeking relief for the wrongs committed by NewEnergy. In pursuit of those claims, Powerweb has issued extensive document requests on topics relevant to all of Powerweb's claims. NewEnergy has refused to produce certain documents under the guise of attorney-client privilege and attorney work product. Recent deposition testimony, however demonstrates that NewEnergy has improperly withheld a number of the documents listed on its Amended Privilege Log.

On February 12, 2004, in an attempt to avoid unnecessary motion practice, Powerweb requested that NewEnergy produce each of the following documents:

| | | |
|---|---|---|
| NE00003-04 | NE009424-9432 | NE009577 |
| NE005959-5960 | NE009479 | NE009581 |
| NE006677-6680 | NE009480 | |
| NE006668-6669 | NE009576 | |

(See letter dated February 12, 2004, attached hereto as Exhibit "1").

Powerweb further requested that NewEnergy produce a revised privilege log that provides a more detailed description of documents Kathryn Loebs and Scott Gladish received, no later than February 18, 2004. Considering the limited number of documents in question and the limited number of entries on the Amended Privilege Log that required clarification, six days was an adequate amount of time for NewEnergy to comply. NewEnergy has refused to produce the documents and has failed to provide any information to refute the deposition testimony which establishes that the documents are not privileged. Despite counsel's letter dated February 16, 2004, wherein NewEnergy represented that it would "promptly" address the issues raised by

Powerweb, to date, NewEnergy has failed to respond. A true and correct copy of the February 16, 2004 letter is attached hereto as Exhibit "2."

### A. The Allegedly Privileged Documents

NewEnergy produced its initial privilege log to Powerweb on April 25, 2003. A true and correct copy of the Privilege Log dated April 23, 2003 is attached hereto as Exhibit "3." The log was replete with assertions of attorney-client privilege and attorney work product, but absent sufficient information to establish that the claimed grounds for privilege existed. In a letter dated May 6, 2003, Powerweb outlined a number of the deficiencies in the privilege log. (See Letter dated May 6, 2003, attached hereto as Exhibit "4"). On May 8, 2003, NewEnergy produced an Amended Privilege Log, which purported to cure the deficiencies. (See Amended Privilege Log, attached hereto as Exhibit "5"). The Amended Privilege Log, however, fails to sufficiently establish that several of the documents are indeed privileged as claimed.

First, there are a number of documents that are being withheld because the author or recipient is allegedly an attorney. However, Powerweb has recently discovered that Steven Levine, one of the "attorneys" identified on the Amended Privilege Log, has not held a valid license to practice law in 15 years. (See Steven Levine Deposition at 11:2-11, attached hereto as Exhibit "6"). Additionally, Jon Moore, who is also identified as an attorney on the Amended Privilege Log, is currently the Chief Operating Officer of the company, and formerly the head of the east region. Under the basic tenants of the law of privilege, communications with either one of these individuals are not privileged. These two gentlemen did not serve as attorneys for NewEnergy, thus no privilege attaches to their communications. Because of this fundamental flaw, NewEnergy's assertion of attorney client privilege fails.

Second, the Amended Privilege Log claims privilege for several documents because they allegedly contain "confidential communication[s] between attorney and client for [the] purpose of rendering legal advice." The descriptions of the documents set forth on the log, however, indicate that the communications involved business advice. In light of NewEnergy's overly aggressive assertions of privilege with respect to Messrs. Levine and Moore, the bald assertion that a document is privileged is suspect. In order to clarify this contradiction, Powerweb requests an *in camera* review of the following documents:

| | | |
|---|---|---|
| NE009433-9411 | NE009570 | NE009580 |
| NE009502-9549 | NE009578 | NE009582-9583 |
| NE009558-9565 | NE009579 | |

    **B.**    **Failure to Establish Attorney-Client Privilege**

It is fundamental that the attorney-client privilege only arises where (1) the asserted holder of the privilege is a client; (2) "the person to whom the communication was made (a) is a member of the bar of a court," and (b) "acting as a lawyer;" and (3) the communication relates to a fact the client communicated to the attorney for the purpose of securing (a) "an opinion of law," (b) "legal services," or (c) "assistance in some legal proceeding." Montgomery Co. v. Microvote Corp., 175 F.3d 296, 301 (3rd Cir. 1999). As evidenced by the above standard, it cannot be assumed that every communication with counsel is privileged. "Only communications made for the express purpose of obtaining or giving legal advice are protected." Andritz Sprout-Bauer, Inc. v. Beazer East, Inc., 174 F.R.D. 609, 633 (M.D. Pa. 1997). Likewise, the "privilege attaches only if the attorney is acting in the role of legal advisor." Id. "Communications made by in-house counsel functioning in the role of business advisor or corporate administrator are not privileged." Id.

