IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., *et al.*, | : | |
| Defendants. | : | |

## **O R D E R**

AND NOW, this          day of                    , 2004, IT IS HEREBY ORDERED that the Motion by Powerweb Technologies, Inc. for Leave to File Second Amended Counterclaims is hereby GRANTED.

BY THE COURT:

_____

J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., *et al.*, | : | |
| Defendants. | : | |

**MOTION BY POWERWEB TECHNOLOGIES, INC.**
**FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIMS**

Powerweb Technologies, Inc. ("Powerweb") moves for leave to amend its counterclaims, in support of which it avers as follows:

1. On April 7, 2003, Powerweb amended its counterclaims in this action to add three new parties.

2. However, on August 21, 2003, the Court dismissed Powerweb's claims against the new parties on jurisdictional grounds.

3. Moreover, substantial information has been obtained through discovery, shedding additional light on the remaining counterclaims against the plaintiff, Constellation NewEnergy, Inc.

4. Accordingly, Powerweb seeks leave to further amend its counterclaims, to delete the extraneous allegations and claims and to conform the pleading to the evidence that will be presented at trial.

5. A true and correct copy of the proposed Second Amended Counterclaims (without its exhibits) is attached hereto as Exhibit A. A blacklined copy also is attached hereto as Exhibit B, showing the proposed revisions.

6. The amendment will not cause any unfair prejudice to NewEnergy.

WHEREFORE, Powerweb respectfully requests leave to file the Second Amended Counterclaims.

RG574
Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
Nicholas J. Nastasi, Esquire
Atty. I.D. Nos. 25336, 74948, 82102
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-1961; -7187; -1983
Attorneys for Powerweb, Inc.,
 A-Valey Engineers, Inc. and
 Lothar E.S. Budike, Jr.

Dated:  April 28, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION BY POWERWEB TECHNOLOGIES, INC.
FOR LEAVE TO TO FILE SECOND AMENDED COUNTERCLAIMS**

Powerweb Technologies, Inc. ("Powerweb") submits this memorandum in support of its motion for leave to further amend its counterclaims.

In summary, the proposed amendments: (a) delete claims against dismissed parties, (b) add clarity and precision to assertions previously made, and (c) conform the pleading to the evidence obtained in discovery.

Although two new counts are added, the claims they assert were already included in the previous pleading. The new Count IV alleges a breach of the Joint Marketing Agreement, but that breach was asserted already in the previous counterclaims, as follows:

> 122. On or about January 8, 2000, Powerweb and NewEnergy entered into a joint-marketing agreement whereby the parties agreed to jointly market the Omni-Link System to NewEnergy's customers throughout Pennsylvania, New Jersey, and Maryland ("Joint-Marketing Agreement"), a true and correct copy of which is attached hereto as Exhibit D.
>
> \*   \*   \*
>
> 133. In or around, October 2000, Powerweb discovered that NewEnergy was using the "Energy Technology" by marketing Powerweb's energy trading concepts to customers throughout New Jersey, New York and Pennsylvania in direct violation of the Confidentiality Agreement, the Letter Agreement, the Joint-Venture Agreement and the Joint-Marketing Agreement.
>
> \*   \*   \*

>   137.    In direct breach of the Confidentiality Agreement, the Letter Agreement, the Joint-Venture Agreement and the Joint-Marketing Agreement, NewEnergy used its confidential relationship with Powerweb to gather as much information as possible about the "Energy Technology," Powerweb's business, and the Omni-Link System in order to secretly commence a rival business to compete with Powerweb.
>
>   138.    Upon information and belief, NewEnergy never intended to honor its obligations under the Confidentiality Agreement, the Letter Agreement, the Joint-Venture Agreement or the Joint-Marketing Agreement. Instead, NewEnergy intentionally and successfully concealed its abuse of its position of trust with Powerweb to start a competing business using the "Energy Technology" information.

Similarly, the new Count VI alleges unjust enrichment, but that claim also was asserted in the previous counterclaims, as follows:

>   145.    Upon information and belief, NewEnergy is holding property (the profits it has improperly received using the "Energy Technology" information it procured from Powerweb) subject to an equitable duty to convey such property to Powerweb.
>
>   146.    NewEnergy will be unjustly enriched if permitted to retain said property.

Thus, the two added counts do not assert a new basis for liability. They merely change the form to better match the substance of what was already alleged.

The Court has broad discretion to permit amended pleadings under Rule 15 of the Federal Rules of Civil Procedure, which mandates that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984). This liberal amendment philosophy dictates that, absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, . . . leave sought should, as the rules require, be 'freely given'." Foman v. Davis, 371 U.S. 178, 182 (1962); see Adams v. Gould, Inc., 739 F.2d 858 (3d Cir. 1984) (holding that the district court "may deny leave to amend only if a plaintiff's

delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party"). "The mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay." <u>IU North America, Inc. v. The Gage Co.</u>, Civ. A. No. 00-3361, 2002 WL 1471715, *5 (E.D. Pa. July 1, 2002). Rather, in order to merit denial of leave to amend, the delay must result in prejudice to the opposing party. <u>See</u> <u>Freedom Int'l Trucks Inc. v. Eagle Enterprises, Inc.</u>, No. Civ. A 97-4237, 1998 WL 639254, at *1 (E.D. Pa. Sept. 15, 1998) (citing <u>Kiser v. General Elec. Corp.</u>, 831 F.2d 423, 427 (3d Cir. 1987)).

Powerweb's proposed amendment has not been unduly delayed, is not sought in bad faith, is not futile, and will not prejudice NewEnergy. Accordingly, Powerweb respectfully requests this Court to grant Powerweb leave to file its Second Amended Counterclaims.

Respectfully submitted,

RG574

Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
Nicholas J. Nastasi, Esquire
Atty. I.D. Nos. 25336, 74948, 82102
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961; -7187; -1983
Attorneys for Powerweb, Inc.,
 A-Valey Engineers, Inc. and
 Lothar E.S. Budike, Jr.

Dated: April 28, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., *et al.*, | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served today upon counsel for Constellation NewEnergy, Inc. by hand delivery, addressed as follows:

> David E. Landau, Esquire
> Wolf, Block, Schorr and Solis-Cohen, LLP
> 1650 Arch St., 22nd Floor
> Philadelphia, PA 19102

RG574_____<br>
Rudolph Garcia, Esquire

Dated: April 28, 2004