IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSTELLATION NEWENERGY, INC., : | |
| : | |
| Plaintiff, : | Civil Action No. 02-CV-2733 (HB) |
| : | |
| v. : | |
| : | |
| POWERWEB TECHNOLOGIES, INC., : | |
| A-VALEY ENGINEERS, INC. AND : | |
| LOTHAR E.S. BUDIKE, JR., : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF CONSTELLATION NEWENERGY, INC.'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

Powerweb Technologies, Inc. ("Powerweb"), and its damages expert, Constantinos Gus Pappas, have refused to produce documents requested and subpoenaed by Constellation NewEnergy, Inc. ("NewEnergy"). According to its damages experts, Powerweb has been damaged to the tune of $91 million. NewEnergy should be permitted to test the legitimacy of this excessive number by examining Powerweb's financial statements, tax returns and ledgers.

**I.    FACTS AND PROCEDURAL HISTORY**

Constantinos Gus Pappas and his firm, Pappas and Company, currently serve as "Powerweb's independent Certified Public Accountants."[1] Moreover, although not disclosed in his report, Mr. Pappas also serves as Powerweb's Chief Financial Officer.[2] Despite Mr. Pappas' obvious familiarity with Powerweb's business records, Powerweb never disclosed him as a potential fact witness pursuant to its duty to make initial disclosures as mandated by Fed. R. Civ. P. 26(a)(1). Mr. Pappas' report calculates Powerweb's purported lost profits flowing from

---

[1] The first page of Mr. Pappas' report is attached as Exhibit A.

[2] A copy of a page from Powerweb's website is attached as Exhibit B.

alleged breaches of contracts. Thus, as both a fact witness and an expert witness, Mr. Pappas' intimate involvement with Powerweb's actual financial history and actual profits and access to key documents and data are relevant areas of inquiry.

To evaluate the reasonableness of Mr. Pappas' assumptions and methodologies in light of facts well known to him as Powerweb's CPA and CFO, NewEnergy served document requests on Powerweb on April 26, 2004, directed to Powerweb and its experts. Request no. 2 states:

> Please produce any materials in the possession, custody or control of Powerweb or their independent Certified Public Accountants, Pappas and Company, Certified Public Accountants, LLC which were created, edited, reviewed or considered by Mr. Pappas between 1999 and the present in connection with his work as Powerweb's Certified Public Accountant and which report or reflect Powerweb's profits, revenues or expenses between 1999 and the present including, but not limited to:
>
> (a) Powerweb's tax returns;
> (b) Powerweb financial statements;
> (c) Powerweb's trial balances;
> (d) Work papers from Pappas and Company related to Powerweb's profits, revenues and expenses;
> (e) Powerweb's cash receipts and disbursement journals; and
> (f) Powerweb's general ledger.

To date, Powerweb has refused to produce this information and refused to confirm in advance of Mr. Pappas' deposition, whether or not these documents would be produced.[3] Accordingly, NewEnergy served a subpoena on Mr. Pappas on May 10, 2004, directing him to respond to an identical document request.[4]

The day before Mr. Pappas's deposition, Powerweb's counsel informed NewEnergy's counsel that Mr. Pappas would not be producing the documents sought pursuant to the document

---

[3] E-mail correspondence between Z. Glaser and K. Goodchild dated May 5-6 is attached as Exhibit C.

[4] A May 7, 2004 cover letter from Z. Glaser to K. Goodchild and the attached notice of deposition and the subpoena served on Mr. Pappas are attached as Exhibit D.

2

requests or the subpoena.[5] The parties agreed to postpone the deposition until this dispute could be resolved.

## II.   ARGUMENT

Rule 26(b)(4) governs "discovery of facts known and opinions held by experts . . . acquired or developed in anticipation of litigation or for trial." FED. R. CIV. P. 26(b)(4). As noted, at no time prior to serving his expert report did Powerweb disclose Mr. Pappas as a potential fact witness. To ameliorate the prejudice caused by Powerweb's belated disclosure of pertinent information and to garner information that directly pertains to its experts' opinion of lost profits, NewEnergy requested information relating to Powerweb's actual empirical data regarding costs, revenues and profit margins at Mr. Pappas' disposal. This information will test both data relied upon and the reliability of the principle and methods, two key aspects of analysis under Federal Rule of Civil Procedure 702.

The significance of this omission is discussed at length in the responsive expert report of Raymond F. Dovell, CPA, of Nihill and Riedley. According to Mr. Dovell, the fact that Mr. Pappas attempted to calculate Powerweb's alleged lost profits without considering Powerweb's historical revenues and costs (figures which he either calculated himself or certainly would have had access to) is directly relevant to whether Mr. Pappas' report conforms to nationally recognized standards for certified public accountants providing professional services and litigation support.[6] Further, Mr. Dovell discussed the significance of being able to compare Mr. Pappas' projections with Powerweb's historical data.

---

[5]    E-mail correspondence between Z. Glaser and K. Goodchild, dated May 13 and 14, 2004, regarding Mr. Pappas' deposition is attached as Exhibit E.

[6]    In support of this opinion, Mr. Dovell cites to various sources, including the AICPA Code of Conduct, *Guide to Litigation Support Services*, Volume 1, Section 303.7, Practitioners Publishing Company and *Litigation Services Handbook, The Role of the Accountant as Expert*, Second Edition, Chapter 30.8.

NewEnergy is entitled to cross examine Mr. Pappas, as Powerweb's CPA and CFO, on Powerweb's historical profits, costs and revenues in projecting Powerweb's alleged lost profits. *See Krisa v. The Equitable Life Assurance Soc'y*, 196 F.R.D. 254, 259 (W.D. Pa. 2000) ("an expert cannot be properly impeached without knowledge of all the relevant materials that shaped that expert's opinion.").[7] If he did not consider these materials, then "the fact that an expert witness was presented with a certain document but did not consider it may be highly relevant in testing the expert's conclusions." *Id.* at 261 (ordering party to produce withheld documents because they fall within permissible limits of discovery). In addition, NewEnergy's responsive expert is entitled to evaluate this information and to supplement his report accordingly.

### III. CONCLUSION

For the foregoing reasons, NewEnergy respectfully requests that the Court grant Constellation NewEnergy, Inc.'s Motion to Compel the Production of Documents.

FOR WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP

_____
David E. Landau
Matthew A. White
Zachary C. Glaser
Jennifer C. O'Neill
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19102-2097
(215) 977-2000

*Attorneys for Plaintiff,
Constellation NewEnergy, Inc.*

Dated: May 19, 2004

---

[7] Although *Krisa* addressed the question of whether certain materials were protected by the attorney work product doctrine, the policy reasons are equally applicable here.

4