# Exhibit A

# PAPPAS AND COMPANY
## CERTIFIED PUBLIC ACCOUNTANTS, LLC

206 West State Street
Lower Level
Media, PA 19063

TELEPHONE: 610-565-8050
TOLL FREE: 800-494-9335
FACSIMILE: 610-565-8049

Powerweb Technologies, Inc.
Media, Pennsylvania

We have been engaged to prepare a report of lost profits in connection with litigation between Powerweb Technologies, Inc. and Constellation NewEnergy Inc.

Our firm currently serves as Powerweb's independent Certified Public Accountants. We provide write up, tax and accounting services through the year. We were asked to take on this engagement at the request of Powerweb's Management. (See attached engagement letter (Tab A) and resume (Tab B) for the details.)

As for giving testimony or being published, I have testified once prior to this matter and I have no published materials.

## Overview

Our responsibility was to determine the dollar amount of lost profits from four areas:

    I.    Sales and installation of Omni-Link systems, including related equipment, to NewEnergy customers for both load and energy management.
    II.    Powerweb's contract with Baltimore Gas and Electric.
    III.    Installation of Omni-Link systems, including related equipment, for Verizon, Inc. (Verizon Inc. includes the former Bell Atlantic Companies and all current operating companies of Verizon Inc.)
    IV.    Contracts Powerweb would have obtained but for NewEnergy's conduct.

Our results are stated as gross profit margins (revenues less cost of goods sold) because the above situations would not have changed Powerweb's general and administrative costs. All monies discussed in this report are on a pre-tax basis.

## I - NewEnergy

We were engaged to determine Powerweb's lost profits in connection with the failure of NewEnergy to honor agreements it had with Powerweb, including a Non-Disclosure Agreement. The lost profits related to NewEnergy are derived from two sources, load management and energy management. Load management is the amount of gross profit margins Powerweb would have received if it were servicing NewEnergy's load management customers. Energy management is the amount of gross profit margin Powerweb would have received if it had the opportunity to sell its energy management services to all NewEnergy customers.

# Exhibit B



HOME | ABOUT US | CONTACT | TECHNOLOGY | INTEGRATION PROCESS | BUSINESS S

POWERWEB OVERVIEW   MISSION STATEMENT   CORPORATE HISTORY   EXECUTIVE MA

# EXECUTIVE MANAGEMENT





**Lothar (Lou) Budike, Jr., President & Founder** - Lothar Budike, Jr. is Powerweb Technologies' founder and president.  He is a leader in the energy information systems market with more than 10 years of systems design, engineering, and implementation experience in the power industry.  He has been the owner and President of Powerweb Technologies or its predecessors, or Camtel, since 1991.  Mr. Budike directly manages the Company's long range planning and engagement delivery operations.  He was the leading force behind the design and development of the Omni-Link™ platform and holds three patents on it.  Prior to founding the Company, Mr. Budike was an electrical engineer working for the Arco Chemical Company in Newton Square, Pennsylvania and Scott Paper Company in Philadelphia, Pennsylvania.  Mr. Budike has also worked on the aircraft carrier USS Kittyhawk for the United States Department of Defense.  Mr. Budike has a BS in Mechanical Engineering from Drexel University and holds a Computer Science, IT degree from the Wireless Institute of Philadelphia.

**Gus Pappas, CPA, Chief Financial Officer** - Gus Pappas joined Powerweb Technologies in January 2003 as acting Chief Financial Officer. Mr. Pappas has a BS in Accounting from Widener University. He was employed at Group Travel Unlimited as a Controller and was Staff Accountant for Kirifides & Co Public Accountants.  He held the position of Manager for the Mid-Atlantic region of Howe & Co. Certified Public Accountants before starting his own accounting firm. Mr. Pappas is licensed in the state of Pennsylvania, is a certified CPA, and is a long-term member of the PA Institute of Certified CPAs as well as the American Institute of CPAs. Mr. Pappas has concentrated his expertise in technology-based companies, working with several Fortune 1000 companies, facilitating technology consulting, technology based tax work, accounting work, and technology related venture funding.

