IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff | : | |
| | : | Civil Action No. 02-CV-2733 |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC., *et. al.*, | : | |
| | : | |
| Defendants. | | |

**POWERWEB TECHNOLOGIES, INC.'S
MEMORANDUM OF LAW IN RESPONSE TO
CONSTELLATION NEWENERGY'S MOTION TO COMPEL DOCUMENTS**

NewEnergy is seeking to reopen fact discovery months after it was required to be completed and relies on smoke and mirrors to provide a justification for this unwarranted request.

First, NewEnergy claims that Mr. Pappas was not identified as a fact witness, ignoring that Powerweb does not intend to call Mr. Pappas as a fact witness and that financial documents produced by Powerweb and a third party over a year ago identify Mr. Pappas as the person who prepared the financial statements. Then, NewEnergy claims they are entitled to documents which were not specifically considered by Mr. Pappas in creating his report,[1] in response to document requests and a subpoena served months after the expiration of the discovery deadline. Finally, NewEnergy has admitted that the financial documents it seeks are "no different than the . . . examples of financial information which [sic] Powerweb produced in discovery." See email from Z.

---

[1] While Mr. Pappas did not consider the specific documents sought by NewEnergy, he did rely on his general knowledge and his familiarity with Powerweb's business and finances. NewEnergy is free to inquire as to the extent of that knowledge and whether it is sufficient to allow him to determine that the facts and assumptions contained in his report are reasonable.

Glaser to K. Goodchild, May 14, 2004, 12:04 p.m., attached as Exhibit E to NewEnergy's motion to compel.  NewEnergy has suffered no prejudice and is merely using Mr. Pappas as a ruse to reopen discovery.

    A.    NewEnergy is not Entitled to Powerweb Financial Documents From Mr. Pappas

Discovery, with the exception of expert depositions, closed in this case on March 1, 2004.[2]  NewEnergy is moving to compel compliance with document requests served on April 26, 2004 (even if timely served, the responses to which are not yet due) and a subpoena issued on May 10, 2004, both of which are well beyond the discovery deadline.  Notwithstanding NewEnergy's misquotation of Rule 26(b)(4), the Federal Rules do not specifically permit requests for production of documents from experts outside the ordinary discovery process.[3]  Rule 26(b)(4)(A) provides that "[a] party may *depose* any person who has been identified as an expert witness whose opinions may be presented at trial.  If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided." Fed. R. Civ. Proc.26(b)(4)(A) (emphasis added).  In accordance with Rule 26(b)(4)(A), the scheduling

---

[2]    The Court has indicated, however, that the parties could agree to conduct depositions beyond the deadline.  Thus far, there have been limited agreements to conduct depositions beyond the deadlines set forth in the Court's Scheduling Order in order to accommodate schedules.

[3]    It appears that this quotation was copied from Krisa v. Equitable Life Assurance Society, 196 F.R.D. 254, 257 (W.D. Pa. 2000).  NewEnergy failed, however, to include the accompanying footnote that the quotation is from Rule 26(b)(4) *prior* to its 1993 Amendment, which substantially changed the text of that subsection of the Rule.  The Krisa footnote explains that the language of the rule was amended "to provide simply that a party may *depose* a testifying expert witness," but goes on to explain that in its view "the scope *of that form* of discovery plainly extends to facts known and opinions held by the expert acquired or developed in anticipation of litigation or for trial."  Id. at 257, fn. 2 (emphasis added).  Powerweb and Mr. Pappas' objections relate only to the production of documents, not to the scope of matter that may be inquired into at deposition.

order mandated expert depositions to be completed by May 18, 2004. There is no additional provision for expert document discovery.

Krisa v. Equitable Life Assurance Society, 196 F.R.D. 254 (W.D. Pa. 2000), the case cited by NewEnergy, supports Powerweb's position that document discovery from experts is part of the regular discovery process governed by Rule 26(b)(1). In Krisa, a motion to compel documents provided to an expert in response to a timely subpoena duces tecum was *filed during discovery*. Although the case primarily dealt with the application of the work product doctrine, a small portion of the opinion analyzed the discoverability of the documents *not* considered by the expert witness and for which a work product privilege was not claimed under the general scope of discovery set forth in Rule 26(b)(1). In this case, general discovery is closed. In absence of an agreement, the only discovery that may be undertaken is expert depositions.[4]

B.  NewEnergy Is Not Prejudiced

NewEnergy asserts that it is entitled to cross-examine Mr. Pappas on Powerweb's historical profits, costs and revenues in projecting Powerweb's alleged lost Profits. Powerweb does not disagree, it is not attempting to improperly limit the scope of cross-examination. On the contrary, Powerweb is simply asserting that neither it nor Mr. Pappas is required to produce documents that were not considered by Mr. Pappas, after the discovery deadline. Notably, Powerweb and Mr. Pappas are willing to produce Mr. Pappas' workpapers related to the expert report and the documents considered by Mr. Pappas in forming his opinions. Moreover, NewEnergy's ability to cross-examine

---

[4]  Mr. Pappas was scheduled to be deposed by NewEnergy on May 14, 2004. NewEnergy cancelled the deposition on May 13, 2004. Powerweb acknowledged the cancellation and agreed to alert Mr. Pappas that he need not appear.

Mr. Pappas is not impaired simply because it does not have particular documents, which were not used by Mr. Pappas. Notwithstanding NewEnergy's protestations they are in possession of a large volume of documents related to Powerweb's finances, and have been for over a year.[5]

Despite NewEnergy's misleading citation to Krisa, this circuit does not hold or even endorse the proposition that an expert cannot be properly impeached without knowledge of all the relevant materials that shaped that expert's opinion. On the contrary, the Krisa court pointed out that view as one with which the Third Circuit disagrees. Indeed, the Third Circuit has suggested that the best way to attack an expert is to proffer an expert in response. As acknowledged in its motion, NewEnergy has done just that. NewEnergy is not prejudiced in its ability to cross examine or respond to Powerweb's expert, Mr. Pappas. Mr. Pappas merely provides a convenient excuse to seek to reopen discovery month after it was scheduled to be completed.

---

[5] To the extent NewEnergy takes issue with the sufficiency of documents produced, it should have raised the issue prior to the March 1, 2004 discovery cutoff.

C.  Conclusion

For the foregoing reasons, NewEnergy's motion to compel should be denied.

Respectfully,

_____RG574_____
Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-7187

*Attorneys for Powerweb, Inc., A-Valey Engineers, Inc. and Lothar E.S. Budike, Jr.*

Date:  May 20, 2004

**CERTIFICATE OF SERVICE**

      I, hereby certify that on May 20, 2004, I caused a true and correct copy of Powerweb's Request for Production of Documents Related to Experts Retained by Constellation NewEnergy, Inc. to be served by Hand Delivery upon the following counsel of record:

> Zachary Glaser, Esquire
> Wolf, Block, Schorr and Solis-Cohen, LLP
> 1650 Arch St., 22nd Floor
> Philadelphia, PA 19102

                                        _____RG574_____
                                        Rudolph Garcia

Dated: May 20, 2004