IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC., :
:
Plaintiff, :
: Civil Action No. 02-CV-2733 (HB)
v. :
:
POWERWEB TECHNOLOGIES, INC., :
A-VALEY ENGINEERS, INC. AND :
LOTHAR E.S. BUDIKE, JR., :
:
Defendants. :

### AMENDED NOTICE OF DEPOSITION OF POWERWEB TECHNOLOGIES, INC.

To:   Kara Goodchild, Esquire
      Saul Ewing, LLP
      Centre Square West
      1500 Market Street, 38th Floor
      Philadelphia, PA 19102-2186

Pursuant to Fed.R.Civ.P. 30(b)(6), plaintiff, Constellation NewEnergy, Inc. ("NewEnergy"), will take the deposition upon oral examination of defendant Powerweb Technologies, Inc. ("Powerweb") at the offices of Wolf, Block, Schorr and Solis-Cohen, LLP, 1650 Arch Street, Philadelphia, PA 19103, on Wednesday, October 22, 2003. The deposition will commence at 10:00 a.m. and continue day-to-day until completed. The deposition shall take place before a notary public or other officer authorized to administer oaths under the law and will be recorded by sound, video and stenographic means in real time.

DSB:911474.3

Pursuant to Rule 30(b)(6), Powerweb must designate one or more officers, directors or managing agents, or other persons who consent, to testify on its behalf. Following are the general subjects upon which Powerweb will be examined:

1. The trade secrets and confidential information that Powerweb alleges NewEnergy improperly used.

2. The trade secrets and confidential information that Powerweb alleges NewEnergy improperly disclosed.

3. The information that constitutes "Energy Technology" as that term is used in the Non-Disclosure Confidentiality Agreement dated October 11, 1999.

4. Powerweb's documents designated "CONFIDENTIAL" that Powerweb produced in this litigation.

5. Powerweb's efforts to keep secret the trade secrets and confidential information it alleges NewEnergy improperly used and/or disclosed.

6. The information which Powerweb alleges NewEnergy disclosed in violation of the Non-Disclosure Confidentiality Agreement dated October 11, 1999.

7. The "confidential and proprietary information" that NewEnergy "systematically and improperly procured" and "fraudulently stole" in order to compete with Powerweb's business as set forth and referred to in paragraph 91 of Powerweb's amended counterclaims.

8. Powerweb's "Energy Technology" and "energy trading concepts" as set forth and referred to in paragraph 133 of Powerweb's amended counterclaims.

9. The "Energy Technology" information that "NewEnergy has improperly shared some or all of the with numerous third parties that have used the information to compete with

Powerweb and the Omni-Link System" as set forth and referred to in paragraph 140 of Powerweb's amended counterclaims.

10. Powerweb's proprietary information as set forth and referred to in paragraph 142 of Powerweb's amended counterclaims.

11. Powerweb's confidential and proprietary "Energy Technology" as set forth and referred to in paragraphs 151, 152 and 154 of Powerweb's amended counterclaims.

12. "Energy Technology" information and other confidential and proprietary information about Powerweb's reserve capacity sales business and the Omni-Link System technology improperly used and disclosed to third parties without Powerweb's prior written approval as set forth and referred to in paragraphs 165, 187 and 198 of Powerweb's amended counterclaims.

13. "The confidential proprietary information" that NewEnergy used "to develop a project with Bell Atlantic for the reserve capacity sale of electricity" as set forth and referred to in paragraph 188 of Powerweb's amended counterclaims.

14. The details of the proposed Bell Atlantic project, the reserve capacity sales market, the "Energy Technology," and the patented Omni-Link System that NewEnergy and CILCO induced Powerweb to provide them with as set forth and referred to in paragraph 194 of Powerweb's amended counterclaims.

15. The trade secrets from Powerweb about the "Energy Technology," the reserve capacity sale of electricity, and the Omni-Link System that NewEnergy, CILCO, Scarpelli and RETX improperly procured as set forth and referred to in paragraphs 201 and 203 of Powerweb's amended counterclaims.

16. The confidential proprietary information about the reserve capacity sales business and the Omni-Link System that "NewEnergy, CILCO and RETX purposefully and improperly obtained" as set forth and referred to in paragraph 208 of Powerweb's amended counterclaims.

17. Powerweb's "Energy Technology" and other confidential information as set forth and referred to in paragraphs 222 and 223 of Powerweb's amended counterclaims.

                              */s/ signature*
David E. Landau
Matthew A. White
Joel M. Sweet
Zachary C. Glaser
Jennifer C. O'Neill
Attorneys for Plaintiff,
Constellation NewEnergy, Inc.

OF COUNSEL:

WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19103-2097
(215) 977-2000

Dated: October 9, 2003

cc:     Esquire

## CERTIFICATE OF SERVICE

I, Jennifer C. O'Neill, hereby certify that I caused to be served a true and correct copy of the Amended Notice of Deposition of Powerweb Technologies, Inc. pursuant to Fed.R.Civ.P. 30(b)(6) via facsimile and first class mail upon the following:

>Kara Goodchild, Esquire
>SAUL EWING, LLP
>Centre Square West
>1500 Market Street, 38th Floor
>Philadelphia, PA 19102-2186
>*Counsel for Defendants/Counterclaimant*

_____
Jennifer C. O'Neill

Dated: October 9, 2003

DSB:911474.3