IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., *et al.*, | : | |
| Defendants. | : | |

# **O R D E R**

AND NOW, this         day of                          , 2004, IT IS HEREBY ORDERED that the Motion by Powerweb Technologies, Inc. for Leave to File a Surreply Memorandum regarding Plaintiff Constellation NewEnergy, Inc.'s Motion to Strike the Second Expert Report of Constantinos Pappas and Preclude Evidence is hereby GRANTED.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., *et al.*, | : | |
| Defendants. | : | |

**MOTION BY POWERWEB TECHNOLOGIES, INC.
FOR LEAVE TO FILE A SURREPLY MEMORANDUM**

Powerweb, Inc. ("Powerweb")[1] moves for leave to file a surreply in further opposition to the motion of Constellation NewEnergy, Inc. ("NewEnergy") to preclude expert testimony by Constantinos Gus Pappas, CPA, in support of which it avers as follows:

1. On June 21, 2004, NewEnergy filed a motion requesting the Court to strike an expert report and preclude evidence by Constantinos Gus Pappas, CPA.

2. Powerweb filed a memorandum in opposition to the motion on July 6, 2004.

3. On July 8, 2004, NewEnergy filed a reply memorandum that seriously misstates the record, creating an unfair risk of an incorrect decision.

4. Given the magnitude of the requested relief, and to better enable the Court to reach an informed decision, Powerweb has prepared a very short surreply memorandum addressing the misstatements that NewEnergy has made, a copy of which is attached hereto as Exhibit A.

5. If Powerweb is permitted to file the surreply memorandum, its briefs will still total far less than the 25 pages allowed for a single response.

---

[1] Powerweb was incorrectly named in this action as "Powerweb Technologies, Inc."

WHEREFORE, Powerweb respectfully requests leave to file the attached surreply memorandum.

                                                   _____RG574_____
Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961; (215) 972-7187
Attorneys for Powerweb, Inc.

Dated: July 9, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION BY POWERWEB TECHNOLOGIES, INC.
FOR LEAVE TO FILE A SURREPLY MEMORANDUM**

Powerweb Technologies, Inc. ("Powerweb") submits this memorandum in support of its motion for leave to file a surreply in further opposition to the motion of Constellation NewEnergy, Inc. ("NewEnergy") to preclude expert testimony by Constantine Gus Pappas, CPA.

Although surreply memoranda are not generally permitted, they are allowed with leave of Court for good cause shown. There is good cause here, because: (a) NewEnergy's reply memorandum seriously misstates the record, as shown in the attached Exhibit A; (b) the motion seeks to preclude approximately $63 million of Powerweb's damages; and (c) Powerweb's initial brief and surreply combined would still total far less than the 25 pages allowed for a single response. Accordingly, it would be well within the Court's discretion to permit the surreply.

                          Respectfully submitted,

                          RG574

                        Rudolph Garcia, Esquire
                        Kara H. Goodchild, Esquire
                        SAUL EWING LLP
                        Centre Square West
                        1500 Market Street, 38th Floor
                        Philadelphia, PA 19102
                        (215) 972-1961; (215) 972-7187
                        Attorneys for Powerweb, Inc.

Dated: July 9, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., *et al.*, | : | |
| Defendants. | : | |

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing motion andmemorandum were filed electronically today and are available for viewing and downloading from the ECF system. They were served upon counsel for Constellation NewEnergy, Inc. by notice of electronic filing, addressed to:

> David E. Landau, Esquire
> Wolf, Block, Schorr and Solis-Cohen, LLP
> 1650 Arch St., 22nd Floor
> Philadelphia, PA 19102
> dlandau@wolfblock.com

                                    RG574
                              Rudolph Garcia, Esquire

Dated:  Dated: July 9, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., *et al.*, | : | |
| Defendants. | : | |

**SURREPLY MEMORANDUM BY POWERWEB
TECHNOLOGIES, INC. REGARDING PLAINTIFF CONSTELLATION
NEWENERGY, INC.'S MOTION TO STRIKE THE SECOND EXPERT
REPORT OF CONSTANTINOS PAPPAS AND PRECLUDE EVIDENCE**

Powerweb Technologies, Inc. ("Powerweb") submits this surreply memorandum to address the following misstatements in the reply memorandum filed by Constellation NewEnergy, Inc. ("NewEnergy") regarding its motion to preclude expert testimony by Constantinos Gus Pappas, CPA.

