IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| Defendant. | : | |

# **O R D E R**

AND NOW, this      day of            , 2004, it is hereby ORDERED that the Motion in Limine by Powerweb, Inc. to Bifurcate the Issues of Liability and Damages at Trial is GRANTED.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| Defendant. | : | |

**MOTION BY POWERWEB, INC. TO BIFURCATE**
**THE ISSUES OF LIABILITY AND DAMAGES AT TRIAL**

Powerweb, Inc.[1] hereby moves the Court for an Order to bifurcate the trial of this matter into liability and damages phases to be heard by the same jury, for the reasons set forth in the accompanying memorandum of law.

           kc571
Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
Kristin L. Calabrese, Esquire
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961; -7187; -7533
Attorneys for Powerweb, Inc.

Date:   July 15, 2004

---

[1]   Powerweb was incorrectly named in this action as "Powerweb Technologies, Inc."

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW BY POWERWEB, INC.
IN SUPPORT OF MOTION TO BIFURCATE THE
<u>ISSUES OF LIABILITY AND DAMAGES FOR PURPOSES OF TRIAL</u>**

Powerweb filed counterclaims seeking damages in excess $100,000,000.[1]  Much of the evidence and testimony, including the testimony of five experts, to be presented at trial relates to establishing Powerweb's damages. The magnitude of the damages and the complex nature of the testimony creates the potential that the jury will confuse liability and damages. That risk can be avoided by having the jury consider only liability first and then move to damages after finding in favor of Powerweb.  Bifurcation will streamline the trial, minimize jury confusion, and may shorten the time necessary to try this matter.

**I.    BACKGROUND**

NewEnergy agreed to enter into a series of joint ventures with Powerweb to license the Omni-Link system, first to Bell Atlantic Corporation, and then to other customers. Accordingly, Powerweb disclosed the details of its system to NewEnergy under a written agreement that prohibited NewEnergy from unilaterally using or disclosing any of the information that Powerweb provided. NewEnergy then abandoned Powerweb, used the information to develop competing products and services of its own, and carelessly disclosed the information to others

---

[1]  In April 2003, Powerweb amended its counterclaim to add a permissive counterclaim for tortious interference with contract, which matured after the filing of the compulsory counterclaims.

who also used it to become competitors of Powerweb. NewEnergy further interfered with Powerweb's existing customer contract with Baltimore Gas & Electric Co. ("BG&E"), precipitating the end of this relationship.

NewEnergy's anticompetitive conduct has resulted in serious economic injury to Powerweb by preventing Powerweb from reaping the full benefit of its development of the Omni-Link system and its contractual agreements to market and employ this system. As a result, Powerweb seeks to recover the present value of both the profits that Powerweb would have earned and the profits that NewEnergy has earned as a result of NewEnergy's breach of contract, unauthorized use and disclosure of Powerweb's confidential information, and interference with Powerweb's relationship with BG&E.

## II.   ARGUMENT

A court may, in its discretion, bifurcate the issues of liability and damages. See Fed. R. Civ. P. 42(b); see also Lowe v. Philadelphia Newspapers, Inc., 594 F. Supp. 123, 125 (E.D. Pa. 1984). Bifurcation is appropriate where separate trials would further convenience or avoid prejudice. See Miller v. N.J. Transit Auth. Rail Operations., 160 F.R.D. 37, 40 (D. N.J. 1995) (citations omitted). Bifurcation may be advantageous by "enhancing juror comprehension of complex issues." Barr Labs., Inc. v. Abbott Labs., 978 F.2d 98, 115 (3d Cir. 1992).

Bifurcation in this instance will both further convenience and aid in the jury's comprehension of the issues to be presented. This matter involves fiercely contested issues on liability and damages. The evidence related to damages is complex and will involve distinct facts from the liability issues. The liability issues are relatively straightforward, but require detailed testimony regarding Powerweb's energy technology and the relationship between Powerweb and NewEnergy. To determine liability the jury must only look at what Powerweb and NewEnergy

promised one another and whether they fulfilled those promises. Determining damages, on the other hand, involves a broader examination of the energy markets, the margins on complex energy transactions, and forecasts of future performance.  Trying the liability issues and the damages together creates the risk that the jury may erroneously consider evidence related to damages in determining liability. Bifurcation will prevent any potential prejudice to Powerweb while not imposing any prejudice on NewEnergy.

In addition, bifurcation will save considerable time and expense in the event that the jury does not find in favor of Powerweb on the counterclaim.[2] Powerweb is seeking over $100 million in damages; a significant portion of the evidence and testimony relates to the establishment of those damages. Indeed, five experts have issued reports related to Powerweb's damages. If Powerweb does not prevail on its counterclaims, then that evidence need not be presented. On the other hand, if the jury finds in favor of Powerweb on the counterclaims, the parties may move directly into the damages phase of the trial, with a jury that is already familiar with the background facts. Moreover, a determination of liability increases the likelihood that the parties could resolve the matter without trying the damages portion. Bifurcation will not cause significant delay and may materially lessen the burden on the court.

### III.  CONCLUSION

For the foregoing reasons, the Court should bifurcate the trial with respect to liability and damages.

---

[2]  NewEnergy's claims are such that in the event that a jury finds in favor of NewEnergy a trial on damages will not be necessary.

814508.1 7/15/04

- 3 -

                Respectfully submitted,

                kc571

Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
Kristin L. Calabrese, Esquire
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961; -7187; -7533
Attorneys for Powerweb, Inc.

Date:   July 15, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| Defendant. | : | |

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing proposed order, motion and memorandum were filed electronically today and are available for viewing and downloading from the ECF System. They were served upon counsel for Constellation NewEnergy, Inc. by notice of electronic filing to:

> David E. Landau, Esquire
> Wolf, Block, Schorr and Solis-Cohen, LLP
> 1650 Arch St., 22nd Floor
> Philadelphia, PA 19102
> dlandau@wolfblock.com

kc571<br>
Kristin L. Calabrese

Date:   July 15, 2004

814508.1 7/15/04