IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| Defendant. | : | |

# **O R D E R**

AND NOW, this _____ day of _____, 2004, it is hereby ORDERED that the Motion in Limine by Powerweb, Inc. to be Treated as the Plaintiff for Purposes of the Order of Presentations at Trial is GRANTED.

BY THE COURT:

_____
                                                                                                           J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| Defendant. | : | |

## MOTION IN LIMINE BY POWERWEB, INC. TO BE TREATED AS THE PLAINTIFF FOR PURPOSES OF THE ORDER OF PRESENTATIONS AT TRIAL

Powerweb, Inc.[1] hereby moves the Court to treat Powerweb as the plaintiff for purposes of the order of presentations at trial, for the reasons set forth in the accompanying memorandum of law.

                                                   RG574
                            Rudolph Garcia, Esquire
                            Kara H. Goodchild, Esquire
                            Kristin L. Calabrese, Esquire
                            SAUL EWING LLP
                            Centre Square West
                            1500 Market Street, 38th Floor
                            Philadelphia, PA 19102
                            (215) 972-1961; -7187; -7533
                            Attorneys for Powerweb, Inc.

Date: July 15, 2004

---

[1] Powerweb was incorrectly named in this action as "Powerweb Technologies, Inc."

814187.2 7/15/04

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE BY POWERWEB, INC. TO BE TREATED AS THE
<u>PLAINTIFF FOR PURPOSES OF THE ORDER OF PRESENTATIONS AT TRIAL</u>**

Powerweb, Inc. ("Powerweb")[1] submits this memorandum in support of its motion to be treated as the plaintiff for purposes of the order of presentations at trial due to the relative complexity and magnitude of its counterclaims against Constellation NewEnergy, Inc. ("NewEnergy").

NewEnergy commenced this action to seek a return of $100,000 advanced for an initial project with Bell Atlantic Corporation.[2] Powerweb answered the complaint, explaining that NewEnergy is not entitled to any repayment because the advance was spent as authorized for preliminary engineering. In addition, Powerweb filed counterclaims against NewEnergy for lost profits over the ten-year period covered by the parties' Confidentiality Agreement. NewEnergy then retaliated by inducing Baltimore Gas & Electric Company to terminate a three-year contract with Powerweb.

The damages caused by NewEnergy's wrongful conduct total more than $117 million. Thus, although NewEnergy is the nominal plaintiff, this case is primarily about Powerweb's counterclaims. Those claims include breach of the Confidentiality Agreement,

---

[1]     Powerweb was incorrectly named in this action as "Powerweb Technologies, Inc."

[2]     NewEnergy has since conceded that even if successful, it is only entitled to $95,000.

breach of a joint venture agreement, breach of a joint marketing agreement, unjust enrichment, breach of fiduciary duties, fraudulent misrepresentations, misappropriation of trade secrets, tortious interference with prospective contractual relations, tortious interference with existing contractual relations, and unfair competition.

Not surprisingly, the parties have spent the vast majority of their discovery efforts on Powerweb's counterclaims. All five experts who have been identified produced reports regarding Powerweb's counterclaims. And most importantly, at least 95% of the evidence at trial will pertain to Powerweb's counterclaims. For all intents and purposes, Powerweb is the true plaintiff in this litigation. Accordingly, it seeks to be treated as the plaintiff for purposes of the order of presentations at trial. Proceeding in that way will significantly streamline the trial and minimize jury confusion.

The Court has considerable discretion regarding the order of proof and the presentation of evidence. See Fed. R. Evid. 611(a); Skogen v. Dow Chem. Co., 375 F.2d 692, 704 (8th Cir. 1967) (listing the areas of a trial court's discretion, including the order and proper presentation of evidence). Where appropriate, a court may order that a counterclaim be presented to the jury first. See Peterson v. Weinberger, 508 F.2d 45, 54 (5th Cir. 1975) ("it was within the court's discretion . . . to initially try the issues raised by the counterclaim."); see also Nemours Found. v. Gilbane Aetna Fed. Ins. Co., 632 F. Supp. 418, 420 n.1 (D. Del. 1986) (referencing the court's order to treat a party as the plaintiff who was not the plaintiff in the context of the entire litigation); NEC Corp. v. Intel Corp., 645 F. Supp. 590, 592 (N.D. Cal. 1986) (referencing the court's order that issues raised by a counterclaim proceed first).

The magnitude and the factual complexity of Powerweb's claims militate in favor of treating Powerweb as the plaintiff and proceeding with the counterclaims first. NewEnergy's

claim relates to a simple alleged breach of the third in a series of five executed agreements between the parties.[3] On the other hand, Powerweb's claims assert breaches of the first agreement, as well as the third and others. The evidence related to Powerweb's claims trace the parties' relationship from its inception to its conclusion, whereas the evidence related to NewEnergy's claim essentially relates only to the middle portion of the relationship. Treating Powerweb as the plaintiff would allow the jury to be presented with a coherent timeline rather than starting in the middle and then going back to the beginning when Powerweb begins its presentation.

Also, some of the witnesses will offer testimony regarding both NewEnergy's affirmative claim and Powerweb's counterclaims, including two key witnesses, Lothar E.S. Budike, Jr. and David McGeown. If NewEnergy proceeds first, it will be difficult to avoid presenting alleged defenses to Powerweb's claims before Powerweb has even introduced its claims, creating substantial confusion for the jury. On the other hand, permitting Powerweb to present its counterclaims first will foster an orderly and intelligible introduction of all the pertinent evidence. NewEnergy's defense and its presentation of its affirmative claims logically follow, not precede, Powerweb's counterclaims. Thus, treating Powerweb as the plaintiff would minimizes the confusion for the jury and the need to recall any witnesses.

Absent altering the usual order of proof, this trial will be a prime example of the proverbial tail wagging the dog. Powerweb did not choose to litigate its claims as counterclaims, but rather was forced into that position by NewEnergy's filing of a relatively minor claim, one which, without the counterclaims, would have been arbitrated rather than tried to a jury. Thus,

---

[3] Powerweb and NewEnergy signed two letters of intent, technically making the Bell Atlantic Agreement the fourth agreement between the parties, but because one letter of intent replaced the other a day later, they will be counted as a single agreement.

the interests of justice as well as judicial economy favor the treatment of Powerweb as the plaintiff at trial.

## CONCLUSION

For the foregoing reasons, the Court should treat Powerweb as the plaintiff for purposes of the order of presentations at trial. In the alternative, the order of opening statements, proof and closing arguments should be as follows: (1) NewEnergy, regarding its own claims *only*; (2) Powerweb, regarding it defenses to NewEnergy's claims and the counterclaims; (3) NewEnergy, for its rebuttal regarding its own claims and its defenses to the counterclaims; and (4) Powerweb, for its rebuttal regarding the counterclaims.

Respectfully submitted,

RG574

Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
Kristin L. Calabrese, Esquire
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961; -7187; -7533
Attorneys for Powerweb, Inc.

Date:   July 15, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing proposed order, motion and memorandum were filed electronically today and are available for viewing and downloading from the ECF System. They were served upon counsel for Constellation NewEnergy, Inc. by notice of electronic filing to:

> David E. Landau, Esquire
> Wolf, Block, Schorr and Solis-Cohen, LLP
> 1650 Arch St., 22nd Floor
> Philadelphia, PA 19102
> dlandau@wolfblock.com

                                                                RG574
                                       Rudolph Garcia, Esquire

Date:   July 15, 2004