IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| Defendant. | : | |

**PRETRIAL MEMORANDUM
BY POWERWEB REGARDING ITS COUNTERCLAIMS**

Powerweb, Inc. ("Powerweb")[1] submits this pretrial memorandum with respect to its claims against Constellation NewEnergy, Inc. ("NewEnergy").

**I.   NATURE OF THE ACTION AND JURISDICTION OF THE COURT**

Although NewEnergy is the nominal plaintiff, this case is primarily about Powerweb's counterclaims. Those claims are asserted under state law seeking recovery for breachs of a series of agreements, unjust enrichment, breach of fiduciary duties, fraudulent misrepresentations, misappropriation of trade secrets, tortious interference with prospective and existing contractual relations and unfair competition.

The Court has supplemental jurisdiction over Powerweb's counterclaims under 28 U.S.C. § 1367(a) and diversity jurisdiction under 28 U.S.C. § 1332.

**II.   STATEMENT OF THE FACTS**

In 1996, the electricity markets in various regions across the United States began to be deregulated, opening the door to competition and new methods for reducing energy costs. Because electricity cannot be stored, all generated power must be consumed instantaneously. That makes balancing supply and demand a constant challenge and causes electricity prices to be

extremely volatile. During high demand periods, the wholesale price of electricity can increase by as much as 1,000%. Powerweb designed a system that enables large commercial customers to profit from that fluctuation by cutting back their consumption or using their own emergency generators when prices are at their highest ("Omni-Link system").

NewEnergy agreed to enter into a series of joint ventures with Powerweb to license the Omni-Link system, first to Bell Atlantic Corporation ("Bell Atlantic"),[2] and then to other customers. Accordingly, Powerweb disclosed the details of its system to NewEnergy under a written agreement ("Confidentiality Agreement") that prohibited NewEnergy from unilaterally using or disclosing the information that Powerweb provided. NewEnergy then abandoned Powerweb, used the information to develop competing products and services of its own, and carelessly disclosed important aspects of the information to others who then used it to also become competitors of Powerweb.

NewEnergy commenced this action to seek a return of $100,000 that it paid for the initial Bell Atlantic project. Powerweb answered the complaint, explaining why NewEnergy is not entitled to any repayment. In addition, Powerweb filed its counterclaims against NewEnergy for lost profits over the ten-year period covered by the Confidentiality Agreement. NewEnergy then retaliated by inducing Baltimore Gas & Electric Company ("BG&E") to terminate a three-year contract with Powerweb. Recovery for that interference also has been sought by amending the counterclaims.

---

[1]    Powerweb was incorrectly named in this action as "Powerweb Technologies, Inc."

[2]    Bell Atlantic is now known as Verizon. However, for convenience and clarity, it will be referred to in this memorandum as Bell Atlantic even after it changed its name to Verizon.

**III.    MONETARY DAMAGES AND OTHER RELIEF SOUGHT**

Powerweb seeks recovery of lost profits totaling more than $117 million, as calculated in expert reports by Peter Fox-Penner, Ph.D. and Constantinos Gus Pappas, CPA, copies of which are attached hereto as Exhibits A and B, respectively.

Powerweb also is entitled to an award of attorneys fees, as provided by the Confidentiality Agreement, and punitive damages for NewEnergy's outrageous tortious conduct.

In addition, NewEnergy should be permanently enjoined from further using or disclosing any of Powerweb's confidential information.

**IV.    TRIAL WITNESSES**

Powerweb may call some or all of the witnesses included on the list attached hereto as Exhibit C. Powerweb also reserves the right to call any witnesses listed by NewEnergy and any other witnesses for impeachment or rebuttal.

**V.    TRIAL EXHIBITS**

Powerweb may use some or all of the exhibits included on the list attached hereto as Exhibit D. Powerweb also reserves the right to use any exhibits listed by NewEnergy, any other demonstrative exhibits and any other exhibits for impeachment or rebuttal.

**VI.    ESTIMATE OF DAYS REQUIRED FOR TRIAL**

Powerweb estimates that the trial of this case will take approximately two weeks.

**VII.    SPECIAL COMMENTS**

Powerweb will need to use electronic display equipment for exhibits and an Internet connection to access one or more of its live sites.

Powerweb should be permitted to present its counterclaims first, for the reasons explained in the Motion in Limine by Powerweb, Inc. to be Treated as the Plaintiff for Purposes of

the Order of Presentations at Trial. In addition, Powerweb suggests that the trial be bifurcated for the reasons explained in the Motion in Limine by Powerweb, Inc. to Bifurcate the Issues of Liability and Damages at Trial. Both of those motions are being filed concurrently herewith and are incorporated herein by reference.

Powerweb may move to amend its pleadings to conform to the evidence at trial, particularly regarding additional facts learned through discovery regarding liability and damages.

## VIII. LEGAL ISSUES

The legal issues in this case have been enumerated and addressed in the parties' cross-motions for summary judgment. Accordingly, Powerweb's briefs regarding those motions are incorporated herein by reference.

## IX. OBJECTIONS TO ADMISSIBILITY

Powerweb objects to the evidence specified in the following motions in limine which are being filed concurrently herewith and are incorporated herein by reference:

- Motion in Limine by Powerweb, Inc. to Preclude Testimony by Dr. Rosenzweig;

- Motion in Limine by Powerweb, Inc. to Preclude Testimony by Dr. Violette;

- Motion in Limine by Powerweb, Inc. to Preclude Testimony by Raymond F. Dovell, C.P.A.;

- Motion in Limine by Powerweb, Inc. to Preclude Evidence and Testimony regarding NewEnergy's Post Discovery Representations to Michael Rosenzweig, Ph.D.; and

- Motion in Limine by Powerweb, Inc. to Preclude Evidence and Testimony Related to Documents Produced After the Close of Discovery.

In addition, Powerweb will object to the authenticity of a purported letter from Harry Davitian dated April 29, 1999 (McGeown 001-02), which was first produced after the discovery deadline had expired.

- 5 -

Powerweb has no way of knowing what other objections it will have to NewEnergy's exhibits, because exhibit lists were not exchanged in advance of the deadline for this pretrial memorandum. Accordingly, Powerweb reserves the right to object to any or all of NewEnergy's other exhibits for any reason.

Powerweb also has no way of knowing what objections and counter-designations it will have to whatever deposition testimony NewEnergy designates, because deposition designations were not exchanged in advance of the deadline for this pretrial memorandum. Accordingly, Powerweb reserves the right to object to any or all of NewEnergy's designations for any reason and to serve counter-designations.

          RG574
Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
Kristin L. Calabrese, Esquire
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961; -7187; -7533
Attorneys for Powerweb, Inc.

Date:   July 15, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| Defendant. | : | |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pretrial memorandum was filed electronically today and is available for viewing and downloading from the ECF system. The memorandum was served upon counsel for Constellation NewEnergy, Inc. by notice of electronic filing, addressed to:

> David E. Landau, Esquire
> Wolf, Block, Schorr and Solis-Cohen, LLP
> 1650 Arch St., 22nd Floor
> Philadelphia, PA 19102
> dlandau@wolfblock.com

                                                  RG574
                                       Rudolph Garcia, Esquire

Dated: July 15, 2004