IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| Defendant. | : | |

**PRETRIAL MEMORANDUM
BY POWERWEB REGARDING NEWENERGY'S CLAIMS**

Powerweb, Inc. ("Powerweb")[1] submits this pretrial memorandum with respect to the claims asserted by Constellation NewEnergy, Inc. ("NewEnergy").

## I. NATURE OF THE ACTION AND JURISDICTION OF THE COURT

NewEnergy's claims seek recovery under state law for purported breach of an agreement and unjust enrichment.

The Court has diversity jurisdiction over NewEnergy's claims under 28 U.S.C. § 1332.

## II. COUNTERSTATEMENT OF THE FACTS

On January 7, 2000, Powerweb and NewEnergy entered into a written contract ("Contract") to work together regarding a proposed installation of Powerweb's Omni-Link system at certain Bell Atlantic facilities in New Jersey. NewEnergy paid $100,000 to Powerweb for project development costs. Powerweb incurred engineering expenses in excess of that amount. Thereafter, due to unforeseen environmental permitting issues, Bell Atlantic decided not to proceed with the project in New Jersey. The Contract then expired without any other projects being jointly undertaken.

---

[1] Powerweb was incorrectly named in this action as "Powerweb Technologies, Inc."

NewEnergy seeks to recover the entire $100,000 payment, by contending that it did not authorize Powerweb's expenditures. Powerweb denies that contention and will present testimony that the entire amount was authorized. In any event, the Contract did not require Powerweb to return any of the funds under any circumstances—NewEnergy's sole source of repayment was from profits that never materialized. NewEnergy has *admitted* that Powerweb never agreed to return any of the $100,000 payment. Indeed, NewEnergy had sought to include an obligation to return any unused funds, but Powerweb refused and the Contract was signed without such a requirement. Thus, it makes no difference whether NewEnergy authorized the expenditures or not. Either way, Powerweb was entitled to keep the funds (in lieu of a previously negotiated prepayment of $500,000).

### III.  MONETARY DAMAGES AND OTHER RELIEF SOUGHT

Although NewEnergy seeks a refund of $100,000, NewEnergy has admitted that Powerweb was authorized to expend $5,000 of that amount.  Thus, NewEnergy should only be claiming $95,000 as its alleged damages. The damages Powerweb is seeking for its counterclaims are set forth in the pretrial memorandum it filed on July 15, 2004.

### IV.  TRIAL WITNESSES

Powerweb may call some or all of the witnesses included on the list attached hereto as Exhibit A. Powerweb also reserves the right to call any witnesses listed by NewEnergy, any of the witnesses listed in its pretrial memorandum filed on July 15, 2004, including by deposition, and any other witnesses for impeachment or rebuttal.

### V.  TRIAL EXHIBITS

Powerweb may use some or all of the exhibits included on the list attached hereto as Exhibit B. Powerweb also reserves the right to use any exhibits listed by NewEnergy, any

exhibits listed in its pretrial memorandum filed on July 15, 2004, any other demonstrative exhibits, and any other exhibits for impeachment or rebuttal.

VI.  **ESTIMATE OF DAYS REQUIRED FOR TRIAL**

Powerweb estimates that the trial of this case will take approximately two weeks, but only a small portion of that time will relate to NewEnergy's claims.

VII. **SPECIAL COMMENTS**

Powerweb will need to use electronic display equipment for exhibits and an Internet connection to access one or more of its live sites.

Powerweb should be permitted to present its counterclaims first, for the reasons explained in the Motion in Limine by Powerweb, Inc. to be Treated as the Plaintiff for Purposes of the Order of Presentations at Trial. In addition, Powerweb suggests that the trial be bifurcated for the reasons explained in the Motion in Limine by Powerweb, Inc. to Bifurcate the Issues of Liability and Damages at Trial. Both of those motions were filed on July 15, 2004 and are incorporated herein by reference.

Powerweb may move to amend its pleadings to conform to the evidence at trial, particularly regarding additional facts learned through discovery regarding liability and damages.

VIII. **LEGAL ISSUES**

The legal issues in this case have been enumerated and addressed in the parties' cross-motions for summary judgment. Accordingly, Powerweb's briefs regarding those motions are incorporated herein by reference.

