IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSTELLATION NEWENERGY, INC., : | |
| : | |
| Plaintiff, : | Civil Action No. 02-CV-2733 (HB) |
| : | |
| v. : | |
| : | |
| POWERWEB TECHNOLOGIES, INC., : | |
| : | |
| Defendant. : | |

**PLAINTIFF, CONSTELLATION NEWENERGY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE EXPERT AND OPINION TESTIMONY BY LOTHAR BUDIKE, JR., AND ANDREW BAKEY**

Powerweb Technologies, Inc. ("Powerweb"), has no liability expert in this trade secrets case.

Powerweb intends to try its counterclaims that Constellation NewEnergy, Inc. ("NewEnergy") misappropriated its alleged proprietary "Energy Technology" and breached a confidentiality agreement with respect to that purported technology without a liability expert. Powerweb will not proffer any expert testimony that its so-called energy technology was secret, not in the public domain, used by NewEnergy, and not independently developed by NewEnergy. Each is a requisite element of Powerweb's counterclaims, and the lack of expert testimony at this point will prove fatal to such counterclaims.

Because this glaring omission so obviously precludes Powerweb, as a matter of law, from prevailing on these counterclaims, NewEnergy anticipates that Powerweb will attempt to sneak expert opinion testimony through the back door by two of its fact witnesses: Lothar Budike, Jr., President of Powerweb and Andrew Bakey, a Powerweb consultant. For example, based on discovery, both witnesses are expected to attempt to testify that Powerweb's products were unique in the industry and therefore proprietary. Such testimony, however, is technical and

specialized, falling within the requirements of Federal Rule of Evidence 702. These individuals were not disclosed as experts pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, nor were any expert reports setting forth their opinions and the basis for the opinions submitted during expert discovery. Accordingly, opinion testimony from either witness should be precluded.

I.      FACTUAL BACKGROUND

At the heart of Powerweb's counterclaims is its trade secrets misappropriation and breach of the confidentiality agreement claims. Powerweb alleges that NewEnergy stole its so-called "Energy Technology," which purportedly includes software and a program to sell excess energy capacity back on the local electricity grid, the Pennsylvania, New Jersey, Maryland Interconnection ("PJM").

Powerweb has the burden of proving that the "Energy Technology" allegedly stolen by NewEnergy was, indeed, a trade secret and that NewEnergy did not independently develop its own product. *See Moore v. Kulicke & Soffa Indus.*, 318 F.3d 561, 572 (3d Cir. 2003) (holding that the inventor "must disprove independent development in order to make out the elements of the tort of trade secret misappropriation"). Similarly, on its breach of confidentiality agreement claim, Powerweb will have to prove that its technology and energy capacity program were secret and not in the public domain and that NewEnergy used Powerweb's technology and did not independently develop its own. Without a real expert, Powerweb presumably will attempt to use its own employees or consultants to give such testimony. Based on the pleadings, discovery and a declaration submitted with Powerweb's summary judgment motion, NewEnergy anticipates that Budike and Bakey will be the witnesses who attempt improperly to provide such expert testimony. Budike is the founder and president of Powerweb and the allegedly conceptual designer of Powerweb's hardware and software. Bakey is a former employee and current

consultant of Powerweb who claims to have first conceived of the idea of having unregulated energy sellers (like NewEnergy) participate in a particular load management program offered by the PJM which had previously used only by regulated utilities. Bakey Dep. at 44:22-45:1, attached as Exhibit A. This program, called Active Load Management ("ALM") provided credits for end-use customers who could guarantee that they could curtail their demand for electricity when called upon to do so by the PJM.

Budike will try to testify that Powerweb's product was unique. Budike states in his declaration in support of Powerweb's summary judgment motion that "[a]t that time no other software [besides Omni-Link] had all those capabilities . . . ." Budike Decl. ¶ 7, attached as Exhibit B.[1] NewEnergy also anticipates Budike will opine on the state of the energy industry. Powerweb's amended counterclaims include the following language: "Powerweb immediately saw an opportunity, <u>one that no one else had identified to that date</u>, to utilize untapped electrical resources . . . to provide significant savings to large commercial energy consumers." Am. CC ¶ 94. (emphasis added) Budike states in his Declaration that "the <u>industry</u> was unfamiliar with the concept of selling retail energy and capacity into a deregulated market." (emphasis added). Budike Decl. ¶ 7, attached as Exhibit B. Budike may also testify about the products of competitors including NewEnergy. For example, Budike may proffer testimony comparing the various modules of NewEnergy's products and Powerweb's Omni-Link system. Similarly, Budike may proffer testimony on another competitor, RETX, and its products.

