**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

CONSTELLATION NEWENERGY, INC., :
                                :
        Plaintiff,              :    Civil Action No. 02-CV-2733 (HB)
                                :
  v.                            :
                                :
POWERWEB TECHNOLOGIES, INC.,    :
                                :
        Defendant.              :

---

**ORDER**

    **AND NOW**, this _____ day of _____, 2004, it is hereby

**ORDERED** that Powerweb's Motion In Limine to be Treated as the Plaintiff is **DENIED** in its entirety.

                                          **BY THE COURT:**

                                          _____
                                          Hon. Harvey Bartle, III, **J.**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSTELLATION NEWENERGY, INC., : | |
| : | |
| Plaintiff, : | Civil Action No. 02-CV-2733 (HB) |
| : | |
| v. : | |
| : | |
| POWERWEB TECHNOLOGIES, INC., : | |
| : | |
| Defendant. : | |

**RESPONSE BY PLAINTIFF, CONSTELLATION NEWENERGY, INC.
TO MOTION IN LIMINE BY POWERWEB, INC.
TO BE TREATED AS THE PLAINTIFF**

Plaintiff, Constellation NewEnergy, hereby responds to Defendant, Powerweb, Inc.'s above-captioned motion. For the reasons set forth in the accompanying memorandum of law, this Motion should be denied.

 

David E. Landau
Matthew A. White
Zachary C. Glaser
Jennifer C. O'Neill
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19102-2097
(215) 977-2000

*Attorneys for Plaintiff,
Constellation NewEnergy, Inc.*

Dated: July 28, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN RESPONSE TO
MOTION <u>IN LIMINE</u> BY DEFENDANT, POWERWEB, INC.
TO BE TREATED AS THE PLAINTIFF**

Constellation NewEnergy ("NewEnergy") is the plaintiff in this case and deserves to be treated that way for trial. The entire litigation, including Powerweb's fanciful counterclaims, has been an overblown effort by Powerweb to avoid its debt. This case started as a $100,000 collection case, and, at the end of the day, it will end that way.

**I.   FACTUAL BACKGROUND**

NewEnergy refers the Court to the counterstatement of facts set forth in its Pretrial Memorandum on Powerweb's Counterclaims. (Attached as Ex. A hereto, without accompanying exhibits). NewEnergy highlights the following additional facts.

On August 16, 2000, Powerweb's President, Mr. Budike, sent a letter to NewEnergy claiming that Powerweb's disclosure of its "paper documents, intellectual property and know-how" entitled it to "the right to be involved in some capacity to any 'end-user' load curtailment opportunity of AES/NewEnergy." A copy of Mr. Budike's August 16, 2000 letter is attached hereto as Exhibit B.

One month later, on September 18, 2000, NewEnergy's Brian Hayduk, responded by letter outlining the very themes that comprise this case: (a) the parties' agreement envisioned a limited agreement to provide one type of product to one customer, Bell Atlantic, and (b) Powerweb must return to NewEnergy $100,000 that NewEnergy advanced for project development costs if that project did not commence within the one-year term of the parties' agreement. A copy of Brian Hayduk's September 18, 2000 letter to Lou Budike, Jr. is attached hereto as Exhibit C.

Two days later, Mr. Budike responded by e-mail reiterating, more pointedly, his belief that NewEnergy used Powerweb's "information to launch curtailment services and develop a competitive Internet product after signing a NDA [non-disclosure agreement] . . ." A copy of Mr. Budike's September 19, 2000 e-mail to Brian Hayduk is attached hereto as Exhibit D.

Following this interchange, Mr. Budike didn't bring suit against NewEnergy. Far from it: He tried to do additional business with NewEnergy. In early 2001, he, along with several other companies, bid to participate with NewEnergy in developing an energy curtailment product -- the very item he accused Mr. Hayduk of purloining months earlier. See January 12, 2001 e-mail chain between Lou Budike and K. Mistry, attached hereto as Exhibit E. Mr. Budike was unsuccessful in that effort.

In May, 2002, after several attempts to collect, NewEnergy got tired of waiting for Mr. Budike to pay the $100,000 he owed and commenced this action to collect it. Powerweb moved to dismiss the action. On August 21, 2002, after the Court denied Powerweb's motion to dismiss, and some two years after NewEnergy first raised the issue of repayment and Powerweb threatened trade secret misappropriation, Powerweb finally asserted its claims.

<u>Now</u> Powerweb wants to be the Plaintiff. The fact is that NewEnergy began trying to seek the return of its $100,000 within months of the time it became apparent that the Bell Atlantic transaction was not going to occur. Powerweb threatened its claims then, and asserts them now, but that doesn't change the nature of who filed first on claims that were simultaneously ripe.

