**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| | : | |
| Defendant. | : | |

---

# ORDER

**AND NOW**, this _____ day of _____, 2004, it is hereby

**ORDERED** that Powerweb's Motion *In Limine* to Preclude Evidence and Testimony Relating to Documents Produced After the Close of Discovery is **DENIED** in its entirety.


                    **BY THE COURT:**

                    _____
                    Hon. Harvey Bartle, III, **J.**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSTELLATION NEWENERGY, INC., : | |
| : | |
| Plaintiff, : | Civil Action No. 02-CV-2733 (HB) |
| : | |
| v. : | |
| : | |
| POWERWEB TECHNOLOGIES, INC., : | |
| : | |
| Defendant. : | |

**RESPONSE BY PLAINTIFF, CONSTELLATION NEWENERGY, INC.
TO MOTION IN LIMINE BY POWERWEB, INC.
TO PRECLUDE EVIDENCE AND TESTIMONY
RELATED TO DOCUMENTS PRODUCED
AFTER THE CLOSE OF DISCOVERY**

Plaintiff, Constellation NewEnergy, hereby responds to Defendant, Powerweb, Inc.'s above-captioned motion. For the reasons set forth in the accompanying memorandum of law, this Motion should be denied.

David E. Landau
Matthew A. White
Zachary C. Glaser
Jennifer C. O'Neill
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19102-2097
(215) 977-2000

*Attorneys for Plaintiff,
Constellation NewEnergy, Inc.*

Dated: July 29, 2004

DSB:977417.1/AES003-158567

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSTELLATION NEWENERGY, INC., : | |
| : | |
| Plaintiff, : | Civil Action No. 02-CV-2733 (HB) |
| : | |
| v. : | |
| : | |
| POWERWEB TECHNOLOGIES, INC., : | |
| : | |
| Defendant. : | |

**MEMORANDUM OF LAW BY PLAINTIFF, CONSTELLATION NEWENERGY
IN RESPONSE TO POWERWEB, INC.'S MOTION <u>IN LIMINE</u>
TO PRECLUDE EVIDENCE AND TESTIMONY
RELATED TO DOCUMENTS PRODUCED
<u>AFTER THE CLOSE OF DISCOVERY</u>**

Defendant, Powerweb Technologies, Inc. ("Powerweb"), has moved to preclude the use at trial of one document that was in the possession of a key witness, David McGeown. Powerweb complains that this document was not produced by Mr. McGeown until after the close of discovery and implies that this was NewEnergy's fault. The facts are that Powerweb never asked Mr. McGeown for this document. At his deposition, Powerweb asked Mr. McGeown (for the first time) to check his files. He did so and promptly produced the document. Now, four months after it learned of this document, Powerweb complains. It did nothing to help itself (i.e., seek further examination from Mr. McGeown or raise the issue with New Energy's counsel). Powerweb's motion to preclude this document as a discovery sanction under Rule 37 has no merit. As for this document's ultimate admissibility or use at trial, the Federal Rules of Evidence impose no impediment to NewEnergy's anticipated proffers.

DSB:977417.1/AES003-158567

I.    **PROCEDURAL BACKGROUND**

NewEnergy refers the Court to the counter-statement of facts contained in its Pretrial Memorandum concerning Powerweb's counterclaim. NewEnergy also adds the following relevant information.

NewEnergy commenced this action on May 7, 2002. On August 22, 2002, pursuant to Rule 26(a), NewEnergy served its Initial Disclosures. A copy of NewEnergy's Initial Disclosures is attached hereto as Exhibit A. This document disclosed to Powerweb two salient facts that: (1) Dave McGeown was a potential witness and (2) that Dave McGeown was not a current employee of NewEnergy.

After Powerweb filed its counterclaims, alleging that NewEnergy misappropriated Powerweb's trade secrets, NewEnergy, on November 21, 2002, amended its Rule 26(a) Initial Disclosures. A copy of NewEnergy's Amended Rule 26(a) Disclosure is attached hereto as Exhibit B. In that Disclosure, NewEnergy advised Powerweb that Mr. McGeown had information about ". . . facts refuting Powerweb's counterclaims, including, but not limited to, facts concerning NewEnergy's development, acquisition and provision of energy products and services." Id. Notably, on the same day, Powerweb identified Mr. McGeown as "an individual likely to have discoverable information" in its Rule 26(a) Initial Disclosures. A copy of Powerweb's Initial Disclosures is attached hereto as Exhibit C.

Two weeks later, NewEnergy responded to Powerweb's First Request for Production. NewEnergy generally objected to all the requests, to the extent that they would require the production of documents not within NewEnergy's possession, custody, or control. Response at 3, General Objection ¶ 7. Relevant excerpts of NewEnergy's Responses to Powerweb's First Request For Production are attached hereto as Exhibit D. This general objection tracks Rule 34's

requirement that a party need only produce documents within its "possession, custody, or control." Fed. R. Civ. P. 34(a).

