IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSTELLATION NEWENERGY, INC. | |
| Plaintiff, | Civil Action No. 02-CV-2733 (HB) |
| v. | |
| POWERWEB TECHNOLOGIES, INC., A-VALEY ENGINEERS, INC. AND LOTHAR E.S. BUDIKE, JR., | |
| Defendants. | |

**AMENDED RULE 26(a) DISCLOSURES OF
PLAINTIFF CONSTELLATION NEW ENERGY**

Plaintiff, Constellation NewEnergy, Inc. ("NewEnergy"), provides the following amended disclosures pursuant to Federal Rule of Civil Procedure 26(a). NewEnergy reserves the right to supplement this information as discovery progresses.

A. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

*An "*" denotes a current or former NewEnergy employee currently represented in this action by NewEnergy.*

1. Brian Hayduk*
Constellation NewEnergy, Inc.
551 5th Avenue
Suite 400
New York, NY 10176
212-885-6400

Mr. Hayduk has knowledge about the parties' agreement to market Omni-Link to Bell Atlantic, and any other business relationship between Powerweb and NewEnergy, if any; Powerweb's breach of the marketing agreement; Powerweb's failure to obtain prior approval from NewEnergy to spend NewEnergy's money; the absence of any alternative joint marketing opportunity that NewEnergy

believed would be profitable and worth pursuing; and, facts refuting Powerweb's counterclaims, including but not limited to facts concerning NewEnergy's development, acquisition and provision of energy products and services.

2. David McGeown*
   Energy Tracking, Inc.
   141 Lanza Avenue, Building 13, 3rd Floor
   Garfield, NJ  07026

   Mr. McGeown has knowledge about NewEnergy's communications with Powerweb; the parties' agreement to market Omni-Link to Bell Atlantic, and any other business relationship between Powerweb and NewEnergy, if any; the negotiation of the parties' purported Confidentiality Agreement; Powerweb's breach of the marketing agreement; Powerweb's failure to obtain prior approval from AES NewEnergy to spend NewEnergy's money; the absence of any alternative joint marketing opportunity that NewEnergy believed would be profitable and worth pursuing; and, facts refuting Powerweb's counterclaims, including but not limited to facts concerning NewEnergy's development, acquisition and provision of energy products and services.

3. Dierdre Lord*
   Constellation NewEnergy, Inc.
   551 5th Avenue
   Suite 400
   New York, NY  10176
   212-885-6400

   Ms. Lord has knowledge of facts refuting Powerweb's counterclaims, including but not limited to facts concerning NewEnergy's development, acquisition and provision of energy products and services.

4. Steve Levine*
   67 Hager Lane
   Boxborough, MA 01719
   978-635-0997

   Mr. Levine has knowledge of facts concerning Powerweb's initial attempt to obtain investment funding from NewEnergy and facts refuting Powerweb's counterclaims, including but not limited to facts concerning NewEnergy's development, acquisition and provision of energy products and services.

6. Jim Curnyn*
   18 Brick Hill Rd.
   Somers, NY 10589
   914-248-0548

   Mr. Curnyn has knowledge of facts refuting Powerweb's counterclaims, including but not limited to facts concerning NewEnergy's communications with Powerweb and facts concerning NewEnergy's development, acquisition and provision of energy products and services.

7. Rob Morgan*
   The AES Corporation
   San Francisco, CA
   925-980-7802

   Mr. Morgan has knowledge of facts refuting Powerweb's counterclaims, including but not limited to the development of the energy product known as Web Joules, and facts concerning NewEnergy's development, acquisition and provision of energy products and services.

3. Kirk Hampton*
   760-956-6808

   Mr. Hampton has knowledge of facts refuting Powerweb's counterclaims, including but not limited to facts concerning NewEnergy's preliminary analysis of Powerweb's Omni-Link system.

8. Doug Short*

   Mr. Short has knowledge of facts refuting Powerweb's counterclaims, including but not limited to facts concerning the development of the energy product known as Web Joules and NewEnergy's development, acquisition and provision of energy products and services.

9.  Jeremy Metz
    Verizon
    212-338-6405

Mr. Metz is believed to have information about Bell Atlantic's decision not to use Omni-Link, Bell Atlantic and Verizon's business relationship with NewEnergy, and Bell Atlantic and Verizon's contractual relations with Powerweb, if any.

10. Keith Mistry
    973-340-6036

Mr. Mistry has knowledge concerning the development of the energy product known as Web Joules.

B.  **A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Subject to the entry of an appropriate confidentiality order, in addition to documents NewEnergy shall produce in response to the defendants' requests for documents, NewEnergy shall produce all discoverable documents that it may use to support its claims.

C.  **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

NewEnergy claims damages of $100,000, punitive damages, pre-judgment and post-judgment interest and costs.

D.  Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

    NewEnergy is not aware of any such insurance agreement.

*Jennifer C O'Neill*
_____
Matthew A. White, Esquire
Joel M. Sweet, Esquire
Jennifer C. O'Neill, Esquire
Attorneys for Plaintiff, Constellation NewEnergy, Inc.

OF COUNSEL:
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
22nd Floor, 1650 Arch Street
Philadelphia, Pennsylvania 19103
(215) 977-2000
(215) 977-2334 (fax)

Dated: November 21, 2002

## CERTIFICATE OF SERVICE

I, Jennifer C. O'Neill, hereby certify that on November 21, 2002, I caused a true and correct copy of Amended Rule 26(a) Disclosures of Plaintiff Constellation NewEnergy to be served by hand delivery upon:

>Rudolph Garcia, Esquire
>SAUL EWING LLP
>Centre Square West
>1500 Market Street, 38th Floor
>Philadelphia, PA  19102-2186

*/s/ Jennifer C. O'Neill*
Jennifer C. O'Neill