IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSTELLATION NEWENERGY, INC. | : |
| Plaintiff, | : Civil Action No. 02-CV-2733 (HB) |
| v. | : |
| POWERWEB TECHNOLOGIES, INC., A-VALEY ENGINEERS, INC. AND LOTHAR E.S. BUDIKE, JUNIOR, | : |
| Defendants. | : |

**RESPONSES OF CONSTELLATION NEWENERGY, INC.
TO FIRST SET OF REQUESTS FOR PRODUCTION
BY POWERWEB TECHNOLOGIES, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Rule 26.1, and the parties' Joint Rule 26(f) Report, plaintiff, Constellation NewEnergy, Inc. ("NewEnergy"), objects and responds to the First Set of Requests for Production by Powerweb Technologies, Inc. Directed to AES NewEnergy, Inc., as follows:

**GENERAL OBJECTIONS**

1. NewEnergy objects to each documents request to the extent that the request seeks the disclosure of NewEnergy's trade secrets, confidential information or proprietary information before Powerweb has disclosed with particularity the information it alleges constitutes its own trade secrets, confidential information, or otherwise protected information. Until Powerweb discloses such information, NewEnergy cannot assess the appropriate scope of discovery,

**EXHIBIT D**

DSB:884296.3/AES003-158567

request is overbroad and seeks the disclosure of information that is not reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses of any party.

6. NewEnergy objects to each request to the extent that it is not limited to a relevant time period. Each request not limited to a relevant time period is overbroad and compliance would be unduly burdensome and oppressive. Unless otherwise stated, NewEnergy shall limit its production to documents created or referencing the time period after March 1999.

7. NewEnergy objects to each request to the extent it seeks information not within NewEnergy's possession, custody or control, and to the extent the discovery sought is exclusively within Powerweb's possession, custody and control.

8. NewEnergy objects to each request on the ground that it is overbroad and not reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses of any party.

9. NewEnergy objects to each document request to the extent that the request seeks information beyond the scope of permissible discovery as provided by the Federal Rules of Civil Procedure.

10. NewEnergy objects to each document request to the extent that the request has been propounded for the sole purpose of harassing NewEnergy or causing annoyance or embarrassment.

11. NewEnergy objects to each document request to the extent the request is unreasonably cumulative, duplicative, or the responsive information can be obtained from other sources more conveniently available to the party seeking discovery.

53.    All documents generated by, received by, kept by, or maintained by Brian Hayduk relating in anyway to Powerweb, the Omni-Link System, and/or any of the issues raised in this lawsuit.

**RESPONSE**

NewEnergy objects to this request on the ground that the term "any of the issues raised in this lawsuit" is ambiguous, vague, overbroad and unreasonably imprecise. NewEnergy further objects on the ground that the request is not limited by a time period. Subject to and without waiver of the these objections and the General Objections, NewEnergy will make available for inspection and copying responsive, non-privileged documents generated by, received by, kept by, or maintained by Brian Hayduk relating to: (1) Powerweb; (2) Omni-Link; (3) Active Load Management; or (4) Summer Active Load Management and Volunteer Load Curtailment Programs on the Pennsylvania-Jersey-Maryland Interconnection.

54.    All documents generated by, received by, kept by, or maintained by Dave McGowen relating in anyway to Powerweb, the Omni-Link System, and/or any of the issues raised in this lawsuit.

**RESPONSE**

NewEnergy objects to this request on the ground that the term "any of the issues raised in this lawsuit" is ambiguous, vague, overbroad and unreasonably imprecise. NewEnergy further objects on the ground that the request is not limited by a time period. Subject to and without waiver of the these objections and the General Objections, NewEnergy will make available for inspection and copying responsive, non-privileged documents generated by, received by, kept by, or maintained by David McGeown relating to: (1) Powerweb; (2) Omni-Link; (3) Active Load Management; or (4) Summer Active Load Management and Volunteer Load Curtailment Programs on the Pennsylvania-Jersey-Maryland Interconnection.