**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

CONSTELLATION NEWENERGY, INC.,   :
                                 :
        Plaintiff,           :   Civil Action No. 02-CV-2733 (HB)
                                 :
   v.                            :
                                 :
POWERWEB TECHNOLOGIES, INC.,     :
                                 :
        Defendant.           :
_____

## ORDER

**AND NOW**, this ____ day of _____, 2004, it is hereby

**ORDERED** that Powerweb's Motion <u>In Limine</u> to Preclude Expert Testimony by Raymond F. Dovell, CPA, is **DENIED** in its entirety.


                                            **BY THE COURT:**

                                            _____
                                            **Hon. Harvey Bartle, III, J.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| | : | |
| Defendant. | : | |

### RESPONSE BY PLAINTIFF, CONSTELLATION NEWENERGY, INC. TO MOTION *IN LIMINE* BY POWERWEB, INC. TO PRECLUDE EXPERT TESTIMONY BY RAYMOND F. DOVELL, CPA

Plaintiff, Constellation NewEnergy, hereby responds to Defendant, Powerweb, Inc.'s above-captioned motion. For the reasons set forth in the accompanying memorandum of law, this Motion should be denied.

David E. Landau
Matthew A. White
Zachary C. Glaser
Jennifer C. O'Neill
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19102-2097
(215) 977-2000

*Attorneys for Plaintiff,
Constellation NewEnergy, Inc.*

Dated: July 29, 2004

DSB:977487.1/AES003-158567

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN RESPONSE TO MOTION *IN LIMINE* BY POWERWEB, INC. TO PRECLUDE EXPERT TESTIMONY BY RAYMOND F. DOVELL, CPA**

Experts are routinely hired to critique the methodology of other experts. Indeed, critical analysis of an opposing expert's methodology is one of the most commonly accepted ways to impeach an expert's conclusions. That is precisely what Mr. Dovell was hired to do in this case. Under ordinary circumstances, a motion to exclude the testimony of a forensic accountant with impeccable credentials and extensive relevant experience would seem quite strange. Here, however, it is not surprising. 92% of Powerweb's damage claims rely on the so-called "expert" analysis of Constantinos Pappas, an accountant who has never before performed a damage calculation or attempted to forecast lost profits. Desperate to avoid having the jury compare Mr. Pappas to Mr. Dovell, Powerweb has filed a motion to exclude Mr. Dovell under the guise of Daubert. The motion is meritless and should be denied.

**I.   BACKGROUND**

   **A.   Mr. Pappas' Lost Profits Reports**

According to the damage figures presented in Mr. Pappas' most recent lost profits report, Powerweb will lose $109,527,917 related to the 4 categories of damages which he considered: sales of Omni-Link to NewEnergy load management and energy management customers, sales

of Omni-Link to Verizon, BG&E's decision to opt out of its contract with Powerweb, and alleged "lost contracts." Mr. Pappas' Supplemental Report is attached as Exhibit A.[1] As discussed more fully in NewEnergy's brief in support of its motion to preclude Mr. Pappas' testimony, incorporated by reference, Mr. Pappas is not qualified to offer these opinions and his methodology is unreliable.

Mr. Pappas has no specialized knowledge, skill, experience, training or education in the calculation of lost profits. Mr. Pappas is a CPA who has worked for Powerweb for four years. Pappas Report, attached as Exhibit B. His only higher education is a bachelor's degree in business administration from Widener University in 1989. *Id*. He has never taken any courses or continuing education classes which are related in any way to the work he performed for this engagement. Pappas Dep. 31:17-23, attached as Exhibit C.

This is the first time that Mr. Pappas has ever attempted to provide litigation support services. *Id*. 26:7-11. He has never conducted a lost profits analysis. *Id*. 31:24-32:2. He did not consult with any other accountants to give him guidance in the preparation of his report. *Id*. 37:10-13. In fact, the first damages report Mr. Pappas has ever seen was the report he wrote for Powerweb after two weeks of work in March, 2004. *Id*. 37:10-13. Even according to Powerweb's other expert, Dr. Fox-Penner, Mr. Pappas is not qualified to calculate Powerweb's lost profits. Fox-Penner Dep. 72:15-73:8, attached as Exhibit D.

