IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB, INC., | : | |
| Defendant. | : | |

## **O R D E R**

AND NOW, this         day of August, 2004, it is hereby ORDERED that Plaintiff, Constellation NewEnergy Inc.'s Motion in Limine to Preclude Expert and Opinion Testimony by Lothar Budike, Jr., and Andrew Bakey (Doc. #115) is DENIED.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB, INC., | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW BY POWERWEB, INC.
IN OPPOSITION TO MOTION BY CONSTELLATION
NEWENERGY, INC. TO PRECLUDE EXPERT AND OPINION
TESTIMONY BY LOTHAR BUDIKE, JR., AND ANDREW BAKEY**

Powerweb, Inc. ("Powerweb") submits this memorandum in opposition to the motion filed in this action by Constellation NewEnergy, Inc. ("NewEnergy") to preclude expert and opinion testimony by Lothar Budike, Jr. and Andrew Bakey (Doc. #115).

NewEnergy's entire motion rests upon a false premise. Preclusion is sought based upon a purported failure by Powerweb to designate Messrs. Budike and Bakey as expert witnesses. However, they *were* designated as expert witnesses.

Interrogatory 37 of NewEnergy's third set of interrogatories asked Powerweb to "Identify all expert witnesses whom you intend to call on your behalf at trial." Powerweb's initial answer was as follows: "Powerweb has not yet determined who will be offering expert testimony at the trial of this matter. Powerweb's experts will be disclosed in this litigation in accordance with the Court's First Scheduling Order and Rule 26 of the Federal Rules of Civil Procedure." Once the experts were selected, however, Powerweb duly supplemented its answer to NewEnergy's interrogatory as follows:

> Subject to and without waiving any objections previously made, Powerweb identifies Dr. Peter Fox-Penner of the Brattle Group and Constantinos Gus Pappas. Additionally, Powerweb identifies *Lothar E.S. Budike, Jr.*, *Andrew Bakey*, Joseph Bonner, and Lothar E.S. Budike Sr. to

the extent that their testimony may include opinions or inferences based upon scientific, technical or other specialized knowledge.[1]

Powerweb explicitly identified Messrs. Budike and Bakey because they have the very type of scientific, technical and other specialized knowledge that NewEnergy cites in its motion, regarding the energy industry and curtailment products.[2] Thus, it is simply not true that Powerweb failed to designate them as expert witnesses.

NewEnergy also contends that Messrs. Budike and Bakey should have submitted expert witness reports. That also is incorrect. The Federal Rules of Evidence were amended in 2000 to clarify that opinions or inferences based upon "scientific, technical, or other specialized knowledge" are expert opinions as opposed to lay opinions, no matter who utters them. See Fed. R. Evid. 701, 702. However, no change was made to the provision in effect since 1993 that exempts mixed fact/expert witness like Messrs. Budike and Bakey from the onerous requirements imposed on professional experts for hire. NewEnergy omitted that controlling exemption from the quoted excerpt of Rule 26 in its brief. The full text of the pertinent language is as follows:

> (2)  Disclosure of Expert Testimony.
>
>    (A)  In addition to the disclosures required by paragraph (1),[3] a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

---

1   See Supplemental Responses to Constellation NewEnergy's Third Set of Interrogatories Directed to Powerweb Technologies, Inc., a true and correct copy of which is attached hereto as Exhibit A.

2   NewEnergy has not objected to either witness's qualifications. See Second Scheduling Order (doc. #70) at 2-3, ¶12(B) (requiring any objection to expert qualifications to be included in the party's pretrial memorandum). Both witnesses have engineering degrees and extensive experience in the energy industry, particularly with respect to the type of products and services at issue in this case. As such, they are eminently qualified, by knowledge, skill, experience, training and education, to give the opinions that NewEnergy seeks to preclude. See Fed. R. Evid. 702.

3   The referenced paragraph (1) relates to initial disclosures and does not contain any requirements regarding experts. In any event, Messrs. Budike and Bakey were both identified in Powerweb's initial disclosures as persons with relevant knowledge.

> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, *with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony*, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2) (emphasis added). As explained by the Advisory Committee:

> For convenience, this rule and revised Rule 30 continue to use the term "expert" to refer to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters. *The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony.* A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

Fed. R. Civ. P. 26 advisory committee's note (1993) at sub. (a), par. (2) (emphasis added). The same distinction was also made in an earlier note regarding other aspects of expert discovery:

> It should be noted that the subdivision *does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit.* Such an expert should be treated as an ordinary witness.

Fed. R. Civ. P. 26 advisory committee's note (1970) at sub. (b)(4) (emphasis added). Thus, experts for hire and fact witnesses with specialized knowledge have been treated differently by the rules for more than three decades.

Messrs. Budike and Bakey were not "retained or specially employed to provide expert testimony" in this case and their duties for Powerweb do not "regularly involve giving

- 3 -

expert testimony." Mr. Budike is and has always been Powerweb's President and Chief Executive Officer, and Mr. Bakey has been employed by Powerweb either full-time or as a consultant since 1999 when the events at issue first began.[4] Neither's duties regularly involve giving expert testimony.[5] They are primarily fact witnesses, but some of their pertinent knowledge is technical in nature. Rule 26 specifically excepts such witnesses from the report requirements.

NewEnergy could have deposed Messrs. Budike and Bakey during the expert discovery phase but never did.[6] Perhaps NewEnergy failed to comprehend the significance of Powerweb's expert witness designations. If so, that was not Powerweb's fault and Powerweb cannot be punished for NewEnergy's oversight. In any event, NewEnergy had no need to depose Messrs. Budike and Bakey again because it already knew what their "expert" trial testimony would be. As is evident from NewEnergy's own brief, both witnesses were deposed extensively during the fact discovery phase regarding the very technical issues about which NewEnergy seeks to preclude them from testifying.

In short, NewEnergy's motion attempts to gain an unfair advantage by seizing upon a purported procedural failure that simply did not exist. Indeed, NewEnergy can satisfy none of the criteria necessary to preclude a witnesses' testimony. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993); In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-43 (3d Cir. 1994), cert. denied sub nom. Gen. Elec. Co. v. Ingram, 513 U.S. 1190 (1995). Accordingly, there is no basis for excluding the opinions of Messrs. Budike and Bakey at trial, and NewEnergy's motion must be denied.

---

[4]   See Budike Dep. at 14:8-11 (the pertinent portions of which are attached as Exhibit B); Bakey Dep. at 111:13-21 (the pertinent portions of which are attached as Exhibit C).

[5]   See Budike Dep. at 10:9-19; Bakey Dep. at 4:12-13.

[6]   The supplementation occurred weeks before any expert depositions began.

                    Respectfully submitted,

                            RG574

                    Rudolph Garcia, Esquire
                    Kara H. Goodchild, Esquire
                    Kristin L. Calabrese, Esquire
                    SAUL EWING LLP
                    1500 Market Street, 38th Floor
                    Philadelphia, PA 19102
                    (215) 972-1961; -7187; -7533
                    Attorneys for Powerweb, Inc.

Date:   August 6, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB, INC., | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing proposed order and memorandum were filed electronically today and are available for viewing and downloading from the ECF System. They were served upon counsel for Constellation NewEnergy, Inc. by notice of electronic filing to:

>David E. Landau, Esquire
>Wolf, Block, Schorr and Solis-Cohen, LLP
>1650 Arch St., 22nd Floor
>Philadelphia, PA 19102
>dlandau@wolfblock.com

>_____RG574_____
>Rudolph Garcia, Esquire

Date: August 6, 2004

818957.1