IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 02-CV-2733 (HB) |
| | : | |
| v. | : | |
| | : | |
| POWERWEB TECHNOLOGIES, INC., | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF, CONSTELLATION NEWENERGY, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE EXPERT AND OPINION TESTIMONY BY LOTHAR BUDIKE, JR., AND ANDREW BAKEY**

Powerweb now admits, as anticipated by New Energy's motion to preclude, that it will proffer two of its fact witnesses, Lothar Budike, Jr. and Andrew Bakey, as Rule 702 experts on liability. Powerweb's proffer stands this Court's scheduling order on its head. The Court mandated that Powerweb was to provide all expert reports on the claims for which it had a burden by April 1, 2004.[1] Powerweb produced reports from experts to testify about damages. It produced no expert reports on liability (i.e. whether Powerweb had any trade secrets; whether New Energy used any trade secrets, etc.). New Energy was to produce its reports on matters in defense of Powerweb's claims by May 3, 2004.[2] It did so.

After that second deadline, while expert depositions were to proceed apace, Powerweb obliquely identified four fact witnesses (including Mr. Budike and Mr. Bakey), as potential experts.[3] No other information was provided. Although each had been previously identified as

---

[1]     Court's Second Scheduling Order ¶ 4, dated November 21, 2003.

[2]     Court's Second Scheduling Order ¶ 5, dated November 21, 2003.

[3]     Powerweb's other two potential liability experts, Messrs. Bonner and Budike, Sr., should also be precluded from providing 702 expert opinions at trial.

fact witnesses in Powerweb's initial disclosures, those disclosures were never amended to give notice that these witnesses would also be experts. These gentlemen had already been deposed when fact discovery was completed some two months prior to Powerweb's supplementation of its expert identification interrogatory answer. Powerweb did not seek to extend the Court's scheduling order with respect to experts. Accordingly, as potential liability experts, they clearly should have been identified at the latest by the Court's April 1, 2004 expert deadline.

Moreover, Powerweb's belated identification of two fact witnesses as putative "experts" still did not identify the opinions these experts would provide, the bases for these opinions, or the qualifications that these expert might possess for their undisclosed opinions. In addition to the potential for ambush at trial, the most significant prejudice to New Energy is that New Energy has had no opportunity to provide timely rebuttal expert testimony to these opinions (whatever they might be). This is precisely the reason the Court set the expert disclosures in the fashion it did: the party who has the burden of proof on a claim had to provide its reports first; the other party was to respond 30 days later with any rebuttal expert opinion. New Energy relied on this Court's Order and provided expert reports as required.

It is true that New Energy did not press Powerweb to identify this information. The belated and summary identification of these witnesses as experts so obviously violated the scheduling order and the Federal Rules' disclosure requirements that New Energy decided to move to enforce the Court's order and the Federal Rules at an appropriate time before trial. To do otherwise would have rewarded Powerweb's breach of this Court's mandate. We respectfully request that this Court give full effect to its order.

Much in the same way that Powerweb's late disclosure of its claim for 13 "lost contracts" violates Powerweb's obligations under Rule 26, Powerweb's insufficient expert disclosures mandates the exclusion of Powerweb's new expert testimony under Rule 37.

### A.   Powerweb's Disclosures Were Too Late

On November 21, 2002, Powerweb served its Rule 26(a) initial disclosures. This document purported to disclose the subjects of information known by Messrs. Bakey and Budike that Powerweb might use at trial. Powerweb's disclosures are produced below:

| | | |
|---|---|---|
| 2. | Andrew Bakey<br>c/o counsel for Powerweb | Business dealings and communications between Powerweb and New Energy. |
| 6. | Lothar Budike, Jr.<br>c/o his counsel | Business dealings and communications between Powerweb and NewEnergy, NewEnergy's improper disclosure and use of information it received from Powerweb, and Powerweb's counterclaim in general. |

Powerweb Initial Disclosures, 1-2.

Neither of these disclosures put NewEnergy on notice that these witnesses would be offered as experts under Fed. R. Evid. 702 to testify generally about the energy industry or about the alleged uniqueness or originality of their ideas in the context of the energy industry.

In response to NewEnergy's expert interrogatories, Powerweb provided the following answer on February 26, 2003:

> 37.   Identify all expert witnesses whom you intend to call on your behalf at trial.
>
> **RESPONSE:** Powerweb incorporates here all of the "General Objections" set forth above. Subject to and without waiving these objections, Powerweb responds as follows: Powerweb has not yet determined who will be offering expert testimony at the trial of this matter. Powerweb's experts will be disclosed in this litigation in accordance with the Court's First Scheduling Order and Rule 26 of the Federal Rules of Civil Procedure.

Powerweb's Answers and Objections to NewEnergy's Third Set of Interrogatories at 19.

