# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSTELLATION NEWENERGY, INC., : | |
| : | |
| Plaintiff, : | Civil Action No. 02-CV-2733 (HB) |
| : | |
| v. : | |
| : | |
| POWERWEB, INC., : | |
| : | |
| Defendant. : | |

## ORDER

**AND NOW**, this ___ day of _____, 2004, upon consideration of Constellation NewEnergy's Motion *In Limine* to Preclude Evidence Related to the Exclusive Powerweb Technologies Customer Marketing Agreement and any response thereto, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

Powerweb will not be permitted to introduce evidence related to the Exclusive Powerweb Technologies Customer Marketing Agreement, referred to by Powerweb, Inc., as the "Joint Marketing Agreement."

                                                        **BY THE COURT:**

                                                        **Hon. Harvey Bartle, III, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| CONSTELLATION NEWENERGY, INC., : | |
| : | |
| Plaintiff, : | Civil Action No. 02-CV-2733 (HB) |
| : | |
| v. : | |
| : | |
| POWERWEB, INC., : | |
| : | |
| Defendant. : | |

_____

**CONSTELLATION NEWENERGY'S MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE RELATED TO THE EXCLUSIVE POWERWEB TECHNOLOGIES
CUSTOMER MARKETING AGREEMENT**

Constellation NewEnergy hereby moves *In Limine* to Preclude Powerweb from offering evidence related to the Exclusive Powerweb Technologies Customer Marketing Agreement, referred to by Powerweb, Inc., as the "Joint Marketing Agreement."  NewEnergy relies upon the accompanying Memorandum of Law in support of this motion.

Respectfully Submitted,

_____s/DL422_____
David E. Landau
Matthew A. White
Zachary C. Glaser
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19103-2097
(215) 977-2000
*Attorneys for Plaintiff, Constellation NewEnergy*

Dated:  August 9, 2004

DSB:979254.1/AES003-158567

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

CONSTELLATION NEWENERGY, INC., :
:
        Plaintiff, :    Civil Action No. 02-CV-2733 (HB)
:
v. :
:
POWERWEB, INC., :
:
        Defendant. :

---

**MEMORANDUM OF LAW IN SUPPORT OF
CONSTELLATION NEWENERGY'S MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE RELATED TO THE EXCLUSIVE POWERWEB TECHNOLOGIES
<u>CUSTOMER MARKETING AGREEMENT</u>**

On April 30, 2004, this Court denied Powerweb's motion for leave to amend its counterclaims to add a new claim for breach of a contract entitled "The Exclusive PWT Customer Marketing Agreement" -- referred to by Powerweb as the "Joint Marketing Agreement."[1] No such claim existed in either of Powerweb's previous counterclaims.[2] Powerweb filed its motion almost two months after fact discovery and only days prior to the deadline for NewEnergy to serve responsive expert reports. This Court's Order referred to Powerweb's proposed amendment as "out of time."[3] Now, on the eve of trial, Powerweb has filed a brief in opposition to NewEnergy's motion to preclude evidence of unforeseeable

---

[1]    Powerweb's brief in support of its motion to amend is attached as Exhibit A. Page 1 of Powerweb's brief reflects Powerweb's effort to add a new claim regarding the "Joint Marketing Agreement." A copy of the Exclusive PWT Customer Marketing Agreement is attached as Exhibit B. Powerweb's version of this agreement, attached as Exhibit D to Powerweb's counterclaims, includes the phrase "Joint Marketing Agreement." For the Court's convenience, this agreement will be referred to as the "Joint Marketing Agreement."

[2]    Pages 27 and 28 of the black-line version of Powerweb's Proposed Second Amended Complaint, reflecting the addition of a new claim for breach of the "Joint Marketing Agreement" are attached as Exhibit C.

[3]    A copy of this Court's April 30, 2004 Order is attached as Exhibit D.

damages, declaring that Powerweb is entitled to recover almost $80 million in damages for lost energy management profits because they were a foreseeable consequence of a breach of the "Joint Marketing Agreement."[4] NewEnergy moves this Court to reaffirm its April 30, 2004 Order that Powerweb's claim for breach of the "Joint Marketing Agreement" is not in this case.

Powerweb first hinted at its end-run around this Court's Order on July 26, 2004, when Powerweb filed proposed jury interrogatories regarding each cause of action that it intends to prove at trial. Powerweb's Proposed Jury Interrogatory #6 states:

> Do you find that Powerweb has proven by a preponderance of the evidence that NewEnergy breached the Joint Marketing Agreement?[5]

Based on this Court's April 30, 2004 Order, NewEnergy assumed that this Jury Interrogatory was the result of a clerical mistake or an oversight on the part of Powerweb's counsel. In Powerweb's August 6, 2004 response to NewEnergy's Motion to Exclude Speculative and Unforeseeable Damages, however, Powerweb clearly expressed its intent to proceed with its claim regarding the so-called "Powerweb Marketing Agreement." Apparently, Powerweb intends to base its damage claim for energy management services (over 70% of Powerweb's total damage claim) on documents written after the execution of the Non-Disclosure Agreement ("NDA"), and based on Powerweb's strained reading of the "Powerweb Marketing Agreement."[6]

None of the documents relied upon by Powerweb in its brief in response to NewEnergy motion regarding unforeseeable damages are relevant to a claim for breach of the NDA (which

---

[4]   Powerweb's Memorandum of Law in Response to Constellation NewEnergy's Motion to Exclude Speculative and Unforeseeable Damages Relating to Energy Management Services ("Powerweb's Brief") at 7-9.

[5]   A copy of Powerweb's Proposed Jury Interrogatory #6 is attached as Exhibit E.

[6]   Powerweb Brief at 7-9.

was executed on October 11, 1999) or a claim for breach of the Bell Atlantic Agreement (which was limited to Bell Atlantic).  On the contrary, Powerweb's claim that "the parties' deal involved marketing Powerweb's Omni-Link technology, which included energy management services, to NewEnergy's customers . . ."[7] can only be a reference to an alleged breach of the "Joint Marketing Agreement."  Powerweb's brief evidence an intent to prove that energy management services were a foreseeable consequence of a breach of the "Joint Marketing Agreement."  Since this Court explicitly denied Powerweb's effort to add a counterclaim for breach of this agreement, evidence of such a breach or the alleged foreseeability of damages related to such a breach should be excluded at trial.

     Accordingly, NewEnergy respectfully requests that this Court enter an Order in the form attached hereto, excluding evidence relating to the Exclusive PWT Customer Marketing Agreement, referred to by Powerweb as the "Joint Marketing Agreement."

                                  Respectfully submitted,

                                  _____s/DL422_____
                                  David E. Landau
                                  Matthew A. White
                                  Zachary C. Glaser
                                  WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
                                  1650 Arch Street, 22nd Floor
                                  Philadelphia, Pennsylvania 19103-2097
                                  (215) 977-2000

                                  *Attorneys for Plaintiff, Constellation NewEnergy, Inc.*

Dated:  August 9, 2004

---

[7]    Powerweb Brief at 9.

**CERTIFICATE OF SERVICE**

I certify that on August 9, 2004, I caused a true and correct copy of the foregoing Motion *In Limine* to Preclude Evidence Related to the Exclusive Powerweb Technologies Customer Marketing Agreement to be served electronically upon:

>Kara Goodchild, Esquire
>SAUL EWING LLP
>Centre Square West
>1500 Market Street, 38th Floor
>Philadelphia, PA  19102-2186

The document is available for viewing and downloading from the ECF system

/s/ Zachary C. Glaser _____
Zachary C. Glaser

Dated:  August 9, 2004