```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CONSTELLATION NEWENERGY, INC.   :        CIVIL ACTION
                                :
          v.                    :
                                :
POWERWEB, INC.                  :        NO. 02-2733
```

ORDER

AND NOW, this      day of August, 2004, it is hereby ORDERED that the motion in limine by Powerweb, Inc. to preclude testimony by Raymond F. Dovell, C.P.A., is DENIED.

_____

Defendant and cross-claimant Powerweb, Inc. ("Powerweb") argues that Raymond F. Dovell, an expert offered by plaintiff Constellation NewEnergy, Inc. ("NewEnergy"), should be precluded from testifying on a variety of grounds.  For example, Powerweb contends that Mr. Dovell's testimony would not be relevant and would not assist the trier of fact.  We disagree. Mr. Dovell has been a certified public accountant for seventeen years, and is also a certified fraud examiner.  Mr. Dovell's expert report is a detailed critical analysis of the damages report written by Constantinos Pappas and endorsed by Powerweb. Mr. Dovell's opinions would clearly be relevant.  Furthermore, considering his credentials, we think that his specialized knowledge would assist the trier of fact in understanding the

highly complex financial spreadsheets submitted by Powerweb to prove their damages.  See Fed. R. Civ. P. 702.

Powerweb next argues that Mr. Dovell's opinions are not based upon sufficient facts or data.  Again, we disagree.  In preparing his report, Mr. Dovell examined Mr. Pappas' report, along with every document it cites.  Mr. Dovell also reviewed more than a dozen other sources which were apparently not considered by Mr. Pappas, such as licence agreements and company websites.  Upon review of the record, we find that the views expressed in Mr. Dovell's report are adequately supported by sufficient facts, data, and research.

The remaining arguments offered by Powerweb for precluding the testimony of Mr. Dovell are also without merit.  Accordingly, we will deny Powerweb's motion, and the court shall not conduct a Daubert hearing for this expert witness.

BY THE COURT:

_____
J.