IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC.,    :
               Plaintiff,    :
                   :
         v.    :    No. 02-CV-2733 (HB)
                   :
POWERWEB, INC.,    :
            Defendant.    :

# O R D E R

AND NOW, this        day of                , 2004, IT IS HEREBY

ORDERED that the Motion by Powerweb, Inc. for Leave to File a Surreply Memorandum

regarding Plaintiff Constellation NewEnergy, Inc.'s Motion in Limine to Preclude Expert and

Opinion Testimony by Lothar Budike, Jr. and Andrew Bakey is GRANTED.

BY THE COURT:

_____
                                         J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC.,    :
                        Plaintiff,    :
                                  :
                v.              :         No. 02-CV-2733 (HB)
                                    :
POWERWEB, INC.,                  :
                   Defendant.    :

**MOTION BY POWERWEB, INC. FOR LEAVE
TO FILE A SURREPLY MEMORANDUM**

Powerweb, Inc. ("Powerweb") moves for leave to file a surreply in further opposition to the motion of Constellation NewEnergy, Inc. ("NewEnergy") to preclude expert and opinion testimony by Lothar Budike, Jr. and Andrew Bakey, in support of which it avers as follows:

1.      On July 26, 2004, NewEnergy filed a motion requesting the Court to preclude Powerweb from offering expert or opinion testimony by Lothar Budike, Jr. and Andrew Bakey at trial.

2.      Powerweb filed a memorandum in opposition to the motion on August 6, 2004.

3.      On August 8, 2004, NewEnergy filed a reply memorandum that seriously misstates the record, creating an unfair risk of an incorrect decision.

4.      Given the importance of the requested relief, and to better enable the Court to reach an informed decision, Powerweb has prepared a very short surreply memorandum addressing the misstatements that NewEnergy has made, a copy of which is attached hereto as Exhibit A.

5.      If Powerweb is permitted to file the surreply memorandum, its briefs will still total far less than the 25 pages allowed for a single response.

WHEREFORE, Powerweb respectfully requests leave to file the attached surreply memorandum.

_____RG574_____
Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
Kristin L. Calabrese, Esquire
SAUL EWING LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961, -7187, -7533
Attorneys for Powerweb, Inc.

Dated: August 11, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC., :
       Plaintiff, :
          :
     v.      :   No. 02-CV-2733 (HB)
          :
POWERWEB, INC.,     :
       Defendant. :

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION BY POWERWEB TECHNOLOGIES, INC.
FOR LEAVE TO FILE A SURREPLY MEMORANDUM**

   Powerweb, Inc. ("Powerweb") submits this memorandum in support of its motion for leave to file a surreply in further opposition to the motion of Constellation NewEnergy, Inc. ("NewEnergy") to preclude expert testimony by Lothar Budike, Jr. and Andrew Bakey.

   Although surreply memoranda are not generally permitted, they are allowed with leave of Court for good cause shown. There is good cause here, because: (a) NewEnergy's reply memorandum misstates the record, as shown in the attached Exhibit A; (b) the motion seeks to preclude significant testimony regarding NewEnergy's liability; and (c) Powerweb's initial brief and surreply combined would still total far less than the 25 pages allowed for a single response. Accordingly, it would be well within the Court's discretion to permit the surreply.

         Respectfully submitted,

          RG574

         Rudolph Garcia, Esquire
         Kara H. Goodchild, Esquire
         Kristin L. Calabrese, Esquire
         SAUL EWING LLP
         Centre Square West
         1500 Market Street, 38th Floor
         Philadelphia, PA 19102
         (215) 972-1961, -7187, -7533
         Attorneys for Powerweb, Inc.

Dated:  August 11, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC.,     :
                            Plaintiff,     :
                                    :
                  v.               :          No. 02-CV-2733 (HB)
                                    :
POWERWEB, INC.,                   :
                      Defendant.     :

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copies of the foregoing motion and memorandum were filed electronically today and are available for viewing and downloading from the ECF system. They were served upon counsel for Constellation NewEnergy, Inc. by notice of electronic filing, addressed to:

> David E. Landau, Esquire
> Wolf, Block, Schorr and Solis-Cohen, LLP
> 1650 Arch St., 22nd Floor
> Philadelphia, PA 19102
> dlandau@wolfblock.com

                                                _____RG574_____
                                             Rudolph Garcia, Esquire

Dated: August 11, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC.,    :
                        Plaintiff,    :
                                    :
                    v.           :          No. 02-CV-2733 (HB)
                                    :
POWERWEB, INC.,                  :
                      Defendant.    :

**SURREPLY MEMORANDUM BY POWERWEB, INC.
IN OPPOSITION TO MOTION BY CONSTELLATION
NEWENERGY, INC. TO PRECLUDE EXPERT AND OPINION
TESTIMONY BY LOTHAR BUDIKE, JR., AND ANDREW BAKEY**

Powerweb, Inc. ("Powerweb") submits this surreply to correct certain misstatements made in the reply memorandum by Constellation NewEnergy, Inc. ("NewEnergy") regarding the motion to preclude expert and opinion testimony by Lothar Budike, Jr. and Andrew Bakey (Doc. #142).

NewEnergy's reply argues that Powerweb's identification of Lothar E.S. Budike, Jr. and Andrew Bakey as experts on May 3, 2004 was contrary to the Court's Scheduling Order and the Federal Rules. This is simply not the case. The April 1, 2004 and May 3, 2004 deadlines in the Court's Scheduling Order, cited by NewEnergy in its reply, refer to the exchange of expert reports, not disclosure of witnesses as to whom reports are not required. As explained in Powerweb's response to NewEnergy's motion (Doc. #137), Messers. Budike and Bakey are fact witnesses who have technical knowledge. This type of expert testimony does not require the submission of an expert report.

With respect to the timing of the disclosure of expert testimony, Rule 26(a)(2)(C) states:

> [Expert] disclosures shall be made at the time and in the sequence directed by the court. In the absence of other directions from the court or

**EXHIBIT A**

> stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph 2(B), within 30 days after the disclosure made by the other party.

Rule 26(a)(2)(C). Powerweb's May 3, 2004 disclosures were made 90 days before this case was to be ready for trial, in accordance with Rule 26. Moreover, under the same paragraph cited above, NewEnergy was allowed 30 days after Powerweb's disclosure to identify any rebuttal experts. NewEnergy can claim no prejudice from its own failure to identify rebuttal experts within the 30 days provided by Rule 26.

NewEnergy is merely attempting to gain an unjustified and unfair procedural advantage. NewEnergy has known the proposed testimony of Messers. Budike and Bakey since it took their depositions, long before the inapplicable expert report deadlines. Their designation as experts merely protected that testimony from an argument that some of it should be excluded as based on technical knowledge. Powerweb followed the letter of the law as well as its spirit to avoid the very argument that NewEnergy is making. NewEnergy has now proven the wisdom of that cautious approach. NewEnergy had ample opportunity to depose Messers. Budike and Bakey again during expert discovery, but did not. NewEnergy cannot rightfully claim prejudice where Powerweb's expert disclosures fully complied with both the Court's Scheduling Order and the Federal Rules of Civil Procedure.

Respectfully submitted,


RG574

Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
Kristin L. Calabrese, Esquire
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961; -7187; -7533
Attorneys for Powerweb, Inc.

Date:   August 11, 2004