```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC.    :      CIVIL ACTION
                                 :
          v.                     :
                                 :
POWERWEB, INC.                   :      NO. 02-2733
```

MEMORANDUM

Bartle, J.                                        August   , 2004

       Defendant and counterclaimant Powerweb, Inc. ("Powerweb"), in a motion in limine filed before trial, has moved to preclude evidence of and testimony related to a two-page unsigned letter dated April 29, 1999 on the stationery of NewEnergy Ventures purportedly from a Harry Daviton to an Edward Kulik, Jr., a senior vice-president of The New Water Street Corporation (marked as McGeown 001-002). The letter indicated it was being copied to "Frank Magnoni, Plant Manager." It was produced a few days after the close of fact discovery by a David McGeown. According to his declaration, he was hired in the spring of 1999 by NewEnergy Ventures, a predecessor of Constellation NewEnergy, Inc. ("NewEnergy"), to develop and market energy services programs. He has not been employed by NewEnergy or any of its predecessors or affiliates since the spring of 2001.

       We are not persuaded by Powerweb's argument that NewEnergy failed timely to produce the letter in response to Powerweb's first request for production of documents. While the

request sought documents maintained by Mr. McGeown, NewEnergy had no obligation to produce documents in the possession of a former employee as was the case here.

Powerweb also argues that the letter should be precluded as hearsay. Rule 801(c) of the Federal Rules of Evidence provides: "'Hearsay'" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

The letter here is clearly being used for the truth of its contents. NewEnergy seeks to demonstrate through it and the testimony of its expert Daniel Violette that it had developed a load curtailment program in the spring of 1999 before NewEnergy and Powerweb began their relationship concerning the same subject.

Mr. Daviton, who is the alleged declarant, has not been deposed and will not be called as a witness. Indeed, the identity of and position held by Mr. Daviton has not been disclosed in the papers before us. Likewise, neither Mr. Kulik nor Mr. Magnoni is expected as a witness. Mr. McGeown, who produced the letter, is not its author or recipient and is not even copied on it. His declaration is rather vague on how he happened to come to possess it. He simply states, "I recall that I was given the document by NewEnergy Ventures as an example of the type of projects NewEnergy Ventures was pursuing and that I should help to develop." He does not say when he received the letter or from whom or that he did anything with it or its

contents. Significantly, Mr. McGeown does not aver and NewEnergy does not contend that he has any first hand knowledge of what is contained in the letter. Introduction of the letter or testimony about it would constitute inadmissible hearsay unless an exception applies.

NewEnergy contends that the hearsay exception under Rule 803(3) allows the introduction of the letter because it merely disclosed Mr. Daviton's "then existing state of mind ... (such as intent, plan, [or] motive ...)." We disagree. The letter is relevant and of value to NewEnergy in this litigation only to establish that NewEnergy Ventures was pursuing energy capacity projects prior to its involvement with Powerweb. To the extent the letter reveals Mr. Daviton's state of mind (which is quite doubtful), it has no probative value in this lawsuit. We do not know who he is or was, and we cannot even say he was speaking for NewEnergy Ventures.

Nor does the recorded recollection exception under Rule 803(5) save the day. The problem here is that Mr. McGeown never had first hand knowledge of its contents so it cannot be a record of his recollection.

NewEnergy further argues that the letter is admissible under the "records of regularly conducted activity" exception set forth in Rule 803(6). It provides in relevant part:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if

> kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness....

Again, we do not know the identity of Mr. Daviton. We do not know if the letter attributable to him was ever sent. We have no idea whether it was kept in the course of a regularly conducted business activity. The document was not produced by NewEnergy from its records but by a former employee of a predecessor whose name does not even appear on it. In sum, NewEnergy has not established that the letter is admissible as a record of regularly conducted activity.

NewEnergy also seeks to use the letter to refresh Mr. McGeown's recollection under Rule 612 of the Federal Rules of Evidence. Again, because McGeown has no personal knowledge of the crucial facts contained therein, there is no memory to refresh.

Finally, NewEnergy argues that its expert, Dr. Daniel Violette, may rely on the letter pursuant to Rule 703, which reads:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or

> inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

We agree that under certain circumstances experts may rely on hearsay. However, the letter here is of such questionable reliability and veracity that it cannot be of "a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject."

We will grant Powerweb's motion to exclude evidence of and testimony related to the April 29, 1999 letter purportedly from Mr. Daviton to Mr. Kulik.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC.    :       CIVIL ACTION
                                 :
          v.                     :
                                 :
POWERWEB, INC.,                  :       NO. 02-2733
```

## ORDER

AND NOW, this    day of August, 2003, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of Powerweb, Inc. to preclude the introduction into evidence of a letter marked as McGeown 001-002 and any testimony of Dr. Daniel Violette based on that letter is GRANTED.

BY THE COURT:

_____
J.