```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

CONSTELLATION NEWENERGY, INC.    :    CIVIL ACTION
                                 :
          v.                     :
                                 :
POWERWEB, INC.                   :    NO. 02-2733

MEMORANDUM

Bartle, J.                                      August   , 2004

        The current motion by Powerweb, Inc. ("Powerweb") seeks to preclude Constellation NewEnergy, Inc. ("NewEnergy") from presenting at trial information that was purportedly not properly disclosed in discovery by NewEnergy.  Powerweb argues that the undisclosed information is now being used by NewEnergy's expert, Dr. Michael Rosenzweig.

        Our analysis of this issue begins with Powerweb's second set of requests for production directed to NewEnergy, which were served on October 9, 2003.  In these requests, Powerweb asked for documents relating to the number of NewEnergy customers that are involved in load management activities (see, e.g., Request #23), metering installed at NewEnergy's customers which are involved in load management (see, e.g., Requests #28 and #29), megawatts of electrical capacity each customer has available to it through on-site generation (see, e.g., Request #24), and profits and revenues derived from NewEnergy customer participation in load management (see, e.g., Request #5).  On November 14, 2003, NewEnergy responded that it had already

provided, or would provide, all responsive, non-privileged documents. Powerweb now contends that the documents provided by NewEnergy in its responses were not complete.

Apparently dissatisfied with the level of detail provided by NewEnergy in its response to the second set of requests for production, Powerweb issued on February 3, 2004 a notice of deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The 30(b)(6) notice advised that Powerweb would be seeking, among other things, detailed load management data on NewEnergy's customers. However, the parties tangled over how to accomplish the 30(b)(6) deposition. One of the major disagreements arose from NewEnergy's assertion that no single NewEnergy employee was knowledgeable about all of the information requested. The parties reached a compromise in which they agreed to forgo the 30(b)(6) deposition with the understanding that NewEnergy would, through written responses, "endeavor to provide [Powerweb] with all of the relevant information which [it had] requested." Letter from Zachary C. Glaser to Kara H. Goodchild of March 12, 2004, at 1.

Powerweb contends that despite its efforts it never received all of the requested customer, meter, megawatt, profit, and revenue information by the close of discovery on March 1, 2004. According to Powerweb, its "experts were forced to distill what information they could from the documents and the limited information known to deponents and use it to make informed estimates and projections." Powerweb Brief at 4-5. Powerweb

-2-

asserts that it has been unfairly surprised by the May 3, 2004 report of NewEnergy's expert, Dr. Rosenzweig. It utilizes previously undisclosed data about NewEnergy's load management customers and profits in New England, California, and New York. Powerweb also complains that a supplemental report by Dr. Rosenzweig on June 11, 2004 includes other load management data that was not previously provided. Dr. Rosenzweig's supplemental report indicates that this information came from "personal conversations" with NewEnergy employees Amy Richard and Deirdre Lord. Powerweb now asks, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, that NewEnergy be precluded from presenting at trial any of the data not provided in a timely manner to Powerweb.

In response, NewEnergy argues that Powerweb should have asked specifically for the information it sought. However, this argument is directly contradicted by Powerweb's second request for the production of documents. This request encompassed the disputed data.

NewEnergy next suggests that if Powerweb wanted more information it could have filed a motion to compel, or it should have conducted detailed depositions of individuals who were identified in the course of discovery. This argument is not convincing. Our system of discovery depends upon the principle that a party who is served with a request for documents will provide complete responses. While a requesting party may file a motion to compel, it is not required to do so. The party

required to produce documents may not withhold them during discovery and then have the benefit of them at trial.

We are also unmoved by NewEnergy's contention that Powerweb's expert Dr. Fox-Penner was not prejudiced by the missing information. It is true that Dr. Fox-Penner stated in deposition that, despite the fact that some information had not been provided, he was able to calculate lost profits by making various assumptions. However, without all of the requested information, Dr. Fox-Penner's estimates of lost profits were less accurate than they might otherwise have been, and his report is now clearly more vulnerable to attack by NewEnergy's experts.

Rule 37(c) of the Federal Rules of Civil Procedure states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

Exclusion of evidence from presentation at trial is an "extreme" sanction. Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977). Our Court of Appeals requires that the party to be sanctioned "(1) revealed previously undisclosed evidence when trial was either imminent or in progress; or (2) acted in bad faith, which is more than a mere lack of diligence." Stein v. Foamex Int'l, Inc., No. CIV.A. 00-2356, 2001 WL 936566, at *3 (E.D. Pa. Aug. 15, 2001). We will also consider "(1) the

prejudice or surprise in fact of the party against whom the excluded evidence would have been offered; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the Rule 37 sanctions would disrupt the orderly and efficient trial of the case or of other cases in the court; and (4) bad faith or willfulness of the party failing to make a required disclosure." Id.  Our court may exercise its discretion in deciding whether to impose Rule 37 sanctions.  Newman v. GHS Osteopathic, 60 F.3d 153, 156 (3d Cir. 1995).

We think that Rule 37 sanctions are appropriate in this case.  Trial, which is scheduled to begin on August 13, 2004, is now imminent.  As we have discussed, Powerweb has been prejudiced by NewEnergy's failure to provide the requested information.  The only way to cure the prejudice would be to give Powerweb the opportunity to perform further discovery to test the veracity of the information provided to Dr. Rosenzweig by NewEnergy employees.  Doing so would require continuing the trial, which we shall not do.  Numerous lawyers and witnesses have already aligned their schedules with the August 13, 2004 trial date, and the press of the court's other matters makes the rescheduling of this case in the near future impractical.

Since we have determined that Dr. Rosenzweig may not present at trial any of the information he gathered from Deidre Lord on June 8, 2004, we need not consider Powerweb's argument that Ms. Lord did not have sufficient personal knowledge of the information she provided to Dr. Rosenzweig.

-5-

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC.     :      CIVIL ACTION
                                  :
          v.                      :
                                  :
POWERWEB, INC.                    :      NO. 02-2733
```

ORDER

AND NOW, this      day of August, 2004, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion in limine of Powerweb, Inc. to preclude Constellation NewEnergy, Inc. from offering evidence and testimony related to post-discovery representations made by Constellation NewEnergy, Inc. to its expert, Dr. Michael Rosenzweig, regarding customer, meter, megawatt, profit, and revenue information, is GRANTED.

BY THE COURT:

_____
                            J.