IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC.    :    CIVIL ACTION
                                 :
        v.                       :
                                 :
POWERWEB, INC.                   :    NO. 02-2733

MEMORANDUM

Bartle, J.                                        August    , 2004

        Now before the court is the motion of defendant
Powerweb, Inc. ("Powerweb") to preclude Dr. Daniel M. Violette,
an expert engaged by plaintiff Constellation NewEnergy, Inc.
("NewEnergy"), from testifying as to the definition of the phrase
"energy technology" as it is used in a confidentiality agreement,
the scope of this agreement, and whether NewEnergy breached its
agreements.

        One of the central disputes between the parties
involves the phrase "Energy Technology," which is used in the
Confidentiality Agreement entered into by the parties on
October 11, 1999.  The Confidentiality Agreement provides in part
that "NewEnergy and its Representatives shall use all reasonable
efforts to preserve the Confidentiality of the 'Energy
Technology' Information.  Confidentiality shall not apply to
information already in the public domain, or common knowledge."
¶ 2.  In an expert report commissioned by plaintiff NewEnergy,
Dr. Violette opines that the contract term "energy technology"
was only meant to encompass technology that was transferred

between October 11, 1999 and January 7, 2000, the period in which the parties were negotiating their agreement to jointly market services to Bell Atlantic.  Dr. Violette, therefore, criticizes an apparent assumption made by Dr. Fox-Penner, an expert hired by defendant and cross-claimant Powerweb that "energy technology" includes technologies that were developed after January 7, 2000.

Powerweb argues that it would be improper to allow Dr. Violette to posit his own views about whether the contractual term "energy technology" was meant to cover technologies that arose after January 7, 2000.  We agree.  Although the contract is silent about the time period associated with the term "energy technology," NewEnergy has not suggested that Dr. Violette has specialized industry expertise that would be helpful to the jury in resolving this specific issue.  As NewEnergy observes in its brief, "Dr. Violette <u>was not</u> asked to render an opinion as to whether technology disclosed after [the diligence period] would be covered by the [Confidentiality Agreement]."  Resp. at 8. Therefore, Dr. Violette shall be precluded from testifying about whether the term "energy technology" was meant by the parties to be confined to technologies existing or shared within a specific time period.

Dr. Violette will, of course, not be precluded from testifying in all regards about the Confidentiality Agreement. He may testify regarding which energy technologies were developed and shared before January 7, 2000, and which technologies were transferred after this date.  He shall also be permitted to opine

-2-

about what technologies were in the public domain at different points in time, since there is a public domain exception in the agreement.

The next area of dispute between the parties is whether Dr. Violette should be permitted to testify that NewEnergy did not borrow "energy technology" from Powerweb in the development of its own energy management software, "WebJoules." Powerweb argues that Dr. Violette should not be allowed to do so, since he is not an expert in software development and did not view the actual software involved. We disagree. While it may have been preferable for Dr. Violette to have examined all of the pieces of software involved in this case, the actual graphics and source code of the software are not in dispute here. The essence of the dispute is whether NewEnergy improperly adopted the functionalities of Powerweb's proprietary software. Upon review of the record, we find that Dr. Violette has considered a broad range of materials to allow him to render an opinion about what software functions may or may not have been borrowed by NewEnergy. Moreover, there can be little doubt that Dr. Violette, who has a Doctorate in Economics and has spent more than a decade consulting in the energy industry, is qualified to render such an opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSTELLATION NEWENERGY, INC.    :        CIVIL ACTION
                                 :
            v.                   :
                                 :
POWERWEB, INC.                   :        NO. 02-2733

ORDER

AND NOW, this      day of August, 2004, for the
reasons set forth in the accompanying Memorandum, it is hereby
ORDERED that:

(1)  the motion in limine by Powerweb, Inc. to preclude
testimony by Daniel M. Violette, Ph.D., is GRANTED in part and
DENIED in part;

(2)  Dr. Violette shall be precluded from testifying
about whether the phrase "energy technology" in the
Confidentiality Agreement was meant to apply only to technologies
existing or shared within a specific time period; and

(3)  the motion by Powerweb, Inc. is otherwise DENIED.

BY THE COURT:

_____
                              J.