IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB, INC., | : | |
| Defendant. | : | |

### **POWERWEB, INC.'S PROPOSED VOIR DIRE QUESTIONS**

Powerweb, Inc. ("Powerweb") does not object to the voir dire questions proposed by Constellation NewEnergy, Inc. ("NewEnergy"). However, Powerweb proposes to add "NewEnergy Ventures" to the list of former names identified in NewEnergy's proposed voir dire questions three and four. Powerweb also respectfully proposes the following additional voir dire questions:

1. Some of the witnesses in this case are related to the following companies: Summit Blue Consulting, Nihill & Reidley and The Brattle Group. Is anyone familiar with any of these companies? Has anyone or anyone's family been employed by any of these companies? If your answer is in the affirmative, what is the nature of that familiarity or employment, and would the familiarity or employment influence any decision that you might make in this case?

2. Has anyone or anyone's family been involved in a lawsuit? If your answer is in the affirmative, what type of case was it? Were you a plaintiff or defendant? Was it resolved? Did you appear in court to testify? Would the fact that you were a involved in that lawsuit influence any decision that you might make in this case?

3. Has anyone ever served on a jury before? If your answer is in the affirmative, was it in state or federal court? Was it a civil or criminal trial? Did the jury reach a verdict? Would that service have any influence on you in deciding this case?

4. Does anyone have any preconceived opinions, either positive or negative, regarding companies who sue other companies for damages?

5. In this case, Powerweb is seeking damages based on its claims that NewEnergy breached its contracts and improperly used and disclosed Powerweb's confidential information. Does anyone have any preconceived opinions, either for or against, the award of damages in such a case?

6. Has anyone ever owned his or her own business?

7. This case involves the concept of load management or energy curtailment within the electric power industry. Is anyone involved in or familiar with the concept of load management or energy curtailment?

8. If you conclude, after hearing all of the evidence and the instructions of the court, that Powerweb, Inc. is entitled to a very large sum of money, would anyone have difficulty awarding that amount, due to its magnitude?

9. Unlike criminal cases, where guilt must be proven beyond a reason doubt, in a civil case, the jury should find in favor of a party on any issue if it believes that the facts are supported by a preponderance of evidence; that is, if it believes that the facts are more likely true than not. This is the lowest standard of proof required in any case. Is there anyone who would have difficulty applying that lesser standard in this case?

        Respectfully submitted,

            RG574

Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
Kristin L. Calabrese, Esquire
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961; -7187; -7533
Attorneys for Powerweb, Inc.

Date: August 12, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB, INC., | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing proposed voir dire was filed electronically today and is available for viewing and downloading from the ECF system. It was served upon counsel for Constellation NewEnergy, Inc. by notice of electronic filing, addressed to:

> David E. Landau, Esquire
> Wolf, Block, Schorr and Solis-Cohen, LLP
> 1650 Arch St., 22nd Floor
> Philadelphia, PA 19102
> dlandau@wolfblock.com

RG574<br>
Rudolph Garcia, Esquire

Date:   August 12, 2004