IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB, INC., | : | |
| Defendant. | : | |

# **O R D E R**

AND NOW, this         day of August, 2004, it is hereby ORDERED that Plaintiff, Constellation NewEnergy Inc.'s Motion in Limine to Preclude Evidence Related to the Exclusive Powerweb Technologies Customer Marketing Agreement (Doc. #145) is DENIED.

BY THE COURT:

_____
J.

819309.1 8/13/04

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB, INC., | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW BY POWERWEB, INC. IN OPPOSITION TO MOTION BY CONSTELLATION NEWENERGY, INC. TO PRECLUDE EVIDENCE RELATED TO THE EXCLUSIVE POWERWEB TECHNOLOGIES CUSTOMER MARKETING AGREEMENT**

Powerweb, Inc. ("Powerweb") submits this memorandum in opposition to the motion filed in this action by Constellation NewEnergy, Inc. ("NewEnergy") to preclude evidence related to the Exclusive Powerweb Technologies Customer Marketing Agreement ("Joint Marketing Agreement") (Doc. #145).

NewEnergy's motion to preclude this evidence rests on the premise that Powerweb's claim for breach of the Joint Marketing Agreement is a new cause of action, one that is not included in Powerweb's existing claims. Nothing could be further from the truth. Powerweb's claim for breach of the Joint Marketing Agreement was pled in Powerweb's initial Counterclaims, filed in August 2002. Information regarding the Joint Marketing Agreement was sought and produced by both parties during discovery, without objection. NewEnergy is simply elevating form over substance in seeking to exclude relevant evidence by creating a procedural deficiency where none exists. For these reasons, NewEnergy's motion should be denied.

**I.   BACKGROUND**

In 1996, the electricity markets in various regions across the United States began to be deregulated, opening the door to competition and new methods for reducing energy costs.

Because electricity cannot be stored, all generated power must be consumed instantaneously. That makes balancing supply and demand a constant challenge and causes electricity prices to be extremely volatile. During high demand periods, the wholesale price of electricity can increase by as much as 1,000%. Powerweb designed a system that enables large commercial customers to profit from that fluctuation by cutting back their consumption or using their own emergency generators when prices are at their highest ("Omni-Link system").

NewEnergy agreed to enter into a series of joint ventures with Powerweb to license the Omni-Link system, first to Bell Atlantic Corporation ("Bell Atlantic Agreement"), and then to other customers ("Joint Marketing Agreement"). Accordingly, Powerweb disclosed the details of its system to NewEnergy under a written agreement ("Confidentiality Agreement") that prohibited NewEnergy from unilaterally using or disclosing the information that Powerweb provided. NewEnergy then abandoned Powerweb, used the information to develop competing products and services of its own, and carelessly disclosed important aspects of the information to others who then used it to also become competitors of Powerweb.

Powerweb's counterclaims against NewEnergy seek recovery of lost profits resulting from NewEnergy's breach of the Confidentiality Agreement, the Bell Atlantic Agreement and the Joint Marketing Agreement, as well as under a three-year contract that NewEnergy induced Baltimore Gas & Electric Company ("BG&E") to terminate.

## II. ARGUMENT

Through pleadings and discovery, NewEnergy has been on notice of Powerweb's claim for breach of the Joint Marketing Agreement since this lawsuit's inception. The Court's denial of Powerweb's April 2004 motion for leave to amend its Counterclaim did nothing to alter the status of those claims that had already been properly pled. There is, consequently, no

prejudice to NewEnergy by the inclusion of evidence relating to the Joint Marketing Agreement at trial.

      **A.**    **Powerweb Has Properly Pled Breach of the Joint Marketing Agreement**

Under The Federal Rules of Civil Procedure, "a claimant does not have to set out in detail the facts upon which a claim is based, but must merely provide a statement sufficient to put the opposing party on notice of the claim." Weston v. Pennsylvania, 251 F.3d 420, 428 (3d Cir. 2001), Fed. R. Civ. P. 8(a). Complaints "need not plead law or match facts to every element of a legal theory." Id. at 429. Powerweb's claim for breach of the Joint Marketing Agreement meets the notice pleading standards of the Federal Rules.

