IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB, INC., | : | |
| Defendant. | : | |

# **O R D E R**

AND NOW, this     day of August, 2004, upon consideration of the Motion for Judgment as a Matter of Law by Powerweb, Inc., and the Memorandum of Law in Support of said motion, it is hereby ORDERED that the Motion is GRANTED.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB, INC., | : | |
| Defendant. | : | |

## MOTION FOR JUDGMENT AS A MATTER OF LAW BY POWERWEB, INC.

Pursuant to Federal Rule of Civil Procedure 50, and for the reasons set forth in the attached memorandum of law, Powerweb, Inc. ("Powerweb") hereby moves that judgment as a matter of law be granted against Constellation NewEnergy, Inc. on its claims against Powerweb.

Respectfully submitted,

RG574

Rudolph Garcia, Esquire
Kara H. Goodchild, Esquire
Kristin L. Calabrese, Esquire
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-1961; -7187; -7533
Attorneys for Powerweb, Inc.

Date: August 16, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB, INC., | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
JUDGMENT AS A MATTER OF LAW BY POWERWEB, INC.**

Powerweb, Inc. ("Powerweb"), pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, hereby moves that judgment against Constellation NewEnergy, Inc. ("NewEnergy") be granted as a matter of law on its claims that Powerweb is liable for refusing to refund $100,000 given to it by NewEnergy pursuant to the Bell Atlantic contract. The evidence and plain language of the contract show that NewEnergy was not entitled to a refund of this money under any circumstances.

**I.      STANDARD FOR JUDGMENT AS A MATTER OF LAW**

Rule 50(a) of the Federal Rules of Civil Procedure sets forth the circumstances when a trial court may grant a judgment as a matter of law:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). A motion for judgment as a matter of law can be brought at any time before submission of the case to the jury. Fed. R. Civ. P. 50(a)(2).

The United States Supreme Court has determined that "when the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict, the court should determine the proceeding by non-suit, directed verdict or otherwise in accordance with the applicable practice without submission to the jury, or by judgment notwithstanding the verdict." Brady v. Southern Ry. Co., 320 U.S. 476, 479 (1943). In other words, a judgment as a matter of law "should be granted only if, viewing the evidence in the light most favorable to the nonmoving party, there is no question of material fact for the jury and any verdict other than the one directed would be erroneous under the governing law." Marinelli v. City of Erie, 216 F.3d 354, 359 (3d Cir. 2000); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

## II. NEWENERGY HAS PRESENTED NO EVIDENCE BY WHICH A REASONABLE JURY COULD CONCLUDE THAT NEWENERGY WAS ENTITLED TO A REFUND OF THE $100,000.

In NewEnergy's case-in-chief, it has asserted that Powerweb is liable to it for refusing to return the $100,000 given to Powerweb by NewEnergy under The Exclusive Agreement for Bell Atlantic ("Contract"). However, because the plain language of the Contract imposed no duty on Powerweb to refund the $100,000, the Court may conclude, as a matter of law, that Powerweb is not liable for the refund of this money. Even if the Court determines that extrinsic evidence may be considered in determining the parties' intent regarding such a refund, no reasonable jury could conclude that the parties intended that Powerweb refund the $100,000. Because NewEnergy has failed to prove that Powerweb had a duty to refund the money given to it under the Contract, judgment on NewEnergy's claims should be entered against NewEnergy, and in favor of Powerweb, as a matter of law.

### A.     The Contract Did Not Impose an Obligation to Refund the $100,000.

Under Pennsylvania law,[1] in determining the duties imposed by a contract, "[t]he court must construe the contract only as written and may not modify the plain meaning of the words under the guise of interpretation." Vaccarello v. Vaccarello, 757 A.2d 909, 914 (Pa. 2000) (citing Carosone v. Carosone, 688 A.2d 733 (Pa. Super. Ct. 1997), appeal denied, 704 A.2d 633 (Pa. 1997)). "Extrinsic evidence . . . is not admissible in expounding written contracts to prove that other terms were agreed to, which are not expressed in the writing, or that the parties had other intentions than those to be inferred from it." West v. Smith, 101 U.S. 263, 271-72 (1879).

> The pertinent provision of the Contract states:
>
> NEE [NewEnergy] agrees to fund project development costs of up to One Hundred Thousand Dollars (100,000.00) for Powerweb to create a detailed project implementation plan, schedule and investment analysis of an Omni-Link application for Bell Atlantic. NEE will deposit the funds with Powerweb within ten (10) business days after execution of this agreement. Allocation and use of the funds will be subject to the sole approval of NEE in advance. If Bell Atlantic does not proceed with the project unused funds will be allocated to joint development of other opportunities. These development funds will be repaid from the first project payments made by Bell Atlantic to either PWT [Powerweb] or to NEE. The specific form of repayments will be determined and agreed upon with both parties before the final contract negotiations with Bell Atlantic.