On January 22, 2004, during his deposition, Steven Levine testified that he has not practiced law since 1987. (See Levine Dep. at 11:7-8). Yet, Mr. Levine is identified on the Amended Privilege Log as an attorney and his involvement is cited as justification for asserting the attorney-client privilege. The fact that Mr. Levine has not held a valid license to practice law for at least 15 years disproves any assertions by NewEnergy that his communications are somehow privileged. The fundamental requirement that the client communicate with a "member of the bar" in order to assert the attorney-client privilege is absent.[1]

Similarly, Deirdre Lord's deposition testimony rebuts NewEnergy's claims of privilege for documents authored or received by Jon Moore. Ms. Lord testified that Mr. Moore is the Chief Operating Officer of Constellation NewEnergy (see Deirdre Lord Dep. at 19:12-13, attached hereto as Exhibit "7"), and was previously in charge of the east region of NewEnergy (see Lord Dep. at 20:21-22). Ms. Lord further testified that she has sought primarily business advice from Mr. Moore. (See Lord Dep. 21:13-22-22). Additionally, Douglas Short testified that Mr. Moore "acted in a capacity very much as a senior executive of NewEnergy." (See Douglas Short Dep. at 58:11-18, attached hereto as Exhibit "8"). James Curnyn also testified that Mr. Moore was "the president of NewEnergy East." (See James Curnyn Dep. at 150:5-8, attached hereto as Exhibit "9"). Moreover, an email from Mr. Moore to several NewEnergy employees, wherein he dispenses a wide range of business advice, also illustrates that Mr. Moore served in a primarily business function. (See Email dated May 31, 2001, attached hereto as Exhibit "10"). There is no indication from the description of any of the documents listed that Mr. Moore's legal advice, as oppose to business advice, was sought or given. Yet, in the Amended Privilege Log NewEnergy identifies Mr. Moore as an attorney and has claimed a

---

[1] Mr. Levine testified that he has an inactive license in Massachusetts. (See Steven Levine Deposition at 11:4-6).

privilege for documents he has created or received.  Based on his position with the company, it is evident that Mr. Moore served primarily in a business capacity.  Consequently, merely stating that Mr. Moore received a document or created a document is not sufficient to establish a privilege.

The relevant case law is clear.  The attorney-client privilege protects only those communications between client and attorney made for the purpose of rendering legal advice.  As the party asserting the privilege, NewEnergy has the burden of establishing that a privilege exists.  <u>Andritz</u>, 174 F.R.D. at 609.  In light of the foregoing, NewEnergy has not met its burden.  The communications with Mr. Levine and Mr. Moore listed on the Amended Privilege Log are not privileged documents and must be produced.

        **C.**      **Documents Allegedly Provided for the Purpose of Obtaining Legal Advice**

The attorney-client privilege and attorney work product only protects documents exchanged with counsel for the purpose of providing legal advice.  Merely forwarding a document to an attorney does not create a privilege.  As the <u>Andritz</u> court properly noted:

> What would otherwise be routine, non-privileged communications between corporate officers or employees transacting the general business of the company do not attain privileged status solely because in-house or outside counsel is 'copied in' on correspondence or memoranda.

<u>Andritz</u>, 174 F.R.D. at 633.

The are several documents on the Amended Privilege Log that appear to be routine, non-privilege documents forwarded to attorneys at NewEnergy.  Specifically, NewEnergy lists a number of documents communicated to Kathryn Loebs and Scott Gladish that were purportedly "confidential communication[s] between attorney and client for [the] purpose of rendering legal advice."  NewEnergy cannot rely on the descriptions "contract" and "agreement" to establish that legal advice was exchanged.  Though in-house counsel may be

called upon to review contracts and agreements, all advice regarding agreements and contracts is not necessarily legal advice. Business implications and strategy are often considered during contract drafting and negotiations. NewEnergy must demonstrate that legal advice, as opposed to business advice, was sought and/or rendered from Ms. Loebs and Mr. Gladish. See Teltron, Inc. v. Alexander, 132 F.R.D. 394, 396 (E.D. Pa. 1990) ("[w]hen a corporation seeks to protect communications made by an attorney who serves the corporation in a legal and business capacity, the 'corporation must clearly demonstrate that the advice to be protected was given in a professional legal capacity'"). Indeed, the descriptions for the following documents, do not clearly indicate that the documents were exchanged for the express purpose of obtaining or giving legal advice.