**James W. Shaw, Senior Vice President** - James Shaw is a senior executive experienced in providing investment banking, financial and operational advisory services to emerging growth companies in the communications and information

ELECTRICAL UTILITY INDUST

LIGHTING INDUSTRY

BUILDING CONTROLS INDU

### Recent News >>

- June 1st, 2003 - Powerweb Energy Services to Partner Jersey to Provide Energy In Services

- April 18, 2003 - Powerweb ; Island Power & Light (LIPA) Demand Response product Summer 2003

# Exhibit C

## Glaser, Zachary C.

**From:**    Glaser, Zachary C.

**Sent:**    Thursday, May 06, 2004 10:07 AM

**To:**    'Goodchild, Kara H.'

**Subject:** RE: Experts

The drawing board is bad.  I hate the drawing board.

We will depose Dr. Fox-Penner on the 24th at 10:00 a.m. at our office.

Will you agree to produce your experts and documents responsive to our requests or do we need to serve subpoenas and notice the depositions?

-----Original Message-----
**From:** Goodchild, Kara H. [mailto:KGoodchild@saul.com]
**Sent:** Thursday, May 06, 2004 9:53 AM
**To:** Glaser, Zachary C.
**Subject:** RE: Experts

I just spoke to Fox-Penner's office and the 25th & 26th are no longer options, so if the 24 does not work we are back to the drawing board.  Please confirm that you will take Fox-Penner on the 24th.

We can agree to do NewEnergy's experts at Saul Ewing and Powerweb's experts at Wolf Block.  Let's start the depositions at 10 a.m.

Kara

-----Original Message-----
**From:** Glaser, Zachary C. [mailto:zglaser@WOLFBLOCK.com]
**Sent:** Wednesday, May 05, 2004 9:31 PM
**To:** Goodchild, Kara H.
**Subject:** RE: Experts

I think this should work.  Obviously, since I proposed dates after the 18th, we are agreeing to produce our experts after the 18th.  And I appreciate your agreement to do so as well.

I assume that the sides taking the deposition will host the deposition.  I am booking a room at our firm for Mr. Pappas on the 14th, and we will be using Varallo (as per our agreement).

Several weeks ago, we served document requests regarding your experts.  Will you be producing documents at or in advance of the depositions or will we need to issue subpoenas and serve notices?

The only possible problem I see is Fox-Penner on the 24th.  I'm pretty sure this will be ok, but just in case, would it be possible to double track Fox-Penner and Violette on the 25th?

Thanks.

Zachary C. Glaser, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street - 22nd Floor
Philadelphia, PA 19103-2097
215-977-2110 - direct dial
215-405-3710 - direct fax

-----Original Message-----
**From:** Goodchild, Kara H. [mailto:KGoodchild@saul.com]
**Sent:** Wednesday, May 05, 2004 4:34 PM
**To:** Glaser, Zachary C.
**Subject:** RE: Experts

Zach-  In light of your scheduling difficulties, we will agree to the following schedule after we have received a written assurance that you will produce your experts on the dates below even though they are after the deadline set in the court's scheduling order.

Pappas  May 14
Dovell May 19
Fox-Penner May 24
Violette May 25
Rosenzweig May 26

Kara

    -----Original Message-----
    **From:** Glaser, Zachary C. [mailto:zglaser@WOLFBLOCK.com]
    **Sent:** Wednesday, May 05, 2004 3:35 PM
    **To:** Goodchild, Kara H.
    **Subject:** Experts

    So far, this is what I've been able to come up with:

    We can take Mr. Pappas' deposition on Friday, May 14.
    Ray Dovell is available on the 19th and the 20th.  Your choice.

    It looks like the last three depositions will have to be during the week of the 24th.

    Dr. Violette is coming here on the 24th.  We can make him available on Tuesday the 25th.

    Dr. Rosenzweig is free on the 26th and the 27th.

    Can we schedule Dr. Fox Penner on the 24th or 25th?

        "Saul Ewing LLP <saul.com>" made the following annotations:

~~~~~~~~~~~~~~~~~~~~~~~~~~~

THIS E-MAIL MAY CONTAIN PRIVILEGED, CONFIDENTIAL, COPYRIGHTED, OR OTHER LEGALLY PROTECTED INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT (EVEN IF THE E-MAIL ADDRESS ABOVE IS YOURS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT. IF YOU HAVE RECEIVED THIS BY MISTAKE PLEASE NOTIFY US BY RETURN E-MAIL, THEN DELETE. THANK YOU. SAUL EWING'S WEB SITE IS WWW.SAUL.COM .