First, NewEnergy's reply contends that the damages for lost contracts increased by almost 700%, from $9 million to $63 million. That is incorrect. In the initial reports by Powerweb's experts, the lost profits from those contracts were estimated to be more than $36 million, not $9 million.[1] Thus, the increase was less than half of the amount that NewEnergy suggests. Moreover, that increase was partially offset by other revisions that reduced the damages. The net increase in Powerweb's total damages was *less than 9%*.

Second, NewEnergy implies that the lost contracts were not known to Mr. Pappas when he submitted his initial report. That also is incorrect. Both of Mr. Pappas' reports estimate

---

[1]   See Exhibit F to Powerweb's initial response, and Mr. Pappas' initial and supplemental reports, which were attached to NewEnergy's motion as Exhibits C and D. NewEnergy has failed to note that most of the energy management losses were already included as load management losses before the penetration rate assumption was changed.

# EXHIBIT A

Powerweb's losses from the same 13 contracts.[2] Because NewEnergy's expert complained that Mr. Pappas did not specifically identify the contracts, he provided a list of them with his supplemental report. The only real change was the projected profits that Powerweb would have earned from those same 13 contracts. That was prompted by Dr. Rosenzweig's criticism of the basis for Mr. Pappas' assumed penetration rates and had nothing to do with the identity of the lost contracts.

Third, NewEnergy contends that it asked Mr. Budike to identify the 13 contracts at his deposition. That also is incorrect. The excerpts of testimony attached to NewEnergy's reply memorandum are on a deceptively similar but *different* topic. In the expressly stated context of Powerweb's claim for tortious interference, NewEnergy's counsel asked Mr. Budike to identify all contracts with which NewEnergy had interfered.[3] He identified the Baltimore Gas & Electric Company contract and said "I'd have to look at the sales pipeline chart" to name any others.[4] The questioning then continued regarding whether NewEnergy knew about the contracts, reinforcing everyone's understanding that the contracts Mr. Budike was being asked about were the ones with which NewEnergy had tortiously interfered. Those are *not* the same as the 13 contracts at issue here. The damages in question are profits that Powerweb would have earned on contracts that it lost to competitors because NewEnergy breached its nondisclosure obligations. Powerweb does not contend that NewEnergy tortiously interfered with those 13 contracts. NewEnergy *did not* ask Powerweb to identify the contracts that it lost due to NewEnergy's

---

[2] Section IV of Mr. Pappas' initial report explained, "As a result of the premature competition, Powerweb lost 13 contracts. We calculated the lost profits of those contracts."

[3] See page 689 ("I have a count here for tortious interference with prospective contractual relations. Other than Bell Atlantic, tell me who you actually had—were in contract negotiations with and lost the contract because of the actions of NewEnergy?").

[4] Id. at 689-90. NewEnergy admits on page four of its reply memorandum that it had the pipeline reports. Nevertheless, it chose not to show them to Mr. Budike for a more substantive answer.

improper disclosures, as opposed to its tortious interference. That was first requested by Dr. Rosenzweig's report and was then promptly provided by Mr. Pappas.

The bottom line is that if NewEnergy wanted discovery regarding the lost contracts, it should have asked for it during the ample time allowed for such discovery. Its failure to do so was its own fault and provides no basis for punishing Powerweb.

Respectfully submitted,

RG574

Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961; (215) 972-7187
Attorneys for Powerweb, Inc.

Dated: July 9, 2004