IX.  **OBJECTIONS TO ADMISSIBILITY**

Powerweb objects to the authenticity of Plaintiff's Trial Exhibit No. 1, a purported letter from Harry Davitian dated April 29, 1999 (McGeown 001-02), which was first

produced after the discovery deadline had expired. Powerweb also has filed a motion in limine objecting to that exhibit on the grounds of prejudice and hearsay.

Powerweb also objects to Plaintiff's Exhibit 39 (a September 2000 letter from Brian Hayduk to Lothar Budike), Plaintiff's Exhibit 42 (a 2002 email from Hayduk to Budike) and Plaintiff's Exhibit 46 (a 2002 letter from George Drosdowich to Lothar Budike) as inadmissible hearsay. See United States v. Reynolds, 715 F.2d 99, 101 (3d Cir. 1983). The documents are out of court statements that do not fall within an exception to the hearsay rule, and as such, they should be excluded from evidence. See Fed. R. Evid. 802.

Powerweb objects to the evidence specified in the motions in limine Powerweb filed on July 15, 2004, which are incorporated herein by reference, to the extent that any such evidence may be deemed relevant to NewEnergy's claims.

Powerweb cannot yet determine if it will have additional objections to NewEnergy's exhibits under the circumstances presented at trial. Accordingly, Powerweb reserves the right to object at trial to any of NewEnergy's exhibits on the basis of relevance, prejudice, lack of foundation, hearsay or for any other appropriate reason.

                                              RG574
Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
Kristin L. Calabrese, Esquire
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961; -7187; -7533
Attorneys for Powerweb, Inc.

Date:   July 26, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pretrial memorandum was filed electronically today and is available for viewing and downloading from the ECF system. The memorandum was served upon counsel for Constellation NewEnergy, Inc. by notice of electronic filing, addressed to:

> David E. Landau, Esquire
> Wolf, Block, Schorr and Solis-Cohen, LLP
> 1650 Arch St., 22nd Floor
> Philadelphia, PA 19102
> dlandau@wolfblock.com

                                                                                                  RG574
                                                                          Rudolph Garcia, Esquire

Dated: July 26, 2004

## POWERWEB'S WITNESSES

A. **Liability Witnesses**

1. Lothar E.S. Budike, Jr.
   President & CEO
   Powerweb Technologies
   415 East Baltimore Pike
   Media, PA  19065

2. Lothar Budike, P.E., E.S.
   President
   A-Valey Engineers, Inc.
   506 Georgetown Road
   Wallingford, PA 19086

3. Jim Goodman
   4147 Amblestone Way
   Southport, NC 28461

B. **Designated Depositions**[*]

1. Lothar E.S. Budike, Sr.
   (if unavailable)
   Deposed on 1/30/04

2. James C. Goodman
   (if unavailable)
   Deposed on 2/5/04

3. Brian Hayduk
   Deposed on 2/17/04

4. David McGeown
   Deposed on 2/25/04

5. James P. Curnyn
   Deposed on 12/4/03

---

[*] Powerweb designates these deponents for liability and/or damages pursuant to Fed. R. Civ. P. 26(a)(3)(B).

# EXHIBIT A

## POWERWEB'S EXHIBITS[*]

1. PW 5 - Bell Atlantic Agreement dated 01/07/00 (NE000166-NE000167)

2. PW 48; NE 28 - McGeown E-Mail to Hayduk et al. Re: Profit Sharing dated 02/03/00 (PW00263-PW00264)

3. PW 50 - McGeown E-Mail to Hayduk et al Re: Profit Distribution (With Budike's Handwritten Notes) dated 02/03/00 (PW00270-PW00271)

4. PW 77 - Signed Letter of Intent Between NE East and PW dated 10/25/99 (PW00059-PW00061)

5. PW 78 - Signed Letter of Intent Between NE East and PW dated 10/26/99 (PW00065-PW00067)

6. PW 96 - Steve Levine Memo to Robert Morgan and Dave McGeown dated 01/01/01 (NE006652-NE006653)

7. PW 102 - OmniLink Page for Power Monitoring & Dispatch re: Benefits for Bell Atlantic (PW 00657)

8. PW 136 - McGeown E-Mail to Hayduk et al. dated 11/30/99 (PW00219)

9. PW 140; (123); NE 40 - Letter from Lou Budike to McGeown re: Project Scope for Generation Study dated 02/07/00 (PW00109)