Bakey testified at his deposition that he was the first person in the United States to develop the concept of buying capacity from an unregulated customer of a utility. Bakey Dep. at

---

[1] *See* Powerweb's Amended Counterclaims: "[t]he Omni-Link System was the only one of its kind . . ." Am. CC ¶ 100.

44:22-45:1, attached as Exhibit A. Bakey also may compare certain contracting documents which he contends he was the first to develop with NewEnergy's contracting documents.

NewEnergy moves to preclude all such expert and opinion testimony by Bakey and Budike.

## II.     ARGUMENT

Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.

Both Budike and Bakey's opinions fall within the scope of Rule 702. Any testimony either would give concerning the unique nature of Powerweb's technology and programs, the state of the energy industry, and a comparison of Powerweb's technology and contracting documents with NewEnergy's technology and contracting documents, would be scientific and technical opinion. It is clearly not 701 lay testimony.[2]

If a party intends to present the testimony of any person under Rule 702, it must comply with the disclosure requirements of Federal Rule of Civil Procedure 26, which provides:

---

[2]  In 2000, Rule 701 was amended, in part, to prevent parties from evading the requirements of Federal Rule 26(a). *See* FED. R. EVID. 701 advisory committee's notes to 2000 amendments. Another purpose of the amendments was "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." *Id*. Lay testimony should result from a process of reasoning familiar in everyday life, whereas expert testimony should result from a process of reasoning only possible by specialists in the field. *Id*. (internal citations omitted).

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B)

The requirements of Rule 26 are mandatory and subject to automatic preclusion under Rule 37(c). As the Advisory Committee notes, the purpose of the rule is to give opposing parties "a reasonable opportunity to prepare for effective cross examination." Advisory Committee Note, Rule 26(2)(b). Without an expert report, the opposing party would not know what subjects an expert intends to opine on and what information forms the basis of the opinions. No assessment of reliability can be made prior to trial. *Id*.

Powerweb failed to identify either Budike or Bakey as an expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2). Nor did Powerweb submit an expert report prepared by either Budike or Bakey in accordance with the Court's Scheduling Order. Such an expert report would have provided the basis and reasons for the opinions contained therein. Absent this information, neither NewEnergy or the Court can assess the reliability of the proffered testimony. NewEnergy will be prejudiced without knowing in advance the opinions Budike and Bakey will give and without a determination of whether the bases for such opinions are reliable. Furthermore, unlike the other experts in this case, no expert discovery was conducted with regard to Budike or Bakey. Their deposition testimony as fact witnesses is insufficient to qualify as an

expert deposition and prejudices NewEnergy because NewEnergy is now unable to conduct the relevant discovery.[3]

### III.   CONCLUSION

For the foregoing reasons, plaintiff Constellation NewEnergy respectfully requests that the Court preclude Powerweb from offering expert and opinion testimony by Lothar Budike, Jr. and Andrew Bakey.

Respectfully submitted,

_____s/DL422_____
David E. Landau, I.D. #43341
Matthew A. White, I.D. #55812
Zachary C. Glaser, I.D. #85979
Jennifer C. O'Neill, I.D. #89755

Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103-2097
(215) 977-2000

Dated:  July 26, 2004

---

[3]   The Court need not reach the issue of qualifications under *Daubert* because of Powerweb's failure to comply with Rule 26(a). These witness's testimony, however, would not meet the *Daubert* standard for reliability.

## CERTIFICATE OF SERVICE

I certify that on July 26, 2004, I caused a true and correct copy of Plaintiff Constellation NewEnergy, Inc.'s Motion in Limine to Preclude Expert and Opinion Testimony By Lothar Budike, Jr. and Andrew Bakey, accompanying memorandum and proposed order to be served electronically upon:

>Kara Goodchild, Esquire
>SAUL EWING LLP
>Centre Square West
>1500 Market Street, 38th Floor
>Philadelphia, PA  19102-2186

The document is available for viewing and downloading from the ECF system.

s/J0416
Jennifer C. O'Neill