## II.  LEGAL ARGUMENTS

It is the plaintiff who carries the burden of persuasion with the jury on its claims. This is why the plaintiff gets the first word, and the last. Ordinarily, the party who has filed first gets the benefits and burdens of being the plaintiff. Here, NewEnergy filed suit on its claims when it became apparent that Powerweb was going to avoid its debt. Powerweb by contrast, did not pursue its claims; instead it opportunistically waited. Then, even when NewEnergy's claim was asserted, it waited some more. And, indeed, Powerweb has waited through fact and expert discovery to try to become the plaintiff. If Powerweb were truly interested in being the plaintiff, then it would have brought its claims well before NewEnergy. It obviously had the opportunity to do so, but chose not to.

Powerweb's cases cited have no bearing to the issues raised here. <u>Skogen v. Dow Chemical Co.</u>, 375 F.2d 692, 704 (8th Cir. 1967), merely states that the trial court has the discretion to determine the order and proper presentation of the evidence. The issue in that case dealt with the trial court limiting the amount of time available for cross examination; it is inapposite to Powerweb's request here.

In <u>Peterson v. Weinberger</u>, 508 F.2d 45 (5th Cir. 1975), a doctor filed a suit seeking to enjoin the United States from withholding Medicare reimbursements due to him. The government filed a counterclaim for submission of false claims. <u>Id</u>. at 49. Judgment was entered in favor of the government on plaintiff's claim and on the government's counterclaim after trial.

There is no direct discussion of the procedure followed at trial or how, precisely the "court changed the order of proof." Id. at 54.   At most, the cited case stands for the unremarkable proposition that the trial court has latitude to control the order of the trial.

In NEC Corp. v. Intel Corp., 645 F.Supp. 590 (N.D. Cal. 1986), plaintiff filed an action for declaratory relief to hold defendant's copyright invalid, and defendant counterclaimed for copyright infringement.  While there is no specific explanation or analysis of the court's decision, it seems logical that the court permitted the copyright infringement claim first, because the copyright infringement claim was a live controversy, and a decision on it would moot the declaratory judgment.[1]   Here, NewEnergy first claimed for the return of its $100,000; Powerweb's unliquidated claims came months later.   These claims, however, have no bearing on the validity of NewEnergy's claims.   NewEnergy's claims rise or fall on their own and will not be mooted by Powerweb's.   Thus, NEC is not analogous.

Powerweb argues, without citation, that the magnitude of its claims justifies being treated as the plaintiff.   Whether Powerweb claimed ten thousand or ten billion dollars is not the issue -- it didn't assert its claims when it could have, and NewEnergy did.   NewEnergy hardly "raced" to the courthouse, and Powerweb did not trouble itself to make a claim until its initial efforts to defeat NewEnergy's claims were unsuccessful.

NewEnergy is the plaintiff.   NewEnergy should have the benefit of describing the limited nature of the parties' relationship and what the true magnitude of this case is about before

---

[1]  In a footnote in Nemours Foundation v. Gilbane, Aetna, Federal Ins. Co., 632 F.Supp. 418 (D. Del. 1986), the court stated that "the parties dispute which side is the plaintiff and which side is the defendant.  However, [plaintiff] points out that although it has been the plaintiff in the context of the entire litigation, the Court has ordered that for purposes of preparation of a pretrial stipulation and in order of proof at trial, Nemours will be treated as the plaintiff." Id. at 420 (n. 1).   The Court gave no justification or explanation for why it ruled the way it did.

Powerweb is permitted to distract and confuse the jury with its nebulous claims of trade secret (it has no liability expert on this point) and its bloated damages ($110 million of the $117 million Powerweb touts in its motion are from the "expert" opinion of Powerweb's Gus Pappas who is, simultaneously, Powerweb's outside accountant, Chief Financial Analyst and long-time friend of Mr. Budike.

When kept in its proper light, this case will not be confusing.  Nor will this be an example, as Powerweb claims, of the "proverbial tail wagging the dog."  If anything, keeping with the canine analogy, Powerweb's counterclaims and its motion here are simply an example of Powerweb's playing the dog in the manger -- that is, being nothing more than a troublesome distraction.  Powerweb's claims should be seen by the jury for what they are:  an expensive sideshow designed to keep it from having to pay $100,000, whatever the cost.

                                                   Respectfully submitted,

                                                   David E. Landau
                                                   Matthew A. White
Zachary C. Glaser
Jennifer C. O'Neill
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19102-2097
(215) 977-2000

*Attorneys for Plaintiff,*
*Constellation NewEnergy, Inc.*

Dated:  July 28, 2004

**CERTIFICATE OF SERVICE**

      I certify that on July 28, 2004, I caused a true and correct copy of the foregoing Response By Plaintiff, Constellation Newenergy, Inc. To Motion <u>In</u> <u>Limine</u> By Powerweb, Inc. To be Treated as Plaintiff, to be served electronically upon:

                Kara Goodchild, Esquire
                SAUL EWING LLP
                Centre Square West
                1500 Market Street, 38th Floor
                Philadelphia, PA  19102-2186

      The document is available for viewing and downloading from the ECF system

                                                  Zachary C. Glaser

Dated:   July 28, 2004

DSB:977492.1/AES003-158567