Thus, when Powerweb asked NewEnergy to produce documents from Mr. McGeown's files (see Powerweb's Motion at pp. 3-4 and Ex. E, thereto), both the Rules and NewEnergy's objections told Powerweb that NewEnergy was not going to go out to third parties and request information from them. Powerweb easily could have served a Rule 45 subpoena requesting Mr. McGeown to produce responsive documents, but it never availed itself of that opportunity.

Despite knowing that Mr. McGeown was a key witness, Powerweb waited until February 26, 2004 (two days before fact discovery was at an end) to depose Mr. McGeown. Powerweb never served a subpoena on Mr. McGeown and, until his deposition, never asked whether Mr. McGeown had any relevant documents.

At his deposition, Mr. McGeown volunteered to search his files, in particular his computer files, for responsive documents. He did this voluntarily and had the following colloquy with Powerweb's counsel.

> *Q.* Would you be willing to search and produce them if they are?
>
> *A.* I would be happy to.
>
> (Information requested)
>
> *Mr. White*: Just get in touch with me if you find something, and we will look it over and see if we should produce it. And I will let counsel know whether you found anything, yes or no.
>
> *Mr. Garcia*: Thank you for bringing that up.
>
> *THE WITNESS*: Want to get it all out.

McGeown Dep. 223:7-17. (See also McGeown Dep. excerpts attached as Exhibit G to Powerweb's Motion).

Put simply, when Powerweb finally asked for the information, it got an answer within one week. Now Powerweb complains that its failure to ask is somehow NewEnergy's fault.

**II.   ARGUMENT**

**A.   A Rule 37 Exclusion Sanction Cannot Be Imposed On These Facts.**

While Powerweb doesn't exactly trumpet the issue, its procedural basis for exclusion is that there has been a Rule 37 violation and that preclusion is an appropriate remedy.

The text of Rule 37 provides for sanctions, including the extreme sanction of preclusion of evidence, only after an order has been entered mandating some disclosure or production. The rule requires first that there be a certification that a good faith effort has been made to confer to resolve the dispute. Rule 37(a)(2)(A) and 37(a)(2)(B). Next, assuming that the motion is granted and an order of production entered, the court is then empowered to award expenses or fees as a sanction. Rule 37(a)(4)(A). The remedies available under Rule 37(b) ("failure to Comply with Order"), including the exclusion of evidence (Rule 37(b)(2)(B)), can only be imposed if there is a violation of the court's order entered pursuant to Rule 37(a) has been violated. Rule 37(b)(2). Here, there was: (1) no good faith effort to confer and resolve the issue; (2) no motion to compel filed; and (3) no order entered by the court concerning this matter. Thus, no remedy under Rule 37(b) is permitted.

The only automatic preclusion available comes under Rule 37(c), and this relates to a party's failure to make initial disclosure. As noted, however, well over one year before Mr. McGeown's deposition, NewEnergy identified him as a potential witness with relevant information, and, perhaps more tellingly, so did Powerweb. There is no Rule 26(a) violation here.[1]

---

[1] This stands in sharp contrast to Powerweb's failure to identify any of the 13 companies for whom it's claiming lost contractual profits to the tune of more than $63 million. Powerweb did not identify any of these companies in its Initial Disclosures or in

Further, Powerweb has had this document since March 3, 2004. In the previous four months, it never asked to depose Mr. McGeown about it; it never sought additional discovery; it did nothing except wait until trial to call "foul." Any surprise here is of Powerweb's doing.

### B. There Are No Evidentiary Prohibitions On NewEnergy's Use of This Exhibit At Trial.

#### 1. Powerweb Has Made No Showing Of Unfair Prejudice Under F.R.E. 403.

Powerweb is exercised about NewEnergy's use of this document because, it argues, this document contradicts Mr. McGeown's testimony. Thus, it argues, it has been prejudiced because Mr. McGeown has used this document to change his testimony. First, the factual assertion is not true. Even the portion of Mr. McGeown's testimony cited by Powerweb (p. 5, n.15, McGeown Dep. at 70:6-71:4) contradicts Powerweb on this point. Contrary to Powerweb's assertion, Mr. McGeown testified consistently with the document:

> Q. Had NewEnergy at that point actually made any capacity side virtual sales?
>
> A. I believe that they had.
>
> Q. Are you referring to California?
>
> A. Yes.
>
> Q. When was the program?
>
> A. I believe it was a year prior to this.

McGeown Dep. 71:16-72:1 (Attached as Ex. G to Powerweb's Motion).

More to the point, however, is that even if this document somehow contradicted Mr. McGeown's testimony, and it clearly doesn't, Powerweb's able counsel will be permitted to cross-examine him at trial on any inconsistent statements. The simple fact that this document is

---

discovery responses. NewEnergy has separately moved for relief on this blatant violation of Rule 26(a).

not helpful to Powerweb's case doesn't make it <u>unfairly</u> prejudicial under Fed. R. Evid. 403 -- it is simply one of scores of documents that demonstrate the flimsy nature of Powerweb's counterclaims.  Prejudicial?  Of course.  Unfairly so?  No.

> Since all effective evidence is prejudicial in the sense that it damages the party against whom it is offered, prejudice that calls for exclusion requires a more specialized meaning.  The prejudice must be *unfair*.  The evidence must possess an undue tendency to suggest a decision on an improper basis, commonly an emotional one, such as bias, sympathy, hatred, contempt, retribution or horror.