According to his Rule 26 expert disclosures, Mr. Pappas only considered six documents in reaching his conclusions. Exhibit H to Pappas Rep., attached as Exhibit B. The balance of the information which Mr. Pappas relied upon to support his opinions comes exclusively from oral

---

[1] On June 21, 2004, Constellation NewEnergy moved for the exclusion of Mr. Pappas' supplemental report based on the identification of the utilities at issue in Powerweb's claim for "lost contract" for the first time and a new methodology by which Mr. Pappas expanded one category of damages from $9 million to $63 million.

representations from Powerweb's president, Lothar Budike, Jr.  He did not review any of the pleadings, any written discovery, or any deposition transcripts.  *Id.*  Most important, he did not consider any of Powerweb's historical financial and tax information, the Non Disclosure Agreement, or the Bell Atlantic Agreement.  *Id.*

As discussed more fully in NewEnergy's brief in support of its motion to preclude Mr. Pappas' testimony and incorporated by reference, Mr. Pappas is not qualified to offer these opinions and his methodology is unreliable.

**B.      Responsive Report of Raymond F. Dovell, CPA**

Constellation NewEnergy engaged the services of Raymond F. Dovell, CPA, to review Mr. Pappas' calculations and methodologies and the materials Mr. Pappas relied upon and to deliver a responsive report as to whether Mr. Pappas' lost profits calculations are consistent generally accepted standards for accountants providing litigation support.  Mr. Dovell's Report is attached as Exhibit E.  He was not engaged to make an actual damage calculation.

Like Mr. Pappas, Mr. Dovell is a Certified Public Accountant.  Exhibit E at 1; exhibit 2.  Unlike Mr. Pappas, Mr. Dovell has been a CPA for 17 years, and a Certified Fraud Examiner for 10 years.  *Id.*  Mr. Dovell has extensive experience as a litigation consultant and as a testifying expert in numerous cases involving the calculation of commercial damages, including lost profits.  *Id.*  Prior to his experience as a forensic accountant, Mr. Dovell was an auditor and a special agent for the U.S. Department of Labor.  *Id.*

In his report, Mr. Dovell considered the professional standards which apply to accountants providing litigation support services, factual support for Mr. Pappas' opinions, and other errors and deficiencies in Mr. Pappas' methodology.  According to Mr. Dovell, Mr. Pappas failed to comply with the professional standards for CPAs.  *Id.* at 12.  In addition, Mr. Pappas' opinions are described as unreasonable, misleading, untested and lacking sufficient factual

support or critical analysis. *Id.* at 13. At trial, NewEnergy will offer Mr. Dovell's testimony to the jury to assist the jury in evaluating the testimony of Mr. Pappas' lost damage calculations.

## II. ARGUMENT

Noticeably absent from Powerweb's recitation of applicable legal standards is a single case which could stand for the proposition that rebuttal experts are impermissible. Quite to the contrary, the Federal Rules specifically acknowledge expert testimony, "*intended solely to contradict or rebut evidence* on the same subject" which is offered by an opposing expert. Fed. R. Civ. P. 26(a)(2)(c) (emphasis added); *See also, Crowley v. Chait*, No. 85-CV-2441, 2004 U.S. Dist. LEXIS 11201, *54-55 (D. N.J. Mar. 16, 2004).

Mr. Dovell's expert rebuttal testimony is squarely within the scope of Rule 702, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principals and methods, and (3) the witness has applied the principals and methods to the facts of the case.

Mr. Dovell's qualifications are unchallenged. His rebuttal testimony will assist the jury in evaluating the evidence which Powerweb intends to offer through Mr. Pappas. Mr. Dovell has applied the principals and methods of his profession and his specialized knowledge in the fields of litigation support and lost profits calculations to the facts and data presented in Mr. Pappas report and the additional materials and research which he considered. Critical analysis regarding Powerweb's damage testimony will be helpful to the jury.