Similarly, this discovery disclosure did not put NewEnergy on notice that Messrs. Bakey and Budike would be offering 702 expert opinions.

The only experts disclosed by Powerweb by the Court's April 1, 2004 deadline were Mr. Pappas and Dr. Fox-Penner. Accordingly, NewEnergy engaged three experts to provide opinions in response to those disclosed by Powerweb's experts. Once their opinions were disclosed, Powerweb served "supplementary" responses to NewEnergy's expert interrogatory, disclosing for the first time Powerweb's intent to offer additional 702 expert opinions through fact witnesses. With the Court's deadline for completing expert depositions pending in two weeks, NewEnergy scheduled and deposed Powerweb's two properly disclosed experts and prepared its three experts to testify.[4]

To this day, Powerweb has not identified: (a) the opinions their experts will provide (b) the factual predicates to these opinions; or (c) the qualifications of these experts to render these opinions. New Energy, of course, has been unable to obtain rebuttal expert testimony to these unknown opinions.

**B.   Powerweb's Was Required to Serve Reports From All Experts**

Though Rule 26(a)(2)(B) only requires expert reports from experts specially retained to provide testimony, this Court is permitted to require reports from all proffered experts. The comment to the 1993 amendments to Rule 26 includes the following:

> By local rule, order or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon addition persons who will provide expert opinions under Rule 702.

---

[4]   Powerweb's brief suggests that NewEnergy's inability to divine the nature and basis of Powerweb's improperly disclosed expert opinions is NewEnergy's fault. This argument misses the point. The Rules and this Court's Scheduling Order placed the burden of disclosing proffered expert opinions squarely on the party intending to offer those opinions. Powerweb violated the Court's order, not New Energy.

Fed. R. Civ. P. 26, Advisory Committee Notes (1993) at sub. (a)(2).[5]

The Court's Scheduling Order states as follows:

> 4. Parties shall serve reports of expert witnesses with respect to issues on which they have the burden of proof on or before April 1, 2004.

Court's Second Scheduling Order, dated November 21, 2003.

Moreover, Powerweb's efforts to hide the ball and present belated, undisclosed expert opinions runs counter to the policy of open, fair disclosure of all relevant information, especially that associated with expert testimony. The comments provided by the Advisory Committee concerning the 1993 Amendments (which implemented the automatic disclosure of experts and their testimony) amplify this point:

> This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and <u>perhaps arrange for expert testimony from other witnesses</u>.

Fed. R. Civ. P. 26, Advisory Committee Notes (1993) (emphasis added).

Here, Powerweb flaunted this Court's order directing it to serve expert reports by April 1, 2004 and the Rules' policy of full, automatic disclosure.

The prejudice to New Energy flows from the fact that:

    (1)    Powerweb has not identified the opinions its belatedly identified experts will give;

    (2)    Powerweb has not identified the basis for those opinions;

    (3)    Powerweb has not identified the qualifications of its experts to render the unidentified opinions; and

---

[5] This portion of the advisory committee's notes immediately follows the section quoted in on page three of Powerweb's brief.

    (4)    New Energy is unable to obtain rebuttal expert testimony (as is its right under the Rules and this Court's Order) to address these unidentified opinions.

Powerweb should have disclosed all of the expert opinions it intended to offer in the form of reports which should have been served on April 1, 2004. It violated this Court's Order. New Energy urges this Court not to permit this prejudicial avoidance of disclosures to infect this trial with improper, previously undisclosed expert opinion.[6]

Respectfully submitted,

    s/DL422
David E. Landau, I.D. #43341
Matthew A. White, I.D. #55812
Zachary C. Glaser, I.D. #85979
Jennifer C. O'Neill, I.D. #89755

Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103-2097
(215) 977-2000

Dated: August 8, 2004

---

[6] If it is determined that Powerweb was not required to serve reports for all of its experts and that Powerweb's late disclosure can be cured within a week of trial, Powerweb should immediately disclose all 702 expert opinions it intends to offer and to permit NewEnergy to depose each of Powerweb's improperly disclosed experts to test the qualifications of the expert, explore the bases for their opinions, and test the reliability of their methodology under <u>Daubert</u>.

## CERTIFICATE OF SERVICE

I certify that on August 8, 2004, I caused a true and correct copy of Plaintiff Constellation NewEnergy, Inc.'s Reply Brief in Support of its Motion in Limine to Preclude Expert and Opinion Testimony by Lothar Budike, Jr. and Andrew Bakey to be served electronically upon:

>Kara Goodchild, Esquire
>SAUL EWING LLP
>Centre Square West
>1500 Market Street, 38th Floor
>Philadelphia, PA  19102-2186

The document is available for viewing and downloading from the ECF system.

                                          s/DL422
                                        David E. Landau