Powerweb's Counterclaims make the following allegations regarding the Joint Marketing Agreement:

> 122. On or about January 8, 2000, Powerweb and NewEnergy entered into a **joint-marketing agreement** whereby the parties agreed to jointly market the Omni-Link System to NewEnergy's customers throughout Pennsylvania, New Jersey, and Maryland ("Joint-Marketing Agreement"), a true and correct copy of which is attached hereto as Exhibit D.
>
>             \*      \*      \*
>
> 133. In or around, October 2000, Powerweb discovered that NewEnergy was using the "Energy Technology" by marketing Powerweb's energy trading concepts to customers throughout New Jersey, New York and Pennsylvania in direct violation of the Confidentiality Agreement, the Letter Agreement, the Joint-Venture Agreement and the **Joint-Marketing Agreement**.
>
>             \*      \*      \*
>
> 137. In direct breach of the Confidentiality Agreement, the Letter Agreement, the Joint-Venture Agreement and the **Joint-Marketing Agreement**, NewEnergy used its confidential relationship with Powerweb to gather as much information as possible about the "Energy Technology," Powerweb's business, and the Omni-Link System in order to secretly commence a rival business to compete with Powerweb.

>       138.    Upon information and belief, NewEnergy never intended to honor its obligations under the Confidentiality Agreement, the Letter Agreement, the Joint-Venture Agreement or the **Joint-Marketing Agreement**. Instead, NewEnergy intentionally and successfully concealed its abuse of its position of trust with Powerweb to start a competing business using the "Energy Technology" information.[1]

All of Powerweb's specific counts, for breach of contract, breach of fiduciary duty, fraudulent misrepresentation, misappropriation of trade secrets, tortious interference with contractual relations and unfair competition, incorporate by reference the allegations of the preceding paragraphs.[2] Powerweb also attached a copy of the Joint Marketing Agreement as Exhibit D to its Counterclaims.[3]

The above-quoted allegations, and attachment of the contract itself, are more than sufficient to state a claim under the notice-pleading requirements of the Federal Rules. The fact that Powerweb made its allegations in an earlier section of its Counterclaims and then incorporated these paragraphs by reference into each of its counts, rather than addressing the Joint Marketing Agreement in a separate count, does not alter this fact. In General Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296 (3d Cir. 2001), the Third Circuit found under similar circumstances that an allegation made in an earlier section of a counterclaim but not listed in a specific count for breach of contract was validly pled under the Federal Rules. Id. at 331 n.20. Akin to General Motors, any drafting irregularities in Powerweb's Counterclaims should not be held against Powerweb.

---

[1]     See Defendants' Amended Answer, Affirmative Defenses and Counterclaims to Plaintiff's Second Amended Complaint ("Counterclaims") at ¶¶122, 133, 137, 138 (Doc#39) (emphasis added).

[2]     See Counterclaims ¶¶158, 172, 184, 190, 200, 205, 221.

[3]     See Counterclaims, Exh. D.

Furthermore, NewEnergy has been put on notice of Powerweb's intent to pursue a claim for breach of the Joint Marketing Agreement by more than just the pleadings. Powerweb's first requests for production asked for the following:

> 1.    All documents that refer to, relate to or evidence any of the facts or events alleged in the Complaint and/or the Counterclaim, including but not limited to:
>     a.    the Confidentiality Agreement;
>     b.    the Letter Agreement;
>     c.    the Joint-Venture Agreement;
>     d.    **the Joint-Marketing Agreement**;
>     e.    the Energy Technology information;
>     f.    the proposed joint-venture between Powerweb and NewEnergy;
>     g.    the Bell Atlantic Project;
>     h.    the contracting documents; and/or
>     i.    the detailed project implementation plan.[4]

NewEnergy responded to this request as follows:

> NewEnergy objects to this request to the extent it implies that the document attached to Powerweb's Counterclaims at Exhibit D is an enforceable agreement. NewEnergy further objects on the ground that Powerweb has intentionally misidentified the document attached to its Counterclaims at Exhibit D as the "Joint Marketing Agreement" when, in fact, that document bears the title "Exclusive PWT Customer Marketing Agreement." Subject to and without waiver of this objection and the General Objections, **NewEnergy will make available for inspection and copying non-privileged documents relating to the parties' purported written agreement(s)**.[5]

NewEnergy responded to Powerweb's further request, in the same set, for "[a]ll documents that refer to, relate to or evidence the basis, in whole or in part, for your decision to enter and/or sign the Joint Marketing Agreement," in substantially the same manner.[6] NewEnergy cannot

---

[4]    See First Set of Requests for Production by Powerweb Technologies, Inc. Directed to AES NewEnergy, Inc. ("First Requests"), the pertinent portions of which are attached hereto as Exhibit A, at 8 (emphasis added).