While this paragraph contemplated that NewEnergy would be repaid out of amounts received from Bell Atlantic or other customers, it did not require Powerweb to return any of the funds itself if no customer payments were ever received. In order to accept NewEnergy's claim that Powerweb had a duty to refund this money, the Court would have to abandon the plain language of the Contract and impose an additional provision that is simply not present. Because the Contract unambiguously imposes no duty on Powerweb to return any of the $100,000 given to it

---

[1]     The Contract states that Pennsylvania law applies.

by NewEnergy, the Court may find, as a matter of law, that Powerweb is not liable for the return of any portion of this money.

      **B.**      **Even if Parole Evidence is Considered, It was the Intent of the Parties that Powerweb Would Not be Required to Refund the $100,000.**

Even if extrinsic evidence is considered to discern the intent of the parties regarding the $100,000 payment, the clear intent at the time the contract was signed was that Powerweb was not required to refund this money. During contract negotiations, NewEnergy sought to include a contract provision requiring Powerweb to return any unused funds, but Powerweb refused. The Contract was thereafter signed without any such provision. Furthermore, Brian Hayduk, NewEnergy's signatory to the Contract, has admitted that Powerweb did not agree to refund any portion of the $100,000. Given these facts, it is clear that Powerweb believed, at the time of contracting, that it was entitled to keep the $100,000. NewEnergy understood Powerweb's position, and, after requesting a refund provision, accepted Powerweb's right to keep this money as part of the parties' bargained-for deal by signing a contract without a refund provision. There is no legally sufficient evidentiary basis for a reasonable jury to find that the parties intended, in signing the Contract, that Powerweb be obligated to refund the $100,000. Therefore, judgment as a matter of law must be granted against NewEnergy on its claims that Powerweb is liable for refusing to refund this money.

**III.**      **THERE CAN BE NO RECOVERY FOR UNJUST ENRICHMENT**

NewEnergy has alternatively argued that Powerweb has been unjustly enriched by its refusal to refund the $100,000. However, there can be no unjust enrichment where the parties' relationship is governed by a valid contract.

A claim for unjust enrichment "is not applicable to agreements deliberately entered into by the parties however harsh the provisions of such contracts may seem in the light

of subsequent happenings." Third Nat'l Bank & Trust Co. v. Lehigh Valley Coal Co., 44 A.2d 571, 574 (Pa. 1945); see also Birchwood Lakes Community Assn., Inc. v. Comis, 442 A.2d 304, 309 (Pa. Super. Ct. 1982) (stating that an unjust enrichment claim is not applicable where the relationship between the parties is based on an express agreement). Here, the Contract governs this aspect of the relationship between NewEnergy and Powerweb, and the Contract does not obligate Powerweb to refund any money. NewEnergy has failed to show that its right to this money comes from anywhere other than the Contract. Because the Contract governs, NewEnergy's claim for unjust enrichment fails as a matter of law.

## IV.    CONCLUSION

For the foregoing reasons, Powerweb, Inc. respectfully requests that its Rule 50 Motion for Judgment as a Matter of Law be granted.

                                          Respectfully submitted,

                                          RG574

                                          Rudolph Garcia, Esquire
                                          Kara H. Goodchild, Esquire
                                          Kristin L. Calabrese, Esquire
                                          SAUL EWING LLP
                                          1500 Market Street, 38th Floor
                                          Philadelphia, PA 19102
                                          (215) 972-1961; -7187; -7533
                                          Attorneys for Powerweb, Inc.

Date:    August 16, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTELLATION NEWENERGY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 02-CV-2733 (HB) |
| | : | |
| POWERWEB, INC., | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

       I hereby certify that true and correct copies of the foregoing proposed order, motion and memorandum were filed electronically today and are available for viewing and downloading from the ECF System. They were served upon counsel for Constellation NewEnergy, Inc. by hand-delivery and notice of electronic filing, to:

> David E. Landau, Esquire
> Wolf, Block, Schorr and Solis-Cohen, LLP
> 1650 Arch St., 22nd Floor
> Philadelphia, PA 19102
> dlandau@wolfblock.com

                                                                               RG574
                                                     Rudolph Garcia, Esquire

Date: August 16, 2004