| DOCUMENT NUMBER | DESCRIPTION |
| --- | --- |
| NE009433-9411 | Email and draft Agreement re: PJM Curtailment |
| NE009502-9549 | Emails concerning ETI Agreement |
| NE009558-9565 | Email re: ETI final Agreement |
| NE009578 | Email re: VIP contract draft |
| NE009579 | Email re: PJM Curtailment Contract Draft |
| NE009580 | Email re: VIP Contract draft |
| NE009582-9583 | Email re: draft for NY VIP contract |

NewEnergy described some documents as "requesting review and advice" but omitted that phrase when describing the emails for which Powerweb seeks *in camera* review, this distinction suggests that NewEnergy has determined that legal advice was not sought.

NewEnergy has failed to conclusively establish that any of the above documents were provided for the purpose of obtaining legal advice. NewEnergy's continued withholding of these documents is not justified. These documents should be produced for an *in camera* review so that the court can make a final, informed, determination regarding privilege.

**III.    Under the Federal and Local Rules and Applicable Case Law, NewEnergy Should be Compelled to Produce Non-Privileged Documents Immediately**

The purpose of discovery is "to allow the parties to obtain the fullest possible knowledge of the facts and issues before trial." S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc., Civ. A. No. 90-1731, 1991 WL 21655, *2 (E.D. Pa. Feb. 15, 1991). To this end, discovery should enable both parties to "be provided with information essential to proper litigation on all of the relevant facts." Id. Pursuant to Federal Rule of Civil Procedure 34, when a request for production is issued, all responsive documents in the responding party's possession, custody or control are to be made available for inspection and copying within thirty days. Additionally, Federal Rule of Civil Procedure 26 requires "[a] party . . . to amend a prior response to . . . [a] request for production . . . if the party learns that the response is in some material respect incomplete or incorrect." Fed. R. Civ. P. 26(e)(2).

Here, the documents withheld by NewEnergy are responsive to Powerweb's initial requests for production of documents. Now, as a result of recent testimony, both parties are aware that documents created or received by Jon Moore or Steven Levine are not privileged. NewEnergy is under an obligation to supplement its response and produce the documents immediately, pursuant to the Rules of Federal Procedure. Where a responding party fails to fully produce documents in response to a request for production, the propounding party may move the court for an order to compel discovery. Fed. R. Civ. P. 37(a)(2)(B). As NewEnergy has failed to make the supplement to this production as required under the Rules of Federal Procedure, or as

requested by Powerweb, Powerweb now respectfully requests that this Court compel NewEnergy to produce these documents.

### III. Conclusion

For the foregoing reasons, Powerweb respectfully requests that this Court issue an Order compelling NewEnergy produce the following documents:

| | | |
|---|---|---|
| NE00003-04 | NE009424-9432 | NE009577 |
| NE005959-5960 | NE009479 | NE009581 |
| NE006677-6680 | NE009480 | |
| NE006668-6669 | NE009576 | |

Additionally, Powerweb requests that the Order compel New Energy to produce the following documents for *in camera* review within ten (10) days of the date of the Order:

| | | |
|---|---|---|
| NE009433-9411 | NE009570 | NE009580 |
| NE009502-9549 | NE009578 | NE009582-9583 |
| NE009558-9565 | NE009579 | |

*Nytasha W. Tobias*          NT572
Rudolph Garcia
Kara H. Goodchild
Nicholas J. Nastasi
Nytasha W. Tobias
Attorney I.D. Nos. 25336,
74948, 82102, 85874
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961; -7109; -1983

Attorneys for Defendant
Powerweb Technologies, Inc.

Date:   February 27, 2004

## **CERTIFICATE OF SERVICE**

I, Nytasha W. Tobias, hereby certify that a true and correct copy of the foregoing motion to compel production of documents was served this day, via hand-delivery, upon the following counsel of record:

>Jennifer C. O'Neill, Esquire
>Wolf, Block, Schorr and Solis-Cohen, LLP
>1650 Arch St., 22nd Floor
>Philadelphia, PA 19102

_____ NT572
Nytasha W. Tobias

Date:   February 27, 2004