~~~~~~~~~~~~~~~~~~~~~~~~~~~

## Glaser, Zachary C.

**From:**     Glaser, Zachary C.
**Sent:**     Wednesday, May 05, 2004 9:31 PM
**To:**       'Goodchild, Kara H.'
**Subject:** RE: Experts

I think this should work.  Obviously, since I proposed dates after the 18th, we are agreeing to produce our experts after the 18th.  And I appreciate your agreement to do so as well.

I assume that the sides taking the deposition will host the deposition.  I am booking a room at our firm for Mr. Pappas on the 14th, and we will be using Varallo (as per our agreement).

Several weeks ago, we served document requests regarding your experts.  Will you be producing documents at or in advance of the depositions or will we need to issue subpoenas and serve notices?

The only possible problem I see is Fox-Penner on the 24th.  I'm pretty sure this will be ok, but just in case, would it be possible to double track Fox-Penner and Violette on the 25th?

Thanks.

Zachary C. Glaser, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street - 22nd Floor
Philadelphia, PA 19103-2097
215-977-2110 - direct dial
215-405-3710 - direct fax
-----Original Message-----
**From:** Goodchild, Kara H. [mailto:KGoodchild@saul.com]
**Sent:** Wednesday, May 05, 2004 4:34 PM
**To:** Glaser, Zachary C.
**Subject:** RE: Experts

Zach-  In light of your scheduling difficulties, we will agree to the following schedule after we have received a written assurance that you will produce your experts on the dates below even though they are after the deadline set in the court's scheduling order.

Pappas  May 14
Dovell May 19
Fox-Penner May 24
Violette May 25
Rosenzweig May 26

Kara

          -----Original Message-----
          **From:** Glaser, Zachary C. [mailto:zglaser@WOLFBLOCK.com]
          **Sent:** Wednesday, May 05, 2004 3:35 PM
          **To:** Goodchild, Kara H.
          **Subject:** Experts

          So far, this is what I've been able to come up with:

          We can take Mr. Pappas' deposition on Friday, May 14.
          Ray Dovell is available on the 19th and the 20th.  Your choice.

It looks like the last three depositions will have to be during the week of the 24th.

Dr. Violette is coming here on the 24th.  We can make him available on Tuesday the 25th.

Dr. Rosenzweig is free on the 26th and the 27th.

Can we schedule Dr. Fox Penner on the 24th or 25th?

"Saul Ewing LLP <saul.com>" made the following annotations:

~~~~~~~~~~~~~~~~~~~~~~~~

THIS E-MAIL MAY CONTAIN PRIVILEGED, CONFIDENTIAL, COPYRIGHTED, OR OTHER LEGALLY PROTECTED INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT (EVEN IF THE E-MAIL ADDRESS ABOVE IS YOURS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT. IF YOU HAVE RECEIVED THIS BY MISTAKE PLEASE NOTIFY US BY RETURN E-MAIL, THEN DELETE. THANK YOU. SAUL EWING'S WEB SITE IS WWW.SAUL.COM .

~~~~~~~~~~~~~~~~~~~~~~~~

5/17/2004

## Glaser, Zachary C.

| | |
|---|---|
| **From:** | Goodchild, Kara H. [KGoodchild@saul.com] |
| **Sent:** | Thursday, May 06, 2004 9:53 AM |
| **To:** | Glaser, Zachary C. |
| **Subject:** | RE: Experts |

I just spoke to Fox-Penner's office and the 25th & 26th are no longer options, so if the 24 does not work we are back to the drawing board.  Please confirm that you will take Fox-Penner on the 24th.

We can agree to do NewEnergy's experts at Saul Ewing and Powerweb's experts at Wolf Block.  Let's start the depositions at 10 a.m.