10. PW 141; (124) - Chart Showing Various Customers with Demand in KW (PW00100-PW00102)

11. PW 206 - McGeown E-Mail to Budike re: "Help"; dated 11/30/99 (PW00221)

12. PW 209 - McGeown E-Mail to Budike re: PW Conference Call dated 12/30/99 (PW05857)

13. PW 210 - McGeown E-Mail to Budike re: (2) PW Conference Call dated 01/02/00 (PW05855)

14. NE 54 - Hand Delivery to Jim Goodman of the DATA for the Emergency Generator Capacity Condition and the Audits for the Target Buildings Referenced PW/NE Resale Program Project dated 05/26/00 (A-Valey 00003-A-Valey 00007)

15. NE 55 - A-Valey Purchase Order Request dated 02/19/00 (A-Valey 00008-A-Valey 00026)

16. NE 57 - New Jersey State Building Audit (A-Valey 00050-A-Valey 00054)

---

[*] Sorted for ease of identification, not by the order in which they will be used at trial.

## EXHIBIT B

17. NE 58 - A-Valey Bell Atlantic NJ Power Monitor Cabinet Labeling

18. Letter from Budike, Sr. to Budike, Jr. dated 6/06/00 (PW00134)

19. Email dated 12/27/99 (PW00242- PW00243)

20. Email dated12/27/99 (PW00240)

21. Pweb1 E-Mail to McGeown Re: Engine List dated 1/17/00 (PW00326-PW00327)

22. McGeown E-Mail to Pweb1 Re: NJ List dated 1/18/00 (PW00328)

23. McGeown E-Mail to Pweb1 Re: PJM prices dated 1/18/00 (PW00329)

24. List-CLLI, Building, Floor, Manufacturer, Type, KW, Transfer, Region dated 1/17/00 (PW00330-PW00351)

25. US EPA Region 3 Telephone Directory dated 1/13/00 (PW00352)

26. NJ Dept of Environmental Protection-Compliance and Enforcement dated 1/25/00 (PW00353) [not in database]

27. New York State Department of Environmental Conservation-Division of Air Resources Bureau Directory dated 1/25/00 (PW00354-PW00358)

28. List (PW00359)

29. Non-attainment Areas for All Criteria Pollutants dated 1/25/00 (PW00360-PW00374, PW00466-PW00468)

30. Directory Page for Air Pollution Control (PW00375)

31. Bell Atlantic Possible Load Shape Locations (PW00376-PW00377)

32. List-Demand, Total kWh, Account No., GLC, Date (PW00378-PW00379)

33. List-Standby Engines (PW00380)

34. Target Building Load Information Study-Powerweb/AES Capacity Resale Program (PW00381-PW00385)

35. New Jersey State Building Audit (PW00386-PW00390)

36. Target Generator List (PW00391)

37. Bakey Email to Budlike Re:  6 NYCRR Part 201 [1-8] dated 1/28/00 (PW00468A-PW00471)

38. Part 201 Permits and Registration dated 1/30/00 (PW00472-PW00474)

39. Dlord@newenergy.com, Budike Email to Curnyn Re: Time of Use Data and Resale of Power dated 2/28/00 (PW00475-PW00481)

40. Handwritten Note-175 Park Madison Data Center (PW00482)

41. List of Bell Atlantic Accounts (PW00483-PW00496)

42. Bell Atlantic Central Offices (PW00499-PW00506)

43. List of Square Feet, Building Name, Address, City (PW00507)

44. 1999 Summer-PJM Emergencies (PW00508)

45. List –Bell Atlantic  (PW00510-PW00511)

46. List 10 MW Pilot (PW00512)

47. List-Location, Address, Engine Sizes, Fuel Consumption @ 100 % (PW00513)

48. List-Location, Address, Connection Points, Omni-Link Installation Cost (PW00514)

49. Bell Atlantic Possible Load Shape Locations (PW00515)

50. List –Bell Atlantic (PW00516)

51. Operation/Installation Costs (PW00528)

52. Load Analysis Study (PW00529)

53. GLC Code (PW00534-PW00536)

54. Detroit Diesel Fuel Consumption dated 4/24/00 (PW00537)

55. List-Location, Address, Connection Points, Omni-Link Installation Cost, Engine Sizes (PW00538)

56. List Location, Peak Demand, Total kWh, Account, GLC, Date (PW00539)

57. List-Building Name, Address, City, Square Feet, Generator (PW00540- PW00542)