<u>Ohlbaum on the Pennsylvania Rule of Evidence</u>, § 403.09 (2004-2005 Ed.) (italics in original).

### 2.     **The Document Is Not Hearsay.**

McGeown001-002 is a letter from Harry Davitian of NewEnergy Ventures to Edward Kulik, Jr. of New Water Street Corporation in New York, dated April 29, 1999.  See Powerweb's Motion, Ex. A.   The letter is a proposal for NewEnergy to facilitate New Water's participation in a capacity program.  Powerweb argues that McGeown001-002 is inadmissible hearsay because it is being offered to prove the truth of the matter asserted -- "that NewEnergy had a long-term interest in purchasing capacity from the New Water Street Corporation in 1999."  See Powerweb's Motion at 7; Fed. R. Evid. 801(c).  The letter is clearly not being offered for its truth.  Whether New Water participated in a capacity program through NewEnergy in 1999 is not the subject of this litigation.  As explained by Mr. McGeown, this letter was given to him when he was hired as an example of the types of projects NewEnergy East wanted to pursue. McGeown Decl., attached as Ex. D to Powerweb's Motion.   NewEnergy is not offering the letter to prove that it transacted any business with New Water Corporation; the letter is to be offered for its effect on Mr. McGeown, who, upon commencing his employment with NewEnergy, was on notice that NewEnergy was pursuing capacity transactions.  This non-hearsay purpose is relevant to disprove Powerweb's accusation that NewEnergy was unaware of such transactions

until Powerweb "enlightened" it some months later.  Accordingly, the letter is not hearsay and should be admitted.

### 3. The Document May Be Offered Under A Hearsay Exception.

Alternatively, even assuming the document were hearsay, it falls under exception 803(3) as a statement of the declarant's state of mind.  Rule 803(3) states: "A statement of the declarant's then existing state of mind . . . (such as intent, plan, motive . . . ) ."  Fed. R. Evid. 803(3).  The document itself, as well as instructions to Mr. McGeown that this letter was "an example of the types of projects NewEnergy Ventures was pursuing and that I should help to develop," reflects NewEnergy's state of mind in April, 1999.  The statements, even if offered for their truth, should be admissible as an exception to the hearsay rule because they demonstrate NewEnergy East's overall plan to pursue capacity sales, just like the other NewEnergy regions.

The exhibit could also be introduced as a recorded recollection adopted by the witness and admissible under Fed. R. Evid. 803(5).  Mr. McGeown's declaration states that he recalls the document and that it was typical of the types of projects NewEnergy was pursuing.  Thus, he has adopted the statement, and it should be admitted.

In addition, McGeown001-002 could be admissible as a record of NewEnergy's regularly conducted activity. See Fed. R. Evid. 803(6).  At trial, to the extent necessary, NewEnergy will be able, through Mr. McGeown or others, to lay a foundation that this letter was prepared in the regular course of business, was a record of NewEnergy's regular conduct, and was not altered in any way.

Finally, the document could be used to refresh Mr. McGeown's recollection of events. Fed. R. Evid. 612.

### 4. Even If Hearsay, NewEnergy's Experts Are Entitled To Rely Upon the Document.

NewEnergy's expert, Dan Violette, relies upon this document, among many others, to support his opinion that Powerweb's purported trade secrets were not unique in the industry and, in fact, were well known to NewEnergy and others. This document is dated months before Powerweb ever approached NewEnergy; hence, it is obviously harmful to Powerweb's claims of trade secret.

Even if it were determined that this document was not independently admissible, Fed. R. Evid. 703 specifically permits Dr. Violette to rely on inadmissible evidence in forming opinions. This document is just like the numerous other documents relied upon by Dr. Violette -- a contemporaneous business record that describes the state of the industry at a relevant point in time.

### III. CONCLUSION

There are many possible bases for the admission or use of this document at trial. For all of the reasons set forth above, NewEnergy respectfully requests that Powerweb's Motion In Limine be denied in its entirety.

Respectfully submitted,

_____
David E. Landau
Matthew A. White
Zachary C. Glaser
Jennifer C. O'Neill
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19102-2097
(215) 977-2000

*Attorneys for Plaintiff,
Constellation NewEnergy, Inc.*

Dated: July 29, 2004

DSB:977417.1/AES003-158567          - 8-

## CERTIFICATE OF SERVICE

I certify that on July 29, 2004, I caused a true and correct copy of the foregoing Response By Plaintiff, Constellation Newenergy, Inc. To Motion In Limine By Powerweb, Inc. To Preclude Evidence And Testimony Related To Documents Produced After The Close Of Discovery, to be served electronically upon:

> Kara Goodchild, Esquire
> SAUL EWING LLP
> Centre Square West
> 1500 Market Street, 38th Floor
> Philadelphia, PA  19102-2186

The document is available for viewing and downloading from the ECF system.  The exhibits have been served via first class mail.

_____
Zachary C. Glaser

Dated:   July 29, 2004