Powerweb's criticism of the documents relied upon by Mr. Dovell is ironic at best. In order to critique the facts and data relied upon by Mr. Pappas, Mr. Dovell did what one would

expect, he reviewed each and every document identified by Mr. Pappas in his reports.[2]  As examples of other materials which Mr. Pappas *should have* considered, Mr. Dovell also reviewed a significant number of documents produced by or relating to BG&E and conducted independent research regarding Powerweb and its competitors.  Exhibit 1 to Exhibit E.

Mr. Dovell does not need to review Powerweb's financial and tax information in order to opine that an accountant should consider such information when performing a lost profits calculation.  The salient point is that <u>Mr. Pappas</u> did not review them.[3]  Mr. Dovell's opinion that Mr. Pappas should have based his analysis on these documents is based on Mr. Dovell's extensive experience in calculating damages and on a learned treatise cited in Mr. Dovell's Report that Mr. Pappas conceded is authoritative.  At his deposition, Mr. Pappas testified that he relied upon a three volume treatise, *Litigation Support Services* published by the Practitioners Publishing Company.  Pappas Dep. at 32:13-20.  Specifically, Mr. Pappas stated that he relied upon Volume I, § 300, entitled *Lost Profit Analysis Involving Closely Held Businesses.*  Id. 156:15-22.  This chapter states that: "[d]ocumentary evidence is a critical element of all litigation services, including those involving lost profits.  The primary source of documentary evidence is the plaintiff's business records."  *Guide to Litigation Support Services, Vol. I,* § 303.7, cited in the Dovell Report, Exhibit E at 5.  Mr. Dovell's expert opinion that such an omission represents a failure to conform to applicable standards in Mr. Pappas' profession will assist the jury in its consideration of Mr. Pappas' conclusions.

---

[2]   At his deposition, Mr. Pappas identified numerous documents which he considered but failed to disclose in his report.  *See, e.g.,* Exhibit C at 33:13-20 (treatises); 159:4-19 (tax returns, financial statements, etc); 217:23 - 218:6 (reports regarding BG&E profits); 305:11 - 306:11 (research on NewEnergy).  Relying on the expert disclosure requirements in Rule 26(a)(2)(B), Mr. Dovell assumed that Mr. Pappas' disclosed all of his opinions and the basis for them in his report., Dovell Dep., 96:19-97:13, attached as Exhibit F.  Powerweb's criticism implies that Mr. Dovell should have assumed that Mr. Pappas would violate his disclosure requirements.

[3]   Mr. Dovell could not have reviewed the Powerweb financial and tax documents at issue here because Powerweb refused to produced them.

## III.     CONCLUSION

For the foregoing reasons, Constellation NewEnergy seek entry of an order in the form attached hereto, denying Powerweb's motion to preclude Mr. Dovell from testifying at trial.

        Respectfully submitted,

        Wolf, Block, Schorr & Solis-Cohen LLP

        _____
        David E. Landau
        Matthew A. White
        Zachary C. Glaser
        Jennifer C. O'Neill
        1650 Arch Street, 22nd Floor
        Philadelphia, Pennsylvania 19102-2097
        (215) 977-2000

        *Attorneys for Plaintiff,*
        *Constellation NewEnergy, Inc.*

Dated: July 29, 2004

## CERTIFICATE OF SERVICE

I certify that on July 29, 2004, I caused a true and correct copy of the foregoing Reply Memorandum Of Law In Response to Powerweb, Inc.'s Motion to Preclude Expert Testimony by Raymond F. Dovell, CPA, to be served electronically upon:

> Kara Goodchild, Esquire
> SAUL EWING LLP
> Centre Square West
> 1500 Market Street, 38th Floor
> Philadelphia, PA  19102-2186

The document is available for viewing and downloading from the ECF system.

          __/s/ Zachary C. Glaser_____
          Zachary C. Glaser