[5]    See Responses of Constellation NewEnergy, Inc. to First Set of Requests for Production by Powerweb Technologies, Inc. ("Responses to First Requests"), the pertinent portions of which are attached hereto as Exhibit B, at 9 (emphasis added).

[6]    See Responses to First Requests at 13.

rightfully claim that it was not on notice of a claim regarding the Joint Marketing Agreement when it was specifically asked to produce documents regarding this agreement and agreed to make this production.

NewEnergy's first requests for production similarly sought from Powerweb "[a]ll documents concerning joint development opportunities for Powerweb and AES NewEnergy, other than opportunities at Bell Atlantic."[7] Powerweb, in turn, agreed to produce these documents.[8] NewEnergy's counsel further inquired into the subject of the Joint Marketing Agreement on multiple occasions during the deposition of Lothar E.S. Budike, Jr.[9] NewEnergy has repeatedly demonstrated that it was on notice of Powerweb's claim regarding a breach of the Joint Marketing Agreement.[10]

### B. The Court's Denial of Powerweb's Leave to Amend Its Counterclaims Does Not Bar the Assertion of a Claim That Was Already Pled

NewEnergy argues that Powerweb cannot assert a claim for breach of the Joint Marketing Agreement because the Court denied Powerweb's April 2004 motion for leave to amend its Counterclaims. However, NewEnergy neglects to mention that during a conference call with this Court to resolve the disputed motion, counsel for Powerweb explained that the

---

[7] See Plaintiff AES NewEnergy's First Set of Requests for Production of Documents Directed to Defendant Powerweb, the pertinent portions of which are attached hereto as Exhibit C, at 5 (Request 13).

[8] See Response by Powerweb Technologies, Inc. to First Request for Production of Documents by Constellation NewEnergy, Inc., the pertinent portions of which are attached hereto as Exhibit D, at 8.

[9] See, e.g., Deposition of Lothar E.S. Budike, Jr., the pertinent portions of which are attached hereto as Exhibit E, at 331-32, 337-38.

[10] Even after the close of discovery, Powerweb did nothing to hide its claim. For example, when NewEnergy attempted in its Motion for Summary Judgment to claim that Powerweb had not asserted a cause of action for breach of the Joint Marketing Agreement, Powerweb responded that it *had* alleged such a claim, and pointed NewEnergy to the same sections of its counterclaims that are quoted above. See Powerweb's Response to NewEnergy's Motion for Summary Judgment at 9 n.9.

revisions it was proposing were merely clarifications that did not affect the substance of Powerweb's claims. The Court then indicated that it would deny Powerweb's motion for leave to amend its Counterclaims because, by its own estimation, Powerweb was not making any substantive changes to its counterclaims and would therefore not be prejudiced by a denial. The Court's subsequent order denying Powerweb's motion does not bar Powerweb from asserting claims previously raised in its Counterclaims, which is the case with Powerweb's claim for breach of the Joint Marketing Agreement.

Because Powerweb has validly pled a claim for breach of the Joint Marketing Agreement, and the notice this provided to NewEnergy has been reinforced throughout this lawsuit, there is no reason to exclude evidence relating to the Joint Marketing Agreement from use at trial.

Respectfully submitted,

RG574

Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
Kristin L. Calabrese, Esquire
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961; -7187; -7533
Attorneys for Powerweb, Inc.

Date:   August 13, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB, INC., | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing proposed order and memorandum were filed electronically today and are available for viewing and downloading from the ECF System. They were served upon counsel for Constellation NewEnergy, Inc. by notice of electronic filing to:

> David E. Landau, Esquire
> Wolf, Block, Schorr and Solis-Cohen, LLP
> 1650 Arch St., 22nd Floor
> Philadelphia, PA 19102
> dlandau@wolfblock.com

                RG574
Rudolph Garcia, Esquire

Date:   August 13, 2004