Kara

> -----Original Message-----
> **From:** Glaser, Zachary C. [mailto:zglaser@WOLFBLOCK.com]
> **Sent:** Wednesday, May 05, 2004 9:31 PM
> **To:** Goodchild, Kara H.
> **Subject:** RE: Experts
>
> I think this should work.  Obviously, since I proposed dates after the 18th, we are agreeing to produce our experts after the 18th.  And I appreciate your agreement to do so as well.
>
> I assume that the sides taking the deposition will host the deposition.  I am booking a room at our firm for Mr. Pappas on the 14th, and we will be using Varallo (as per our agreement).
>
> Several weeks ago, we served document requests regarding your experts.  Will you be producing documents at or in advance of the depositions or will we need to issue subpoenas and serve notices?
>
> The only possible problem I see is Fox-Penner on the 24th.  I'm pretty sure this will be ok, but just in case, would it be possible to double track Fox-Penner and Violette on the 25th?
>
> Thanks.
>
> Zachary C. Glaser, Esquire
> Wolf, Block, Schorr and Solis-Cohen LLP
> 1650 Arch Street - 22nd Floor
> Philadelphia, PA 19103-2097
> 215-977-2110 - direct dial
> 215-405-3710 - direct fax
> -----Original Message-----
> **From:** Goodchild, Kara H. [mailto:KGoodchild@saul.com]
> **Sent:** Wednesday, May 05, 2004 4:34 PM
> **To:** Glaser, Zachary C.
> **Subject:** RE: Experts
>
> Zach-  In light of your scheduling difficulties, we will agree to the following schedule after we have received a written assurance that you will produce your experts on the dates below even though they are after the deadline set in the court's scheduling order.
>
> Pappas  May 14
> Dovell  May 19
> Fox-Penner May 24
> Violette May 25

Rosenzweig May 26

Kara

-----Original Message-----
**From:** Glaser, Zachary C. [mailto:zglaser@WOLFBLOCK.com]
**Sent:** Wednesday, May 05, 2004 3:35 PM
**To:** Goodchild, Kara H.
**Subject:** Experts

So far, this is what I've been able to come up with:

We can take Mr. Pappas' deposition on Friday, May 14.
Ray Dovell is available on the 19th and the 20th.  Your choice.

It looks like the last three depositions will have to be during the week of the 24th.

Dr. Violette is coming here on the 24th.  We can make him available on Tuesday the 25th.

Dr. Rosenzweig is free on the 26th and the 27th.

Can we schedule Dr. Fox Penner on the 24th or 25th?

"Saul Ewing LLP <saul.com>" made the following annotations:

~~~~~~~~~~~~~~~~~~~~~~~

THIS E-MAIL MAY CONTAIN PRIVILEGED, CONFIDENTIAL, COPYRIGHTED, OR OTHER LEGALLY
PROTECTED INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT (EVEN IF THE E-MAIL ADDRESS
ABOVE IS YOURS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT. IF YOU HAVE RECEIVED THIS BY
MISTAKE PLEASE NOTIFY US BY RETURN E-MAIL, THEN DELETE. THANK YOU. SAUL EWING'S WEB SITE
IS WWW.SAUL.COM .

~~~~~~~~~~~~~~~~~~~~~~~

# Exhibit D

# WolfBlock

1650 Arch Street, 22nd Floor, Philadelphia, Pennsylvania 19103-2097
Tel: (215) 977-2000 ■ Fax: (215) 977-2740 ■ www.WolfBlock.com

Zachary C. Glaser
Direct Dial: (215) 977-2110
Direct Fax: (215) 405-3710
E-mail:    zglaser@wolfblock.com

May 7, 2004

**VIA FACSIMILE AND FIRST CLASS MAIL**

Kara H. Goodchild, Esquire
Saul Ewing LLP
Center Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186

> Re:    **Constellation NewEnergy v. Powerweb, et al**
>         **E.D. Pa. No. 02-CV-2733**

Dear Kara:

On April 26, 2004, we served requests for production to Powerweb and its experts and a cover-letter stating that we will need to review the requested documents in advance of the depositions of Mr. Pappas and Dr. Fox-Penner. This week, I have written numerous emails asking if you would produce these documents in connection with the depositions or if you would require us to serve subpoenas on your experts. Since I have not heard back from you on this issue, a subpoena is being served on Mr. Pappas today. Attached is a deposition notice.

Please contact me if you have any questions or concerns.

Very truly yours,

Zachary C. Glaser,
For WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP

Enclosure

DSB:967156.1/AES003-158567

Cherry Hill, NJ ■ Harrisburg, PA ■ New York, NY ■ Norristown, PA ■ Philadelphia, PA ■ Roseland, NJ ■ Wilmington, DE
WolfBlock Government Relations: Harrisburg, PA and Washington, DC
Wolf, Block, Schorr and Solis-Cohen LLP, a Pennsylvania Limited Liability Partnership

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC., :
                                :
            Plaintiff,          :        Civil Action No. 02-CV-2733 (HB)
                                :
    v.                          :
                                :
POWERWEB TECHNOLOGIES, INC.,    :
A-VALEY ENGINEERS, INC. AND     :
LOTHAR E.S. BUDIKE, JR.,        :
                                :
            Defendants.         :

## NOTICE OF DEPOSITION

To:    Kara H. Goodchild, Esquire
       Saul Ewing, LLP
       Centre Square West
       1500 Market Street, 38th Floor
       Philadelphia, PA 19102-2186

       Pursuant to Federal Rule of Civil Procedure 45, Constellation NewEnergy, Inc., will take

the deposition upon oral examination of Constantinos Gus Pappas of Pappas and Company, 206

West State Street, Media, PA 19063, at the offices of Wolf, Block, Schorr and Solis-Cohen, LLP,

1650 Arch Street, Philadelphia, PA 19103, on Friday, May 14, 2004.  The deposition will

commence at 10:00 a.m. and continue day-to-day until completed.  The deposition shall take

place before a notary public or other officer authorized to administer oaths under the law.

       The materials to be produced at the time of the deposition are described in Exhibit A,

attached.

                            WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP


                            By:  _Jennifer C. O'Neill_
                            David E. Landau
                            Jennifer C. O'Neill
                            1650 Arch Street, 22nd Floor
                            Philadelphia, Pennsylvania 19103-2097
                            (215) 977-2000

May 7, 2004
DSB:967138.1/AES003-158567

# SCHEDULE A

## DEFINITIONS

For purposes of these requests, the following words have the meanings set forth below:

A.    "Document" and "documents" shall be given their broadest possible meaning under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, whether or not in written or printed form, including but not limited to all originals and non-identical copies of any written, printed, typed, recorded or graphic matter, photographic matter, sound reproduction, tape, record or other device however produced or reproduced, and specifically includes, without limitation, letters, memoranda, e-mails, telegrams, handwritten notes, diaries, appointment books, telephone message notes, pamphlets, reports, records, working papers, agreements, charts, data sheets, computer discs, computer drives, computer tapes and any other means for storing or preserving computerized information in your possession, custody or control.

B.    "NewEnergy" means Constellation NewEnergy, Inc. and its predecessors, successors and affiliated companies, including but not limited to NewEnergy East, L.L.C., NewEnergy Ventures and AES NewEnergy, as well as their officers, employees and former employees.

C.    "You" and "your" refers to Constantinos Gus Pappas or Pappas and Company and its predecessors, successors, officers, employees, and all persons acting on its behalf.

## DOCUMENT REQUESTS

1.    Please produce any and all documents provided to, considered or relied upon by you, in connection with your engagement in this matter, which have not been specifically described by Bates numbers in Exhibit H to your report, including, but not limited to:

(a)    Materials, drafts, correspondence, reports, tables, etc. prepared by Dr. Fox-Penner or the Brattle Group which were made available to and/or considered by you in connection with his engagement as an expert in this matter;

(b)    Materials, drafts, correspondence, reports, tables, etc. prepared by you which were made available to and/or considered by Dr. Fox Penner in connection with his engagement as an expert in this matter; and

(c)    Any and all documents reviewed, considered or obtained by either you (other than those documents specifically described by Bates numbers in Exhibit H to your report) in connection with their engagement in this matter.

2.    Please produce any materials in your possession, custody or control, or in the possession, custody or control of Pappas and Company, Certified Public Accountants, LLC, which were your created, edited, reviewed or considered between 1999 and the present in connection with your work as Powerweb's Certified Public Accountant and/or acting Chief Financial Officer of Powerweb, and which report or reflect Powerweb's profits, revenues or expenses between 1999 and the present including, but not limited to:

(a)    Powerweb's tax returns;

(b)    Powerweb financial statements;

(c)    Powerweb's trial balances;

(d)    Work papers from Pappas and Company related to Powerweb's profits, revenues and expenses;

(e)    Powerweb's cash receipts and disbursement journals; and

(f)    Powerweb's general ledger.

3.    Please provide any and all documents referring to or relating to the, "lost 13 contracts" referred to in section IV of your report, and any documents referring or relating to correspondence, proposals or agreements between Powerweb and any of the unidentified "13 Utilities" which were provided to or otherwise considered by you or any Pappas and Company employees or agents working in connection with your engagement in this matter.

## CERTIFICATE OF SERVICE

I, Jennifer C. O'Neill, hereby certify that I caused to be served a true and correct copy of the foregoing Notice of Deposition of Constantinos Gus Pappas to be served via facsimile and first class mail upon the following:

> Kara H. Goodchild, Esquire
> SAUL EWING, LLP
> Centre Square West
> 1500 Market Street, 38th Floor
> Philadelphia, PA 19102-2186

Jennifer C. O'Neill

Dated: May 7, 2004

# United States District Court

### for the
### EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEW ENERGY, INC.

v.

POWERWEB TECHNOLOGIES, INC.,
A-VALEY ENGINEERS, INC. AND
LOTHAR E.S. BUDIKE, JUNIOR

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 02-CV-2733 (HB) (U.S.D.C., E.D. Pa.)

TO:    Constantinos Gus Pappas, CPA
       Pappas and Company
       206 West State Street
       Lower Level
       Media, PA 19063

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

X YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION    Wolf Block Schorr and Solis-Cohen LLP<br>1650 Arch Street, 22nd floor<br>Philadelphia, PA 19103 | DATE AND TIME<br>May 14, 2004          10:00a.m. |
| --- | --- |

X   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Schedule A, attached.**

| PLACE                Wolf Block Schorr and Solis-Cohen LLP<br>1650 Arch Street, 22nd floor<br>Philadelphia, PA 19103 | DATE AND TIME<br>May 14, 2004          10:00a.m. |
| --- | --- |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE<br>*Jennifer C. O'Neill*<br>Jennifer C. O'Neill, Attorney for Plaintiff, Constellation NewEnergy, Inc. | DATE<br><br>May 7, 2004 |
| --- | --- |

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER
Jennifer C. O'Neill, Esquire (215-977-2108)
Wolf, Block, Schorr and Solis-Cohen LLP, 1650 Arch Street, 22nd Floor, Philadelphia, PA 19103

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                 SIGNATURE OF SERVER

                                                           _____
                                                                ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specific conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

For purposes of these requests, the following words have the meanings set forth below:

A.    "Document" and "documents" shall be given their broadest possible meaning under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, whether or not in written or printed form, including but not limited to all originals and non-identical copies of any written, printed, typed, recorded or graphic matter, photographic matter, sound reproduction, tape, record or other device however produced or reproduced, and specifically includes, without limitation, letters, memoranda, e-mails, telegrams, handwritten notes, diaries, appointment books, telephone message notes, pamphlets, reports, records, working papers, agreements, charts, data sheets, computer discs, computer drives, computer tapes and any other means for storing or preserving computerized information in your possession, custody or control.

B.    "NewEnergy" means Constellation NewEnergy, Inc. and its predecessors, successors and affiliated companies, including but not limited to NewEnergy East, L.L.C., NewEnergy Ventures and AES NewEnergy, as well as their officers, employees and former employees.

C.    "You" and "your" refers to Constantinos Gus Pappas or Pappas and Company and its predecessors, successors, officers, employees, and all persons acting on its behalf.

## DOCUMENT REQUESTS

1.     Please produce any and all documents provided to, considered or relied upon by you, in connection with your engagement in this matter, which have not been specifically described by Bates numbers in Exhibit H to your report, including, but not limited to:

(a)     Materials, drafts, correspondence, reports, tables, etc. prepared by Dr. Fox-Penner or the Brattle Group which were made available to and/or considered by you in connection with his engagement as an expert in this matter;

(b)     Materials, drafts, correspondence, reports, tables, etc. prepared by you which were made available to and/or considered by Dr. Fox Penner in connection with his engagement as an expert in this matter; and

(c)     Any and all documents reviewed, considered or obtained by either you (other than those documents specifically described by Bates numbers in Exhibit H to your report) in connection with their engagement in this matter.

2.     Please produce any materials in your possession, custody or control, or in the possession, custody or control of Pappas and Company, Certified Public Accountants, LLC, which were your created, edited, reviewed or considered between 1999 and the present in connection with your work as Powerweb's Certified Public Accountant and/or acting Chief Financial Officer of Powerweb, and which report or reflect Powerweb's profits, revenues or expenses between 1999 and the present including, but not limited to:

(a)     Powerweb's tax returns;

(b)     Powerweb financial statements;

(c)     Powerweb's trial balances;

       (d)     Work papers from Pappas and Company related to Powerweb's profits, revenues and expenses;

       (e)     Powerweb's cash receipts and disbursement journals; and

       (f)     Powerweb's general ledger.

3.     Please provide any and all documents referring to or relating to the, "lost 13 contracts" referred to in section IV of your report, and any documents referring or relating to correspondence, proposals or agreements between Powerweb and any of the unidentified "13 Utilities" which were provided to or otherwise considered by you or any Pappas and Company employees or agents working in connection with your engagement in this matter.

# Exhibit E

## Glaser, Zachary C.

**From:**     Goodchild, Kara H. [KGoodchild@saul.com]
**Sent:**     Friday, May 14, 2004 5:29 PM
**To:**       Glaser, Zachary C.
**Cc:**       Garcia, Rudolph
**Subject:** RE: Pappas Deposition

Zach-- I am aware that there are still issues with respect to Mr. Pappas, however, I would like to make sure that there are no issues with respect to the other four experts. Please confirm that we are in agreement as to the production of the documents considered and the workpapers, as outlined below. We acknowledge that NewEnergy contends it is entitled to additional documents from Mr. Pappas.

Kara

> -----Original Message-----
> **From:** Glaser, Zachary C. [mailto:zglaser@WOLFBLOCK.com]
> **Sent:** Friday, May 14, 2004 4:56 PM
> **To:** Goodchild, Kara H.
> **Subject:** RE: Pappas Deposition
>
> We do not agree that this is the limit of what we are entitled to with respect to Mr. Pappas.
>
> -----Original Message-----
> **From:** Goodchild, Kara H. [mailto:KGoodchild@saul.com]
> **Sent:** Friday, May 14, 2004 3:55 PM
> **To:** Glaser, Zachary C.
> **Subject:** RE: Pappas Deposition
>
> Zach- Let's see if we can agree on something. We are willing to produce the documents considered and the workpapers of our experts, please confirm that you are willing to do the same. We are including within the scope of workpapers and documents considered, any documents exchanged (directly or indirectly) by or among experts. Assuming we can agree on that, we will have Mr. Pappas' documents to you shortly (although I am still waiting for a some additional documents to be delivered) and Dr. Fox-Penner's documents to you early next week.
>
> Kara
>
> > -----Original Message-----
> > **From:** Glaser, Zachary C. [mailto:zglaser@WOLFBLOCK.com]
> > **Sent:** Friday, May 14, 2004 12:04 PM
> > **To:** Goodchild, Kara H.
> > **Subject:** RE: Pappas Deposition
> >
> > I have reviewed Powerweb's objections to the subpoena which we served on Mr. Pappas. Pursuant to Rule 45, only a person commanded to produce (Mr. Pappas) may serve written objections to a subpoena. Parties seeking relief from discovery are permitted to seek protective orders pursuant to Rule 26(c). Accordingly, I will not address Powerweb's objections to our subpoena.
> >
> > With respect to Mr. Pappas' objections:
> >
> > 1) You have reported that some of Mr. Pappas files may have been destroyed in a computer crash in between the time that he was served with a subpoena and the date when his deposition was scheduled. Please keep us apprised with your restoration efforts. We would like to receive

information from you or from Mr. Pappas about the efforts which Pappas and Company takes to back-up and preserve its files.

2) With respect to Mr. Pappas' objections, to the extent that documents are not within his custody or control, we presume that they will be produced by Powerweb in response to our document requests. With respect to the objection regarding confidentiality, I note that a confidentiality order has been entered in this case. The materials which we are seeking from Mr. Pappas are no different than the few sparse examples of financial information which Powerweb produced in discovery.

We note, by the way, that all of this material should have already been produced in discovery in response to numerous request for production including, *inter alia*, CNE's Third Set of Requests to Produce, numbers 27-30, to which Powerweb agreed to produce documents. For example, request 29 sought all "financial records concerning your gross revenue, expenses and/or net revenues associated in any way to the Omni-Link System during any time period 1998 to the present." Had Powerweb provided its financial statements, ledgers and tax returns in response to this request, we would not be having this dispute now.

As the the objections that these requests are unduly burdensome or oppressive, we disagree. We presume that Powerweb's CPA has a file on Powerweb which is kept in good condition and contains all of the information we are seeking. If we are wrong, please advise. Finally, we have already postponed Mr. Pappas' deposition to permit the parties time to resolve our disputes. How much additional time do you anticipate Mr. Pappas will need to review his files?

We sincerely want to resolve these disputes without the involvement of the Court. In addition, it is imperative that we come to an understanding regarding the materials sought from the other experts as those depositions are fast approaching.

Regards,

Zach

-----Original Message-----
**From:** Goodchild, Kara H. [mailto:KGoodchild@saul.com]
**Sent:** Thursday, May 13, 2004 6:59 PM
**To:** Glaser, Zachary C.
**Cc:** Garcia, Rudolph
**Subject:** RE: Pappas Deposition

Zach-

I am sorry that I was not able to get back to you earlier. In light of NewEnergy's decision to postpone the Pappas deposition we can continue our efforts to try to work this issue out. Nonetheless, I am attaching both Mr. Pappas and Powerweb's objections to the subpoena served on Mr. Pappas on Monday.

I will send you written document requests for NewEnergy's experts tomorrow. Hopefully there will not be an issue with the other experts.

Kara

-----Original Message-----
**From:** Glaser, Zachary C. [mailto:zglaser@WOLFBLOCK.com]
**Sent:** Thursday, May 13, 2004 4:54 PM
**To:** Goodchild, Kara H.
**Cc:** Garcia, Rudolph; Nastasi, Nicholas J.; Tobias, Nytasha W.

**Subject:** Pappas Deposition

Kara:

I left a message for you when I returned from the settlement conference, but I have not heard back from you yet.

This morning, we had a discussion about the document requests we served last month and the subpoena which we served on Mr. Pappas. You made it clear to me during that conversation that Mr. Pappas will not be producing documents responsive to request #2 in Exhibit A to his subpoena and to request #2 of the document requests we served on Powerweb. Both requests seek the following documents:

        (a)     Powerweb's tax returns;

        (b)     Powerweb financial statements;

        (c)     Powerweb's trial balances;

        (d)     Work papers from Pappas and Company related to Powerweb's profits,

revenues and expenses;

        (e)     Powerweb's cash receipts and disbursement journals; and

        (f)     Powerweb's general ledger.

As I explained to you this morning, we are entitled to cross examine Mr. Pappas regarding the information at his disposal which he either considered but did not include in Exhibit H to his report or that was available to him and he chose to ignore. Further, our experts are entitled to consider this information as part of their critical analysis of his report, the sufficiency of the facts and data he considered, his methodology and his failure to meet the standard of care for CPAs rendering professional services.

Since Mr. Pappas is not producing these critical documents (and may not be producing any responsive documents), we will not proceed with his deposition tomorrow. We will depose Mr. Pappas as soon as this dispute is resolved.

Please confirm that you or one of your colleagues has received this message and that Mr. Pappas has been instructed that his deposition is being postponed.

Regards,

Zach

Zachary C. Glaser, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street - 22nd Floor
Philadelphia, PA 19103-2097
215-977-2110 - direct dial
215-405-3710 - direct fax

"Saul Ewing LLP <saul.com>" made the following annotations:
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
THIS E-MAIL MAY CONTAIN PRIVILEGED, CONFIDENTIAL, COPYRIGHTED, OR OTHER LEGALLY
PROTECTED INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT (EVEN IF THE E-MAIL

5/17/2004

ADDRESS ABOVE IS YOURS), YOU MAY NOT USE, COPY, OR RETRANSMIT IT. IF YOU HAVE
RECEIVED THIS BY MISTAKE PLEASE NOTIFY US BY RETURN E-MAIL, THEN DELETE. THANK YOU.
SAUL EWING'S WEB SITE IS WWW.SAUL.COM .
~~~~~~~~~~~~~~~~~~~~~~~~